```
 1                 UNITED STATES DISTRICT COURT

 2             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3  IN RE: POWERSCHOOL HOLDINGS, INC., )
    AND POWERSCHOOL GROUP, LLC         ) No. 3:25-md-03149-BEN-MSB
 4  CUSTOMER DATA SECURITY BREACH      )
    LITIGATION                         ) May 14, 2025
 5                                      )
                                        ) 10:02 a.m.
 6                                      )
                                        ) Courtroom 5A
 7                                      )
    _____) San Diego, California
 8

 9

10                 TRANSCRIPT OF PROCEEDINGS

11               CASE MANAGEMENT CONFERENCE

12      BEFORE THE HONORABLE ROGER T. BENITEZ, DISTRICT JUDGE

13

14

15

16

17

18  COURT REPORTER:          ADRIAN DALE BAULE, RMR, CRR, CSR
                             United States District Court
19                           333 West Broadway, Suite 420
                             San Diego, California 92101
20                           adrian_baule@casd.uscourts.gov

21  Reported by Stenotype; Transcribed by Computer.

22

23

24

25
```

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

```
 1   APPEARANCES:

 2   For the Plaintiff:          CASEY GERRY SCHENK FRANCAVILLA BLATT
     Dobie James August          AND PENFIELD, LLP
 3   on behalf of minor          BY:  DAVID S. CASEY, JR., ESQ.
     children K.J.A. and              GAYLE M. BLATT, ESQ.
 4   K.D.A.                       110 Laurel Street
                                  San Diego, CA 92101-1419
 5                                (619)238-1811
                                  dcasey@cglaw.com
 6                                gmb@cglaw.com

 7   For the Plaintiffs:         MOGINRUBIN LLP
     Sheilah Buack-Shelton       BY:  DANIEL J. MOGIN, ESQ.
 8   and S.S.                         TIMOTHY Z. LACOMB, ESQ.
                                  4225 Executive Square, Suite 600
 9                                La Jolla, CA 92037
                                  (619)687-6611
10                                dmogin@moginrubin.com
                                  tlacomb@moginlawllp.com
11
     For the Plaintiff:          STRAUSS BORRELLI PLLC
12   Robert Pettinger on         BY:  RAINA C. BORRELLI, ESQ.
     behalf of his minor         980 North Michigan Avenue, Suite 1610
13   child, B.P.                 Chicago, IL 60611
                                  (872)263-1100
14                                raina@straussborrelli.com

15   For the Plaintiff:          CARELLA, BYRNE, CECCHI, BRODY &
     Irvington Public           AGNELLO, P.C.
16   School District            BY:  JAMES E. CECCHI, ESQ.
                                  5 Becker Farm Road
17                                Roseland, NJ 07068
                                  (973)994-1700
18                                jcecchi@carellabyrne.com

19   For the Plaintiff:          ARNOLD LAW FIRM
     A.A., a minor, by and      BY:  MICHAEL ANDERSON BERRY, ESQ.
20   through her guardian       865 Howe Avenue
     ad litem, Samuel Adkins    Sacramento, CA 95825
21                                (916)777-7777
                                  aberry@justice4you.com
22
     For the Plaintiff:          GOLDENBERG SCHNEIDER LPA
23   Torrie Mayfield on         BY:  JEFFREY GOLDENBERG, ESQ.
     behalf of her minor        4445 Lake Forest Drive, Suite 490
24   child, A.M.                 Cincinnati, OH 45242
                                  jgoldenberg@gs-legal.com
25
```

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

```
 1   APPEARANCES (CONTINUED):

 2   For the Plaintiff:        CLARKSON LAW FIRM PC
     Nicole Flick for          BY:  YANA A. HART, ESQ.
 3   herself and as parent     22525 Pacific Coast Highway
     and natural guardian      Malibu, CA 90265
 4   of M.C.                   (213)788-4050
                               yhart@clarksonlawfirm.com
 5
     For the Plaintiffs:       SEEGER WEISS LLP
 6   J.R. and B.R. by and      BY:  SHAUNA B. ITRI, ESQ.
     through their parent      325 Chestnut Street, Suite 917
 7   Stephanie Moreno          Philadelphia, PA 19106
                               (973)639-9100
 8                             sitri@seegerweis.com

 9   For the Plaintiffs:       SCOTT & SCOTT ATTORNEYS AT LAW LLP
     Nicholas Hisserich and    BY:  JOSEPH P. GUGLIELMO, ESQ.
10   A.H.; and P.B.1, P.B.2    The Helmsley Building
     P.B.3, by and through     230 Park Avenue, 24th Floor
11   their guardian,           New York, NY 10169
     Brittany Bracey, and      (212)223-6444
12   Paris Bracey-Wright       jguglielmo@scott-scott.com

13                             SCOTT & SCOTT LLP
                               BY:  ANJA RUSI, ESQ.
14                             156 South Main Street
                               P.O. Box 192
15                             Colchester, CT 06415
                               (860)531-2608
16                             arusi@scott-scott.com

17   For the Plaintiffs:       LEXINGTON LAW GROUP
     Nicholas Hisserich;       BY:  PATRICK R. CAREY, ESQ.
18   A.H., by and through      503 Divisadero Street
     guardian Nicholas         San Francisco, CA 94117-2212
19   Hisserich                 (415)913-7800
                               pcarey@lexlawgroup.com
20
     For the Plaintiff:        STUEVE SIEGEL HANSON LLP
21   Alyssa Krutsinger         BY:  BARRETT J. VAHLE, ESQ.
                               460 Nichols Road, Suite 200
22                             Kansas City, MO 64112
                               (816)714-7100
23                             vahle@stuevesiegel.com

24

25
```

```
 1   APPEARANCES (CONTINUED):

 2   For the Plaintiff:       JOSEPH SAVERI LAW FIRM
     Megan Joseph on behalf   BY:  CADIO ZIRPOLI, ESQ.
 3   of her minor children    601 California Street, Suite 1505
     B.J. and C.J.            San Francisco, CA 94108
 4                            (415)500-6800
                              czirpoli@saverilawfirm.com
 5
     For the Plaintiffs:      MILBERG COLEMAN BRYSON PHILLIPS
 6   Ratib Habbal and Rushda  GROSSMAN PLLC
     Afzal; F.C., a minor,    BY:  JOHN J. NELSON, ESQ.
 7   by and through her       402 W. Broadway, Suite 1760
     guardian, Amy Coutu;     San Diego, CA 92101
 8   E.H., by parent and      (858)209-6941
     guardian Elizabeth       jnelson@milberg.com
 9   Spence

10   For the Plaintiffs:      DICELLO LEVITT LLP
     A.C. and C.C., minors,   BY:  STEVEN M. JODLOWSKI, ESQ.
11   by and through their     4747 Executive Drive, Suite 240
     parent Andrew Cook       San Diego, CA 92121
12                            (619)923-3939
                              stevej@dicellolevitt.com
13
                              DICELLO LEVITT LLP
14                            BY:  CORBAN S. RHODES, ESQ.
                              485 Lexington Avenue, 10th Floor
15                            New York, NY 10017
                              (646)933-1000
16                            crhodes@dicellolevitt.com

17                            DICELLO LEVITT LLP
                              BY:  AMY ELISABETH KELLER, ESQ.
18                            Ten North Dearborn Street
                              Sixth Floor
19                            Chicago, IL 60602
                              (312)214-7900
20                            akeller@dicellolevitt.com

21   For the Plaintiffs:      LABATON KELLER SUCHAROW LLP
     J.B. and M.B., minors,   BY:  DANIELLE IZZO, ESQ.
22   by and through their     THOMAS J. HOFFMAN, JR., ESQ.
     legal guardian Patrick   140 Broadway
23   Bowler                   New York, NY 10005
                              (212)907-0700
24                            dizzo@labaton.com
                              thoffman@labaton.com
25
```

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

```
 1    APPEARANCES (CONTINUED):

 2    For the Plaintiffs:       HARTLEY LLP
      Scott Greci; L.G., a      BY:  JASON S. HARTLEY, ESQ.
 3    minor child; David        101 West Broadway, Suite 820
      Brownlee; A.B., a minor   San Diego, CA 92101
 4    child                     (619)400-5822
                                hartley@hartleyllp.com
 5
      For the Plaintiffs:       GIBBS MURA LLP
 6    Evan Gramelspacher;       BY:  DAVID MICHAEL BERGER, ESQ.
      Christine Garcia;         1111 Broadway, Suite 2100
 7    Melissa Gifford on        Oakland, CA 94607
      behalf of herself and     (510)350-9700
 8    as parent and guardian    dmb@classlawgroup.com
      of her minor children
 9    J.M., C.M., J.S.M.        KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
                                BY:  MELISSA R. EMERT
10                              135 Chestnut Ridge Road, Suite 200
                                Montvale, NJ 07645
11                              (845)356-2570
                                memert@kgglaw.com
12
      For the Plaintiff:        HAGENS BERMAN SOBOL SHAPIRO LLP
13    Kelsey Gauron on behalf   BY:  LEONARD W. ARAGON, ESQ.
      of herself and as parent  11 West Jefferson Street, Suite 1000
14    and guardian of her       Phoenix, AZ 85003
      minor child, R.M.         (602)840-5900
15                              leonard@hbsslaw.com

16    For the Plaintiffs:       EDTECH LAW CENTER
      Gwendolyn Crockran on     BY:  WILLIAM ANDREW LIDDELL, ESQ.
17    behalf of herself and     P.O. Box 300488
      as parent and guardian    Austin, TX 78705
18    of her minor child,       (737)990-5875
      John Doe; Denise          andrew.liddell@edtech.law
19    Champney on behalf of
      herself and as parent     GEORGE FELDMAN MCDONALD PLLC
20    and guardian of her two   BY:  LORI G. FELDMAN, ESQ.
      minor children            102 Half Moon Bay Drive
21                              Croton on Hudson, NY 10520
                                (917)983-9321
22                              lfeldman@4-justice.com

23

24

25
```

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1   APPEARANCES (CONTINUED):

2   For the Plaintiff:        BROOKS KUSHMAN P.C.
    S.H., a minor, by and     BY:  JOHN PHILLIP RONDINI, ESQ.
3   through their legal        1000 Town Center, 22nd Floor
    guardian Lisa Hegge        Southfield, MI 48075
4                              (248)358-4400
                               jrondini@brookskushman.com
5
    For the Plaintiffs:       SINGLETON SCHREIBER, LLP
6   Richard Brown; Julie      BY:  ANDREW DANIEL BLUTH, ESQ.
    Johnson; B.E.B., a         1414 K Street, Suite 470
7   minor; J.B.B., a minor     Sacramento, CA 95814
                               (916)248-8478
8                              abluth@singletonschreiber.com

9   For the Plaintiff:        SILVER GOLUB & TEITELL LLP
    Johnielle Dwyer           BY:  JOHNATHAN SEREDYNSKI, ESQ.
10                             One Landmark Square
                               15th Floor
11                             Stamford, CT 06901
                               (203)325-4491
12                             jseredynski@sgtlaw.com

13  For the Plaintiffs:       MCSHANE & BRADY, LLC
    J.I., A.J., and O.S.,     BY:  MAUREEN M. BRADY, ESQ.
14  by and through their      4006 Central Street
    next friend M.S.          Kansas City, MO 64111
15                             (816)888-8010
                               mbrady@mcshanebradylaw.com
16
    For the Plaintiff:        KELLER ROHRBACK LLP
17  Alysha Noble and her      BY:  CARI CAMPEN LAUFENBERG, ESQ.
    minor child               1201 3rd Avenue, Suite 3400
18                             Seattle, WA 98101
                               (206)623-1900
19                             claufenberg@kellerrohrback.com

20  For the Plaintiffs:       SCHUBERT JONCKHEER & KOLBE LLP
    Jill Strelzin on behalf   BY:  AMBER LOVE SCHUBERT, ESQ.
21  of J.S. and R.S.,         2001 Union Street, Suite 200
    minors; Jessica Allen     San Francisco, CA 94123
22  on behalf of C.A. and     (415)788-4220
    G.B., minors; Greghk      aschubert@sjk.law
23  Valdovinos, parent and
    legal guardian of minors
24  N.V. and E.V.

25

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

```
 1   APPEARANCES (CONTINUED):

 2   For the Plaintiff:        AHDOOT & WOLFSON, PC
     Jonna Schwartz           BY:  TINA WOLFSON, ESQ.
 3                                  JOSHUA T. NGUYEN, ESQ.
                              2600 W. Olive Avenue, Suite 500
 4                            Burbank, CA 91505
                              (310)474-9111
 5                            twolfson@ahdootwolfson.com
                              jnguyen@ahdootwolfson.com
 6
                              GRAYBILL LAW FIRM, PC
 7                            BY:  RAPHAEL J.C. GRAYBILL, ESQ.
                              300 4th Street North
 8                            Great Falls, MT 59401
                              (406)452-8566
 9                            raph@graybilllawfirm.com

10                            HEENAN & COOK, PLLC
                              BY:  JOHN HEENAN, ESQ.
11                            1631 Zimmerman Trail
                              Billings, MT 59102
12                            (406)839-9091
                              john@lawmontana.com
13
     For the Plaintiffs:       BLEICHMAR FONTI & AULD
14   Samariah Lockhart,       BY:  ANNE KATHLEEN DAVIS, ESQ.
     Justine Shamey, Kristin        LESLIE E. WEAVER, ESQ.
15   Eckart, Cara Lewis,      1330 Broadway, Suite 630
     Ashley Wright, and       Oakland, CA 94612
16   their minor children     (415)445-4016
                              adavis@bfalaw.com
17                            lweaver@bfalaw.com

18   For the Plaintiff:        COTCHETT PITRE & LOESER
     Towfeq Zarif             BY:  THOMAS ERIC LOESER, ESQ.
19                            1809 7th Avenue, Suite 1610
                              Seattle, WA 98101
20                            (206)802-1272
                              tloeser@cpmlegal.com
21
     For the Plaintiffs:       HAUSFELD LLP
22   Kayeleen Campbell,       BY:  NICHOLAS ULYSSES MURPHY, II, ESQ.
     Nickolaus Campbell,      1200 17th Street, NW
23   and Kim Greer            Suite 600
                              Washington DC, DC 20036
24                            (202)540-7200
                              nmurphy@hausfeld.com
25
```

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

```
1    APPEARANCES (CONTINUED):

2    For the Plaintiff:        LYNCH CARPENTER, LLP
     Brittainy Stringer on     BY:  JENNIFER M. FRENCH, ESQ.
3    behalf of G.S., a minor   9171 Towne Centre Drive
                               Suite 180
4                              San Diego, CA 92122
                               (619)762-1903
5                              jennf@lcllp.com

6    For the Plaintiffs:       FRANTZ LAW GROUP APLC
     Individual school        BY:  JAMES PATRICK FRANTZ, ESQ.
7    districts                      KRISTIN WESTPHAL, ESQ.
                                    EDWARD BURAK, ESQ.
8                              402 West Broadway, Suite 860
                               San Diego, CA 92101
9                              (619)233-5945
                               jpf@frantzlawgroup.com
10                             kwestphal@frantzlawgroup.com

11   For the Plaintiff:        BERGER MONTAGUE PC
     David Zarate on behalf    BY:  SOPHIA MARIE RIOS, ESQ.
12   of his minor child,       8241 La Mesa Boulevard, Suite A
     A.Z.                      La Mesa, CA 91942
13                             (619)489-0300
                               srios@bm.net
14
     For the Plaintiff:        EDELSON LECHTZIN LLP
15   Tyler Baker               BY:  LIBERATO P. VERDERAME, ESQ.
                               411 S. State Street, Suite N-300
16                             Newtown, PA 18940
                               (215)867-2399
17                             lverderame@edelson-law.com

18   For the Plaintiffs:       GUSTAFSON GLUEK PLLC
     John Hauser and Amy       BY:  DAVID A. GOODWIN, ESQ.
19   Hauser on behalf of       120 South 6th Street
     themselves and their      Suite 2600
20   minor child, Jane Doe;    Minneapolis, MN 55402
     Michael White on behalf   (612)333-8844
21   of himself and his        dgoodwin@gustafsongluek.com
     minor children
22
     For the Plaintiffs:       GIRARD SHARP LLP
23   Michelle La Count;        BY:  ANTHONY ROGARI, ESQ.
     Christine Spicuzza;       601 California Street, Suite 1400
24   Kristen Warren;           San Francisco, CA 94108
     Christine Garcia          (415)981-4800
25                             arogari@girardsharp.com
```

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

```
1   APPEARANCES (CONTINUED):

2   For the Plaintiff:        JENNINGS & EARLEY PLLC
    Kimberly Kinney           BY:  CHRIS JENNINGS, ESQ.
3                             500 President Clinton Avenue
                              Suite 110
4                             Little Rock, AR 72201
                              (501)255-8569
5                             chris@jefirm.com

6   For the Plaintiff:        KRISTENSEN LAW GROUP
    Gillian Arede on behalf   BY:  JOHN P. KRISTENSEN, ESQ.
7   of herself and as parent  120 Santa Barbara Street
    and guardian of her       Suite C9
8   minor child, M.B.         Santa Barbara, CA 91301
                              (805)837-2000
9                             john@kristensen.law
                              (Appearance via Zoom)
10
    For the Plaintiff:        POULIN WILLEY ANASTOPOULO LLC
11  Krystal Vargha            BY:  PAUL J. DOOLITTLE, ESQ.
                              32 Ann Street
12                            Charleston, SC 29403
                              (803)222-2222
13                            paul.doolittle@poulinwilley.com
                              (Appearance via Zoom)
14
    For the Defendants:       DLA PIPER LLP
15  PowerSchool Holdings,     BY:  CHRISTOPHER M. YOUNG, ESQ.
    Inc.; PowerSchool Group,  4365 Executive Drive, Suite 1100
16  LLC; Bain Capital, L.P.   San Diego, CA 92121-2133
                              (619)699-4748
17                            christopher.young@dlapiper.com

18                            ROPES & GRAY LLP
                              BY:  ANNE JOHNSON PALMER, ESQ.
19                            3 Embarcadero Center, Suite 300
                              San Francisco, CA 94111-4006
20                            (415)315-6337
                              anne.johnsonpalmer@ropesgray.com
21
                              ROPES & GRAY LLP
22                            BY:  MONICA MLECZKO, ESQ.
                              800 Boylston Street
23                            Boston, MA 02199
                              (617)235-4082
24                            monica.mleczko@ropesgray.com

25
```

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1              <u>Wednesday, May 14, 2025, 10:02 a.m.</u>

2          (In open court.)

3              THE CLERK:  All rise.

4              This United States District Court in and for the

5    Southern District of California is now in session.  The

6    Honorable Roger T. Benitez is now presiding.

7              You may be seated and come to order.

8              THE COURT:  Well, good morning.

9              ALL:  Good morning, Your Honor.

10             THE COURT:  For those of you who are from out of

11   town, welcome to beautiful San Diego.

12             Glenn, please call the case.

13             THE CLERK:  Yes, Your Honor.

14             1 on calendar, 25-md-3149, *In Re: PowerSchool*

15   *Holdings, Inc., and PowerSchool Group, LLC Customer Data*

16   *Security Breach Litigation*, case management conference.

17             THE COURT:  All right.  Well, this may take a bit,

18   but I think I need to do it for purposes of the record.  If you

19   would please each introduce yourselves.  State your name.

20   State who you're representing.  State your last name, spelling

21   it loudly and clearly so that my court reporter can take your

22   name.

23             By the way, just so that you know, I believe that I

24   have two folks who are appearing by Zoom.  I gave them

25   permission to appear by Zoom because they had health issues

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

 1  that I thought justified their appearing by Zoom.  It's not

 2  something that I necessarily like to do, but I thought it was

 3  better for me to do it.  Okay?  Just so that you know.

 4          All right.  Well, let's see.  Mr. Casey, you're

 5  standing right -- sitting right there.  Why don't you go ahead

 6  and introduce yourself, and let's start off.

 7          MR. CASEY:  Good morning, Your Honor.  I'm Dave

 8  Casey, Jr.  I'm with Casey Gerry.  We represent the August

 9  plaintiffs.

10          I've been asked this -- after you've done the roll

11  call, Your Honor, to briefly address the Court on some of the

12  consensus issues.

13          THE COURT:  Okay.

14          MS. BLATT:  Gayle Blatt, Your Honor, also at Casey

15  Gerry, on behalf of the August plaintiff.

16          MR. MOGIN:  Good morning, Your Honor.  Dan Mogin here

17  on behalf of Plaintiff Buack-Shelton.

18          THE COURT:  All right.  Let's go back there --

19          MS. BORRELLI:  Good morning, Your Honor.  Raina

20  Borrelli, B-O-R-R-E-L-L-I, from Strauss Borrelli on behalf of

21  Plaintiff Pettinger.

22          MR. CECCHI:  May it please the Court.  James Cecchi,

23  Carella Byrne, on behalf of the Irvington Public School

24  District.

25          MR. BERRY:  Anderson Berry of the Arnold Law Firm on

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1   behalf of Plaintiff A.A.  B-E-R-R-Y.

2           THE COURT:  I'm sorry.  I didn't hear that.

3   B-E-R-R-Y?

4           MR. BERRY:  Yes, Your Honor.

5           THE COURT:  Is that correct?  All right.  Thank you.

6           MR. GOLDENBERG:  Good morning, Your Honor.  Jeff

7   Goldenberg with Goldenberg Schneider, Cincinnati, Ohio,

8   representing Torrie Mayfield on behalf of her minor child.  And

9   Goldenberg is G-O-L-D-E-N-B-E-R-G.

10          THE COURT:  Great.  Thank you.

11          MS. HART:  Good morning, Your Honor.  Yana Hart,

12  H-A-R-T, representing minor Plaintiff M.C. by his parent and

13  natural guardian Nicole Flick.  Thank you.

14          MS. ITRI:  Good morning, Your Honor.  Shauna Itri,

15  I-T-R-I, from Seeger Weiss, representing Plaintiffs J.R. and

16  B.R. through their parent Stephanie Moreno.

17          MR. GUGLIELMO:  Good morning, Your Honor.  Joseph

18  Guglielmo from Scott & Scott.  My last name is spelled

19  G-U-G-L-I-E-L-M-O.  I represent the Hisserich plaintiffs as

20  well as the Bracey plaintiffs.

21      (Court reporter interruption.)

22          MR. VAHLE:  Good morning, Your Honor.  Barrett Vahle,

23  V-A-H-L-E, from Stueve Siegel Hanson, representing the

24  plaintiff Alyssa Krutsinger.

25          MR. ZIRPOLI:  Good morning, Your Honor.  Cadio

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  Zirpoli -- that's C-A-D-I-O, Zirpoli, Z-I-R-P-O-L-I -- with the

2  Joseph Saveri Law Firm.  I represent the Joseph plaintiff.

3          MR. NELSON:  Good morning, Your Honor.  John Nelson,

4  N-E-L-S-O-N, of Milberg Coleman, and I'm here on behalf of

5  Plaintiffs Ratib Habbal, Rushda Afzal, E.H. through her parent

6  Elizabeth Spence, and F.C. through her parent Amy Coutu.

7          THE COURT:  Can you spell the -- your client's name?

8          MR. NELSON:  Ratib Habbal is R-A-T-I-B H-A-B-B-A-L.

9  Rushda Afzal, R-U-S-H-D-A A-F-Z-A-L.  And Amy Coutu is A-M-Y

10  C-O-U-T-U.  Elizabeth Spence, E-L-I-Z-A-B-E-T-H S-P-E-N-C-E.

11          THE COURT:  Great.  Thank you.

12          MR. NELSON:  Thank you.

13          MR. CAREY:  Good morning, Your Honor.  Patrick Carey,

14  spelled C-A-R-E-Y, on behalf of the Hisserich plaintiff.

15          MR. JODLOWSKI:  Good morning, Your Honor.  Steve

16  Jodlowski -- it's J-O-D-L-O-W-S-K-I -- on behalf of Plaintiff

17  Andrew Cook who's representing his two minor children.

18          THE COURT:  Thank you.

19          MR. RHODES:  Good morning, Your Honor.  Corban

20  Rhodes, also from DiCello Levitt --

21      (Court reporter interruption.)

22          Corban Rhodes, also from the firm DiCello Levitt --

23  Rhodes is spelled R-H-O-D-E-S -- and also here on behalf of

24  Plaintiff Andrew Cook.  Thank you.

25          MS. IZZO:  Good morning, Your Honor.  Danielle Izzo,

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    Labaton Keller Sucharow.  I am joined by my colleague Thomas

2    Hoffman.  And together, we represent Patrick Bowler on behalf

3    of his minor children J.B. and M.B.

4              THE COURT:  I'm sorry.  How do you spell your last

5    name?

6              MS. IZZO:  Izzo, I-Z-Z-O.  "Z" like "zebra."

7              THE COURT:  Thank you.

8              MR. HARTLEY:  Good morning, Your Honor.  Jason

9    Hartley of Hartley LLP on behalf of Plaintiffs David Brownlee

10   and Scott Greci representing the interests of their minor

11   children A.B. and A.G. [sic].  Thank you.

12             MR. BERGER:  Good morning, Your Honor.  David Berger

13   from the Gibbs Mura firm.  My last name is spelled B-E-R-G-E-R.

14   And I represent Plaintiffs Garcia, Gifford, and Gramelspacher.

15             THE COURT:  Let's -- let's go to the back.

16             MR. ARAGON:  Good morning, Your Honor.  Leonard

17   Aragon, Hagens Berman Sobol Shapiro.  I represent the Gauron

18   family.

19             THE COURT:  I'm sorry.  Can you spell your last name.

20             MR. ARAGON:  G-A-U-R-O-N.

21             THE COURT:  Thank you.

22             MR. LIDDELL:  Good morning, Your Honor.  My name is

23   Andrew Liddell, L-I-D-D-E-L-L, with the EdTech Law Center.

24   That's one word, E-D-T-E-C-H.  And we represent the Crockran

25   family and the Champney family, which is C-H-A-M-P-N-E-Y.

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    MS. FELDMAN:  Good morning, Your Honor.  My name is

2  Lori Feldman with George Feldman McDonald, New York, New York.

3  Thrilled to be here in sunny San Diego.  We represent the

4  Crockran and Champney families and their minor children.  Thank

5  you.

6    MR. RONDINI:  Good morning, Your Honor.  John

7  Rondini, R-O-N-D-I-N-I, from Brooks Kushman, Detroit, Michigan.

8  I represent the minor S.H. on behalf of their guardian Lisa

9  Hegge, H-E-G-G-E.

10    MR. LACOMB:  Good morning, Your Honor.  Tim LaComb

11  from Mogin Law LLP representing Plaintiff Sheilah Buack-Shelton

12  and her minor child S.S.

13    MR. BLUTH:  Good morning, Your Honor.  Andrew Bluth,

14  B-L-U-T-H, of the Singleton Schreiber Law Firm, representing

15  Plaintiff Richard Brown, Julie Johnson, and minors B.B. and

16  J.B.

17    THE COURT:  All right.  Let's -- one more.

18    MR. SEREDYNSKI:  Good morning, Your Honor.  John

19  Seredynski from Silver Golub & Teitell.

20    THE COURT:  I'm sorry.  I can't here you.

21    MR. SEREDYNSKI:  It's John Seredynski.  Last name is

22  S-E-R-E-D-Y-N-S-K-I.  We represent the Dwyer plaintiffs.

23    THE COURT:  Great.  Thank you.

24    All right.  There you go.  Go ahead.

25    MS. BRADY:  Good morning, Judge.  Maureen Brady, just

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  like the Brady Brunch, B-R-A-D-Y, with McShane & Brady on

2  behalf of Plaintiffs J.I., A.J., and O.S.

3       MS. LAUFENBERG:  Good morning, Your Honor.  It's nice

4  to see you in your natural setting.  My name is Cari

5  Laufenberg -- that's L-A-U-F-E-N-B-E-R-G -- from Keller

6  Rhorback.  And I represent Alysha Noble and her minor child.

7       MS. SCHUBERT:  Good morning, Your Honor.  Amber

8  Schubert, S-C-H-U-B-E-R-T, from Schubert Jonckheer & Kolbe, on

9  behalf of Plaintiffs and the Strelzin, Allen, and Valdovinos

10  cases and their minor children.

11       THE COURT:  All right.  Thank you.

12       MS. WOLFSON:  Good morning, Your Honor.  Tina

13  Wolfson, W-O-L-F-S-O-N, of Ahdoot & Wolfson, A-H-D-O-O-T.  I

14  represent Plaintiff Jonna Schwartz.  And my associate, Joshua

15  Nguyen, is here to observe, although he has not appeared in the

16  case, Your Honor.

17       THE COURT:  All right.

18       MS. WOLFSON:  Thank you.

19       THE COURT:  Well, welcome.

20       MS. DAVIS:  Good morning, Your Honor.  Anne Davis of

21  Bleichmar Fonti & Auld.  With me is my colleague Lesley Weaver.

22  We represent the Lockhart, Shamey, Eckart, Lewis, and Wright

23  plaintiffs and their minor children.

24       MS. EMERT:  Good morning, Your Honor.  Melissa --

25       (Court reporter interruption.)

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    I'm sorry.  Melissa Emert, E-M-E-R-T, Kantrowitz

2 Goldhamer & Graifman.  And I represent Plaintiff Melissa

3 Gifford, G-I-F-F-O-R-D.

4    MS. KELLER:  Good morning, Your Honor.  Behind the

5 television is Amy Keller.  I represent Plaintiffs A.C. and C.C.

6 by their parent Andrew Cook, and I'm from the law firm of

7 DiCello Levitt.

8    THE COURT:  Great.  Thank you.

9    All right.

10    MR. LOESER:  Good morning, Your Honor.  Tom Loeser,

11 Cotchett Pitre & McCarthy.  I'm here representing Plaintiffs

12 Towfeq Zarif, Z-A-R-I-F.  Thank you.

13    THE COURT:  Great.  Thank you.

14    MR. MURPHY:  Good morning, Your Honor.  Nick Murphy

15 with Hausfeld LLP representing Plaintiffs Kayeleen Campbell,

16 Nickolaus Campbell, and Kim Greer.

17    THE COURT:  You need that spelled?

18    THE COURT REPORTER:  No.

19    MR. GRAYBILL:  Good morning, Your Honor.  Raph

20 Graybill from Graybill Law Firm.  That's G-R-A-Y-B-I-L-L.  I

21 represent Plaintiff Jonna Schwartz.

22    MR. HEENAN:  Good morning, Your Honor.  John Heenan,

23 H-E-E-N-A-N, from Billings, Montana.  I also represent

24 Plaintiff Schwartz.

25    MS. FRENCH:  Good morning, Your Honor.  Jenn French,

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1   F-R-E-N-C-H, with Lynch Carpenter.  I represent Plaintiff

2   Brittainy Stringer and her minor child G.S.

3          MS. WESTPHAL:  I was told to skip her, so I'm not

4   jumping in line.

5          Kristin Westphal, W-E-S-T-P-H-A-L, with Frantz Law

6   Group.  We represent the individual school districts, and those

7   districts are Highland Joint School District No. 305,

8   Memphis-Shelby County Schools, Montpelier Roxbury Public

9   School, North -- North Country Supervisory Union, Reed-Custer

10  Community Unit School District, Richland County School District

11  One, St. Croix Falls School District, Uniondale Union Free

12  School District, West Hempstead Union Free School District.

13         THE COURT:  Thank you.

14         MS. RIOS:  Good morning, Your Honor.  Sophia Rios,

15  R-I-O-S, from Berger Montague, here on behalf of Plaintiff

16  David Zarate and his minor child.

17         MS. RUSI:  Good morning, Your Honor.  Anja Rusi from

18  Scott & Scott -- last name spelled R-U-S-I -- on behalf of the

19  Hisserich and Bracey plaintiffs.

20         MR. VERDERAME:  Good morning, Your Honor.  Liberato

21  Verderame from Edelson Lechtzin representing --

22      (Court reporter interruption.)

23         Can't hear me.  First person to say that.

24         THE COURT REPORTER:  I still can't.

25         THE COURT:  So the acoustics in this room and

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  lighting are horrible, but, you know, there's not a thing I can

2  do about it.  I can't order GSA to make it better.  I

3  apologize.

4           MR. VERDERAME:  Can you hear me?  Last name is "V" as

5  in "Victor," E-R-D-E-R-A-M-E.  For Tyler Baker.

6           THE COURT:  All right.  Thank you.

7           MR. GOODWIN:  Good morning, Your Honor.  David

8  Goodwin, Gustafson Gluek, on behalf of the White and Hauser

9  plaintiffs.

10           MR. ROGARI:  Good morning, Your Honor.  Anthony

11  Rogari -- that's R-O-G-A-R-I -- from Girard Sharp on behalf of

12  the La Count, Spicuzza, Warren, and Garcia plaintiffs.

13           MR. JENNINGS:  Good morning, Judge.  Chris Jennings

14  here on behalf of Plaintiff Kimberly Kinney, K-I-N-N-E-Y.

15           MR. FRANTZ:  Good morning, Your Honor.  James Frantz

16  on behalf of Frantz Law Group.  And with my associate, Ed

17  Burak, we represent Richland County School District One and an

18  additional 39 school districts.  Thank you.

19           THE COURT:  All right.  Now, I understand that there

20  are some folks that were excluded from the courtroom.  Are

21  there any other lawyers out there?  Do you know?  Do any of you

22  know?  No?  Okay.

23           Glenn, who do we have on Zoom?

24           THE CLERK:  Judge, I have no idea.  I just have phone

25  numbers showing up.

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    MR. KRISTENSEN:  (Via Zoom) Good morning, Your Honor.

2  This is John Kristensen on Zoom.

3    THE COURT:  I'm sorry.  Can you speak --

4    MR. KRISTENSEN:  -- my health issues.

5    THE COURT:  Can you speak up?  I apologize.  I can't

6  hear you.

7    MR. KRISTENSEN:  Not a problem.

8    This is John Kristensen for Plaintiff Gillian Arede

9  on behalf of her minor child.  I appreciate the Court letting

10  me appear by Zoom due to my condition.

11    THE COURT:  Not a problem.  Thank you.

12    MR. DOOLITTLE:  (Via Zoom) Judge, this is Paul

13  Doolittle -- good morning -- D-O-O-L-I-T-T-L-E, appearing on

14  behalf of Krystal Vargha, V-A-R-G-H-A.  Thank you for your

15  accommodation, sir.

16    THE COURT:  All right.  Thank you.

17    And I think there's three that we missed; right?

18    MR. YOUNG:  Yes, Your Honor.  On the defense side,

19  here outnumbered but among all our friends, I'm Christopher

20  Young from DLA Piper here in San Diego for Defendants Power --

21    THE COURT:  I'm sorry.  Who are you with again?

22    MR. YOUNG:  Sure.

23    (Court reporter interruption.)

24    DLA Piper, P-I-P-E-R, in San Diego for Defendants

25  PowerSchool Group, PowerSchool Holdings, and Bain Capital.

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1          MS. PALMER:  And good morning, Your Honor.  Anne

2    Johnson Palmer of Ropes & Gray on behalf of the PowerSchool

3    defendants and Bain Capital.

4          MS. MLECZKO:  Good morning, Your Honor.  Monica

5    Mleczko, M-L-E-C-Z-K-O, from Ropes & Gray LLP on behalf of

6    Defendants PowerSchool Group, PowerSchool Holdings, and Bain

7    Capital, L.P.

8          THE COURT:  Okay.  Well, I think I have everyone.

9          Well, thank you all so much for coming out here

10   today.  I hate to inconvenience you all, but I called you in

11   here probably the only time that you're all going to be in the

12   room at the same time.

13         So some of you may know me, have appeared before me

14   when I've been with the -- with the panel.  Some of you I know

15   locally.  Some of you I don't know, but maybe I'll get a chance

16   to know you and get to know who you are better.

17         Anyway, the reason why I called you here today.  It's

18   been a while since I've done an MDL case on my own.  I've done

19   three previously.  This will be my fourth.  And I know that

20   things have changed considerably since the time last time I did

21   one.  So I want to make sure that, you know, nothing falls

22   through the cracks.  Okay?

23         So I want you to understand that anything that I say

24   during our hearing here today should be taken by you as my

25   having reached any kind of opinion or conclusion or prejudged

 1    the case or anything of that sort.  I'm sort of going to

 2    proceed under the assumption, if you will, as we would in a

 3    motion to dismiss, that all facts as stated in the complaint

 4    are taken as true for purposes of the motions.  So I'm going to

 5    assume that what I have read so far is true.  Not that, of

 6    course, that would be the final finding, et cetera.  But at

 7    least I have some notion of what this case is about.

 8          Now, as many of you may know, I am on the judicial

 9    panel for multidistrict litigation.  One of the chief

10    complaints that we hear both from litigants and from parties is

11    that MDL cases take too long, they get too complicated, and

12    they're too expensive.

13          Now, 1407 requires -- 1407 created the panel and

14    created the multidistrict litigation process for the purpose of

15    creating just and efficient litigation and resolution of cases.

16    And that's what I want to do with this case, is I want to be

17    able to show -- and hopefully you will help me with this -- I

18    want to show that, no, not all -- multidistrict cases don't

19    have to take forever, and, no, they don't have to be so

20    expensive that people should not be able to bring forth or

21    defend their claims.

22          So again, I'm going to beg you to please help me.

23    And if you have any suggestions whatsoever in helping me

24    accomplish this, I'm more than willing to hear from you.  Okay?

25          So my understanding of this case is basically that

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  the defense, PowerPoint [sic], had a dataset that they created

2  having to do with students and teachers and perhaps parents

3  that included some pretty confidential information, including

4  some health information, and that, somehow or another, their

5  security was breached, and the information was then made

6  available to others.

7          I understand that PowerPoint [sic], to their credit,

8  paid the ransom that they had to pay in order to have the

9  information released.  And now we have plaintiffs who believe

10  that they have been damaged as a result of the breach.

11          That's my understanding of the case.  I don't know if

12  there's anything that I am missing.  If I am, raise your hand,

13  stand up, yell, and tell me what it is that I've missed.

14          No.  Okay.  Well, whew.  Whew.  I was worried, let me

15  tell you.

16          So there are some issues that I want to talk about,

17  again, keeping in mind that it's my goal to try to resolve this

18  case as quickly as we possibly can, understanding that this is

19  your case; it's not my case.  All right?  So to the extent that

20  I can get you all to agree and to help me resolve issues that

21  may come before me, I certainly would prefer that you do that.

22          So I'm going to start out.

23          First of all, I believe that Mr. Casey mentioned that

24  there was some issues of consensus that he could bring up.

25          And so rather than waste any time, Mr. Casey, if you

1    would do me a favor and please tell me what you -- what you

2    wanted to tell me.  Okay?

3         MR. CASEY:  Thank you, Your Honor.

4         And, first of all, Your Honor, all the lawyers here

5    are very mindful of your interest in working on a streamlined

6    fashion on this and moving this inexpensively and using every

7    effort we can.  And I will say everybody here met several times

8    to address your initial order.  There's a lot of experience in

9    this room dealing with MDLs, and so we want to take advantage

10   of that in presenting it to you to allow you to move

11   aggressively in this case.

12        And so there is agreement that we -- and I believe

13   defense counsel feels this way too -- that there is a priority

14   for you to make a decision on lead counsel on the Plaintiffs'

15   Steering Committee and how you want that structured.  And to

16   expedite that, we are recommending that you order a --

17   everybody to submit a three-page brief within the next few

18   weeks, hopefully due after the Memorial Day weekend.  And the

19   three pages would give you all the background information

20   regarding each individual here and each potential slate that

21   wants to be considered.  And there will be an addendum, a

22   one-page addendum to that, that could include some ideas on

23   structure, because people here may have different ideas in how

24   to structure this to be effective.

25        So if you set that, let's say, right after Memorial

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  Day weekend, then had a chance to review those, then to set a

2  hearing --

3        And we're using a model, the *Volkswagen Diesel* case,

4  in which Judge Breyer, he gave everyone --

5        THE COURT:  Judge who?

6        MR. CASEY:  -- two minutes to make a presentation.

7  We're recommending two minutes for each person.

8        THE COURT:  Two minutes.

9        MR. CASEY:  In addition --

10       THE COURT:  Just like the panel here.

11       MR. CASEY:  -- we are recommending no reply briefs

12  and no opposition briefs.

13       So I'll tell you, Judge Breyer actually had a little

14  ringer.  He would ring you if you went over two minutes.  So

15  you can limit it to two minutes.

16       But we're trying to expedite this.  So we would get

17  the three-page exhibits -- demonstration to you.  We -- then no

18  reply, no opposition, and then a two-minute hearing.  And we

19  think that with that information, you'll be about to make a

20  quick decision on how you want leadership to --

21       THE COURT:  Can I interrupt you for just a second,

22  Mr. Casey?

23       Is there any chance, do you think --

24       So let me tell you my thoughts on lead counsel.

25  Okay?  So my thoughts -- again, remember that anything I say to

1    you is not fixed in concrete.  Okay?  It's just thoughts that

2    I've formulated since this case landed on my lap, and I've sort

3    of been thinking about it.

4              By the way, thank you for mentioning Judge Breyer

5    who, of course, is a -- is a giant in the MDL world.  But I've

6    looked at several other orders, including Judge Childs' order,

7    who -- she's fantastic, and Judge Altonaga from Florida.  She's

8    also fantastic.

9              My thoughts on lead counsel are as follows:  I

10   think -- as of right now, I think I would like to have three

11   co-lead counsel.

12             Just so that you know, I think it would be helpful to

13   have one of them from San Diego.  Why?  Not because I'm, you

14   know -- well, just simply because it helps to have someone

15   locally, that if I need to pick up the phone, not that I will,

16   but if I need to pick up the phone and have someone be here on

17   15 minutes' notice, they will.  Okay?  And so, obviously,

18   having a local office, having someone here, to me, that seems

19   like it would be a natural.

20             I would like to have someone from the East Coast as

21   well so that we have some geographical diversity.

22             I would like to have someone in flyover country.

23             And in that regard, I also think that whoever I

24   select to be lead counsel, I would like for them to bring with

25   them an associate who has hopefully around five years of

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  practice experience, maybe even some breach -- some data breach

2  experience.  And you may be asking why?  What's the matter with

3  this guy?  Well, here's the reason why.

4          Because, as we all know, we're not all going to live

5  forever.  And some of you who have -- I mean, so many of you

6  appeared before me in the multidistrict panel.  You're not

7  going to be around forever either.  And so it would be helpful

8  for whoever I select as co-lead counsel to have someone that

9  they can hopefully bring up -- a farm league, if you will, a

10  back bench -- obviously someone who's able to do the job.

11  Okay?

12          And I think, to me, that would be sort of what I

13  would be looking for from lead counsel.

14          Now, if I'm not mistaken -- and again, correct me if

15  I'm wrong -- but I think that there's basically two groups of

16  plaintiffs here.  There's the minors, teachers, and parents,

17  and/or guardians.  So I would think I would want three lead

18  counsel for that group.  And then we have the school districts.

19  And I think, if I'm not mistaken, I have the lead counsel for

20  the school district group already before me.  I think I have

21  three folks here today who are representing school districts,

22  Mr. Cecchi, Miss -- let's see here -- Westphal?  Is it

23  Westphal?

24          MR. CASEY:  Your Honor, Mr. Frantz is one of those.

25          MS. WESTPHAL:  Right.

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1        THE COURT:  Yeah.  And Ms. Westphal.

2        MS. WESTPHAL:  Mr. Frantz and Ms. Westphal.

3        THE COURT:  So I think -- I mean, those are the ones

4  I heard.

5        So it strikes me that you're a natural.  Right?  I'm

6  not -- I'm not saying you've got the job.  I'm just simply

7  saying that it strikes me that you folks would be -- have a leg

8  up.

9        Anyway, those are my thoughts.

10       PSC, I don't -- haven't really formed any opinion or

11  any thoughts about that.  Okay?

12       Sorry I interrupted you.

13       MR. CASEY:  Your Honor, that's exactly the type of

14  guidance we wanted.  So thank you very much.

15       So when we would submit our three-page briefs, it

16  would be with that structure in mind, because I think that's an

17  outstanding structure, because you have a national presence,

18  local presence.  And we are all looking for your guidance on

19  this today, Your Honor.  So it's very helpful.

20       THE COURT:  And by the way, experience would help.

21       MR. CASEY:  I understand.  I understand.

22       Well, Your Honor --

23       THE COURT:  I omitted that, but it would help.

24       MR. CASEY:  -- you have a lot of experience in --

25       THE COURT:  I know.

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    MR. CASEY:  -- this courtroom.  I will guarantee

2    that.

3         And so with that in -- is there any other direction

4    you would like to give us in terms of how you would like this

5    structured, Your Honor?

6         THE COURT:  Well, I'll tell you, what I really would

7    like is when you leave here -- I will be here all day -- if you

8    all went or stayed here in the courtroom and talked among

9    yourselves and see if you could come up with your own slate of

10   people that you would recommend to me.  If you think that's

11   doable, I'm willing to sit around and -- well, no, I won't be

12   sitting around, but I'm willing to stay around and wait to see

13   if you folks could work it out among yourselves.  Otherwise, I

14   will have interviews and I will make the decision.  That's what

15   they pay me for.

16        MR. CASEY:  Your Honor, thank you for that counsel.

17   And I think I can speak for everybody that we will remain

18   around and talk and -- and, you know, at the same time, if

19   we're not able to reach a consensus on that, if the Court did

20   go ahead and set a schedule for submission, I think that would

21   help expedite getting this done.

22        And, Your Honor, we also, you know, have agreement

23   on, you know, the idea of a special master.  We do think who

24   that would be should probably be deferred till you've made a

25   recommendation or you make a decision on who the lead counsel

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  is.  But there's some very strong candidates and -- who could,

2  while the litigation is going on, who could help facilitate

3  potential resolution as well.

4          THE COURT:  Okay.

5          MR. CASEY:  All right.

6          THE COURT:  So you want me to defer on that until

7  I've --

8          MR. CASEY:  Yeah.  So --

9          THE COURT:  -- lead counsel.

10          MR. CASEY:  Because right now, we absolutely agree

11  that -- with the idea --

12          You have an excellent magistrate, Judge Berg, who, I

13  can tell you from experience on MDLs and class actions, he's

14  great at facilitating discovery issues.  And I know there'll be

15  a desire among the group to move forward in discovery as soon

16  as possible, because that'll help drive it to a resolution.  I

17  also know from experience Judge Berg helps get things done and

18  can -- works very well on an informal basis to expedite --

19          THE COURT:  And how much did he pay you to --

20          MR. CASEY:  I'm sorry, Your Honor?

21          THE COURT:  How much did he pay you to say all that?

22  What did he offer to do?  Buy you a bottle of --

23          MR. CASEY:  Yeah.  Please don't let this get back to

24  him, Your Honor.

25          THE COURT:  -- a cigar?

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1       No.  He's great.  In fact, those of you -- well, you

2   don't know.  I used him at a -- I was responsible for putting

3   on the transferee judges conference last year.  And, in fact, I

4   had Judge Berg as one of my panelists because I think he is

5   fantastic.  But his time is limited, so he can't do everything,

6   which is one of the reasons why I suggested we might also need

7   a special master to assist him in connection with discovery

8   issues.

9       Anyway.  Thank you, Mr. Casey.

10      MR. CASEY:  We think that's an idea, and we -- again,

11  we -- I'll have some ideas on who that would be, but we think

12  that should be deferred until you have leadership.

13      The same would go in terms of timekeeping, Your

14  Honor.  And frankly, I know the defense would like to have

15  leadership set up so that they can begin to deal with people

16  who have, then, authority.

17      And so, Your Honor, that really concludes my

18  presentation, and -- but I wanted to, you know, encourage

19  others to speak and address any issues that you might have,

20  Your Honor.

21      THE COURT:  All right.  Certainly.  Thank you,

22  Mr. Casey.

23      Anyone have anything that they wish to offer?

24      And by the way, if you think that I can remember all

25  your names, ain't gonna happen.

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    MS. HART:  I wanted to just briefly address --

2  clarify one issue.  I think Mister --

3    THE COURT REPORTER:  Your name?

4    MS. HART:  Yana Hart from Clarkson.

5    I just wanted to clarify one issue, because I think

6  we all are assuming that the leadership submissions would

7  consist of the three pages and potentially an additional

8  attachment for the firm resume.  That's just the one

9  clarification I was going to make, if -- if that would be

10  allowed as well, to attach the firm resume, whether it's going

11  to be brief or longer, but as long as that's not part of the

12  leadership submission.

13    THE COURT:  Well, I understood that there was going

14  to be a three-page resume and brief stating why they should

15  be -- whoever it is that's submitting it, was -- should be

16  appointed to be lead counsel.  That's what I understood.

17    MS. HART:  Sure.  Sure.  No.  And I think -- I

18  believe we -- we have agreed to do that as well, so the three

19  pages, but that there would be an additional attachment of the

20  firm resume.  And again, that could be also short.  I just

21  wanted to clarify that point.

22    THE COURT:  I see.  In addition to the attorney who's

23  requesting to be appointed, you want a additional resume of the

24  firm as a whole.

25    MS. HART:  It doesn't have to be the whole.  I think

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  it's helpful, but I commonly see it in other MDLs that it could

2  be a single submission in essentially like a mini brief but --

3  that consists of two or three pages.

4          THE COURT:  How about one page?

5          MS. HART:  An additional --

6          THE COURT:  How about one page?

7          MS. HART:  I would be fine with that.  Thank you.

8          THE COURT:  Great.  One page.

9          MS. HART:  Thanks, Your Honor.

10          THE COURT:  So a long time ago, I remember I was a

11  young, young lawyer, and there was a -- I went to a conference,

12  and there was this really highly respected judge who was a

13  panelist, and he -- he said to us young lawyers, he said, "You

14  know, there's a reason why briefs are called briefs.  And

15  lawyers and judges, we're busy people.  So keep it brief."

16          So one page.  All right?

17          MS. HART:  Sounds good.  Thank you, Your Honor.

18          THE COURT:  You can attach a brief, if you want to,

19  telling us why your firm -- or telling us about your -- about

20  your firm.

21          And that goes to DLA Piper -- oh, you're not part of

22  this.  Never mind.  I was just going to say I don't know how

23  you could do that in one page.

24          MR. YOUNG:  I'm happy to -- I don't think they want

25  me on the leadership team, so...

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    THE COURT:  All right.  Anyone else have any other

2    comments?

3    All right.  Now, here's --

4    MS. WESTPHAL:  Your Honor?

5    THE COURT:  -- here's some things.

6    Oh, I'm sorry.

7    MS. WESTPHAL:  It's okay.  I was in the back.

8    THE COURT:  Ms. Westphal; right?

9    MS. WESTPHAL:  Yes.

10   THE COURT:  Okay.

11   MS. WESTPHAL:  For the individual school districts.

12   We just wanted to clarify that there is -- for the

13   individual school districts, we represent individuals, and then

14   the other firm represents a class of school districts.  So we

15   just wanted a little bit of clarification as to whether you

16   were thinking they would be combined into one leadership.

17   THE COURT:  Yes.

18   MS. WESTPHAL:  Because we do have a little bit of

19   concern, because they -- we do believe, but we're not sure if,

20   they also represent some individual class members.  So we are a

21   little concerned about any conflict that -- that might occur

22   because of representation of individual class members as well

23   as the class of school districts with regard to our individual

24   school districts.

25   THE COURT:  Why don't you --

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1          MS. WESTPHAL:  And I'm not sure if you wanted us to

2    brief that as well.

3          THE COURT:  You might as well.

4          MS. WESTPHAL:  Okay.

5          THE COURT:  All right?

6          MS. WESTPHAL:  Thank you, Your Honor.

7          THE COURT:  But keep it brief.  Okay.

8          MS. WESTPHAL:  Okay.

9          THE COURT:  Great.  Thank you.

10          Anyone else?

11          Okay.  So a couple of things.  First of all, let me

12    mention, as I said, I think -- I think that, you know, our job

13    here is to get this case resolved in order to accomplish the

14    goal of 1407.  One of the -- one of the things that that means

15    to me is that we're not going to be filing motions, you know,

16    for the sake of filing motions, not that any of you would, but

17    sometimes it happens.

18          So, for example, I anticipate that there may be a

19    motion for standing -- regarding standing.  I don't know.  I

20    think -- I think standing is pretty well already determined, at

21    least out here in the Ninth Circuit.  I think the Supreme Court

22    in *Spokeo* has sort of laid out their standard.  The Ninth

23    Circuit has laid out its standard a couple of times.  So unless

24    you have something really creative to offer on the standing

25    issue, you know, I don't know, you may not want to file a

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    motion in that regard.

2            So with regards to pleadings, if you file a motion --

3            Let me tell you, I'm absolutely convinced that with

4    the volume of law that is written and issued every day from all

5    of the circuits and all of the district courts, that if I

6    wanted to find a quotation that said that the Moon is made of

7    blue cheese, I would be able to find that.  Okay?

8            So if you are going to cite something to me in a

9    motion or a case, please make sure that you tell me, give me at

10   least a two-liner of why that case is similar to this case so

11   that I don't waste my time going and looking at a case that has

12   really almost nothing to do or, you know, very limited

13   relevance to what I'm looking at.  So give me some -- don't

14   just cite -- don't just give me a quote.  Okay?  So --

15           All right.  There's also another issue that I think

16   is kind of going to be interesting in this case and that's the

17   question of what law applies.  Am I applying your particular

18   state law, your circuit's law, or Ninth Circuit law?  And I

19   think that's important.  It's going to be important throughout

20   this litigation.

21           All right.  Let me -- let me look at some of my notes

22   and see if there's anything else that I have missed that I

23   wanted to...

24       (Pause.)

25           If -- if you apply to be part of lead counsel or in

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  the PSC, it's my intention to have a meeting every month

2  personally here in beautiful downtown San Diego.  So make sure

3  that you are able -- if you're going to apply, then make sure

4  that you're able to meet that commitment.  Okay?  I don't want

5  to do Zoom.

6         I mean, obviously, obviously, you fell down, you

7  broke your leg yesterday, or you have an unexpected surgery,

8  you know, something of that sort, fine.  But otherwise, you

9  have to be able to be willing to commit that you will be here

10  personally.  Okay?  If you -- if you don't think you can do

11  that, then don't waste your time, don't waste my time.  Okay?

12         I expect, if I know Judge Berg, which I do, that he

13  will have -- every two weeks, he will have -- and he allows

14  Zoom to do this, which is understandable.  He allows Zoom

15  meetings.  But he will be having a meeting every other week to

16  talk to you about any issues and so on.  I will have a monthly

17  meeting.  Again, at that meeting, you will be raising any

18  issues that you think I might want to be resolving that either

19  the magistrate judge or the special master cannot resolve for

20  us.

21         All right.  There's just one other thing that I may

22  be asking you to give me in a confidential memo and that is if

23  there are any third-party funders of this litigation.  Why?

24  Because, in my opinion, sometimes that can affect the way cases

25  resolve.

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1          As we all know, 98 percent of cases settle.  This is

2     not the first data breach case that comes down the pike.  I

3     would say that there's probably a pretty good idea, a pretty

4     good likelihood that this case will settle at some point.  I'm

5     not saying that it will, obviously, but I'm saying there's a

6     pretty good probability that it will.

7          And in order for me to know and make sure that the

8     case is being pursued as it should and that the people that are

9     making decisions are people that are, you know, before me, I

10    may be asking you to submit to me whether or not there's any

11    third-party financing going on.  Okay?  So be prepared to

12    disclose that.  Obviously, that will remain confidential with

13    me unless and until I think there's some reason to disclose it.

14          But otherwise, if you have any insurance involved in

15    this case, your insurance adjustor should be able to be

16    available at the drop of a dime and to even be here if I call

17    and I say, Hey, I need -- I need them here with decision-making

18    authority.  Okay?  So --

19          All right.  Now, I think that's all that I have for

20    now.  It's been wonderful seeing all your smiling, shining

21    faces.  I'm going to give you -- let's see.  It's a quarter

22    till eleven.  I'm going to give you till noon to see if you can

23    come up with a slate of lead counsel for me.

24          Now, under -- Rule 16.1, by the way, provides for

25    interim counsel.  Does anybody think that I should appoint

1    interim counsel?  Is it necessary?

2              ATTORNEY IN THE AUDIENCE:  No.

3              THE COURT:  No?  Oh, come on.  I love that.  I love

4    that.  I thought that -- I thought that was such a brilliant

5    idea.  None of you like it, huh?

6              Okay.  Great.  All right.  So I'm going to step off

7    the bench.  I would ask for you to remain until noon, and then

8    you can go off to lunch.  See if you can come up with a slate

9    of, you know, recommended -- I'm not saying I'll accept them.

10   I'm just -- I will at least have some inkling as to whether or

11   not, you know, it's something that I want to along with.  Okay?

12             So if you'll please stay until noon, and then after

13   that, you can go to lunch.  Beautiful, beautiful restaurants

14   around here.  Mr. Casey -- you know, there's -- there's a

15   couple of folks that can guide you to nice restaurants and so

16   on in the area.

17             All right.  We'll be in recess, and I'll be back at

18   noon.  Okay?  Thank you.

19             ALL:  Thank you, Your Honor.

20             THE COURT:  You can stay here, by the way.  Okay?

21   All right.

22        (Recess taken from 10:44 a.m. to 11:27 a.m.)

23             THE CLERK:  Remain seated and come to order.  This

24   court is once again in session.

25             THE COURT:  All right.  We're back in session.

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    So Mr. Casey, I understand that you have something

2    for me.

3    MR. CASEY:  Yes, Your Honor.  We have partial success

4    but not complete success.

5    THE COURT:  Partial is better than none.  All right.

6    MR. CASEY:  So Your Honor, in regard to the school

7    districts, Jim Cecchi would be the lead for the class.  William

8    Shinoff would be the lead for the direct actions.  He would

9    have a PSC with Kristin Westphal and Ed Burak.  And, of course,

10   this would be submitted to the Court for your review and

11   approval.

12   And I don't know.  Mr. Cecchi, did you -- or --

13   MR. FRANTZ:  You forgot my name on the --

14   MR. CASEY:  Oh, I'm sorry.

15   And I did forget Jim Frantz, Your Honor.  My apology.

16   It's his firm.

17   MR. FRANTZ:  I'm a backup.

18   MR. CASEY:  Okay.

19   THE COURT:  He's a backup.

20   MR. CECCHI:  Yes, Judge.  Jim Cecchi on behalf of

21   Irvington Public School District.

22   As Mr. Casey indicated, we did have success on the

23   school district side, both class and direct action.

24   For the class piece, we would also try to build a PEC

25   or PSC with local representation.  I have John Nelson from the

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1   Milberg firm, extremely experienced in data breach cases.  He's

2   right across the street, fulfilling Your Honor's directive

3   to -- someone could be here on short notice.  And Mr. Nelson is

4   a young partner there, but he has already distinguished himself

5   tremendously.

6           We also have Anderson Berry who was a AUSA in the

7   Eastern District of California.  He originally started his

8   practice at Jones Day, but then there was an awakening, and he

9   came over to our side.  So he would -- he would also be local

10  and also on the PSC.

11          And we have representation that we would present to

12  Your Honor from Florida -- a leading data breach lawyer in the

13  United States from Florida would fill out the class side.

14          I would also say we've had extensive discussion with

15  Mr. Frantz's group.  We're going to coordinate as extensively

16  as we can with the direct action plaintiffs on experts, on

17  discovery.  The discovery of our clients is going to be

18  similar, their clients, our clients.  We're going to make it as

19  efficient as possible.

20          Thank you, Judge.

21          THE COURT:  Outstanding.

22          Would you do me a favor and one of you submit

23  something to me in writing?

24          MR. CECCHI:  I will do it, Judge.  Thank you.

25          THE COURT:  Do it like within, I don't know, seven

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1    days?

2             MR. CECCHI:  Seven days is fine.  Thank you.

3             THE COURT:  Great.  Good.

4             MR. FRANTZ:  I confirm everything that was just said,

5    Your Honor, and we're going to work cooperatively with class

6    counsel on discovery and so forth.  And we're going to have a

7    PSC as well that we're going to develop.  And we have -- we're

8    across the street in Emerald Plaza.  So it's pretty convenient

9    for us to come over.

10            THE COURT:  All right.  Again, please submit

11   something to me within the next --

12            MR. FRANTZ:  We will, Your Honor.

13            THE COURT:  -- seven days.  All right?

14            MR. FRANTZ:  Yeah.  Thank you.

15       (The court reporter requests clarification.)

16            James Frantz, F-R-A-N-T-Z, like the oil filter.

17            THE COURT:  All right.  You can pay me now or pay me

18   later?

19            MR. FRANTZ:  That's right.

20            THE COURT:  All right.

21            MR. CASEY:  Your Honor, we did make a good-faith

22   effort on the other issue.  We were not successful.  We'll

23   continue to make that effort, but I would recommend the Court

24   go ahead and follow the procedure we discussed earlier in

25   scheduling a, you know, time for us to submit a three-page

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1   brief with addendum to the Court.

2           THE COURT:  Can I ask, should I appoint liaison

3   counsel to be able to communicate with both sides, both groups?

4           MR. CASEY:  Your Honor --

5           THE COURT:  Anybody have any objection to my doing

6   that?

7           MR. CECCHI:  No, Your Honor.

8           THE COURT:  Because I have a perfect -- I have a

9   perfect candidate for that.  Anybody have any objection?

10          ATTORNEYS IN THE AUDIENCE:  No, Your Honor.

11          THE COURT:  Mr. Casey, you're it.  I'll appoint you

12  as liaison counsel.

13          MR. CASEY:  Okay.  Thank you, Your Honor.

14          THE COURT:  And you can -- that will not exclude you,

15  of course, from applying, if you wish, to be a part of lead

16  counsel.  You could do so.  But I think it would be good for me

17  to have someone, particularly somebody locally, who can

18  communicate with both groups.  Okay?

19          All right.  I'm going to set a date for interviews,

20  June 2nd at -- starting at 10 a.m.  If you wish to present --

21          I'm going to -- I'm going to do this in a democratic

22  way.  All right?  I'm going to ask you, how many of you would

23  prefer to do this in person, and how many of you would rather

24  do this by way of Zoom?  So how many of you want to do this in

25  person?  How many of you want to do it in Zoom?  Okay.  In

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1   person it is.

2              We're going to do it on Monday.  So you know what's

3   really great about doing this on Monday?  Huh?

4              ATTORNEY IN THE AUDIENCE:  Not on Friday night?

5              THE COURT:  Yeah.  Yeah.  Absolutely.

6              And June should be beautiful.  We have a little bit

7   of June Gloom sometimes, but otherwise, it will be wonderful.

8              All right.  So June 2nd at 10 a.m.

9              And did I -- did I tell you when I wanted the

10  applications yet?

11             ATTORNEY IN THE AUDIENCE:  No.

12             THE COURT:  Can we -- could we get them by, I don't

13  know, what, ten days from now?  Would that be -- would that be

14  too much?

15             ATTORNEY IN THE AUDIENCE:  No, Your Honor.

16             THE COURT:  Ten days.

17             Glenn, what's ten days from now?

18             THE CLERK:  May 24th.

19             THE COURT:  May 24th.  What day of the week is that?

20             THE CLERK:  Saturday.

21             THE COURT:  Well, that's perfect.

22             25th?  26th?  How about the 26th?  No.  That's

23  Memorial Day, isn't it?  That's the Memorial Day weekend?  But

24  you can do it before.

25             ATTORNEY IN THE AUDIENCE:  The 23rd?

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1     THE COURT:  23rd.  23rd it is.  All right?  Submit

2  your applications by May 23rd.  Okay?  All right.  Great.

3     MR. FRANTZ:  May I add one more comment?

4     THE COURT:  Yes.  What's that?

5     MR. FRANTZ:  Just to -- so the record is really

6  clear, William Shinoff is co-lead counsel for the individual

7  school districts.

8     THE COURT:  Okay.

9     MR. FRANTZ:  Okay.  Just wanted to make that clear.

10     THE COURT:  Yeah.  That's what I had.

11     MR. FRANTZ:  Okay.  Good.

12     THE COURT:  Great.  All right.  Thanks.

13     THE CLERK:  Judge.

14     THE COURT:  Yes?

15     THE CLERK:  How do you want the applications?

16  Emailed to the E-file?  You want us to print them out?  Or you

17  do you want hard copies?

18     THE COURT:  No.  They can E-file them.

19     THE CLERK:  All right.

20     THE COURT:  Can you E-file them?

21     ATTORNEY IN THE AUDIENCE:  Yes.

22     THE COURT:  Okay.  Great.

23     Okay.  Good.  Well, I look forward to seeing you all.

24  You'll get two minutes.  No.  I'm going to give you three

25  minutes, because I'm a nice guy.  I won't give you two minutes;

IN RE: POWERSCHOOL HOLDINGS, INC. - 05/14/2025

1  I'll give you three minutes to tell me why I should choose you,

2  and we'll take it from there.  Okay?

3          All right.  Anything else?  If not, enjoy the rest of

4  your day in beautiful San Diego.  You take care.

5          All right.  This hearing is concluded.  Thank you.

6      (Proceedings concluded at 11:34 a.m.)

7

8

9

10              C E R T I F I C A T E

11          I, Adrian Dale Baule, certify that I am a duly
    qualified and acting Official Court Reporter for the United
12  States District Court; that the foregoing is a true and
    accurate transcript of the proceedings as taken by me in the
13  above-entitled matter on May 14, 2025; and that the format used
    complies with the rules and requirements of the United States
14  Judicial Conference.

15

        Date:  May 15, 2025
16

17

18  _____
    Adrian Dale Baule, RMR, CRR, CSR
    U.S. Official Court Reporter
19

20

21

22

23

24

25