# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION, | Case No.: 25-md-3149-BEN-MSB<br><br>**CASE MANAGEMENT ORDER NO. 2** |

The initial case management conference was held on Wednesday, May 14, 2025 in Courtroom 5A, Edward J. Schwartz United States Courthouse, 221 W. Broadway, San Diego, California, 92101. The Court finds as follows:

1. Mr. David Casey, Esq., of Casey, Gerry, Francavilla, Blatt, LLP, is appointed as temporary Liaison Counsel. Liaison Counsel will be charged with administrative matters. Notwithstanding the appointment of Liaison Counsel, each counsel shall have the right to participate in all proceedings before the court as fully as such counsel deems necessary. Liaison Counsel shall not have the right to bind any party as to any matter without the consent of counsel for that party, except Liaison Counsel's own clients. Further, Liaison Counsel shall remain free to represent the interests and positions of their clients free of any claim (including without limitation any claim of conflict) arising from service as Liaison Counsel. He will

-1-

be expected to:

    a. Act as the primary contact between the court and Plaintiffs' counsel;

    b. Maintain an up-to-date, comprehensive Service List of Plaintiffs and promptly advise the court and defense counsel of changes to Plaintiffs' Service List;

    c. Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the court, to the extent such documents are not electronically filed;

    d. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from defense counsel that are not electronically filed;

    e. Establish and maintain a document depository;

    f. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

    g. Assist Lead Counsel and the PSC in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

    h. Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings;

    i. Maintain records of receipts and disbursements advanced by members of the PSC and received by the PSC, and report in writing to the PSC concerning disbursements and receipts;

    j. Act as the treasurer for any common benefit assessments and expenses; and

    k. Perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders from the court.

2. Counsel for the school district *direct actions* have agreed to the appointment of Mr. William Shinoff, Esq., as Lead Counsel and Ms. Kristin Westphal, Esq., and Mr. Edward Burak, Esq., for the steering committee. Counsel are directed to submit by

May 21, 2025 proposed orders of appointments for the positions as agreed at the hearing. Counsel for the school district *class actions* have agreed to the appointment of Mr. James Cecchi, Esq., as Lead Counsel and made proposals for the steering committee. Counsel are directed to submit by May 21, 2025 proposed orders of appointments for the positions as agreed at the hearing.

Lead Counsel will be responsible for coordinating pre-trial proceedings. They will have the following responsibilities, including, without limitation:

> a. Determine and present to the court and opposing parties the position of all matters arising during pretrial proceedings;
>
> b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this court;
>
> c. Coordinate with members of the PSC in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository;
>
> d. Coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, under the court's supervision;
>
> e. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically; schedules are met; and unnecessary expenditures of time and expense are avoided;
>
> f. Consider the qualifications of non-leadership counsel who submitted applications for specific tasks;
>
> g. Consult with and employ consultants or experts, as necessary;
>
> h. Enter into stipulations with opposing counsel necessary for the conduct of the litigation;
>
> i. Encourage full cooperation and efficiency among all Plaintiffs'

counsel;

j. Prepare and distribute periodic status reports to the parties;

k. Maintain adequate time and disbursement records covering service of designated counsel and establishing guidelines, for approval by the court, as to the keeping of time records and expenses;

l. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

m. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

n. Present all matters of common concern to Plaintiffs;

o. Perform such other duties as may be incidental to proper coordination with the PSC's pretrial activities or as authorized by further order of the court; and

p. Submit, if appropriate, additional committees and counsel for designation by the court.

q. Lead Counsel for the school district class actions are also hereby designated as Class Counsel pursuant to Rule 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

3. The Court intends to appoint three Co-Lead Counsel for plaintiffs and a plaintiffs' steering committee for the minors/parents/guardians/teachers group of plaintiffs. The three Co-Lead Counsel will include one individual from San Diego, one individual from the middle of the United States and one individual from the east coast of the United States.

Co-Lead Counsel will be responsible for coordinating pre-trial proceedings. They will have the following responsibilities, including, without limitation:

a. Determine and present to the court and opposing parties the position of

all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this court;

c. Coordinate with members of the PSC in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository;

d. Coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, under the court's supervision;

e. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically; schedules are met; and unnecessary expenditures of time and expense are avoided;

f. Consider the qualifications of non-leadership counsel who submitted applications for specific tasks;

g. Consult with and employ consultants or experts, as necessary;

h. Enter into stipulations with opposing counsel necessary for the conduct of the litigation;

i. Encourage full cooperation and efficiency among all Plaintiffs' counsel;

j. Prepare and distribute periodic status reports to the parties;

k. Maintain adequate time and disbursement records covering service of designated counsel and establishing guidelines, for approval by the court, as to the keeping of time records and expenses;

l. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

  m. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

  n. Present all matters of common concern to Plaintiffs;

  o. Perform such other duties as may be incidental to proper coordination with the PSC's pretrial activities or as authorized by further order of the court; and

  p. Submit, if appropriate, additional committees and counsel for designation by the court.

  q. Co-Lead Counsel are also hereby designated as Class Counsel pursuant to Rule 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

4. The main criteria for these appointments are: (1) a willingness and ability to commit to a time-consuming process which will include monthly meetings with the Court; (2) an ability to work cooperatively with others; (3) professional experience in this type of litigation; (4) access to sufficient resources to advance the litigation in a timely manner; and (5) an associate attorney with approximately five years of experience to be named as an adjunct to designated counsel and who will assist with the duties expected is preferred, but not required.

5. Applications will be received on or before May 23, 2025 and shall consist of, at most, three pages of presentation, one additional page describing preferable structure, and a one page attachment describing one's firm.

6. The Court will interview interested applicants on Friday, June 6, 2025, beginning at 10:00 a.m. Each individual will have 3 minutes to make a presentation.

7. The Court expresses no opinion at this time on the composition of a plaintiffs' steering committee.

8. Proposals for special masters will be considered after all lead counsel are appointed.

9. The Court anticipates imposing the following schedule after Co-Lead Counsel are appointed:

> Time for Plaintiffs to file a Master Consolidated Complaint
> = 30 days after Co-Lead Counsel are appointed.
>
> Defendant's response to the Master Consolidated Complaint
> = 30 days after the filing of the Master Consolidated Complaint.
>
> Plaintiffs' oppositions to Rule 12 motions
> = 30 days after the Rule 12 motions are filed.
>
> Defendant's replies in support of Rule 12 motions
> = 20 days after Plaintiffs' oppositions are filed.
>
> An Early Neutral Evaluation Conference with a U.S. Magistrate Judge
> = within 20 days after Defendant's replies in support of Rule 12 motions.

**IT IS SO ORDERED.**

DATED: May 16, 2025

_____
HON. ROGER T. BENITEZ
United States District Judge