# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION,

Case No.: 25-md-3149-BEN-MSB

**CASE MANAGEMENT ORDER NO. __**

The Court having conducted an Initial Case Management Conference on Wednesday, May 14, 2025, and having heard from all parties concerning the creation of separate litigation tracks to efficiently manage this Multi-District Litigation ("MDL"), the Court concludes that in light of the distinct issues surrounding the school district cases, the creation of a school district track is appropriate ("School District Track")

**I.     Background**

1.     Pursuant to the May 16, 2025 Case Management Order No. 2, the Court directed the submission of proposed Orders of appointment by May 21, 2025 for Lead Counsel(s) and steering committees for the *school district direct actions* ("School District Direct Actions"), and for the school district *class actions* ("School District Class Actions").

2.     While the school district cases in this MDL share common core factual allegations, the class action and the direct actions nevertheless diverge in certain respects, including as to (a) the specific claims asserted (e.g. inclusion of claims for individual school districts whose confidential information was not breached), and (b) whether claims are asserted on an individual or class basis,

3.     To promote efficiency and judicial economy, the School District Direct Actions and the School District Class Actions shall coordinate the prosecution of their claims to the extent practicable and consistent with each group's fiduciary and ethical

responsibilities to their respective clients but shall have separate leadership given the potential for a conflict of interests.

## II. The School District Track Actions

4. The School District Class Action refers to all putative class actions transferred to this MDL brought on behalf of school districts allegedly affected by the data breach announced by PowerSchool Holdings, Inc. on January 7, 2025 ("PowerSchool Data Breach").

5. The School District Direct Actions refer to cases brought on behalf of individual school districts transferred to and filed in this MDL related to the PowerSchool Data Breach.

## III. School District Track Leadership

6. **Class Action Lead Counsel.** James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C. shall serve as Plaintiffs' Lead Counsel for the School District Class Action.

7. **Direct Action Co-Lead Counsels.** James P. Frantz and William B. Shinoff of Frantz Law Group, APLC shall serve as Plaintiffs' Co-Lead Counsel for the School District Direct Actions.

8. Defendants' counsel may rely upon all agreements made with Plaintiffs' Lead Counsel(s) for purposes of coordinating the School District Class and Direct Actions, including agreements as to discovery scheduling, and such agreements shall be binding on all school district plaintiffs in this litigation who are subject to the Court's jurisdiction. Plaintiffs' School District Lead Counsel(s) shall discharge, without limitation, the following duties for their action:

    a. Determine and present to the Court and opposing parties the position of all matters arising during pretrial proceeding;

    b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure relating to

discovery or any other subsequent order of this court;

c. Coordinate with members of their separate Plaintiffs' Steering Committees ("PSC") for the in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository;

d. Coordinate settlement discussions or other dispute resolution efforts on behalf of the Plaintiffs, under the Court's supervision;

e. Coordinate with counsel assigned to leadership and steering committee positions in the School District Actions for purposes of conducting discovery and other matters in furtherance of the effective, efficient, and economical coordination of this litigation;

f. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically; schedules are met; and unnecessary expenditures of time and expense are avoided;

g. Consider the qualifications of non-leadership counsel who submitted applications for specific tasks;

h. Consult with and employ consultants or experts, as necessary;

i. Enter into stipulations with opposing counsel necessary for the conduct of the litigation;

j. Encourage full cooperation and efficiency among all Plaintiffs' counsel;

k. Prepare and distribute periodic status reports to the parties;

l. Maintain adequate time and disbursement records covering service of designated counsel and establishing guidelines, for approval by the Court, as to the keeping of time records and expenses;

m. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

n. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

o. Present all matters of common concern to Plaintiffs;

p. Perform such other duties as may be incidental to proper coordination with the steering committees' pretrial activities or as authorized by further order of the Court; and

q. Submit, if appropriate, additional committees and counsel for designation by the Court.

**IV. Plaintiffs' Steering Committee.** The duties for members of the PSC include the coordination and oversight of pretrial activities. The PSC shall also manage and coordinate (under the direction of Lead Counsel) all pretrial proceedings on behalf of the plaintiffs, including discovery, motion practice, and hearings, ensuring consistency and efficiency across all cases. Subject to further orders of the Court, the PSC Members for each Action are identified as follows:

a. **School District Class Action PSC**:

John Nelson
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
402 W Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
jnelson@milberg.com

Kristen Lake Cardoso
KOPELOWITZ OSTROW P.A.
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4100
cardoso@kolawyers.com

M. Anderson Berry
ARNOLD LAW FIRM
865 Howe Avenue,
Sacramento, CA 95825
Telephone: (916) 777-7777
aberry@justice4you.com

Tyler S. Graden
KESSLER TOPAZ
 MELTZER CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
tgraden@ktmc.com

b. **School District Direct Action PSC**:

| | |
|---|---|
| Kristin Westphal<br>Edward Burak<br>FRANTZ LAW GROUP, APLC<br>402 W. Broadway, Suite 860<br>San Diego, CA 92101<br>(619) 233-5945<br>kwestphal@frantzlawgroup.com<br>eburak@frantzlawgroup.com | Peter Mello<br>Felicia Vasudevan<br>MURPHY, HESSE, TOOMEY & LEHANE LLP<br>50 Braintree Hill Office Park, Suite 410<br>Braintree, MA 02184<br>(617) 479-5000<br>pmello@mhtl.com<br>fvasudevan@mhtl.com |

Daniel Shinoff
Gil Abed
ARTIANO SHINOFF
3636 Fourth Avenue, Suite 200
San Diego, CA 92103
(619) 232-3122
dshinoff@as7law.com
gabed@as7law.com

///

///

///

**V.  Court Correspondence.** All communications from Plaintiffs, or on behalf of the putative Class, with the Court should be through Lead Counsel appointed in the School District Track or Liaison Counsel for the MDL. All communications from Plaintiffs, on or behalf of the Direct Actions with the Court should be through Lead Counsel appointed in the School District Track or Liaison Counsel for the MDL. Lead Counsel may direct file in this Court so long as Lead Counsel adheres to each of this Court's Rules, including, without limitation, the Court's Code of Conduct under Civ. L.R.2.1 and Crim. L.R. 2.1. If circumstances require direct correspondence with the Court by non-appointed individual counsel, copies of any said communications shall simultaneously be served upon Lead Counsel or Liaison Counsel.

**VI.  Objections and Finality.** Interim Liaison counsel, David Casey of Casey Gerry Francavilla Blatt LLP, shall, no later than May 23, 2025, deliver a copy of this order to all counsel who have appeared in any action incorporated into this MDL. Any party having any objection to this order being made final shall file and serve an objection, if any, no later than June 27, 2025; otherwise, this order will become final and self-executing on June 27, 2025, at 5:00 p.m. PT.

**IT IS SO ORDERED.**

DATED: May 22, 2025

_____
HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

Case No.: 25-md-3149-BEN-MSB