# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION, | Case No.: 25-md-3149-BEN-MSB<br><br>**CASE MANAGEMENT ORDER NO. 4** |

    In Case Management Order No. 2, the Court invited attorneys who had filed a civil action in this litigation to submit applications for Plaintiffs' Co-Lead Counsel and/or Plaintiffs' Steering Committee, as well as Plaintiffs' Liaison Counsel.  Applications from an impressive array of applicants were submitted and the Court conducted interviews On June 6, 2025.  All applicants were highly qualified and committed candidates, thereby making the selection process difficult.  The Court encourages counsel who were not appointed to formal roles at this time to meaningfully engage with Plaintiffs' Leadership.

    The Court equally encourages Plaintiffs' leadership team to utilize, as needed, the skills and the experience of all applicants for the common benefit of all Plaintiffs in this action.

    The Court carefully considered the applicants' written submissions and oral

statements in light of the criteria set forth in Case Management Order No. 2, the Manual for Complex Litigation, and Federal Rule of Civil Procedure 23(g). In addition, the Court was particularly interested in appointing a diverse and experienced leadership group that is fully committed to coordinating efforts and sharing information and research to advance these claims in an efficient and cost-effective manner.

As stated previously, the decision as to who to appoint to the Co-Lead Counsel or Plaintiffs' Steering Committee positions was not an easy one. The Court considered each applicant's experience, workload, geographical diversity, the client's diverse, divergent and competing interests, and the willingness to make this case and its resolution of highest priority.

While the Court is fully aware of the time and resources that Plaintiffs' leadership team will be required to expend in this MDL, the Court has no intention of requiring the parties to needlessly duplicate efforts and thus will be appointing Co-Lead Counsel, Liaison Counsel, and a Plaintiffs' Steering Committee.

Based upon the foregoing, the Court appoints the following:

# I. CO-LEAD COUNSEL

**1. Interim Co-Lead Counsel for Class Action Plaintiffs:**

David S. Casey, Jr

Casey Gerry Francavilla Blatt LLP

110 Laurel Street

San Diego, CA  92101-1486

**2. Co-Lead Counsel for Teachers Unions Plaintiffs:**

Carol C. Villegas

Lebaton Keller Sucharow LLP

140 Broadway

New York, NY 10005

**3. Co-Lead Counsel for Individual Action Plaintiffs:**

James J. Pizzirusso

Hausfeld LLP

1200 17th Street, N.W., Suite 600

Washington, DC 20036

Co-Lead Counsel are responsible for coordinating the activities of Plaintiffs during pretrial proceedings. They will have the following responsibilities, including, without limitation:

a. Determine and present to the Court and opposing parties the position of all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure;

c. Coordinate with members of the Plaintiffs' Steering Committee in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository;

d. Coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, under the Court's supervision;

e. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically; schedules are met; and unnecessary expenditures of time and expense are avoided;

f. Consider the qualifications of non-leadership counsel who submitted applications for specific tasks when assigning duties;

g. Consult with and employ consultants or experts, as necessary;

h. Enter into stipulations with opposing counsel necessary for the conduct of the litigation;

i. Encourage full cooperation and efficiency among all Plaintiffs' counsel;

j. Prepare and distribute periodic status reports to the parties and the Court;

k. Maintain contemporaneous adequate time and disbursement records covering service of designated counsel and establishing guidelines for approval by the Court as to the keeping of time records and expenses;

l. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

m. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

n. Present all matters of common concern to Plaintiffs;

o. Perform such other duties as may be incidental to proper coordination with the Plaintiffs' Steering Committee's pretrial activities or as authorized by further order of the Court; and

p. Submit, if appropriate, additional committees and counsel for designation by the court.

## II. PLAINTIFFS' STEERING COMMITTEE:

The Court appoints the following attorneys as members of the Plaintiffs' Steering Committee:

Albert Y. Chang
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037

Yana Hart
Clarkson Law Firm
501 W. Broadway Suite 800
San Diego, CA 92101

E. Michelle Drake

Berger Montague

1229 Tyler Street Ne, Suite 205

Minneapolis, MN 55413

Jason S. Hartley

Hartley LLP

101 W. Broadway, Suite 820

San Diego, CA 92101

Amber L. Schubert

Schubert Jonckheer & Kolbe

2001 Union St, Suite 200

San Francisco, CA 94123

Leonard W. Aragon

Hagens Berman Sobol Shapiro LLP

11 West Jefferson Street, Suite 1000

Phoenix, AZ  85003

The Plaintiffs' Steering Committee will conduct and coordinate the discovery stage of this litigation with defense representatives.  It will be chaired by Co-Lead Counsel. The Plaintiffs' Steering Committee is given the responsibility to create such committees and subcommittees as are necessary to efficiently carry out its responsibilities, designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PSC), as may be required for the common benefit of Plaintiffs.  The Plaintiffs' Steering Committee will have the following responsibilities:

a. ***Discovery***

1) Initiate, coordinate, and conduct all pretrial discovery on behalf of Plaintiffs in all actions which are consolidated with the instant MDL;

2) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs;

3) Cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the Plaintiffs' Steering Committee upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims;

4) Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all Plaintiffs. No attorney for a Plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated Plaintiffs' Steering Committee members provided that such questions are not repetitious.

b. *Hearings and Meetings*

1) Call meetings of counsel for Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or the court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

2) Examine witnesses and introduce evidence at hearings on behalf of all Plaintiffs;

3) Act as spokesperson for all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiffs' counsel to present non-repetitive, individual, or different positions;

c. *Miscellaneous*

1) Submit and argue any verbal or written motions presented to the Court on behalf of the Plaintiffs' Steering Committee as well as oppose, when necessary, any motions submitted by Defendant(s) or other parties which involve matters within

the sphere of the responsibilities of the Plaintiffs' Steering Committee;

2) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

3) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys;

4) Prepare periodic status reports summarizing the Plaintiffs' Steering Committee's work and progress.  These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other Plaintiffs' attorneys;

5) Perform any task necessary and proper for the Plaintiffs' Steering Committee to accomplish its responsibilities as defined by the Court's orders; and

6) Perform such other functions as may be expressly authorized by further orders of this Court.

### III.  PLAINTIFFS' LIAISON COUNSEL

The Court appoints as Plaintiffs' Liaison Counsel:

**Jennifer M. French**

Lynch Carpenter, LLP, Suite 180

9171 Towne Centre Drive

San Diego, California  92122

(619-762-1903)

Plaintiffs' Liaison Counsel will be charged with administrative matters. Notwithstanding the appointment of Liaison Counsel, counsel shall have the right to participate in all proceedings before the court as fully as such counsel deems necessary. Liaison Counsel shall not have the right to bind any party as to any matter without the consent of counsel for that party, except Liaison Counsel's own clients.  Further, Liaison Counsel shall remain free to represent the interests and positions of her clients free of any claim (including without limitation any claim of conflict) arising from service as Liaison Counsel.  She will have the following responsibilities, including without limitation:

a. Act as the primary contact between the Court and Plaintiffs' counsel;

-7-

b. Coordinate with any state court liaisons to organize matters pending in the appropriate jurisdictions;

c. Maintain an up-to-date, comprehensive Service List of Plaintiffs and promptly advise the court and defense counsel of changes to Plaintiffs' Service List;

d. Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the Court to the extent such documents are not electronically filed;

e. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from defense counsel that are not electronically filed;

f. Establish and maintain a document depository;

g. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

h. Assist the Plaintiffs' Steering Committee in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

i. Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings;

j. Maintain records of receipts and disbursements advanced by members of the Plaintiffs' Steering Committee and received by the Plaintiffs' Steering Committee, and report in writing to the Plaintiffs' Steering Committee concerning disbursements, and

k. Perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders from the Court.

## IV.  PLAINTIFFS' LEADERSHIP CONFERENCE

Those appointed to Plaintiffs' leadership positions are expected to confer within fourteen days of the filing of this Order to establish the leadership structure, allocate

responsibilities, and institute a billing protocol.

## V. PERSONAL NATURE OF APPOINTMENTS

The appointments of Co-Lead Counsel, Plaintiffs' Steering Committee, and Liaison Counsel are *personal* appointments. Although the Court has encouraged counsel to have an associate with five years or more of relevant practice experience to assist and participate in the prosecution of the actions, the appointees cannot be substituted by other attorneys, including members of the appointees' law firm, except with the Court's prior approval.

## VI. TERM OF APPOINTMENT

The appointments of Plaintiffs' Co-Lead Counsel, Plaintiffs' Steering Committee, and Plaintiffs' Liaison Counsel will be for one-year terms, except, the Court may add or replace appointees on their own request, on the request of the leadership team, or on the Court's own motion. The Court may revoke or amend the appointments at any time by Order of the Court.

## VII. COMMUNICATIONS WITH THE COURT

All communications from Plaintiffs with the Court should be through Co-Lead Counsel or Liaison Counsel. If circumstances require direct correspondence with the Court by individual counsel, copies of any such communications must simultaneously be served on Co-Lead Counsel and Liaison Counsel.

## VIII. COMPENSATION AND REIMBURSEMENT

The Court will make the final determination as to the compensation and reimbursement of Plaintiffs' counsel. All timekeepers carrying out work for Plaintiffs' common benefit, including Plaintiffs' Steering Committee members who may look to any common fund or agreement for reimbursement or compensation, shall maintain detailed and contemporaneous time and cost records. The Court may provide further details in a subsequent order.

## IX.  ADDITIONAL LEADERSHIP

Finally, should circumstances change and the need for new or additional leadership position arise, the Court may invite additional applications for leadership.

**IT IS SO ORDERED.**

DATED:   June 17, 2025

_____
**HON. ROGER T. BENITEZ**
United States District Judge