Jennifer M. French, Cal. State Bar No. 265422
jennf@lcllp.com
**LYNCH CARPENTER, LLP**
9171 Towne Centre Dr, Ste 180
San Diego, CA 92122
Tel.: (619) 762-1903

*Plaintiffs' Liaison Counsel*

[Additional Counsel listed below]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION, | Case No.: 3:25-md-03149-BEN-MSB<br><br>**JOINT STATUS REPORT**<br><br>Date: July 18, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Roger T. Benitez<br>Ctrm: 5A |

The Parties respectfully submit this Joint Status Report in advance of the Case Management Conference scheduled for July 18, 2025.

## I. INTRODUCTION

The Court structured this PowerSchool MDL to manage the claims of distinct plaintiff groups through the establishment of two independent tracks: the Class Action, Teachers' Union, and Individual Action Track (Track One) and the School District Class Action and Direct Action Track (Track Two). ECF Nos. 135, 156, 221. Track One encompasses claims brought on behalf of individual plaintiffs, including students, parents, and educators, who allege harm resulting from the breach. ECF No. 221. Track Two encompasses claims brought by school district plaintiffs. ECF Nos. 135, 156. The Court appointed separate lead counsel and steering committees for Track One, the School District Class Action, and the School District Direct Action, emphasizing the need for independent representation due to potential conflicts of interest.

## II. PROPOSED SCHEDULE FOR CONSOLIDATED COMPLAINTS

In Case Management Order No. 2, the Court included a proposed briefing schedule for the consolidated complaints pending appointment of Plaintiffs' Co-Lead Counsel. ECF No. 134, ¶ 9. In an abundance of caution, the School District Class Action Plaintiffs filed an initial consolidated complaint on June 27, 2025. ECF No. 222. On June 30, 2025, the Court extended the deadline to for the School District Direct Action Plaintiffs to file their consolidated complaint. ECF No. 233. The Court's order contemplates the imposition of one master schedule for both Tracks following the July 18, 2025 Case Management Conference to further "the interest of judicial efficiency, economy, and consistency." ECF No. 233. The School District Class Action Plaintiffs intend, subject to the Court's direction, to file an amended consolidated complaint according to the master schedule to significantly streamline those plaintiffs' claims and has met and conferred with Defense Counsel concerning the proposed amendment.

The Parties have met and conferred and have agreed to the following proposed schedule for the **Individual Action Track (Track One)**:

- Consolidated and Amended Complaint: August 11, 2025
- Motion to Dismiss: October 10, 2025
- Opposition to Motions to Dismiss: December 9, 2025
- Reply: January 8, 2026

The Parties have met and conferred and have agreed to the following proposed schedule for the **School District Track (Track Two)**:

- Motion to Amend Consolidated and Amended Complaint for School District Class Action and Filing of Consolidated Master Complaint for the School District Direct Actions: August 11, 2025
- Motion to Dismiss: October 27, 2025
- Oppositions to Motions to Dismiss: December 23, 2025
- Reply: January 30, 2026

The Parties to the **School District Direct Actions** in **Track Two** are meeting and conferring and will propose a short form complaint process for any complaints filed after the Consolidated Master Complaint.

## IV. CASE MANAGEMENT

### A. Liaison Counsel's Report

Liaison Counsel created an up-to-date, comprehensive Service List of Plaintiffs and will promptly advise the Court and Defense Counsel of any changes. ECF No. 221, § 3(c). The current copy of the Plaintiffs' Service List is attached hereto as **Exhibit A**. Liaison Counsel is also working on coordination with any state court liaisons to organize matters pending in the appropriate jurisdictions and the other matters identified in Case Management Order No. 4.

/ / /

/ / /

/ / /

### B. Informal Discovery

Track One Co-Lead Counsel have met and conferred with Defense Counsel regarding the potential for informal discovery before the anticipated ENE but have not been able to reach an agreement.

**Plaintiffs' Position:** Plaintiffs' Co-Lead Counsel are aware that Defendants have produced substantial documents that will be highly relevant in the instant case in *Cherkin v. PowerSchool Holdings, Inc.*, No. 3:24-cv-02706 (N.D. Cal.) (*Cherkin*), currently pending before the Honorable James Donato, and in *Q.J. v. PowerSchool Holdings LLC et al.*, No, 1:23-cv-05689 (N.D. Ill.) (*Q.J.*). Plaintiffs' Co-Lead Counsel intend to request a pre-ENE conference with Magistrate Judge Michael S. Berg under Civil Local Rule 16(b) to assist in moving this case forward expeditiously and to address the production of documents already produced in *Cherkin* and in *Q.J.* and the issuance of third-party preservation subpoenas. Track Two Lead Counsel join in these requests and would also request the production of any non-public internal forensic reports prepared by Defendants' consultants concerning the data breach as well as data outlining the data exfiltrated and the specific schools whose data was exfiltrated.

**Defendants' Position:** PowerSchool respectfully submits that Plaintiffs' request for a wholesale reproduction of documents from the *Cherkin* and *Q.J.* actions in this case is premature and goes far beyond the proper scope of discovery at this stage. *First*, discovery in this case is currently stayed pending the Early Neutral Evaluations. Plaintiffs have provided no justification for commencing discovery well before Plaintiffs have even filed their operative complaints and before the Court has determined which claims (if any) will survive a motion to dismiss. Plaintiffs are not entitled to take discovery in an effort to fashion additional claims or allegations. *Second*, the *Cherkin* and *Q.J.* actions involve fundamentally different facts, claims, and issues, such that reproducing the discovery that PowerSchool has provided in those cases (both of which have advanced beyond motions to dismiss) is plainly inappropriate. *Cherkin* and *Q.J.* involve claims focused on PowerSchool's alleged use

of student data. For example, claims in *Q.J.* specifically allege that the Company provided data to third parties through its Naviance platform, which is not at issue in this case. This matter, by contrast, is focused on a malicious, third-party actor's cyberattack on the PowerSchool Student Information System (SIS) platform. *Cherkin* and *Q.J.* were filed 7 and 16 months, respectively, *before* the cybersecurity incident that forms the basis of this case even occurred, and the discovery in those actions has focused on a time period that significantly predates the cybersecurity incident. Because the document productions from *Cherkin* and *Q.J.* are not responsive to the issues in this matter, Plaintiffs are not entitled to them.

With respect to discovery of non-public forensic investigation reports, and the data and schools involved in the incident, PowerSchool notes that the February 28, 2025 Crowdstrike forensic investigation report has been made publicly available. Furthermore, Defendants believe that it is premature to seek the previewed discovery pending briefing on any motions to dismiss but will nonetheless engage in discussions with Co-Lead Counsel.

**C. ESI Protocol and Protective Order**

Given that much of the discovery for the Plaintiff Tracks will focus on the data security practices of Defendants, discovery may involve overlapping issues. Plaintiffs' Counsel intend to work cooperatively to avoid duplication of discovery efforts and to conserve judicial and party resources. Defendants believe that commencing discovery is premature until the ENE but are prepared to negotiate these orders in anticipation of the potential need for discovery. Plaintiffs' Counsel are preparing a draft Joint Protective Order to govern the production of confidential information. And because data breach cases necessarily involve the production of Electronically Stored Information, Plaintiffs' Counsel are drafting an ESI Protocol. Plaintiffs' Counsel will meet and confer with Defendants to submit a mutually agreed upon ESI Protocol and Protective Order for the Court's consideration. The Parties will seek the assistance of Magistrate Judge Berg if they are unable to reach agreement.

### D. Special Settlement Master

Plaintiffs' Counsel will discuss potential Settlement Masters and will either jointly or individually propose a list of potential Settlement Masters at the appropriate time. Lead Counsel for each track will respectively attempt to reach agreement with Defendants before submission for the Court's consideration. Defendants have indicated they are prepared to consider the list Plaintiffs propose and to confer further to reach agreement on a Settlement Master.

## V. TRACK ONE PLAINTIFFS' REPORT

### A. Organization of Track One PSC

The Court appointed and directed Track One Co-Lead Counsel to confer within fourteen days with the appointed Steering Committee members to establish a structure, allocate responsibilities and institute a billing protocol. ECF No. 221, § IV. Track One Co-Lead Counsel have done so, creating committees within the Track One Steering Committee and Liaison Counsel to promote efficiency, ensure appropriate allocation of valuable resources and avoidance of duplicative effort. Track One Co-Lead Counsel has also engaged in outreach to other counsel who filed complaints in this matter to encourage participation.

### B. Billing and Expense Protocol

To promote efficiency, Track One Co-Lead Counsel developed and circulated a Billing and Expense Protocol proposed for use in this matter, subject to Court approval. The Protocol ensures transparency, accuracy, and efficiency in the prosecution of this litigation. Only time and expenses authorized in advance by Track Co-Lead Counsel and documented contemporaneously with sufficient detail will be eligible for consideration in any fee application. Key provisions include:

- Billing entries must specify the task performed, the individuals involved, and the subject matter addressed, and should avoid block billing, administrative tasks, or casual review unrelated to assigned work;

- Time must be recorded in six-minute (tenth-of-an-hour) increments using standardized activity codes;
- Expense reimbursement is limited to reasonable, documented costs directly related to common benefit work and subject to further review by Track One Co-Lead Counsel; and
- Monthly time and expense reports are required and subject to audit (noncompliance may result in exclusion from any fee or cost recovery).

The Protocol is attached hereto as **Exhibit B** for the Court's consideration. In addition, Track One Co-Lead Counsel will submit quarterly billing reports to the Court for in camera review unless the Court prefers otherwise.

## VI. TRACK TWO PLAINTIFFS' REPORT

### A. School District Class Action

#### 1. Amendment to Complaint

As noted above, the School District Class Action Track Plaintiffs intend, subject to Court permission, to file a more concise amended complaint consistent with the Master Schedule proposed in this report. Counsel have met and will continue to meet and confer with counsel for Defendants regarding this pleading under Civil Local Rules 7.2 and 15.1(b). The objective of this process is to promote the efficient prosecution of the MDL by eliminating certain claims and reducing the length of the operative pleading.

#### 2. Time Keeping Protocol

Lead Counsel for the School District Class Action Track has allocated responsibilities amongst the members of the PSC to avoid duplication of effort and conserve resources. All counsel for the School District Class Action Track have implemented an agreed upon a billing protocol under which detailed time and expense records will be submitted monthly to Lead Counsel for the School District Class Action Track. Lead Counsel for the School District Class Action Track will review all

time and expense records to ensure that no unnecessary time or expenses are incurred throughout the litigation.

3. Initial Targeted Discovery

**Plaintiffs' Position:** In addition to joining in Track One Co-Lead Counsel's request for materials produced in the *Cherkin* action, the School District Class Action Lead Counsel believe the early production of forensic investigative reports, and data reflecting the number of schools whose data was exfiltrated, and the types of data exfiltrated, will significantly advance the litigation with minimal burden on defendants. Courts frequently order defendants to produce such forensic reports—even before making rulings on motions to dismiss—to allow the parties to better understand the cause and extent of the Data Breach and formulate further discovery. *See, e.g.*, *In re Blackbaud Inc., Customer Data Sec. Breach Litig.*, No. 20-mn-2972, ECF No. 61 (D.S.C. Mar. 26, 2021) (requiring production of forensic report prior to the filing of a consolidated complaint); *In re Capital One Consumer Data Sec. Breach Litig.*, No. 19-md-2915, 2020 WL 3470261, at *7 (E.D. Va. June 25, 2020) (prior to ruling on motion to dismiss, requiring Capital One to turn over forensic report prepared for the company detailing how the data breach occurred); *In re Samsung Customer Data Sec. Breach Litig.*, No. 23-md-3055, 2024 WL 3861330, at *18 (D.N.J. Aug. 19, 2024) (requiring production of materials containing findings from forensic investigation prior to ruling on motion to dismiss); *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-md-2879, ECF No. 279, at 4 (D. Md. June 10, 2019) (ordering Marriott to produce its "Payment Card Industry Forensic Investigative Report"); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 666 (D. Or. 2019) (requiring disclosure of investigative reports because "discovering how the breach occurred was a necessary business function regardless of litigation or regulatory inquiries"); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1244-46 (D. Or. 2017) (requiring production of investigative reports concerning data breach

despite defense counsel's involvement in retention of, and communications with, investigating firm).

**Defendants' Position:** Please see above regarding Defendants' positions.

**B. School District Direct Actions**

1. Master Consolidated Complaint and Short-Form Complaint Process

School District Direct Actions Co-Lead Counsel and Steering Committee have met and conferred with Defendants' Counsel regarding the contents and filing of a School District Direct Action Consolidated Master Complaint (Consolidated Master Complaint), a School District Direct Action Short-Form Complaint, and the scheduling of Defendants' responses to those complaints.

The School District Direct Actions Plaintiffs intend to file a Consolidated Master Complaint that will assert claims on behalf of all School District Direct Action Plaintiffs on file as of the date the Court Orders the Consolidated Master Complaint to be filed. Co-Lead Counsel will work collaboratively with Defendants' Counsel to develop a School District Direct Action Short-Form Complaint to be used by any School District Direct Action Plaintiffs who join Track Two after the Consolidated Master Complaint is filed.

2. Time Keeping Protocol

School District Direct Actions Co-Lead Counsel met with Counsel on the Steering Committee and developed a billing protocol and work distribution plan that is efficient and will conserve resources.

3. Early Targeted Discovery

**Plaintiffs' Position:** School District Direct Actions Co-Lead Counsel join the request for materials produced in the *Cherkin* and *Q.J.* actions. The School District Direct Action Plaintiffs agree with and join the request for initial targeted discovery identified by Lead Counsel of the School District Class Action but would expand the scope of discovery sought to include identification of all school district PowerSchool users. Counsel anticipates working cooperatively with Lead Counsel for all Tracks on

discovery common to issues for all Tracks to conserve resources and to eliminate duplicative discovery efforts.

**Defendants' Position:** Please see above regarding Defendants' positions. With respect to the expanded scoped of discovery to include the identification of all school district PowerSchool users, Defendants believe that it is premature to seek such discovery pending briefing on any motions to dismiss but will nonetheless engage in discussions with Co-Lead Counsel.

4. Direct Filing Order

**Plaintiffs' Position:** To promote efficiency, and after discussions with Defendants, School District Direct Actions Co-Lead Counsel will file Complaints for Plaintiffs from multiple states prior to the due date of the Consolidated Master Complaint and thereafter file Short-Form Complaints. As a result of this, School District Direct Actions Co-Lead Counsel intend to seek a Direct Filing Order from the Court that will promote judicial efficiency and conserve resources.

**Defendants' Position:** Defendants do not oppose Plaintiffs' request for a Direct Filing Order.

Dated: July 15, 2025

*/s/ Jennifer M. French*
*Plaintiffs' Liaison Counsel*
jennf@lcllp.com

David S. Casey, Jr., Cal. State Bar No. 60768
dcasey@cglaw.com
**CASEY GERRY**
**FRANCAVILLA BLATT LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811

*Co-Lead Counsel for Class Action Plaintiffs*

Carol C. Villegas, N.Y. State Bar No. 4154324*
cvillegas@labaton.com
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700

*Co-Lead Counsel for Teachers Unions Plaintiffs*

James J. Pizzirusso, D.C. State Bar No. 477604*
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600
Washington, DC 20036
Tel.: (202) 540-7200

*Co-Lead Counsel for Individual Action Plaintiffs*

James E. Cecchi, N.J. State Bar No. 030861989*
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel.: 973-994-1700

*Lead Counsel for School District Class Action Plaintiffs*

James P. Frantz, Cal. State Bar No. 87492
jpf@frantzlawgroup.com
William B. Shinoff, Cal. State Bar No. 280020
wshinoff@frantzlawgroup.com
**FRANTZ LAW GROUP, APLC**
402 West Broadway, Suite 860
San Diego, CA 92101
Tel.: 619-233-5945

*Co-Lead Counsel for School District Direct Action Plaintiffs*

Dated: July 15, 2025

*<u>/s/ Monica Mleczko</u>*

Monica Mleczko, Mass. State Bar No. 696607*
monica.mleczko@ropesgray.com
**ROPES & GRAY LLP**
800 Boylston Street
Boston, MA 02199
Tel.: 617-235-4082

Christopher M. Young, Cal. State Bar No. 163319
christopher.young@dlapiper.com
**DLA PIPER LLP**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: 619-699-4748

Anne Johnson Palmer, Cal. State Bar No. 302235
anne.johnsonpalmer@ropesgray.com
**ROPES & GRAY LLP**
3 Embarcadero Center, Suite 300
San Francisco, CA 94111-4006
Tel.: 415-315-6337

*Counsel for Defendants*
* Admitted *pro hac vice*

**CERTIFICATION REGARDING ELECTRONIC SIGNATURES**

I hereby certify that the content of this document is acceptable to counsel and that I have obtained authorization to affix electronic signatures to this document as required Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedure Manual.

Dated: July 15, 2025

*/s/ Jennifer M. French*
*Plaintiffs' Liaison Counsel*
jennf@lcllp.com