# EXHIBIT B

**CONFIDENTIAL WORK PRODUCT**

**VIA E-MAIL**

TO: All Plaintiffs' Counsel & Plaintiffs' Time Keepers

FROM: Co-Lead Counsel

DATE: July 1, 2025

SUBJECT: PowerSchool MDL

---

It is important that all plaintiffs' counsel on this case follow the same consistent, standard, and accurate billing practices. Timekeeping has both a substantive and procedural component: We must only bill for time that is justifiably billed to the case (and that we would feel comfortable requesting payment from a fee-paying client), and we must document that time contemporaneously accurately, and completely so that the Court and/or our clients can understand the work that we have done. At the direction of Co-Lead Counsel, the following billing protocols are now in place and will be submitted to the Court for approval. Please forward this memorandum to all timekeepers at your firm who have or may work on this matter.

If any clarification is needed about any of the items addressed herein, please contact Mandy Boltax at mboltax@hausfeld.com.

Co-Lead Counsel will routinely audit all time and expense reports for compliance with this protocol.

## I. OVERALL POLICIES AND GUIDELINES

A. **All Time and Expenses Must Be Authorized**. Plaintiffs' counsel will only be entitled to fees or reimbursement of expenses for functions or expenses authorized in advance by Co-Lead Counsel. If you have any doubts about whether your time has been authorized, please reach out to Co-Lead Counsel for clarification. Time and expenses will only be submitted to the Court for work authorized in advance. ***Therefore, each billing entry must indicate who assigned you the function for each task that is billed.***

B. **Adherence to This Protocol Required**. Simply reporting the time does not mean a firm will be paid for that time or that such time will be included in any fee application. We will not be able to include in any fee petition any time that is not expended and timely reported in accordance with this protocol. Further, Co-Lead Counsel will evaluate the propriety of all reported time to ensure that the tasks were efficiently handled and are reasonable.

C. **Minimum Number of Attorneys**. As few attorneys as reasonably possible should be on any conference call, deposition, hearing, or meeting. At all times, care and attention shall be paid to avoid overbilling and overstaffing the case. It is not necessary for all lawyers appointed to leadership positions to attend hearings or status conferences with the Court. Going forward, our general policy is that Co-Lead and Liaison Counsel will attend hearings in person, consistent with the information provided by the Court. Of course, there may be a good reason to depart from this policy, such as when a lawyer is particularly knowledgeable about a matter to be taken up with the Court. Decisions to depart from the policy will be made by Co-Lead Counsel on a hearing-by-hearing basis.

D. **Weekly Calls.** As the litigation progresses, we intend to have weekly or bi-weekly PSC calls during which we will bring each other up to speed on the work we're each doing in this litigation and the progress of the litigation as a whole. For billing purposes, these calls should generally be limited to lawyers who have been appointed to a leadership position by the Court or, if that person is unavailable, a designee from the lawyer's firm, unless otherwise approved by Co-Lead Counsel.

E. **Avoid Over-Staffing and Over-Billing**. Everyone must be mindful of the kinds of activities that are done by certain billers. Assignments within a firm should be delegated commensurate with years of experience and with the goal of avoiding over-staffing and over-billing. As an example, a senior partner should not be performing and billing for dozens of hours of document review.

F. **Common Benefit Time Only.** Time and expenses incurred prior to the appointment of Co-Lead Counsel may be considered for compensation only to the extent they contributed to the advancement of the litigation as a whole. Any time billed prior to appointment shall include an explanation as to how the work performed was directed by the Court or otherwise benefitted the class.

G. **Casual Review of Filings and Emails**. Do not bill for casual review of filings, orders, transcripts, emails, or other documents not directly related to work assigned by Co-Lead Counsel. This will not be considered compensable time and should not be submitted. If you are reviewing for a reason (*i.e.*, to revise and edit, or to prepare for a hearing, conference call, or deposition), so state. Moreover, if you are not doing work relating to a specific area, you should not be billing to review those documents at all. For example, if you are not working on discovery issues, you do not need to bill to review motion to compel briefs and responses. Also, do not bill an inordinate amount of time to reviewing/responding to emails, and never bill for administrative emails.

H. **Administrative Tasks and Administrative Staff.** Do not bill time for communication with administrative staff (except for lengthy substantive conversations, such as training staff on document review protocols or other supervisory matters). Do not bill attorney time for administrative tasks that could

be handled by a secretary or paralegal, such as organizing files, copying and mailing. Do not bill for leaving a voicemail.

I. **Contract Attorneys**. We intend to be particularly mindful about the use of contract lawyers. No contract lawyers may be used to work on this case without Co-Lead Counsel's prior written approval. We may cap billing rates to the extent use of contract attorneys is approved.

J. **Allocation of Fees.** If we are fortunate enough to be awarded a fee in this litigation, the allocation of the fee among the participating firms will be made by Co-Lead Counsel after the fee has been awarded. In allocating any fee, Co-Lead Counsel will be guided by the concept that each firm will be rewarded for the value it has contributed to the results obtained for our clients. While each firm's lodestar will be a substantial factor in determining value, it will not be the only factor. Significant weight will be given to factors such as how efficiently and effectively a firm has handled its responsibilities, the nature of the work that was done, creativity, collegiality, equity, and any other considerations that Co-Lead Counsel deem relevant.

## II. GENERAL BILLING RULES

### A. Format

i. Time must be maintained accurately and contemporaneously. Failure to maintain such records contemporaneously, as well as an insufficient description of the activity, may result in disallowed time.

ii. All time must be billed in six-minute (tenth-of-an-hour) increments.

iii. At the end of any call or meeting, confirm the time to be billed. If it is a team conference call, or other call with a number of participants, the person chairing the meeting shall state the amount of time at the end of the call or send an email thereafter. Do this also for meetings with attorneys in your own firm.

1. **Important!** If you join a call late, or get off a call early, please state "(partial)" in your time records to avoid confusion about how long the call or meeting lasted.

iv. Your time entries will require fulsome, clear descriptions of each and every time entry you make, and separate tasks should have separate time indicated parenthetically within a given day's entry. Individuals identified in time entries must be described by at least their first initial and last name, not by initials. "J. Doe" is preferred; "John Doe" is acceptable; and "JD" is unacceptable.

v. The following activity code numbers and descriptions are to be used for all time entries for work performed in this matter:

1. Lead/ Liaison Calls/Duties
2. Plaintiff Steering Committee Calls/Meetings
3. Administrative
4. Court Appearance
5. Discovery
6 Document Review
7. Litigation Strategy & Analysis
8. Deposition: Preparing/Taking/Defending
9. Pleadings/Briefs/Pre-trial Motions/Legal Research
10. Experts/Consultants
11. Settlement
12. Trial Prep/Bellwether
13. Trial
14. Appeal
15. Miscellaneous (requires description)

vi. Avoid block billing where possible. Rather than listing a half-dozen events and assigning 1.5 to them collectively, separately designate time for each separate task. Only very closely related tasks should be billed together. For example, it is acceptable to have one time entry for "research and draft brief" or one entry for "review email from opposing counsel and respond to same" but it is not acceptable to have one time entry that includes time for both drafting a brief and exchanging email with opposing counsel. Circuit courts have affirmed district courts' decisions deducting time for block billing. If inappropriate block billing is employed, your report will likely be returned to you for revision and/or the entries may be disallowed.

vii. Always include subject matter. References to "phone call," "review documents," "legal research," "attend meeting," "review email," standing alone, are insufficient. This Protocol expressly requires ***specificity***, and this rule will be strictly enforced.

viii. Always list other participants on telephone calls or in meetings, either by title (*i.e.*, "opposing counsel," or, preferably, by name). If there are large team conference calls or meetings, we can designate one person to list all participants in the billing record, and others can then record "phone call with team." It may not be possible or desirable to list all recipients of emails, but try to ***specify*** the general group (*i.e.*, "exchange email with opposing counsel regarding ...," "exchange email with Interim Class Counsel regarding ...," or "exchange email with [attorney's name] regarding ....").

ix. Use ***descriptive and detailed summaries***. When describing the documents you are working on, instead of writing "review order" or "review stipulation," provide more details by specifying the subject or date of those documents (*e.g.*, stipulation to continue rule 16 conference). If you do an in-depth and long review of a document, list why (*e.g.*, in preparation for a deposition) or at least list further descriptive words (*e.g.*, review and analyze). Similarly, when describing your actions, avoid using phrases like "work on x" or "follow up on y," as these do not make clear what you actually did (instead use words like review, draft, analyze, annotate, research, etc.).

x. Check spelling and grammar and avoid abbreviations that may make sense to you alone, or to you and other plaintiffs' counsel, but not to the Court.

xi. You may not bill for time spent doing or revising time reports.

**B. Billing Rates**

i. Billing rates must be your customary billing rates for this type of case. However, review documents and coding must be capped at the lesser of the timekeeper's regular rate or $425.00 per hour. You must have some objectively verifiable proof of your customary billing rates.

## III. EXPENSES

A. All costs and expenses in this case will be advanced by Plaintiffs' Co-Lead Counsel and/or the PSC or other participating counsel as authorized by Co- Lead Counsel. Plaintiffs' Lead Counsel will seek reimbursement of all such costs and expenses following any judgment or settlement. Plaintiffs' Co-Lead Counsel will determine appropriate levels and timing of litigation fund contributions.

B. To be eligible for potential reimbursement, expenses must meet the requirements of this section. Expenses must be:

i. Expressly authorized by Plaintiffs' Co-Lead Counsel;

ii. Timely submitted;

iii. Reasonable in amount; and

iv. Supported by adequate documentation.

C. Potentially reimbursable expenses include:

i. Costs related to obtaining, reviewing, indexing, and paying for hard copies of computerized images of documents;

ii. Legal research (*e.g.*, LEXIS, Westlaw, or PACER charges);

iii. Deposition, court reporter, videographer, and transcript costs;

iv. Costs for the electronic storage, retrieval, processing, and searches of ESI;

v. Court, filing, and service costs;

vi. Group administration matters, such as meetings and conference calls;

vii. Reasonable travel expenses, including lodging and meals;

viii. Expert witness and consultant fees and related expenses;

ix. Investigator fees and related expenses;

x. Printing, copying, coding, and scanning;

xi. Postage and courier charges;

xii. Data and materials provided by outside third-party vendors, consultants, and attorneys;

xiii. Witness expenses, including travel;

xiv. Translation costs; and

xv. Bank or financial institution charges.

D. Only reasonable expenses will be eligible for potential reimbursement. Except in extraordinary circumstances approved by Plaintiffs' Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

i. **Airfare:** Only the price of a fully refundable coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach fare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.

ii. **Hotel:** Hotel room charges for the average available room rate of a business hotel, such as the Marriott, Hyatt, or Hilton hotels, in the city in which the stay occurred will be reimbursed. Unless a special discounted rate is negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

iii. **Meals:** Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

iv. **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides, etc.) will be reimbursed up to $50.00 per day, so long as the expenses are reasonable and properly itemized.

v. **Rental Automobiles:** Luxury automobile rentals will not be reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.

vi. **Mileage:** Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the claimant's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently $0.67 per mile).

vii. **Parking:** Parking will be limited to actual documented costs.

E. Other non-travel expenses will be limited as follows:

i. **Shipping, Courier, and Delivery Charges:** All such claimed expenses must be documented.

ii. **Postage Charges:** A contemporaneous postage log or other supporting documentation must be maintained. Postage charges are to be reported at actual cost.

iii. **In-House Photocopy:** A contemporaneous photocopy log or other supporting documentation must be maintained. The maximum copy charge per page is $0.15 for B/W and $0.50 for color.

**F. Verification of Expenses**

i. Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be supported by credit card statements, hotel invoice, or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis, but shall be maintained by the attorneys and may be required later as a condition of reimbursement.

## IV. SUBMISSION OF TIME AND VERIFICATION

A. Time and expense reports shall be submitted on a monthly basis to ______ ([email]) and ___________ ([email]).

B. Each monthly time and expense submission must include the Time and Expense Reports Excel workbook attached hereto. This means that each monthly submission email will consist of one PDF file and one Excel file, within which there will be three tabs: Monthly Expense Report; Monthly Time Report; and Monthly Time Report Summary. **Submissions must be made using the attached Time and Expense Reports. Time and expenses not submitted using these Reports will not be considered.**

C. Time and expense reports shall be submitted on a monthly basis and no later than the 20th day of the month following the end of the month being reported. For example, August reports are due no later than September 20th. If the 20th of a month falls on a weekend, the reports are due the following Monday.

D. Please note **Co-Lead Counsel may not consider, compile, or include time and expenses that are submitted significantly late**.

We look forward to working with all of you on this case.