# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
7/7/2025 3:56:25 PM
Clerk of the Superior Court
By N. Lopez ,Deputy Clerk

Anne Johnson Palmer (SBN 302235)
**ROPES & GRAY LLP**
Three Embarcadero Center
San Francisco, CA 94111
Tel: (415) 315-6300
Fax: (415) 315-6350
anne.johnsonpalmer@ropesgray.com

Monica Mleczko (*pro hac vice* application pending)
**ROPES & GRAY LLP**
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
monica.mleczko@ropesgray.com

Christopher M. Young (SBN 163319)
**DLA PIPER LLP (US)**
4365 Executive Drive Suite 1100
San Diego, CA 92121
Tel: (619) 699-4748
Fax: (616) 764-6748
christopher.young@us.dlapiper.com

*Attorneys for Defendants PowerSchool Group, LLC and PowerSchool Holdings, Inc.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN DIEGO**

JANE DOE ONE and JANE DOE TWO, on behalf of themselves and all others similarly situated and for the benefit of the general public,

Plaintiffs,

v.

POWERSCHOOL HOLDINGS INC., POWERSCHOOL GROUP, LLC, and DOES 1 through 25, inclusive,

Defendants.

Case No. 25CU002797C

*POWERSCHOOL DATA BREACH LITIGATION*

CONSOLIDATED FOR ALL PURPOSES WITH CASE NO. 25CU014423C

**DEFENDANTS POWERSCHOOL HOLDINGS INC.'S AND POWERSCHOOL GROUP, LLC'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[*Filed concurrently with Declaration of Anne Johnson Palmer*]

Date: March 6, 2026
Time: 10:30 am
Dept: SD-64
Judge: Hon. Loren G. Freestone

Consol. Compl. Filed: May 23, 2025
Trial Date: None Set

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 6, 2026 at 10:30 am, or as soon thereafter as the matter may be heard, in Department 64 of the above-captioned Court, located at Hall of Justice, Fourth Floor, 330 W Broadway, San Diego, CA 92101, Defendants PowerSchool Holdings, Inc., and PowerSchool Group, LLC (together, "PowerSchool") will, and hereby do, move for an order staying this action pending the resolution of *In re PowerSchool Holdings, Inc., and PowerSchool Group LLC Customer Data Security Breach Litigation*, MDL No. 3149, a consolidated federal multi-district litigation proceeding ("MDL") pending in the U.S. District Court for the Southern District of California that brings near-identical claims based on the same underlying facts as this action.

This motion is made on the grounds that there are already pending in the federal MDL putative class actions brought by over 60 plaintiffs related to the same underlying cybersecurity incident on behalf of the same putative class members as this case. Virtually all of the factual and legal issues between the claims being litigated in the federal MDL against PowerSchool and in this action overlap. To prevent conflicting rulings and conserve judicial and party resources, PowerSchool respectfully requests that the Court use its discretion to stay this litigation pending a resolution of the MDL.

This Motion to Stay Proceeding is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Anne Johnson Palmer, on the pleadings on file in this case, and on any evidence or oral argument that may be presented to the Court in connection with this Motion.

DATED: July 7, 2025

**ROPES & GRAY LLP**

By: */s/ Anne Johnson Palmer*
Anne Johnson Palmer

*Attorney for Defendants PowerSchool Group LLC and PowerSchool Holdings, Inc.*

## TABLE OF CONTENTS

Introduction and Summary of the Argument ........ 1

Factual and Procedural Background ........ 2

Argument ........ 4

I. A Stay Will Preserve Judicial Resources and Avoid Unseemly Conflict ........ 5

A. A Stay Will Avoid Unnecessary Duplicative Litigation ........ 5

B. A Stay Would Avoid Inconsistent Rulings between the Federal Actions and This Later-Filed State Action ........ 8

II. A Stay in Favor of the Federal MDL Would Most Efficiently Advance the Parties' and Courts' Interests ........ 9

Conclusion ........ 11

## TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Berg v. MTC Electronics Technologies*
(1998) 61 Cal.App.4th 349 .......... 5

*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.*
(1993) 15 Cal.App.4th 800 .......... *passim*

*Celotex Corp. v. American Ins. Co.*
(1987) 199 Cal.App.3d 678 .......... 11

*Clarks Fork Reclamamation Dist. No. 2069 v. Johns*
(1968) 259 Cal.App.2d 366 (1979) .......... 5, 9

*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison*
(1998) 18 Cal.4th 739 .......... 5

*Rahman v. Gate Gourmet, Inc.*
(N.D.Cal. Nov. 22, 2021, No. 3:20-cv-03407) 2021 WL 5973046 .......... 8

*Simmons v. Superior Court*
(1950) 96 Cal.App.2d 119 .......... 5, 7, 9

*St. Paul Fire and Marine Insurance Company v. AmerisourceBergen Corp.*
(2022) 80 Cal.App. 5th 1 (2022) .......... 4

*Thomson v. Continental Ins. Co.*
(1967) 66 Cal.2d 738 .......... 10

*Van Zant v. Apple Inc.*
(2014) 229 Cal.App.4th 965 .......... 6, 10

*Yahoo! Inc. Private Info. Disclosure Cases*
(Super. Ct. Orange County Oct. 22, 2018, JCCP 4895, Dkt. 330-22) .......... 10

*In re Zyprex Products Liability Litigation*
(J.P.M.L. 2004) 314 F.Supp.2d 1380 .......... 8

**Statutes**

Code Civ. Proc., § 1798.82 .......... 3

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendants PowerSchool Holdings, Inc., and PowerSchool Group LLC (together, "PowerSchool" or the "Company") provide cutting-edge educational products to schools and school districts, which use them to collect and maintain student and teacher data. On December 28, 2024, PowerSchool discovered that it had experienced a cybersecurity incident involving its Student Information System, or SIS (the "Cybersecurity Incident" or the "Incident"). PowerSchool notified its customers on a rapid timeline, within 10 days of learning of the Incident, and took a number of steps to support its customers, as well as individuals with data involved in the Incident. The information involved in the Incident varies significantly on a customer-by-customer, and ultimately an individual-by-individual, basis. The Company has made available two years of complimentary identity and credit monitoring to all involved individuals.

As has become common with cybersecurity incidents, shortly after PowerSchool publicly announced that it had been attacked by a criminal actor, putative class action lawsuits began to be filed around the country against the Company on behalf of parents and guardians, students, and teachers. The first of the two actions before this Court was filed on January 16, 2025. Dozens of suits were filed in federal courts even earlier, beginning on January 8, 2025. Those federal cases have been centralized in a federal MDL proceeding in the U.S. District Court for the Southern District of California before the Honorable Roger T. Benitez. PowerSchool seeks a stay of this action given the pendency of the MDL proceeding, which consists of over 60 putative class actions (the "Federal Actions") arising from the same facts and asserts the same sort of claims Plaintiffs are attempting to pursue in this case on behalf of the very same class members. The MDL proceeding also includes actions brought by customers—the schools and school districts—against PowerSchool.

A stay is necessary because parallel federal and state court proceedings necessarily present the risk of inconsistent judicial rulings on dispositive motions, discovery disputes, and procedural issues, in addition to requiring the parties to engage in duplicative briefing, argument, and discovery. California law strongly counsels in favor of granting a stay of a later-filed state court action in favor of the first-filed federal one under these circumstances. This is particularly true where there is little

prejudice to Plaintiffs, given that their claims are fully represented in the MDL and several of the Federal Actions seek to represent the very same class of California residents—all in a local federal court here in San Diego. Plaintiffs' parallel pursuit of this case will cost the parties and this Court time, energy, and resources that will be expended simultaneously in the MDL proceeding. In short, each of the factors that California courts consider in deciding whether to enter a stay strongly counsels in favor of that relief here, including: (1) the MDL will involve nearly identical legal and factual issues on behalf of an identical putative class against the same defendants; (2) parallel proceedings inevitably create the risk of conflicting rulings; (3) a stay will conserve the resources of the parties and this Court, furthering judicial economy; and (4) the MDL is pending in the Southern District of California, not another state or distant federal district.

PowerSchool respectfully requests that this Court stay proceedings in this action pending a final determination or dismissal of the Federal Actions in the MDL.

**FACTUAL AND PROCEDURAL BACKGROUND**

PowerSchool is a Sacramento-based leading provider of cloud-based software for K-12 education in the United States, providing educational technology products to schools and school districts. (See Second Amended Consolidated Complaint ("Complaint" or "Compl.") ¶ 1). On December 28, 2024, PowerSchool discovered that a third-party cybercriminal had attacked PowerSchool's Student Information System (the "Cybersecurity Incident" or the "Incident"). (Compl. ¶ 2). PowerSchool notified its school district customers promptly thereafter, on January 7, 2025, and the first complaint based on the incident was filed the next day. (*Buack-Shelton, et al. v. PowerSchool Holdings, Inc.* (E.D.Cal. filed Jan. 8, 2025, No. 3:25-cv-00940).

Since January 8, 2025, 62 putative class action lawsuits relating to the Cybersecurity Incident have been filed against PowerSchool in federal district courts nationwide. (See Declaration of Anne Johnson Palmer ("Palmer Declaration"), Ex. B). The Federal Actions allege that PowerSchool failed to maintain adequate data security protocols, leading to the Cybersecurity Incident, and that the Company improperly delayed notifying its customers. Several of the Federal Actions seek to represent California residents who allegedly were impacted by the Cybersecurity Incident. (See

*Spicuzza et al. v. PowerSchool et al.* (S.D.Cal. filed Feb. 7, 2025, No. 3:25-cv-01016), *Greci et al. v. PowerSchool* (S.D.Cal. filed Jan. 15, 2025, No. 3:25-cv-00975), *Flick et al. v. PowerSchool et al.* (S.D.Cal. filed Jan. 16, 2025, No. 3:25-cv-00969), *J.R. et al. v. PowerSchool et al.* (S.D.Cal. filed Apr. 18, 2025, No. 3:25-cv-00932), *Zarate et al. v. PowerSchool et al.* (S.D.Cal. filed Apr. 22, 2025, No. 3:25-cv-00985), *Ingram et al. v. PowerSchool et al.* (S.D.Cal. filed May 20, 2025, No. 3:25-cv-01284), *Garcia et al. v. PowerSchool et al.* (S.D.Cal. filed Feb. 20, 2025, No. 3:25-cv-01005), *Valdovinos et al. v. PowerSchool et al.* (S.D.Cal. filed Feb. 19, 2025, No. 3:25-cv-01013), and *Buack-Shelton et al. v. PowerSchool et al.* (S.D.Cal. filed Jan. 8, 2025, No. 3:25-cv-00940).

The first case before this Court, brought by Plaintiff Jane Doe, was filed on January 16, 2025. It was the 25th filed class action against PowerSchool. On March 18, 2025, a second action was filed before this Court, captioned *Doe v. PowerSchool Grp. LLC*, No. 25CU014423C. It was the 56th filed action. PowerSchool and Plaintiffs agreed to consolidate the two state actions, and the Court so ordered their stipulation on April 23, 2025. In their consolidated complaint, Plaintiffs seek to represent a putative class of "[a]ll individuals currently residing in and citizens of the State of California whose Personal Identifying Information and/or Personal Health Information—including that of minor children—was collected, maintained, or stored by POWERSCHOOL and was accessed, exfiltrated, or disclosed as a result of the cybersecurity incident described herein." (Compl. ¶ 89). Plaintiffs bring causes of action identical to those brought in the Federal Actions, specifically for invasion of privacy, negligence and negligence per se, breach of confidence, declaratory relief, breach of California Security Notification Law under Code Civ. Proc. § 1798.82, the California Consumer Privacy Act, the California Confidentiality of Medical Information Act, the Unfair Competition Law, and the California Customer Records Act.[1] (*Id.* ¶¶ 101-122, 123-139, 198-207, 215-229).

On April 7, 2025, the Federal Actions were consolidated into a multi-district litigation in the U.S. District Court for the Southern District of California before Judge Roger T. Benitez. In its order, the Judicial Panel on Multidistrict Litigation ("JPML") observed that the Federal Actions "involve virtually identical claims" and that "[d]iscovery in all actions will focus on how and when the breach

[1] The only cause of action alleged in this action but not alleged in the Federal Actions is Plaintiffs' claim for Breach of California Security Notification Law under Code Civ. Proc., § 1798.82.

occurred, the sufficiency of PowerSchool's data security practices, and how and when PowerSchool notified breach victims." (Palmer Declaration, Ex. A). The JPML also explicitly recognized that this state action is a "related" litigation.[2] (*Id.*). Subsequently filed cases have since been transferred to Judge Benitez. Over sixty Federal Actions are now pending in front of Judge Benitez in the Southern District of California. The MDL proceeding also includes a class action against PowerSchool brought on behalf of the Company's school district customers, as well as eleven individual direct actions filed by schools and school districts against PowerSchool. (Palmer Declaration, Ex. B).

Judge Benitez held an initial conference in the MDL on May 14, 2025, and emphasized on the record and in subsequent case management orders the court's expectation that the federal MDL will advance quickly and efficiently. (See Palmer Declaration, Ex. C at p. 23:17-18 ["THE COURT: [keep] in mind that it's my goal to try to resolve this case as quickly as we possibly can"], Exs. D-F). The federal court appointed lead and liaison counsel for the Federal Actions on June 17, 2025, as well as a plaintiffs' steering committee. (Palmer Declaration, Ex. I). Judge Benitez intends to enter a schedule providing for a consolidated complaint and for PowerSchool's motion to be dismissed within as soon as 30 days from that complaint's filing. (Palmer Declaration, Ex. J). A further case management conference is set for July 18, 2025.

## ARGUMENT

It is "black letter law" that "when a federal action has been filed covering the same subject matter as is involved in a California action," the California court may stay the action before it. (*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804 [19 Cal.Rptr.2d 138].). This Court possesses inherent authority to manage its docket and to stay a pending action "when such a stay will accommodate the ends of justice." (*St. Paul Fire and Marine Insurance Company. v. AmerisourceBergen Corp.* (2022) 80 Cal.App.5th 1, 6-7 [295 Cal.Rptr.3d 400] [quoting

[2] The JPML did not, as Plaintiffs may seek to suggest, transfer the Federal Actions to the Southern District of California because it viewed this action to be the lead case arising from the Cybersecurity Incident, with the Federal Actions in some secondary posture. Rather, the JPML concluded that the Southern District of California was an appropriate transferee district because one Federal Action was already pending there, and because centralization in San Diego "encourages the efficient coordination of the state and federal proceedings." (Palmer Declaration, Ex. A). PowerSchool respectfully submits that a stay, not coordination, is most appropriate here given the extent of the overlap between this case and the Federal Actions in the MDL.

(*People v. Bell* (1984) 159 Cal.App.3d 323, 329 [205 Cal.Rptr. 568].). In general, "the pendency of a prior action in a court of competent jurisdiction, predicated on the same cause of action . . . constitutes good ground for abatement of a later action within the same jurisdiction." (*Simmons v. Superior Court* (1950) 96 Cal.App.2d 119, 122-123 [214 P.2d 844].). A stay may be entered to avoid the overlapping litigation of common factual and legal questions, and to further judicial economy. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 758 [76 Cal.Rptr.2d 749, 958 P.2d 1062] ["The case management tools available to trial courts, including the inherent authority to stay an action when appropriate . . . can overcome problems of simultaneous litigation if they do occur"].).

California courts consider several factors in determining whether to stay an action where a substantially similar federal court action exists: (1) the importance of discouraging duplicative and vexatious litigation; (2) the need to avoid "unseemly conflicts with the courts of other jurisdictions"; (3) "whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced"; and (4) whether the "[f]ederal action is pending in California, not some other state." (*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co., supra*, 15 Cal.App.4th at p. 804). Here, each of these factors strongly supports a stay of this state court action pending resolution of the MDL.

## I. A STAY WILL PRESERVE JUDICIAL RESOURCES AND AVOID UNSEEMLY CONFLICT

### A. A Stay Will Avoid Unnecessary Duplicative Litigation

California courts have repeatedly stayed later-filed state actions in favor of first-filed federal actions involving substantially similar claims and parties. (See, e.g., *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co., supra*, 15 Cal.App.4th at p. 804; *Berg v. MTC Electronics Technologies* (1998) 61 Cal.App.4th 349, 363 [71 Cal.Rptr.2d 523]). The Court of Appeal has recognized that the "importance of discouraging multiple litigation is apparent," particularly where, as here, actions proliferate in multiple fora and involve comparable claims. (*Clark's Fork Reclamation Dist. No. 2069*

*v. Johns* (1968) 259 Cal.App.2d 366, 370 [66 Cal.Rptr. 370].).

There can be no dispute that Plaintiffs raise the very same factual issues that are present in the Federal Actions. Both cases arise from the same Cybersecurity Incident that PowerSchool discovered in December 2024. (Compl. ¶ 2; Palmer Declaration, Ex. G ¶ 16 [the exemplar "Fed. Compl."].). Both actions allege that the Incident resulted from the same deficient security practices, including the supposed absence of multi-factor authentication. (Compl. ¶ 117 ["Defendants failed to implement basic security measures, including multi-factor authentication"]; Fed. Compl. ¶ 37 ["Defendants did not use reasonable security procedures and practices appropriate to the nature of the sensitive information they were maintaining for Plaintiff"].). Both allege the same data is at issue, namely personally identifiable information and personal health information. (Compl. ¶ 9; Fed. Compl. ¶ 47). Both cases further allege that PowerSchool's January 2025 notices failed to meet its obligations to notify affected individuals of the Incident. (Compl. ¶ 43 ["POWERSCHOOL has failed and refused to provided [*sic*] notice to Plaintiffs and the Class"]; Fed. Compl. ¶¶ 31-33 [claiming the January 2025 notice "'amounts to no real disclosure at all"].). Plaintiffs here also claim the same purported injuries alleged in the Federal Actions—including the supposed increased risk of future harm involving their personal data, and resulting fear and anxiety. (Compl. ¶ 182 ["Plaintiffs and Class members continue to face ongoing risk . . . continued anxiety, the burden of ongoing monitoring, and the need to safeguard against threats that may persist indefinitely"]; Fed. Compl. ¶¶ 137-139 ["The Data Breach has caused Plaintiff to suffer fear, anxiety, and stress [and] Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach"].).

A stay is also necessary because this state action involves nearly identical claims and parties as the Federal Actions. Where—as here—a California plaintiff's complaint is "effectively identical" to the complaints in an MDL proceeding, courts have stayed the state court action pending resolution of the federal MDL. (*Van Zant v. Apple Inc.* (2014) 229 Cal.App.4th 965, 972 [177 Cal.Rptr.3d 805] [noting trial court's stay of "effectively identical" state action where legal issues were near-identical to federal MDL proceedings].). All but one of Plaintiffs' causes of action are also alleged in the

Federal Actions. Those claims include multiple tort causes of action—for negligence, breach of confidence, and invasion of privacy—as well as California statutory claims for breach of the Consumer Privacy Act, Unfair Competition Law, the Confidentiality of Medical Information Act, and Customer Records Act. (*Compare* Compl. ¶¶ 101-122, 123-139, 198-207, 215-229 *with* Palmer Declaration, Exs. L-N). Both sets of plaintiffs seek identical relief on these same claims, namely: (1) an order requiring PowerSchool to implement a litany of information security procedures and to revamp its security protocols; (2) actual damages, statutory damages, and restitution; and (3) attorneys' fees and costs. (Compl. ¶ 21; Fed. Compl. ¶ 18).

Importantly, this action is brought on behalf of the same putative class of California residents being advanced in the Federal Actions. Specifically, Plaintiffs here assert a class consisting of "[a]ll individuals currently residing in and citizens of the State of California whose Personal Identifying Information and/or Personal Health Information—including that of minor children—was collected, maintained, or stored by POWERSCHOOL and was accessed, exfiltrated, or disclosed as a result of the cybersecurity incident described herein." (Compl. ¶ 89). The Federal Actions are brought on behalf of classes defined in the very same manner. (See, e.g., Palmer Declaration, Ex. H ¶ 81 [alleging California subclass of "[a]ll persons residing in California whose PII and/or PHI was compromised as a result of the Data Breach"]; Ex. I ¶ 13 [same]; Ex. J ¶ 102 [same].). Moreover, this case and the Federal Actions involve the same PowerSchool entities. Given the overlapping factual allegations, legal claims, class definitions, and defendants, it is clear the putative class Plaintiffs seek to represent before this Court will have its interests fully represented in the Federal Actions.

These are precisely the sorts of circumstances that strongly warrant a stay. Recognizing that "[e]quity abhors a multiplicity of actions," a stay would promote efficiency and consistency, especially where parallel proceedings would lead to wasteful redundancies. (*Simmons v. Superior Court, supra*, 96 Cal.App.2d at p. 130). Critically, it would ensure that the benefits of a centralized MDL proceeding—which also includes a large number of cases filed by schools and school districts against PowerSchool—will be realized. A centralized MDL proceeding "offer[s] the benefit of placing all actions . . . before a single judge who can structure pretrial proceedings to consider all

parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions." (*In re Zyprex Products Liability Litigation* (J.P.M.L. 2004) 314 F.Supp.2d 1380, 1382). Parallel federal and state proceedings would substantially undermine these efforts.

Relatedly, a stay will discourage the filing of duplicative litigation. The first putative class action filed before this Court was subsequently followed by a second action filed on March 18, 2025. (See *Doe v. PowerSchool*, 25CU014423C [the "Second *Doe* Action"].). The large number of actions that have been filed related to the Cybersecurity Incident suggests that additional cases may be filed before this Court. Though the Second *Doe* Plaintiffs agreed to consolidate their action with the first-filed case in this Court, there is no assurance that any later-filing state court plaintiffs would agree to consolidate their cases or meaningfully coordinate with the Federal Actions. Similarly faced with the prospect that additional cases may continue to be filed against PowerSchool, the JPML recognized that informal coordination of the Federal Actions was impracticable, including because later plaintiffs might contest any motions to transfer venue of their actions. (See Palmer Declaration, Ex. A). A stay would discourage further duplicative litigation from being filed based on the same facts and involving the same parties.

### B. <u>A Stay Would Avoid Inconsistent Rulings between the Federal Actions and This Later-Filed State Action</u>

Importantly, this Court should also enter a stay to avoid "unseemly conflicts with the courts of other jurisdictions." (*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co., supra*, 15 Cal.App. 4th at p. 804). California courts have recognized that principles of comity counsel in favor of staying related, later-filed state court actions in favor of first-filed federal actions. (*Rahman v. Gate Gourmet, Inc.* (N.D.Cal. Nov. 22, 2021, No. 3:20-cv-03047) 2021 WL 5973046, at p. *3) ["California law . . . gives primacy to the first-filed case, even when that case is in federal court"] [citing (*Thomson v. Continental Ins. Co.*, (1967) 66 Cal.2d 738, 747 [427 P.2d 765].).

Here, 25 Federal Actions were filed before the first action filed in this Court (and 55 Federal Actions were filed before the second-filed state action). There is no question that there are

overlapping factual and legal issues that inherently create a prospect of this Court and the transferee judge in the MDL rendering conflicting rulings. In the MDL, Judge Benitez will consider, among other issues, whether Plaintiffs can sufficiently allege and demonstrate they suffered any injury or sustained any losses as a result of the Cybersecurity Incident and whether PowerSchool, as a software vendor, is subject to certain statutes under which Plaintiffs assert claims. Briefing on PowerSchool's motion to dismiss in the MDL is expected to be completed this fall and will address identical claims and identical underlying facts to the demurrer in this action. To the extent the claims in this action or the MDL proceeding progress beyond the pleading stage, both courts will be called upon to address numerous additional issues—ranging from any disputes over the timing and scope of discovery, to whether the plaintiffs can certify the putative class, and to any dispositive and pre-trial motions.

At each juncture of these cases, "unless both forums should reach the exact same resolution of the issues," the risk of inconsistent rulings is acute. (*Caiafa Prof. Law Corp. v. State Farm Fires & Cas. Co., supra*, 15 Cal.App.4th at p. 807). The Courts of Appeal have counseled that, under these circumstances, "[d]ecent respect for [the federal courts] demands that respondent court wait until the [federal] courts have spoken" and to avoid "[r]aces between parties likely to result in unseemly controversy between courts of different states." (*Simmons v. Superior Court, supra*, 96 Cal.App.2d at pp. 130-131; see also *Clark's Fork Reclamation Dist. No. 2069 v. Johns, supra*, 259 Cal.App.2d at p. 369 [prior filing of numerous actions in federal court "raise[s] questions of comity calling for the exercise of a circumspect discretion by the state court in which the later action is commenced"].). Given that the issues in this state court action are equally front and center in the MDL, a stay is necessary to avoid the inevitable prospect of conflicting rulings.

## II. A STAY IN FAVOR OF THE FEDERAL MDL WOULD MOST EFFICIENTLY ADVANCE THE PARTIES' AND COURTS' INTERESTS

A stay is appropriate where "the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of the witnesses, or the stage to which the proceedings in the other court have already advanced." (*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co., supra*, 15 Cal.App.4th at p. 804). Where the MDL is proceeding

in the Southern District of California, within this very same city, the California Supreme Court has recognized that "the Federal court is of equal convenience to the parties and witnesses as is the state court and its arbitrator," and Plaintiffs face little prejudice from having their claims heard in a California federal court. (*Caiafa*, 15 Cal.App. 4th at p. 807; see also, *Thomson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, 747 [59 Cal.Rptr. 101, 427 P.2d 765] [identifying whether a federal action is pending in California or another state as a critical factor supporting a stay of a state court action in favor of a federal action].). Plaintiffs are represented in the classes already alleged in the Federal Actions, which do not allege any subclasses of foreign or international plaintiffs or have other features that would cause the Federal Actions to move more slowly than this state court action. (*Yahoo! Inc. Private Info. Disclosure Cases* (Super. Ct. Orange County. Oct. 22, 2018, JCCP 4895, Dkt. 330-22). Further, this action and the Federal Actions are still at the earliest stages of litigation, such that no judicial efficiencies would be gained by proceeding here in state court. And to the extent that the Federal Actions fail to fully resolve any relevant issues in this state action, the stay can be lifted to address these issues after resolution of the Federal Actions. (See *Van Zant v. Apple Inc., supra*, 229 Cal.App.4th at p. 972).

On the other hand, allowing this state action to proceed in parallel with the MDL proceeding would unnecessarily burden the parties in both actions as well as this Court. To begin with, PowerSchool and the plaintiffs in the two actions would engage in duplicative motion practice, with a demurrer in this Court and a motion to dismiss in the federal MDL proceeding. Those motions are directed to the same eight causes of action alleged across the two cases and will involve the same briefing and argument.[3] To the extent that either case progresses beyond the pleadings stage, the parties would be required to duplicate efforts. This duplication exists at every turn—for example, in the context of serving written discovery, negotiating the scope of any document production and related orders addressing topics like electronic discovery, taking and defending depositions, briefing plaintiffs' motions for class certification, and reaching any additional stages of the case including

[3] Contemporaneously with filing this motion, PowerSchool has filed a demurrer in response to Plaintiffs' complaint, in the event that the Court denies a stay and reaches the pleadings. That demurrer itself illustrates the number of contested issues, even at the pleadings stage.

expert discovery, motions for summary judgment or summary adjudication, and ultimately trial. Throughout, PowerSchool faces a risk that its witnesses would be compelled to provide the same testimony in both federal and state court. (See *Celotex Corp. v. American Ins. Co.* (1987) 199 Cal.App.3d 678, 683 [245 Cal.Rptr. 429] [convenience of witnesses is a relevant factor].). Although Plaintiffs may argue that these challenges can be resolved through coordination, particularly with the size of the MDL proceeding, the multiple pending cases also brought by school districts, and the number of issues to be addressed as a result, it is inevitable that there will be additional, duplicative effort expended if both this case and the Federal Actions proceed in parallel.

In short, allowing the putative classes to simultaneously litigate their claims in this Court and in the federal MDL proceeding will necessarily create duplication of effort, while vindicating no rights that Plaintiffs cannot pursue in the MDL proceeding. Litigating the same factual and legal issues in two forums at the same time serves no purpose other than to multiply the litigation expense for PowerSchool and to tax the resources of both courts unnecessarily. Not only would a stay conserve the parties' resources, but it would also allow the Court to conserve judicial resources without prejudicing Plaintiffs and avoid the risk of issuing rulings inconsistent with the Federal Actions.

## CONCLUSION

For all of the foregoing reasons, the Court should grant PowerSchool's Motion to Stay the Proceedings pending resolution of the Federal Actions.

DATED: July 7, 2025

Respectfully submitted,

ROPES & GRAY LLP

By: */s/ Anne Johnson Palmer*

Anne Johnson Palmer (SBN 302235)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111
Tel: (415) 315-6300
Fax: (415) 315-6350
anne.johnsonpalmer@ropesgray.com

Monica Mleczko (*pro hac vice* application pending)
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
monica.mleczko@ropesgray.com

Christopher M. Young (SBN 163319)
**DLA PIPER LLP (US)**
4365 Executive Drive Suite 1100
San Diego, CA 92121
Tel: (619) 699-4748
Fax: (616) 764-6748
christopher.young@us.dlapiper.com

*Attorneys for Defendants PowerSchool Group, LLC and PowerSchool Holdings, Inc.*