# EXHIBIT B

**From:** Vail, Rosie
**Sent:** Thursday, September 18, 2025 1:33 PM
**To:** William Shinoff
**Cc:** Michelson, Rebecca; jcecchi@carellabyrne.com; Jordan Steele; Kristin Westphal; French Jenn; David S. Casey Jr.; Jason Alperstein; cvillegas@labaton.com; jpizzirusso@hausfeld.com; jfrantz@frantzlawgroup.com; PowerSchoolMDLDefendants; Smith, Dylan O; Schutte, Janus
**Subject:** RE: PowerSchool MDL Track 2 - MTD M&C Follow Up

Counsel,

Bain agrees to brief the six representative states referenced during our meet and confer yesterday—namely, New York, Pennsylvania, Illinois, Utah, Tennessee, and New Hampshire—in moving to dismiss Direct Plaintiffs' direct liability claims. Please include Bain in the draft stipulation reflecting these points. Like PowerSchool, we also understand the parties to have an obligation to meet and confer to discuss how the Court's motion to dismiss ruling applies to any other claims.

We also note that, separately, Bain is briefing California, New York, and Delaware law in moving to dismiss Direct Plaintiffs' theory of vicarious liability under the alter ego doctrine, which is consistent with our approach in Track 1. We believe that California, New York, and Delaware law are materially representative of alter ego law in all relevant jurisdictions.

Bain reserves its rights to respond to any arguments made under the law of jurisdictions not briefed to the extent that Direct Plaintiffs raise arguments under the laws of other jurisdictions in opposition to Bain's Motion to Dismiss.

Thank you,
Rosie

**Rosie Vail** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
535 Mission Street | 25th Floor | San Francisco, CA 94105
+1 628 432 5116 (Direct Phone) | +1 628 232 2478 (Direct Fax) | +1 650 678 8637 (Cell)
rvail@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

rvail@paulweiss.com
www.ropesgray.com

---

**From:** William Shinoff <WShinoff@frantzlawgroup.com>
**Sent:** Wednesday, September 17, 2025 11:14 AM
**To:** Smith, Dylan O <dosmith@paulweiss.com>
**Cc:** Rebecca Michelson <Rebecca.Michelson@ropesgray.com>; jcecchi@carellabyrne.com; Jordan Steele <JSteele@carellabyrne.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; French Jenn <JennF@lcllp.com>; David S. Casey Jr. <dcasey@cglaw.com>; Jason Alperstein <jalperstein@carellabyrne.com>; Carol C. Villegas <cvillegas@labaton.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; James Frantz <jfrantz@frantzlawgroup.com>; PowerSchoolMDLDefendants <PowerSchoolMDLDefendants@ropesgray.com>
**Subject:** Re: PowerSchool MDL Track 2 - MTD M&C Follow Up

Counsel:

Please consider the following a response to your meet and confer message sent on September 15 and a synopsis of our mutual understanding follow today's meeting.

As a preliminary matter, the Direct Action Plaintiffs clarify that the only claim that concerns Bain's conduct independent of PowerSchool's is tortious interference with contractual relations. We maintain that all other claims that list Bain as one of the defendants against whom the claim is brough are asserted under a theory of "direct liability," as Bain is directly liable for all of the acts of PowerSchool by virtue of Bain's alter ego status.

Turning to the three categories of claims you purport to identify, we submit the following:

1. "Claims relying on allegations that Bain collected, stored, accessed, or shared Plaintiffs' data." We are unaware of any authority that requires a controlling alter ego to have knowledge or intent to be held liable under the Illinois Biometric Information Privacy Act or the Computer Fraud and Abuse Act. Assuming that these claims have certain knowledge or intent requirements, PowerSchool's knowledge or intent is equitably the same as Bain's. Therefore, the Direct Action Plaintiffs do not agree to dismissing these claims.
2. "Claims relying on allegations that Plaintiffs entered into a contract or had a direct relationship with Bain." Similarly, as the controlling alter ego of PowerSchool, Bain is liable on the contracts PowerSchool entered into with the Direct Action Plaintiffs. We know of no authority that would insulate Bain against liability for fraudulent concealment. And the existence of a "direct relationship" is irrelevant to Bain's liability for the claims you mention. The Direct Action Plaintiffs accordingly do not agree to dismiss counts 5, 6, 11, 13, 15, 18, 20, 24, 26, 28, 30, 33, 35, 37, 40, 42, or 44.
3. "Claims where no standalone cause of action exists." With respect to unjust enrichment, multiple decisions across the Ninth Circuit have held that plaintiffs may label a cause of action as "unjust enrichment" even when it might be properly labeled "restitution" or is just a remedy under a breach of contract claim. The effect of the claim and the allegations that support it is the same regardless of title. The Direct Action Plaintiffs will not agree to dismiss this claim simply because it might be labeled differently depending on the applicable law in some states. In the same vein, the Direct Action Plaintiffs can stipulate to dismiss the negligence per se claims in several states where negligence per se does not itself provide an independent cause of action. However, we will not agree to dismiss the allegations that support the claim as these allegations form part of the universal evidentiary doctrine that is relevant to establishing the duty owed and the applicable standard of care. We urge Bain to consider the Court's preference for efficiency and avoid wasting time on mere technicalities when it comes to how these claims are labeled. Regarding New York Education Law § 2-d, New York courts hold that recovery may be available under a statute that does not explicitly provide for a private right of action if legislative intent to create such a right can be implied from the statutory provisions and legislative history. We submit that such intent is present here and that the New York Districts are entitled to seek relief against Bain under Education Law § 2-d.

We are amenable to narrowing the states to be briefed in the motion to dismiss. To ease the Court's burden and promote uniformity, we think it would make the most sense for Bain to limit its briefing to the same states as PowerSchool. Nevertheless, since Bain has opted to bring an omnibus motion to dismiss claims of both the Class Action and Direct Action subtracks of Track 2, we are fine with limiting the states to New York and California. California law does not apply to the Direct Action Plaintiffs since no California Districts have been made parties to this litigation and the Direct Actions do not include any California Districts. Any rulings on motions to dismiss common claims and statewide claims would apply only to the New York Districts, and Districts from other states would not be bound by the Court's ruling on claims not asserted by them or asserted under the applicable law.

Please let us know if you need clarification on any of the above. Thank you.

William B. Shinoff - Attorney

FRANTZ LAW GROUP, APLC
e-mail: wshinoff@frantzlawgroup.com
web: www.frantzlawgroup.com
Toll Free: 855-735-5945
Fax: 619-525-7672

WShinoff@frantzlawgroup.com
www.ropesgray.com

On Sep 15, 2025, at 3:30 PM, Smith, Dylan O <dosmith@paulweiss.com> wrote:

Counsel,

Consistent with Judge Benitez's comments during last Friday's hearing, we write to follow up from our earlier meet and confer on August 20 regarding defendants' Track 2 omnibus motions to dismiss, as well as PowerSchool's email below, with further points for discussion specific to the counts alleged against Bain.

As an initial matter, Bain requests that Track 2 Plaintiffs confirm which of their claims against Bain are brought on a theory of direct liability.

Additionally, like PowerSchool, Bain proposes narrowing the claims at issue. Bain requests that Plaintiffs voluntarily dismiss the claims brought against Bain listed below because those claims (1) fail to plead that Bain collected, stored, accessed, or shared Plaintiffs' data; (2) do not allege that Plaintiffs entered into a contract or had a direct relationship with Bain; or (3) are alleged where no standalone cause of action exists.

1. Claims relying on allegations that Bain collected, stored, accessed, or shared Plaintiffs' data. There are no allegations in the Track 2 complaints that Bain ever collected, accessed, or stored Plaintiffs' data, let alone that Bain engaged in any actions proscribed by the following statutes with the requisite knowledge or intent. We therefore propose a stipulation dismissing the following claims brought against Bain: **(1) Illinois Biometric Information Privacy Act (Direct Complaint Count 17); (2) Computer Fraud and Abuse Act (Class Complaint Count 4; Direct Complaint Count 4);** and **(3) California Comprehensive Data Access and Fraud Act (Class Complaint Count 5).**

2. Claims relying on allegations that Plaintiffs entered into a contract or had a direct relationship with Bain. Neither Track 2 complaint alleges that Bain entered into a contract with Plaintiffs, or that Bain had a relationship with Plaintiffs that conferred a duty to disclose information. We therefore propose a stipulation dismissing the following claims brought against Bain: **(1) Breach of Contract (Direct Complaint Counts 11, 13, 15, 18, 20, 24, 26, 28, 30, 33, 35, 37, 40, 42, and 44); (2) Express Indemnity (Direct Complaint Count 6);** and **(3) Fraudulent Concealment (Direct Complaint Count 5).**

3. Claims where no standalone cause of action exists. The Track 2 complaints bring counts that make claims where no standalone cause of action exists in the relevant jurisdiction. As noted by PowerSchool, this set of claims includes negligence per se and unjust enrichment claims **(Class**

**Complaint Count 7; Direct Complaint Counts 2 and 3)**. In addition, we note that this category of claims includes a claim brought under New York Education Law § 2-d **(Direct Complaint Count 23)**, which lacks a private right of action. Based on PowerSchool's September 15 email below, we understand that Plaintiffs have signaled they may dismiss the same or similar claims against PowerSchool. We request the same for Bain.

Like PowerSchool, Bain would like to file a stipulation of dismissal on these claims before the September 25 filing deadline for its omnibus motion to dismiss. We are open to discussing these and any additional claims that Track 2 Class Plaintiffs or Direct Plaintiffs intend to drop.

Finally, consistent with the Court's requests to streamline the parties' briefing, and PowerSchool's proposal to brief an illustrative subset of states' laws, Bain intends to primarily address New York and California law in its Track 2 omnibus motion to dismiss, because both the direct and class complaints name New York plaintiffs and the class complaint purports to brings claims under California law. As in Bain's Track 1 motion to dismiss, Bain will also address Delaware law where relevant for its vicarious liability arguments, as the complaints allege Delaware is the relevant state of incorporation.

Please let us know whether you are available to meet and confer tomorrow or Wednesday.

Thank you,
Dylan

**Dylan O. Smith** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 2597 (Direct Phone)
+1 808 227 6256 (Cell)
dosmith@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him*

---

**From:** Michelson, Rebecca <Rebecca.Michelson@ropesgray.com>
**Sent:** Monday, September 15, 2025 4:15 PM
**To:** William Shinoff <WShinoff@frantzlawgroup.com>
**Cc:** jcecchi@carellabyrne.com; Jordan Steele <JSteele@carellabyrne.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; French Jenn <JennF@lcllp.com>; David S. Casey Jr. <dcasey@cglaw.com>; Jason Alperstein <jalperstein@carellabyrne.com>; Carol C. Villegas <cvillegas@labaton.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; James Frantz <jfrantz@frantzlawgroup.com>; PowerSchoolMDLDefendants <PowerSchoolMDLDefendants@ropesgray.com>
**Subject:** RE: PowerSchool MDL Track 2 - MTD M&C Follow Up

William,
Thanks very much for the call on Friday. As discussed, we're sending over PowerSchool's proposal for briefing the Direct Plaintiffs' common law claims for PowerSchool's motion to dismiss.

For most common law claims, where the motion will argue defenses are more black-letter principles across most states (e.g., a breach of contract claim requires damages resulting from the breach; duty is a requisite element of a negligence claim), PowerSchool proposes that the parties brief laws of an illustrative subset of states. PowerSchool had earlier proposed certain jurisdictions (New York, Illinois and Pennsylvania) and will also brief New Jersey law and address California law given the class action

plaintiffs' claims. You suggested that the Direct Plaintiffs would be open to such an approach, but may look to propose three additional states of their own, potentially including Tennessee and Utah. We look forward to hearing from you on whether we can reach agreement on a subset of states. To be clear, we propose that PowerSchool and the Direct Plaintiffs brief those states' laws for purposes of the following claims:

1. Breach of contract
2. Negligence as to the duty element
3. Negligence per se
4. Unjust enrichment
5. Fraudulent concealment

The parties will reserve the right to argue the economic loss doctrine on a state-by-state basis, and also reserve all rights with respect to the selection of bellwether plaintiffs.

You also noted that Direct Plaintiffs will be following up to let PowerSchool know which claims the Direct Plaintiffs intend to stipulate to drop, potentially including consumer protection statutory claims, as well as negligence per se and unjust enrichment as to jurisdictions where no standalone cause of action exists. As we noted, PowerSchool would like to file a stipulation of dismissal on these claims before its filing deadline on September 25, to demonstrate the parties' meet-and-confer efforts to the Court.

Please let us know if this proposal reflects your understanding of this afternoon's discussion, and let us know as soon as possible which additional states' law the Direct Plaintiffs propose for briefing.

Thanks,
Becca

**Rebecca A. Michelson**
**ROPES & GRAY LLP**
T +1 202 508 4622 | M +1 617 816 9745
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Rebecca.Michelson@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**Rebecca A. Michelson**
**ROPES & GRAY LLP**
T +1 202 508 4622 | M +1 617 816 9745
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Rebecca.Michelson@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

---

**From:** William Shinoff <WShinoff@frantzlawgroup.com>
**Sent:** Thursday, September 11, 2025 3:22 PM
**To:** Michelson, Rebecca <Rebecca.Michelson@ropesgray.com>
**Cc:** James Cecchi <jcecchi@carellabyrne.com>; Jordan Steele <JSteele@carellabyrne.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; French Jenn <JennF@lcllp.com>; David S. Casey Jr. <dcasey@cglaw.com>; Jason Alperstein <jalperstein@carellabyrne.com>; Carol C. Villegas

<cvillegas@labaton.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; James Frantz <jfrantz@frantzlawgroup.com>; PowerSchoolMDLDefendants <PowerSchoolMDLDefendants@ropesgray.com>
**Subject:** Re: PowerSchool MDL Track 2 - MTD M&C Follow Up

I am available after 3:30pm pacific.

William B. Shinoff - Attorney

FRANTZ LAW GROUP, APLC
e-mail: wshinoff@frantzlawgroup.com
web: www.frantzlawgroup.com
Toll Free: 855-735-5945
Fax: 619-525-7672

On Sep 11, 2025, at 2:19 PM, Michelson, Rebecca <Rebecca.Michelson@ropesgray.com> wrote:

Hi William,
Do you have availability tomorrow afternoon for a call to discuss? We have availability at 3:30-4pm ET, or after 4:30pm ET.

Thanks,
Becca

**Rebecca A. Michelson**
**ROPES & GRAY LLP**
T +1 202 508 4622 | M +1 617 816 9745
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Rebecca.Michelson@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** William Shinoff <WShinoff@frantzlawgroup.com>
**Sent:** Thursday, September 11, 2025 1:46 PM
**To:** Michelson, Rebecca <Rebecca.Michelson@ropesgray.com>
**Cc:** James Cecchi <jcecchi@carellabyrne.com>; Jordan Steele <JSteele@carellabyrne.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; French Jenn <JennF@lcllp.com>; David S. Casey Jr. <dcasey@cglaw.com>; Jason Alperstein <jalperstein@carellabyrne.com>; Carol C. Villegas <cvillegas@labaton.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; James Frantz <jfrantz@frantzlawgroup.com>; PowerSchoolMDLDefendants <PowerSchoolMDLDefendants@ropesgray.com>
**Subject:** RE: PowerSchool MDL Track 2 - MTD M&C Follow Up

Dear Ms. Michelson,

We believe that the most efficient path forward would be to have all fifteen states that are within the master complaint to be briefed in your initial motion to dismiss. If there was an intention to limit the states being briefed this should have been discussed at the outset during our meet and confer call. The number of states and claims was taken into consideration when determining the page limits on the motion practice. Additionally, limiting the number of states to be briefed is not the most efficient path forward. This is due to the fact that unless it is a federal claim, each states claim has unique aspects and exceptions that need to be discussed.

By taking this path, we avoid the need to continue briefing for states where school districts that have filed claims who potentially could be selected as bellwether plaintiffs.

We are continuing to go over your previous email, regarding whether we will be dismissing certain claims and we intend to get back to you on that shortly.

Further, once we have an approved amended master complaint we will be filing the short form complaints for the school districts from the states in the master complaint.

All the best,

William B. Shinoff - Attorney

FRANTZ LAW GROUP, APLC
e-mail: wshinoff@frantzlawgroup.com
web: www.frantzlawgroup.com
Toll Free: 855-735-5945
Fax: 619-525-7672

---

**From:** Michelson, Rebecca <Rebecca.Michelson@ropesgray.com>
**Sent:** Thursday, September 11, 2025 9:53 AM
**To:** William Shinoff <WShinoff@frantzlawgroup.com>
**Cc:** James Cecchi <jcecchi@carellabyrne.com>; Jordan Steele <JSteele@carellabyrne.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; French Jenn <JennF@lcllp.com>; David S. Casey Jr. <dcasey@cglaw.com>; Jason Alperstein <jalperstein@carellabyrne.com>; Carol C. Villegas <cvillegas@labaton.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; James Frantz <jfrantz@frantzlawgroup.com>; PowerSchoolMDLDefendants <PowerSchoolMDLDefendants@ropesgray.com>
**Subject:** RE: PowerSchool MDL Track 2 - MTD M&C Follow Up

Counsel,
Where the Court's rulings on PowerSchool's motion to dismiss involve identical or near-identical legal issues to later-filed claims in new states, we expect that the parties will meet and confer regarding the applicability of the Court's rulings for any additional states added to the MDL. PowerSchool believes this approach will avoid burdening the

Court with briefing on fifty states, and also avoid repetitive and unnecessary briefing multiple times on near-identical legal issues.

Thanks,
Becca

**Rebecca A. Michelson**
**ROPES & GRAY LLP**
T +1 202 508 4622 | M +1 617 816 9745
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Rebecca.Michelson@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** William Shinoff <WShinoff@frantzlawgroup.com>
**Sent:** Wednesday, September 10, 2025 4:23 PM
**To:** Michelson, Rebecca <Rebecca.Michelson@ropesgray.com>
**Cc:** James Cecchi <jcecchi@carellabyrne.com>; Jordan Steele <JSteele@carellabyrne.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; French Jenn <JennF@lcllp.com>; David S. Casey Jr. <dcasey@cglaw.com>; Jason Alperstein <jalperstein@carellabyrne.com>; Carol C. Villegas <cvillegas@labaton.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; James Frantz <jfrantz@frantzlawgroup.com>; PowerSchoolMDLDefendants <PowerSchoolMDLDefendants@ropesgray.com>
**Subject:** Re: PowerSchool MDL Track 2 - MTD M&C Follow Up

Ms. Michelson,

Just so we can fully understand your proposal. Are you stating that the rulings from the court on the motion to dismiss for these states will then apply to school districts from other states?

William B. Shinoff - Attorney

FRANTZ LAW GROUP, APLC
e-mail: wshinoff@frantzlawgroup.com
web: www.frantzlawgroup.com
Toll Free: 855-735-5945
Fax: 619-525-7672

> On Sep 10, 2025, at 2:23 PM, Michelson, Rebecca <Rebecca.Michelson@ropesgray.com> wrote:
>
> Counsel,
> As we previously indicated to the Court, PowerSchool intends to file an omnibus brief that will move to dismiss both Class Action and Direct

Action Plaintiffs' complaints. Accordingly, PowerSchool will brief New Jersey in connection with the Class Action Plaintiffs' claims, notwithstanding the absence of a Direct Action Plaintiff from New Jersey.

With respect to your two options, we note that because there are presently Direct Action Plaintiffs from just fifteen states, PowerSchool does not intend to brief fifty states' common law nor, in the absence of Direct Action Plaintiffs from all fifty states, does PowerSchool see what grounds exist to do so. We expect that the Court's ruling on PowerSchool's motion to dismiss will guide the parties' discussions with respect to any new Direct Action Plaintiffs who may file claims in additional states.

Further, as you may be aware, the Track One Plaintiffs included plaintiffs from approximately forty states, and the parties agreed to brief four representative states' common law, in order to create efficiencies for both the Court and the parties. Given the fifteen states at play in the Direct Actions, we believe briefing three representative states (NY, Illinois, and PA) is proportionate to the Track One approach and would create similar efficiencies for the Court and the parties.

Please let us know if Direct Plaintiffs will consider taking a representative approach to the parties' briefing. PowerSchool agrees that any representative approach taken on the motion to dismiss would not limit the potential bellwether trial pool.

Thanks,
Becca

**Rebecca A. Michelson**
**ROPES & GRAY LLP**
T +1 202 508 4622 | M +1 617 816 9745
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Rebecca.Michelson@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** William Shinoff <WShinoff@frantzlawgroup.com>
**Sent:** Tuesday, September 09, 2025 1:46 PM
**To:** Michelson, Rebecca <Rebecca.Michelson@ropesgray.com>; James Cecchi <JCecchi@carellabyrne.com>; Jordan Steele <JSteele@carellabyrne.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; 'French Jenn' <JennF@lcllp.com>; David S. Casey, Jr. <dcasey@cglaw.com>; James Cecchi <JCecchi@carellabyrne.com>; Jason Alperstein <JAlperstein@carellabyrne.com>; French Jenn <JennF@lcllp.com>; David S. Casey Jr. <dcasey@cglaw.com>; Carol C. Villegas

<cvillegas@labaton.com>; James Pizzirusso
<jpizzirusso@hausfeld.com>; James Frantz
<jfrantz@frantzlawgroup.com>
**Cc:** PowerSchoolMDLDefendants
<PowerSchoolMDLDefendants@ropesgray.com>
**Subject:** RE: PowerSchool MDL Track 2 - MTD M&C Follow Up

Dear Ms. Michelson,

Please allow this communication to serve as a response by the School District direct actions to your meet and confer on the motion to dismiss. The School District direct action Plaintiffs do not intend to dismiss any of the Negligence, Negligence Per Se, New York Education Law, Illinois BIPA, or Express Indemnity claims at this time. However, we will get back to you regarding the Consumer Protection claims.

Regarding your request for limiting the briefing to representative states to New Jersey, New York, Illinois, and Pennsylvania, the School District direct actions cannot agree to this approach. First, the basis of our meet and confer regarding page limitations on the motion to dismiss was due to the number of claims pleaded in the master complaint. If it was Defendants' intention to limit the number of states being briefed, then this should have been stated at the beginning as this would have guided our discussion on page limits. Second, you requested that our office notify Defendants and the Court on the identity of Plaintiffs to whom the motion to dismiss would apply. This has now been provided to Defendants and the Court, and the master complaint includes Plaintiffs from fifteen (15) states. Lastly, you discuss in your meet and confer that New Jersey would be one of the states being briefed in the motion to dismiss. However, in the master complaint filed by the School District direct actions, there are currently no claims being brought by a New Jersey school district. As such, this would limit the briefing on the motion to dismiss for our claims to just three states. Therefore, we cannot agree to the approach you have suggested.

However, we would suggest the following two options to the motion to dismiss. The first option would be to bring a motion to dismiss claims asserted by Plaintiffs that we provided notice on. The second option would be to limit the briefing to the following states: Arizona, Idaho, Illinois, New York, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, and Vermont. Regarding the second option if that is chosen, we do not agree to limit the potential bellwether trial pool to school districts from these states. We believe either option is fair and reasonable as we are limiting the potential briefing to either fifteen or ten states, instead of potentially fifty states.

All the best,

William B. Shinoff - Attorney

FRANTZ LAW GROUP, APLC
e-mail: wshinoff@frantzlawgroup.com
web: www.frantzlawgroup.com
Toll Free: 855-735-5945
Fax: 619-525-7672

---

**From:** Michelson, Rebecca <Rebecca.Michelson@ropesgray.com>
**Sent:** Tuesday, September 9, 2025 9:21 AM
**To:** William Shinoff <WShinoff@frantzlawgroup.com>; James Cecchi <JCecchi@carellabyrne.com>; Jordan Steele <JSteele@carellabyrne.com>; Kristin Westphal <kwestphal@frantzlawgroup.com>; 'French Jenn' <JennF@lcllp.com>; David S. Casey, Jr. <dcasey@cglaw.com>; James Cecchi <JCecchi@carellabyrne.com>; Jason Alperstein <JAlperstein@carellabyrne.com>; French Jenn <JennF@lcllp.com>; David S. Casey Jr. <dcasey@cglaw.com>; William Shinoff <WShinoff@frantzlawgroup.com>; Carol C. Villegas <cvillegas@labaton.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; James Frantz <jfrantz@frantzlawgroup.com>
**Cc:** PowerSchoolMDLDefendants <PowerSchoolMDLDefendants@ropesgray.com>
**Subject:** PowerSchool MDL Track 2 - MTD M&C Follow Up

Counsel,
As you know, the Track One parties agreed upon four representative states in order to streamline briefing on the common law claims in PowerSchool's motion to dismiss. Given the large number of Direct Action Plaintiffs, we propose a similar representative approach with respect to briefing on Direct Action Plaintiffs' common law claims. Because PowerSchool will brief New York law in connection with the Class Action Plaintiffs' claims, we propose New York as one of the representative states (we will also brief New Jersey law given the location of the named plaintiffs). We further propose the laws of Illinois and Pennsylvania for the remaining states. Please let us know whether Direct Action Plaintiffs are amenable to this approach.

Separately, we ask that you provide your response as to whether Track Two Plaintiffs intend to dismiss any of their claims based on the parties' meet and confer, and PowerSchool's subsequent correspondence. As a reminder, we raised the following:

1. **Negligence:** <u>The economic loss doctrine prohibits the Track Two Plaintiffs' negligence claims under the laws of the following states</u>: (1) California, (2) New Jersey, (3) Illinois, (4) Idaho, (5)

Utah, (6) Arizona, (7) New Hampshire, (8) Pennsylvania, (9) Virginia, (10) Vermont, and (11) Washington.

2. **Negligence Per Se:**
    1. There is not an independent cause of action under the laws of the following states: (1) California, (2) Illinois, (3) New Hampshire, (4) New Jersey, (5) Pennsylvania, (6) Rhode Island, (7) Tennessee, (8) Utah, (9) Vermont, (10) Virginia, and (11) Washington.
    2. There is no right of action where the underlying statute does not provide for a private right of action under the laws of the following states: (1) Arizona, (2) New York, (3) Pennsylvania, (4) South Carolina, (5) Virginia, and (6) Wisconsin.

Additionally, in our further review of the Direct Action Plaintiffs' claims, we identified the following additional items:

3. **Consumer Protection Statutes:** Certain statutes require that the plaintiff be a consumer, defined as a person who purchases a product for personal, family, or household use. School districts are not consumers under the following statutes:
    1. (1) Vermont Consumer Fraud Act, (2) Virginia Consumer Protection Act, (3) Pennsylvania Unfair Trade Practices and Consumer Protection Law, (4) Rhode Island Consumer Protection Statute, and (5) New York Gen. Bus. Law § 349.
    2. **Oklahoma Consumer Protection Statute:** Claims based on violations of HIPAA, the FTC Act, and other federal statutes are exempted from Oklahoma's consumer protection statute.
4. **New York Education Law:** There is no private right of action under the New York Education law.
5. **Illinois BIPA:** Plaintiffs have not alleged that PowerSchool is "in possession of" any biometric data within the meaning of the statute with respect to any PowerSchool product, that any biometric data was collected or stored in the SIS, or that any biometric data was involved in the cybersecurity incident at issue in the MDL.
6. **Express Indemnity:** Plaintiffs have not identified any actual third-party claims that would make the indemnity claims ripe for adjudication.

We look forward to hearing back from you by **Friday, September 12 EOD**.
Thanks,
Becca

**Rebecca A. Michelson**
**ROPES & GRAY LLP**
T +1 202 508 4622 | M +1 617 816 9745
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Rebecca.Michelson@ropesgray.com
www.ropesgray.com
pronouns: she/her/hers

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.