BROWN RUDNICK LLP
SAMANTHA J. FLATTERY, No. 342420
sflattery@brownrudnick.com
RENEE M. MOULTON, No. 353065
rmoulton@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, CA 90067
T: 1.424.525.0200
F: 1.424.525.0201

BROWN RUDNICK LLP
DYLAN P. KLETTER, NY Bar No. 5924659 (admitted *pro hac vice*)
dkletter@brownrudnick.com
JONATHAN D. WHITE, NY Bar No. 5393780 (admitted *pro hac vice*)
jwhite@brownrudnick.com
7 Times Square
New York, NY 10036
T: 1.212.209.4800
F: 1.212.209.4801

Attorneys for Defendant,
MOVATE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION | CASE NO. 3:25-md-3149-BEN-MSB |
| | MDL No. 3149 |
| This Document Relates To: All Track One Actions | Hon. Roger T. Benitez |
| | **DEFENDANT MOVATE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED INDIVIDUAL USERS PUTATIVE CLASS ACTION COMPLAINT (TRACK 1)** |
| | Courtroom:  5A<br>Date:  TBD<br>Time:  TBD |
| | **ORAL ARGUMENT REQUESTED** |

CASE NO. 3:25-md-3149-BEN-MSB

NOTICE OF MOTION AND MOTION TO DISMISS

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a date and time to be determined by the Court, Defendant Movate, Inc. ("Movate") hereby moves the Court, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6), for an order dismissing Movate as a defendant in the Consolidated Individual Users Putative Class Action Complaint (Dkt. 259) (the "Complaint") in the above-captioned matter, with prejudice. First, certain Plaintiffs, as identified in the enclosed Memorandum of Points and Authorities, do not have Article III standing. Second, the claims brought by the 51 new purported plaintiff groups that were not included in the Transfer Order should be dismissed for lack of subject matter jurisdiction. Third, the Complaint should be dismissed for lack of personal jurisdiction over Movate. Finally, the Complaint should be dismissed because the Plaintiffs fail to state claims against Movate in Counts I-III, VI, and IX for the reasons described in the enclosed Memorandum of Points and Authorities.

This Motion is based on this notice, the accompanying Memorandum, the accompanying Declaration of Jonathan D. White, all pleadings and papers already on file with the Court in this matter, and upon any other matter which may be brought to the attention of the Court at or before the hearing. This Motion is also based on PowerSchool Holdings, Inc. and PowerSchool Group, LLC's ("PowerSchool") and Bain Capital L.P.'s ("Bain") Notices of Motion and accompanying Memorandums of Points and Authorities, respectively, which Movate joins where noted herein.

DATED: October 10, 2025          BROWN RUDNICK LLP

By: _____
DYLAN P. KLETTER
JONATHAN D. WHITE
SAMANTHA J. FLATTERY
RENEE M. MOULTON
Attorneys for Defendant,
MOVATE, INC.

1                          CASE NO. 3:25-md-3149-BEN-MSB

NOTICE OF MOTION AND MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.    INTRODUCTION.................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND......................................... 2

III.  LEGAL STANDARD ............................................................................. 4

IV.   ARGUMENT ...................................................................................... 5

    A.    Most Plaintiffs Lack Article III Standing ...................................... 6

    B.    The Court Lacks Subject Matter Jurisdiction Over the Claims Brought By 51 Newly Added Plaintiff Groups .................................... 7

    C.    The Court Lacks Personal Jurisdiction Over Movate......................... 8

        (1)    *Plaintiffs Allege Only Conclusory Assertions of Jurisdiction* .... 9

        (2)    *Plaintiffs Fail to Establish General Jurisdiction Because Movate Is Not "At Home" in California* .................................... 9

        (3)    *Plaintiffs Fail to Establish Specific Jurisdiction* ...................... 10

        (4)    *Exercising Jurisdiction Over Movate Would Be Unreasonable* ................................................................. 11

    D.    Choice of Law ........................................................................ 13

    E.    The Complaint Fails to Properly Allege Negligence Against Movate [Count I]..................................................................... 13

    F.    This Court Must Dismiss Plaintiffs' Negligence *Per Se* Cause of Action [Count II]................................................................... 19

    G.    Plaintiffs Fail to Adequately Plead Negligent Hiring and Supervision [Count IX]............................................................. 21

    H.    This Court Must Dismiss Plaintiffs' Unjust Enrichment Claim [Count III] .......................................................................... 23

    I.    Plaintiffs' Declaratory Judgment Claim is Improper [Count VI]....... 24

V.    CONCLUSION .................................................................................. 25

NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Accellion, Inc. Data Breach Litig.*,
  713 F. Supp. 3d 623 (N.D. Cal. 2024).................................................................20

*Adkins v. Facebook, Inc.*,
  424 F. Supp. 3d 686 (N.D. Cal. 2019).................................................................18

*Ahmad v. Wells Fargo Bank, NA*,
  861 F. Supp. 2d 818 (E.D. Mich. 2012)..............................................................21

*In re Air Crash Disaster Near Chi., Ill.*,
  644 F.2d 594 (7th Cir. 1981).............................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................5, 16

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017)...........................................................................10

*Azzarello v. Navagility, Inc.*,
  2008 WL 4614667 (N.D. Cal. Oct. 16, 2008)......................................................11

*Bacon v. Pape Truck Leasing, Inc.*,
  2020 WL 799747 (E.D. Cal. Feb. 18, 2020) .......................................................19

*Baton v. Ledger SAS*,
  740 F. Supp. 3d 847 (N.D. Cal. 2024).................................................................20

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................5, 16, 23

*Benson v. Perris Elementary Sch. Dist.*,
  2022 WL 3574290 (C.D. Cal. July 1, 2022) .......................................................21

*BNSR Ry. Co. v. Tyrrell*,
  581 U.S. 402 (2017) .......................................................................................10

*Borrego Cmty. Health Foundation v. Hebets*,
  2024 WL 1269476 (S.D. Cal. Mar. 25, 2024) (Benitez, J.) ..................................5

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008)............................................................................12

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004)...........................................................................5, 8

*Brown v. USA Taekwondo*,
   11 Cal. 5th 204 (2021)......................................................................................14

*Buck v. Am. Airlines, Inc.*,
   476 F.3d 29 (1st Cir. 2007) ...............................................................................24

*C.f. Dance v. Town of Southampton*,
   95 A.D.2d 442 (N.Y. App. Div. 1983).................................................................20

*Cimino v. Milford Keg, Inc.*,
   385 Mass. 323 (1982) .........................................................................................20

*Cohen v. Ne. Radiology, P.C.*,
   2021 WL 293123 (S.D.N.Y. Jan. 28, 2021).........................................................21

*Core-Vent Corp. v. Nobel Indus. AB*,
   11 F.3d 1482 (9th Cir. 1993) ..............................................................................12

*Corona v. Sony Pictures Ent., Inc.*,
   2015 WL 3916744 (C.D. Cal. June 15, 2015).......................................................18

*Cosme v. Whitin Mach. Works, Inc.*,
   417 Mass. 643 (1994) .........................................................................................13

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .................................................................................9, 10, 11

*In re Delta Dental Antitrust Litig.*,
   509 F. Supp. 3d 1377 (J.P.M.L. 2020) ..................................................................9

*Diaz v. Tesla, Inc.*,
   598 F. Supp. 3d 809 (N.D. Cal. 2022)............................................................21, 22

*Doe v. Henry Ford Health Sys.*,
   308 Mich. App. 592 (2014) .................................................................................18

*Doe v. Meta Platforms, Inc.*,
   690 F. Supp. 3d 1064 (N.D. Cal. 2023)................................................................21

NOTICE OF MOTION AND MOTION TO DISMISS

*In re Equifax, Inc., Customer Data Security Breach Litig.*,
371 F. Supp. 3d 1150 (N.D. Ga. 2019) ................................................................. 7

*Fluence Energy, LLC v. M/V BBC Finland*,
726 F. Supp. 3d 1086 (2024) ................................................................................ 6

*Gabe's Const. Co., Inc. v. United Capitol Ins. Co.*,
539 N.W.2d 144 (Iowa 1995) ............................................................................ 13

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .............................................................................. 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ............................................................................................. 9

*In re Google Assistant Privacy Litig.*,
546 F. Supp. 3d 945 (N.D. Cal. 2021) ............................................................... 24

*In re Google Assistant Privacy Litig.*,
546 F. Supp. 3d at 975 ........................................................................................ 24

*Gray v. Schenectady City Sch. Dist.*,
86 A.D.3d 771 (N.Y. App. Div. 2011) ............................................................... 22

*Greater San Diego Cnty. Ass'n of Realtors, Inc. v. Sandicor Inc.*,
2016 WL 4597536 (S.D. Cal. May 25, 2016) .................................................. 6, 8

*Hammond v. Bank of N.Y. Melton Corp.*,
2010 WL 2643307 (S.D.N.Y. June 25, 2010) .................................................... 18

*Harco Nat. Ins. Co. v. Grant Thornton LLP*,
206 N.C. App. 687 (2010) .................................................................................. 13

*Henry v. Universal Tech. Inst.*,
559 F. App'x 648 (9th Cir. 2014) ....................................................................... 21

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .......................................................... 7, 17

*Ibay v. Mfrs. & Traders Tr. Co.*,
2013 WL 12130562 (C.D. Cal. Apr. 5, 2013) ................................................... 20

*In re iPhone Application Litig.*,
2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .................................................. 19

NOTICE OF MOTION AND MOTION TO DISMISS

*In re Jan. 2021 Short Squeeze Trading Litig.*,
580 F. Supp. 3d 1243 (S.D. Fla. 2022)......................................................................8

*Juarez v. Boy Scouts of Am., Inc.*,
81 Cal. App. 4th 377 (2000).....................................................................................14

*Kent v. Commonwealth*,
437 Mass. 312 (2002) ..............................................................................................17

*Kisil v. Illuminate Educ., Inc.*,
2025 WL 2589000 (9th Cir. Sept. 8, 2025)...............................................................7

*Landon v. TSC Acquisition Corp.*,
2024 WL 5317240 (C.D. Cal. Nov. 1, 2024)...........................................................18

*Luoni v. Berube*,
431 Mass. 729 (2000) ..............................................................................................14

*Mann v. City of Chula Vista*,
2020 WL 5759749 (S.D. Cal. Sept. 28, 2020) .........................................................13

*In re MAPFRE Data Disclosure Litig.*,
2025 WL 975669 (D. Mass. Mar. 31, 2025).......................................................18, 19

*Mazed v. JP Morgan Chase Bank, N.A.*,
2013 WL 12131725 (C.D. Cal. May 6, 2013)..........................................................15

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*,
603 F. Supp. 3d 1183 (S.D. Fla. 2022)...............................................................5, 15

*Medoff v. Minka Lighting, LLC*,
2023 WL 4291973 (C.D. Cal. May 8, 2023).............................................................18

*Mehr v. Fed'n Internationale de Football Ass'n*,
115 F. Supp. 3d 1035 (N.D. Cal. 2015)...................................................................15

*Melchior v. New Line Prods., Inc.*,
106 Cal. App. 4th 779 (2003)...................................................................................23

*Moore Charitable Found. v. PJT Partners, Inc.*,
217 N.E.3d 8 (N.Y. Ct. App. 2023)..........................................................................22

*Moser* v. *Lifewatch Inc.*,
2020 WL 1849664 (S.D. Cal. Apr. 13, 2020) ..........................................................10

CASE NO. 3:25-md-3149-BEN-MSB
NOTICE OF MOTION AND MOTION TO DISMISS

*In re MOVEit Customer Data Sec. Breach Litig.*,
   2025 WL 2179475 (D. Mass. July 31, 2025) ......................................................20

*Mueller v. Brannigan Brothers Restaurants & Taverns LLC*,
   323 Mich. App. 566 (2018) ................................................................................22

*Murdock v. Higgins*,
   454 Mich. 46 (1997) ..........................................................................................15

*Navarro v. Ski Data*,
   2022 WL 18280359 (C.D. Cal. Dec. 7, 2022).....................................................15

*Nimbus Data Sys., Inc. v. Modus LLC*,
   2014 WL 7387200 (N.D. Cal. Dec. 29, 2014) .....................................................11

*Palomar Health v. Am. Guarantee & Liab. Ins. Co.*,
   2021 WL 4035005 (S.D. Cal. Sept. 3, 2021) (Benitez, J.), *aff'd*, 2022
   WL 3006356 (9th Cir. July 28, 2022) ...........................................................4, 13

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ............................................................................11

*Pinto v. Tenenbaum*,
   2012 WL 987358 (N.Y. Sup. Ct. Mar. 23, 2012)................................................21

*Pulka v. Edelman*,
   40 N.Y.2d 781 (1976)..........................................................................................14

*Rakyta v. Munson Healthcare*,
   2021 WL 4808339 (Mich. Ct. App. Oct. 14, 2021) .....................................18, 19

*Randall v. Mich. High School Athletic Ass'n*,
   334 Mich. App. 697 (2020) ................................................................................21

*Regents of Univ. of Cal. v. Superior Court*,
   4 Cal. 5th 607 (2018)....................................................................................14, 15

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ..........................................................................9, 10

*Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*,
   131 N.Y.S.3d 817 (2020) ...............................................................................15, 17

CASE NO. 3:25-md-3149-BEN-MSB
NOTICE OF MOTION AND MOTION TO DISMISS

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. 2014) ...................................................................17

*Southern Cal. Gas Leak Cases*,
    7 Cal. 5th 391 (2019) ...........................................................................................14

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ...........................................................................................6, 7

*Matter of Star & Crescent Boat Co., Inc.*,
    549 F. Supp. 3d 1145 (S.D. Cal. 2021) (Benitez, J.) ...........................................10

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ..................................................................................4

*Swartz v. Kpmg Llp*,
    476 F.3d 756 (9th Cir. 2007) ..................................................................................9

*Theisz v. Mass. Bay Transp. Auth.*,
    103 Mass. App. Ct. 822 (2024) ............................................................................22

*Tomasella v. Nestlé USA*,
    962 F.3d 60 (1st Cir. 2020) ..................................................................................23

*Toretto v. Donnelley Fin. Sols., Inc.*,
    583 F. Supp. 3d 570 (S.D.N.Y. 2022) ..............................................................23, 24

*Vavak v. Abbott Labs., Inc.*,
    2011 WL 13130493 (C.D. Cal. Mar. 7, 2011) .................................................16, 17

*Walden v. Fiore*,
    571 U.S. 277 (2014) .............................................................................................10

*Wallace v. Health Quest Sys., Inc.*,
    2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021) .......................................................18

*Williams v. Cunningham Drug Stores, Inc.*,
    429 Mich. 495 (1988) ...........................................................................................14

*Wright v. Genesee Cnty.*,
    504 Mich. 410 (2019) ...........................................................................................24

*Yu v. Design Learned, Inc.*,
    2016 WL 1621704 (N.D. Cal. Apr. 22, 2016) .................................................19, 23

*Z.V. v. County of Riverside*,
   238 Cal. App. 4th 889 (2015)........................................................................22

**Federal Statutes**

Children's Online Privacy Protection Act of 1998,
   15 U.S.C. § 6501 ...........................................................................19, 20, 21

Declaratory Judgment Act,
   28 U.S.C. § 2201 .........................................................................................24

Family Educational Rights and Privacy Act of 1974,
   20 U.S.C. § 1232g ..........................................................................19, 20, 21

Federal Trade Commission Act,
   15 U.S.C. §§ 41–58 .........................................................................19, 20, 21

Health Insurance Portability and Accountability Act of 1996,
   42 U.S.C. §§ 1320d *et seq.* ............................................................19, 20, 21

**California Statutes**

Cal. Evid. Code
   § 699 ............................................................................................................20

**Other Authorities**

Fed. R. Civ. P. 4.............................................................................................5, 8

Fed. R. Civ. P. 8.....................................................................................5, 19, 23

Fed. R. Civ. P. 8(a) .........................................................................................19

Fed. R. Civ. P. 9(b) ...........................................................................................5

Fed. R. Civ. P. 12(b)(1) ..................................................................................1, 4

Fed. R. Civ. P. 12(b)(2) .................................................................................1, 4, 9

Fed. R. Civ. P. 12(b)(5) .................................................................................1, 5, 8

Fed. R. Civ. P. 12(b)(6) ...................................................................................1, 5

U.S. Const. art. III, § 2, cl. 1...........................................................................1, 5, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Movate, Inc. ("Movate") does not belong in this case.[1]  Movate is not an education-technology platform, and it does not collect, store, or control student or parent information.  It did not contract with Plaintiffs, interact with them, provide them with any services, or owe them any legal duty.  Plaintiffs allege that unknown, third-party criminals stole a Movate employee's username and password, but they fail to explain how Movate or any of its employees acted negligently.  Plaintiffs' attempt to drag a remote, downstream service provider into a sprawling litigation over a data security incident departs significantly from well-established principles of subject matter jurisdiction, personal jurisdiction, and tort law.  Movate respectfully requests that this Court dismiss it from this action because, as a peripheral service provider, its alleged involvement is far too attenuated to sustain any plausible theory of liability.

Here, Counsel for the Track One Plaintiffs has stipulated that only Counts I–III, VI, and IX (negligence, negligence *per se*, unjust enrichment, declaratory judgment, and negligent hiring) are asserted against Movate.  (Joint Mot. to Amend Briefing Schedule for Movate Inc.'s Forthcoming Mot. to Dismiss 1, Dkt. 294.).[2]  As set forth below, those claims should be dismissed against Movate with prejudice.

*First*, the majority of Plaintiffs fail to plausibly allege an injury-in-fact sufficient to establish Article III standing.  Most do not claim that their Social Security numbers, medical information, or other sensitive data were compromised, and mere exposure of basic contact information or speculative risk of future harm is insufficient.  As set forth

---

[1] Unless otherwise indicated, all capitalized terms have the same definition as set forth in the Consolidated Individual Users Class Action Complaint (the "Complaint," Dkt. 259).

[2] While Plaintiffs have unambiguously confirmed that they intend their Complaint to bring only five counts against Movate, Movate reserves all rights to respond to arguments raised by Plaintiffs that attempt to expand their claims against Movate.

below, those claims must be dismissed for lack of standing.

*Second*, the Complaint fails to adequately allege subject matter jurisdiction for 51 new plaintiffs that were not included in the Transfer Order.

*Third*, the Complaint fails to properly allege that this Court has personal jurisdiction over Movate. Plaintiffs offer nothing beyond conclusory allegations that Movate "directed contacts" to California through "technical support." That is not enough. Movate is a Delaware corporation headquartered in Texas, and its alleged conduct—providing remote support services from outside the state—was not directed at California or purposefully aimed at these Plaintiffs.

*Fourth*, even if jurisdiction existed, Plaintiffs' claims still fail on multiple, independent grounds. Plaintiffs' negligence claim collapses because Movate did not owe Plaintiffs a duty of care, its conduct did not proximately cause an injury, and Plaintiffs allege no actual, cognizable damages. Their negligence *per se* theory fails because they fail to allege Movate violated any statute, and even if alleged, these statutes do not supply the duty Plaintiffs need to salvage their claims. And their negligent hiring and supervision claim is based on conclusory assertions untethered to any specific misconduct by Movate.

*Fifth*, Plaintiffs' unjust enrichment claim fails because Plaintiffs do not and cannot allege any benefit conferred on Movate. Additionally, Plaintiffs' request for declaratory judgment should be dismissed as entirely derivative of Plaintiffs' deficient tort theories since it seeks no independent relief.

For these reasons, the Complaint should be dismissed against Movate in its entirety and with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

PowerSchool, headquartered in California, is a provider of education software to schools and school districts throughout the United States to manage student data and educational programming. (Compl. ¶¶ 13, 35–36, 50.) Movate, a Delaware corporation headquartered in Texas, is a global outsourcing company that

PowerSchool hired for technical support, customer service, network operations, and configuration of online platforms. (*Id.* ¶¶ 20, 116, 910.) PowerSchool contracted with Movate for technical support and network operations. (*Id.* ¶ 20.)

On December 28, 2024, PowerSchool learned of a data breach impacting students, teachers, and parents'—including that of Plaintiffs'—personal information or PII. (*Id.* ¶¶ 1, 133.) Plaintiffs allege the stolen PII consisted of contact information, such as names and addresses, social security numbers; grades; and medical information, such as special needs and vaccination records. (*Id.* ¶ 2, 201, 262.) As alleged, unknown Threat Actors stole Plaintiffs' PII through an unidentified mechanism. (*Id.* ¶¶ 128–29.) PowerSchool paid the Threat Actors a ransom to prevent the release of the PII. (*Id.* ¶ 146.)

On January 7, 2025, PowerSchool publicly acknowledged that a data breach occurred. (*Id.* ¶ 12.) As early as January 8, 2025, Plaintiffs, consisting of current or former students, parents and guardians, teachers, school employees, and a teachers' union, sued PowerSchool and its parent Bain in lawsuits across the country for compromising Plaintiffs' PII. (*Id.* ¶¶ 33–34; Dkt. 3.) Plaintiffs in these actions hail from California, Connecticut, Illinois, Michigan, Minnesota, Missouri, New Jersey, New York, and North Carolina. *See generally* MDL No. 3149, Case No. 3:25-md-03149-BEN-MSB. Notably, none of the cases transferred to this Court named Movate as a defendant. (Decl. of Jonathan D. White in Support of Movate's Mot. to Dismiss the Consolidated Individual Users Class Action Compl. ("White Decl.") ¶ 5.)

The Complaint, filed on August 11, 2025, named Movate as a defendant for the first time[3] (Dkt. 259) and included 51 new Plaintiff groups that did not previously file

---

[3] Counsel for Track One Plaintiffs clarified via email that Counts I–III, VI, and IX (negligence, negligence *per se*, unjust enrichment, declaratory judgment, and negligent hiring) are asserted against Movate. (Joint Mot. to Amend Briefing Schedule for Movate Inc.'s Forthcoming Mot. to Dismiss 1, Dkt. 294.)

actions that were transferred to this Court pursuant to the Transfer Order. *See* Bain's Mot. to Dismiss Consolidated Individual Users Compl., Ex. A, Dkt. 286-3 ("Bain MTD"). On September 9, 2025, Plaintiffs served Movate with the Complaint. (White Decl. ¶ 6.)

The Complaint alleges that a Threat Actor stole the credentials of Rayson Cruz, a Movate employee working from the Philippines, who had access to PowerSchool's Student Information System ("SIS") containing Plaintiffs' PII. (Compl. ¶¶ 1–2, 21, 23, 129, 132–33.) From December 19, 2024 to December 28, 2024, the Threat Actor penetrated PowerSchool's SIS and downloaded Plaintiffs' personal data from schools and school districts throughout the country. (*Id.* ¶¶ 133, 137, 139.) This Threat Actor was allegedly associated with "ShinyHunters," a notorious cybercriminal group. (*Id.* ¶ 128.) In July 2025, an individual named Matthew D. Lane pleaded guilty in federal court to leading the cyber-attack against PowerSchool. (*Id.* ¶ 25.)

Most Plaintiffs do not specifically allege their PII was breached. (*See, e.g.*, *id.* ¶¶ 321, 360, 378, 414.) Instead, many Plaintiffs allege they suffered various harms, including lost time and money spent dealing with the breach, future risk of harm, and loss of privacy. (*Id.* ¶¶ 509, 515, 526, 562.)

## III.  **LEGAL STANDARD**

Under Rule 12(b)(1), a complaint must "plead facts, rather than mere legal conclusions, establishing a plausible basis for federal subject matter jurisdiction." *Palomar Health v. Am. Guarantee & Liab. Ins. Co.*, 2021 WL 4035005, at *3 (S.D. Cal. Sept. 3, 2021) (Benitez, J.), *aff'd*, 2022 WL 3006356 (9th Cir. July 28, 2022). As to Rule 12(b)(2), "the court may exercise personal jurisdiction over an out-of-state defendant consistent with both the forum state's long-arm statute and constitutional due process." *Id.* at *2. "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Under Rule 12(b)(5), plaintiffs "bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Per Rule 12(b)(6), a claim must be dismissed unless it pleads "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 12(b)(6). The complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## IV.   ARGUMENT

The court should dismiss the claims brought against Movate with prejudice.[4]

*First*, most Plaintiffs lack Article III standing because they allege no compromise of sensitive information and no concrete injury beyond speculative risk.

*Second*, the Court lacks subject matter jurisdiction over the claims brought by 51 new Plaintiff groups that were never part of any action transferred to this MDL.

---

[4] Here, Counsel for the Track One Plaintiffs stipulated that only Counts I–III, VI, and IX (negligence, negligence *per se*, unjust enrichment, declaratory judgment, and negligent hiring) are asserted against Movate. Should the Court conclude that Plaintiffs have adequately alleged that Movate is liable under any theory of liability, the Court should dismiss the 74 remaining counts that are not against Movate. Otherwise, Plaintiffs engage in shotgun pleading as to these 74 counts, and they should be dismissed for failure to provide adequate notice under Rules 8 and 9(b). *See In re Mednax Servs., Inc. Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1209 (S.D. Fla. 2022) (dismissing shotgun pleading in an MDL where "[d]efendants correctly assert that they are denied fair notice because [the count] is not directed at any specific party"); *Borrego Cmty. Health Foundation v. Hebets*, 2024 WL 1269476, at *6 (S.D. Cal. Mar. 25, 2024) (Benitez, J.) (explaining that courts should dismiss "shotgun pleadings," or complaints that "overwhelm defendants" by asserting "multiple claims against multiple defendants without specifying which one of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (citations omitted)).

*Third*, the Court lacks personal jurisdiction over Movate. Plaintiffs allege no purposeful, suit-related conducted directed at California and no basis for hauling a remote service vendor into this forum.

*Fourth*, even if jurisdiction existed, the Complaint fails to state a claim. Movate owed no duty to Plaintiffs, its conduct did not proximately cause the alleged injuries, and most Plaintiffs fail to allege cognizable damages. The negligence *per se* claim fails because Plaintiffs do not allege that Movate owed a duty to Plaintiffs under any statute, much less violated any statute (nor can they). The negligent hiring and supervision claim fails for lack of facts suggesting Movate knew of any risk, the unjust enrichment claim fails because there is no alleged benefit conferred on Movate, and the declaratory judgment claim is duplicative.

### A.    Most Plaintiffs Lack Article III Standing

To promote judicial efficiency by avoiding repetition of PowerSchool's argument that most Plaintiffs lack Article III standing, Movate hereby joins PowerSchool's standing argument made in its Motion to Dismiss (Dkt. 285, Section I(A)-(E)) and seeks dismissal on the same grounds. Mem. in Supp. of PowerSchool's Mot. to Dismiss Consolidated Individual Users Class Action Compl. ("PowerSchool MTD") (Dkt. 285) at 6–18; *see Greater San Diego Cnty. Ass'n of Realtors, Inc. v. Sandicor Inc.* ("*Greater San Diego*"), 2016 WL 4597536, at *6 n.5 (S.D. Cal. May 25, 2016) (treating defendants' motions to dismiss equally insofar as they joined with each other's arguments); *Fluence Energy, LLC v. M/V BBC Finland*, 726 F. Supp. 3d 1086, 1099 (Benitez, J.) (questioning why defendants filed separate briefs on the same legal issue where they "assert essentially the same arguments").

To properly allege Article III standing, a plaintiff must "clearly . . . allege facts demonstrating" they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a

6

legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339.

PowerSchool correctly points out that 121 out of 170 Plaintiffs are "No-Injury Plaintiffs," as they fail to show that the information allegedly breached included their social security number or medical or financial information. *E.g.*, PowerSchool MTD at 8–9, 16; *see I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049–50 (N.D. Cal. 2022) (no injury where only email addresses, phone numbers, passwords, and usernames were disclosed). These "No-Injury Plaintiffs" fail to allege they have suffered identity theft or fraud as a result of the data breach. PowerSchool MTD at 10; *Zynga*, 600 F. Supp. 3d at 1039–40 ("[M]ere compromise of personal information, without more, fails to satisfy the injury-in-fact element in the absence of an identity theft."); *Kisil v. Illuminate Educ., Inc.*, 2025 WL 2589000, at *1–2 (9th Cir. Sept. 8, 2025) (affirming dismissal of data-breach claims for lack of standing where plaintiffs alleged exposure of personal and health information, but failed to plead that their data was misused or that any risk of future harm was imminent or substantial).

Plaintiff Providence Teachers Union similarly lacks associational standing to represent its members in this action because the one member allegedly employed in Rhode Island is a "No-Injury Plaintiff." *See In re Equifax, Inc., Customer Data Security Breach Litig.*, 371 F. Supp. 3d 1150, 1165 (N.D. Ga. 2019) (holding that an association must show (1) its members have standing, (2) that the interests are germane to its purpose, and (3) that neither the claim nor relief requires member participation). These deficiencies apply equally to Movate as a defendant in this action and the Court must dismiss these Plaintiffs for lack of standing.

B. The Court Lacks Subject Matter Jurisdiction Over the Claims Brought By 51 Newly Added Plaintiff Groups

To promote judicial efficiency by avoiding repetition of Bain's argument that the Court lacks subject matter jurisdiction over the claims brought by the 51 new Plaintiff groups in the Complaint, Movate hereby joins Bain's subject matter

7                                         CASE NO. 3:25-md-3149-BEN-MSB

jurisdiction argument made in its Motion to Dismiss (Dkt. 286, Section I) and seeks dismissal on the same grounds. Mem. in Supp. of Bain's Mot. to Dismiss Consolidated Individual Users Class Action Compl. ("Bain MTD") at 12–14; s*ee Greater San Diego*, 2016 WL 4597536, at *6 n.5.

Bain correctly argues that this Court only properly has jurisdiction of the MDL member cases transferred or consolidated under Section 1407 and Judicial Panel on Multidistrict Litigation ("JPML") Rules. Bain MTD at 12–13; *see In re Jan. 2021 Short Squeeze Trading Litig.*, 580 F. Supp. 3d 1243, 1251, 1254 (S.D. Fla. 2022). These 51 new Plaintiffs did not file an action that was transferred to this Court by the JPML and have not filed a short form complaint pursuant to the Direct Filing Order (Dkt. 269). Bain's MTD, Ex. A (Dkt. 286-3); *see In Re Short Squeeze Trading Litig.*, 580 F. Supp. 3d at 1254 (direct filing "creates accumulating inefficiencies for the Court and the parties to address on the back end"). This deficiency applies equally to Movate because the 51 new Plaintiffs that Bain identified also allege causes of action against Movate. Bain MTD, Ex. A (Dkt. 286-3). Therefore, this Court should dismiss the 51 new Plaintiffs that did not file underlying actions that were transferred to this Court.[5]

### C.    The Court Lacks Personal Jurisdiction Over Movate

Plaintiffs fail to establish this Court may exercise personal jurisdiction over Movate. The Complaint alleges nothing more than conclusory allegations that Movate has "continuous and systematic contacts" with California and "directed contacts" here through "technical support" services. (Compl. ¶ 47.) But Movate is a Delaware corporation headquartered in Texas, it is not "at home" in California, and Plaintiffs fail to identify any suit-related conduct purposefully directed at this forum. Because

---

[5] Moreover, the 51 purportedly new plaintiff groups have not served Movate pursuant to Federal Rule of Civil Procedure 4 or the Direct Filing Order. *See Brockmeyer*, 383 F.3d at 801 (plaintiffs "bear the burden of establishing that service was valid under Rule 4"); *see also* Case Management Order No. 5, Dkt. 269. The claims brought by these plaintiffs should be dismissed under Rule 12(b)(5).

Plaintiffs have not alleged facts showing either general or specific jurisdiction, and because the Court exercising jurisdiction would be inconsistent with due process, all claims against Movate must be dismissed under Rule 12(b)(2).[6]

>    (1)    *Plaintiffs Allege Only Conclusory Assertions of Jurisdiction*

A plaintiff "cannot simply rest on the bare allegations of the complaint" to establish personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Conclusory allegations that a defendant "conducted business" or "directed communications" to the forum do not satisfy a plaintiff's *prima facie* burden. *Swartz*, 476 F.3d at 766 ("[C]onclusory allegations . . . are insufficient to establish a *prima facie* showing of personal jurisdiction.").

The Complaint's jurisdictional allegations as to Movate are limited to a single paragraph: Plaintiffs assert that the Court has personal jurisdiction because this action "arises from Movate's continuous and systematic contacts with California" and because Movate "directed contacts to California through technical support for PowerSchool customers, including California school districts." (Compl. ¶ 47.) These conclusory statements are insufficient as a matter of law.

>    (2)    *Plaintiffs Fail to Establish General Jurisdiction Because Movate Is Not "At Home" in California*

A corporate defendant is subject to general jurisdiction only where it is "essentially at home," ordinarily its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Movate is incorporated in Delaware and maintains its principal place of business in Plano, Texas. (Compl. ¶ 42.)

---

[6] The Complaint also fails to allege any facts demonstrating that the transferor courts located in Connecticut, Illinois, Michigan, Minnesota, Missouri, New York, and North Carolina would have jurisdiction over Movate. *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379–80 (J.P.M.L. 2020) (in a JPML action, the transferor's court must have jurisdiction over defendant).

Plaintiffs do not allege that Movate is incorporated in California, headquartered here, or that this is one of the "exceptional" cases where a corporation's operations are so pervasive as to render it "at home" in the forum. *Daimler*, 571 U.S. at 138–39 n.19. Absent those circumstances, the exercise of general jurisdiction would violate due process. *See BNSR Ry. Co. v. Tyrrell*, 581 U.S. 402, 413–16 (2017). As a result, Plaintiffs have failed to establish general personal jurisdiction over Movate.

(3)   <u>*Plaintiffs Fail to Establish Specific Jurisdiction*</u>

Specific jurisdiction requires a showing that (1) the defendant has purposefully availed itself of the forum or purposefully directed activities towards the forum, (2) the claims arise out of those forum-related activities, and (3) the exercise of jurisdiction would be reasonable. *Schwarzenegger*, 374 F.3d at 802. Plaintiffs have failed to meet the burden of establishing these elements. *See Matter of Star & Crescent Boat Co., Inc.*, 549 F. Supp. 3d 1145, 1170 (S.D. Cal. 2021) (Benitez, J.) (finding no personal jurisdiction where plaintiff "failed to carry its burden" to establish purposeful availment and that the claims alleged arose from in-forum acts).

***No Purposeful Availment.*** The Supreme Court has made clear that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* The focus must be on "the defendant's suit-related conduct" and whether it creates a "substantial connection" with the forum. *Id.* at 284. Bare allegations that Movate "directed contacts" to California through "technical support" say nothing about where that support occurred, how it was provided, or whether it was purposefully targeted here. Such conclusory allegations do not satisfy purposeful availment. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069–71 (9th Cir. 2017) (no personal jurisdiction where communications incidentally reached California but were not expressly aimed there); *Moser* v. *Lifewatch Inc.*, 2020 WL 1849664, at *8 (S.D. Cal. Apr. 13, 2020) (no personal jurisdiction where the only

10

NOTICE OF MOTION AND MOTION TO DISMISS

supporting allegations were conclusory).

***No Relation Between Movate's Alleged Contacts and Plaintiffs' Claims.*** Plaintiffs' claims must "arise out of or relate to" Movate's forum contacts. *Daimler*, 571 U.S. at 127. But Plaintiffs allege only that Movate provided technical support for PowerSchool and that a Movate employee's credentials were compromised. (Compl. ¶¶ 46, 127.) They do not allege facts showing that any of Movate's "challenged conduct had anything to do with California itself." *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015). For example, Plaintiffs do not allege that any support activities occurred in California, that Movate's conduct was targeted at California residents, or that any conduct in California gave rise to their claims. In fact, Plaintiffs allege that Rayson Cruz was employed in the Philippines when his credentials were allegedly compromised. (Compl. ¶ 131.)

Courts in this Circuit have rejected personal jurisdiction where, as here, the defendant's alleged conduct consists of remote services or communications that are merely incidental to a plaintiff's forum connections. *See, e.g.*, *Picot*, 780 F.3d at 1214–15; *Nimbus Data Sys., Inc. v. Modus LLC*, 2014 WL 7387200, *5 (N.D. Cal. Dec. 29, 2014) (obligation of one party to provide limited technical support "does not create sufficient contacts with California to subject the [defendant] to personal jurisdiction"); *Azzarello v. Navagility, Inc.*, 2008 WL 4614667, *3 (N.D. Cal. Oct. 16, 2008) (the fact that defendant communicated with the plaintiff in the forum state by email and telephone is insufficient to establish purposeful availment). As a result, Plaintiffs have failed to establish specific personal jurisdiction over Movate.

(4)     *Exercising Jurisdiction Over Movate Would Be Unreasonable*

Even if Plaintiffs could satisfy the first two prongs (they cannot), exercising jurisdiction over Movate would be unreasonable. Courts in the Ninth Circuit consider seven factors in evaluating whether the exercise of jurisdiction over a nonresident defendant comports with "fair play and substantial justice":

/ / /

(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487–88 (9th Cir. 1993).

Each of these factors weighs against exercising personal jurisdiction. The Complaint does not allege that Movate deliberately directed its conduct toward California, or that Movate maintains offices, employees, or property here. Rather, Plaintiffs acknowledge that Movate's role was limited to providing technical support remotely from outside the state, on behalf of its contracted client, PowerSchool. (Compl. ¶ 911.) That type of incidental, background commercial relationship falls far short of the degree of "purposeful interjection" required to satisfy due process. *See Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) ("[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum."); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 ("The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise.").

The remaining factors also make clear that jurisdiction would be unreasonable. Litigating in California would impose a significant burden on Movate, which is a Delaware corporation headquartered in Texas with no operational presence in this state. And California's interest in resolving a dispute involving a non-Californian Information Technology services provider—particularly where the gravamen of Plaintiffs' claims concerns conduct by California-based PowerSchool—is minimal. Plaintiffs, by contrast, face no prejudice from the absence of jurisdiction over Movate because they can pursue their claims fully against PowerSchool, the entity they allege

12

to have compromised their data.  In sum, Plaintiffs' bare bones' assertions of contacts in California are not sufficient to satisfy their pleading burden.  *See Palomar Health*, 2021 WL 4035005, at *2 (quoting *Swartz*, 476 F.3d at 766).

D.     Choice of Law

In multidistrict litigation, the court must apply the choice of law rules of the court from which the action was transferred.  *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 604 n.1, 610 (7th Cir. 1981).  Here, of the states that Plaintiffs represent, the choice of law outcome is the same: the law of the state where the plaintiff suffered the injury applies.  *See, e.g.*, *Cosme v. Whitin Mach. Works, Inc.*, 417 Mass. 643, 645 (1994); *Harco Nat. Ins. Co. v. Grant Thornton LLP*, 206 N.C. App. 687, 692 (2010); *Gabe's Const. Co., Inc. v. United Capitol Ins. Co.*, 539 N.W.2d 144, 146 (Iowa 1995).  Movate's Motion to Dismiss focuses on the laws of California, Massachusetts, Michigan, and New York.[7]  (Order Granting Joint Mot. to Dismiss Certain Claims Against Movate Without Prejudice, Dkt. 314.)

E.     The Complaint Fails to Properly Allege Negligence Against Movate [Count I]

To state a negligence claim, a plaintiff must allege that the defendant owed a duty of care, breached that duty, that the breach caused the plaintiff's injuries, and that the plaintiff suffered damages.  *See Mann v. City of Chula Vista*, 2020 WL 5759749, at *9 (S.D. Cal. Sept. 28, 2020).  Each element is required.  Because Plaintiffs fail to allege that Movate owed them any duty, that Movate breached any such duty, that any breach by Movate proximately caused their alleged injuries, or that they suffered cognizable damages, their negligence claim must be dismissed.

***Duty.***  Plaintiffs fail to properly allege Movate owed them a duty of care.

---

[7] Movate also joins PowerSchool's Sections III (Negligence), IV (Negligence *Per Se*), VIII (Unjust Enrichment), and XVI (Declaratory Judgment), and adopts all arguments made therein, which equally apply to Movate.  *See id.*

Plaintiffs did not provide data to Movate, did not interact with Movate, and had no relationship with Movate whatsoever.  The Complaint alleges only that Plaintiffs provided their PII to their respective schools or districts, which then contracted with PowerSchool for educational software.  PowerSchool, in turn, contracted with Movate for limited technical support services.  (Compl. ¶¶ 5, 20.)  In other words, Movate is at least three steps removed from Plaintiffs.  California law does not extend a duty of care to every downstream entity that might be incidentally connected to a contractual relationship.  Extending such a duty here would create precisely the "universe of potential claims" and "potentially overwhelming liability" that the California Supreme Court has cautioned against.  *See Southern Cal. Gas Leak Cases* ("*Southern Cal. Gas*"), 7 Cal. 5th 391, 401–03 (2019).

Plaintiffs' attempt to allege a "special relationship" fares no better.  (Compl. ¶ 781.)  A duty to act arises only where such a relationship exists—one characterized by dependence, control, or the plaintiff's status as an intended beneficiary.  *See Regents of Univ. of Cal. v. Superior Court*, 4 Cal. 5th 607, 619 (2018); *Brown v. USA Taekwondo*, 11 Cal. 5th 204 (2021); *see also Pulka v. Edelman*, 40 N.Y.2d 781, 783–84 (1976) (no duty to control conduct of third party absent special relationship); *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 499–502 (1988) (duty arising from limited "special relationships," *e.g.*, merchant-invitees).  Special relationships typically exist between parents and children, carriers and passengers, employers and employees, and innkeepers and guests.  *Brown*, 11 Cal. 5th at 216; *Luoni v. Berube*, 431 Mass. 729, 729–32 (2000) (discussing categories of special relationships); *see also Juarez v. Boy Scouts of Am., Inc.*, 81 Cal. App. 4th 377, 410–11 (2000) (explaining that the "special relationship" doctrine is "contrary to modern jurisprudential duty analysis" and noting that courts are "reluctant to rely on the special relationship doctrine *per se*" as a foundation for tort liability).

The relationship between Plaintiffs—parents, teachers, and students—and Movate—a subcontractor engaged by another company that was hired by their

NOTICE OF MOTION AND MOTION TO DISMISS

schools—does not constitute a special relationship. Plaintiffs were not dependent on Movate, nor did Movate have control over their data. The Complaint alleges only that Movate provided backend services to PowerSchool (Compl. ¶ 910), **not** that Movate collected or stored Plaintiffs' data, or that Plaintiffs even knew that Movate existed. *See Navarro v. Ski Data*, 2022 WL 18280359, at *10 (C.D. Cal. Dec. 7, 2022) (finding no legal duty where defendants did not store or possess the PII that was the subject of the action). Indeed, Plaintiffs did not add Movate as a defendant until months after filing their initial complaints, further underscoring that any relationship between Plaintiffs and Movate was neither direct nor obvious. Moreover, because Plaintiffs were not the intended beneficiaries of Movate's contract and cannot allege reliance or control, they have not pled a special relationship giving rise to a duty.

Plaintiffs also claim that Movate had a duty to notify them of the data incident. (Compl. ¶ 785.) That theory fails as a matter of law because the Complaint concedes that PowerSchool—not Movate—was the entity whose data was compromised. (Compl. ¶ 1.) A duty to warn arises only where the defendant itself created the risk or possessed exclusive knowledge of the danger. *Regents*, 4 Cal. 5th at 619–21; *Murdock v. Higgins*, 454 Mich. 46, 54–56 (1997) (no duty to warn or protect absent special relationship). Movate is alleged to have done neither. It had no obligation to issue notice of an incident that did not involve its own systems or services. Notably, Plaintiffs do not allege that Movate knew of the data breach or concealed such information from them. *See Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*, 131 N.Y.S.3d 817, 824 (2020) (no duty where plaintiff failed to allege facts showing that defendant was "aware of any specific risks to its data security system").

**Breach.** Without a legal duty, there can be no breach, and thus no negligence at all. *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1063 (N.D. Cal. 2015); *Mazed v. JP Morgan Chase Bank, N.A.*, 2013 WL 12131725, at *7 (C.D. Cal. May 6, 2013) ("Because Plaintiff has not demonstrated the threshold element of duty, the Court need not consider the remaining elements of the negligence

15

tort."). Therefore, the Complaint fails to allege negligence. But even if Plaintiffs had adequately alleged the existence of a duty (and they have not), it is equally plausible that Movate acted with due care under the facts alleged, and thus Plaintiffs fail to establish *Iqbal* and *Twombly* pleading requirements. Allegations that are merely "consistent with" liability do not nudge a claim "over the line between possibility and plausibility," and fail to meet the federal pleading standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Nothing in the Complaint plausibly suggests that Movate failed to act with due care. Plaintiffs rely on vague and generic assertions that Movate did not take various security steps, such as training employees or limiting access. (Compl. ¶ 789). But the Complaint contains no facts describing what Movate actually did or failed to do, when those actions occurred or should have occurred, or how they allegedly amounted to breach. Without such facts, the allegations do not support a reasonable inference that Movate's conduct fell below a standard of care, particularly where the criminal acts of third parties are at issue. At most, they are consistent with multiple possible scenarios, including one in which Movate acted reasonably.

***Causation.*** Plaintiffs fail to plausibly allege that Movate proximately caused Plaintiffs' alleged injuries. They do not allege that Movate stored or controlled their information, that its systems were compromised, or that any misuse of data was traceable to Movate's conduct rather than to that of PowerSchool or criminal acts of third parties. The Complaint contains no non-conclusory allegations linking any conduct by Movate to Plaintiffs' alleged injuries. The scattered references to Movate failing to train employees to "secure their credentials" or to "rotate" credentials (*see, e.g.*, Compl. ¶ 789) are nothing more than conclusory statements untethered to any facts showing that those alleged omissions caused the data breach. A negligence claim cannot survive absent a plausible causal connection between the defendant's actions and the plaintiff's alleged injury. *See Vavak v. Abbott Labs., Inc.*, 2011 WL 13130493, at *2 (C.D. Cal. Mar. 7, 2011) (dismissing negligence claim where plaintiff's injury

16

was not "fairly traceable to the Defendant's conduct").

Even if the Court were to conclude that a Movate employee's credentials were compromised, Plaintiffs still fail to plausibly allege proximate cause. The Complaint contains no factual allegations linking any specific act or omission by *Movate*—as opposed to the criminal conduct of third-party hackers or PowerSchool's own security—to the injuries Plaintiffs claim. *See Smahaj*, 131 N.Y.S.3d at 824 ("[T]o establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty owed by defendant to plaintiff, a breach of that duty, and resulting injury which was proximately caused by the breach."); *Kent v. Commonwealth*, 437 Mass. 312, 319–21 (2002) (same). Plaintiffs claim that PowerSchool, not Movate, received and maintained the systems on which Plaintiffs' information was stored. (Compl. ¶¶ 5–7.) The Complaint nowhere alleges that Movate had possession of, or direct responsibility for, the PII at issue. At most, Plaintiffs allege that a credential associated with a Movate employee was used as an entry point. (Compl. ¶ 21.) But that allegation, standing alone, does not support a reasonable inference that Movate's conduct was the proximate cause of the injuries alleged. *See Vavak*, 2011 WL 13130493, at *2 (negligence claim dismissed where plaintiff did not allege facts showing that her injury was "fairly traceable" to Defendant's conduct).

***Damages.*** Even if Plaintiffs could plausibly allege a duty, their negligence claim still fails because most Plaintiffs do not plead actual, compensable damages.[8] "Appreciable, nonspeculative, present harm is an essential element of a negligence cause of action." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 962 (S.D. Cal. 2014). Courts consistently hold that a mere risk

---

[8] As stated in Section IV(A), *supra*, 121 out of 170 Plaintiffs fail to allege damages, in that they fail to show the information that was allegedly breached involved their social security number or medical information. *See Zynga*, 600 F. Supp. 3d at 1049–50. These 121 Plaintiffs also fail to allege that they have suffered identity theft or fraud as a result of the data breach.

of future harm, even if sufficient to establish standing, does not rise to the level of damages necessary to support a negligence claim. *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 695 (N.D. Cal. 2019). Plaintiffs' allegations of a "heightened risk" of identity theft and generalized concern over their data are therefore insufficient. Nor can Plaintiffs rely on allegations of time spent monitoring accounts, responding to spam, or calling financial institutions. Such allegations are routinely rejected as too speculative or self-inflicted to constitute actual damages. *See Corona v. Sony Pictures Ent., Inc.*, 2015 WL 3916744, at *4 (C.D. Cal. June 15, 2015) ("[G]eneral allegations of lost time are too speculative to constitute cognizable injury."); *Wallace v. Health Quest Sys., Inc.*, 2021 WL 1109727, at *8 (S.D.N.Y. Mar. 23, 2021) (lost time insufficient to plead negligence damages); *Doe v. Henry Ford Health Sys.*, 308 Mich. App. 592, 600 (2014) (credit-monitoring costs and similar anticipatory expenses not cognizable damages absent present injury).

Plaintiffs' references to emotional distress and anxiety likewise fail as a matter of law. Courts across jurisdictions reject boilerplate allegations of distress arising from a data breach absent physical injury or other cognizable harm. *Medoff v. Minka Lighting, LLC*, 2023 WL 4291973, at *9 (C.D. Cal. May 8, 2023); *Hammond v. Bank of N.Y. Melton Corp.*, 2010 WL 2643307, at *10 (S.D.N.Y. June 25, 2010) (heightened fear insufficient); *Rakyta v. Munson Healthcare*, 2021 WL 4808339, at *5 (Mich. Ct. App. Oct. 14, 2021) (emotional distress or anxiety about a potential future harm insufficient); *In re MAPFRE Data Disclosure Litig.*, 2025 WL 975669, at *13 (D. Mass. Mar. 31, 2025) (allegations of emotional distress require "some physical manifestation"). Plaintiffs also fail to allege any non-speculative "loss of data value" that could support damages. They do not allege that they participated in a market for their information, that they planned to sell it, or that its value diminished. Courts consistently dismiss such allegations as speculative and legally insufficient. *See, e.g., Landon v. TSC Acquisition Corp.*, 2024 WL 5317240, at *6 (C.D. Cal. Nov. 1, 2024); *Wallace*, 2021 WL 1109727, at *8 (speculative allegations of lost value insufficient);

18

*Rakyta*, 2021 WL 4808339, at \*5 (conclusory allegations that "information lost value as a result of the exposure" insufficient); *In re MAPFRE*, 2025 WL 975669, at \*13.

Because Plaintiffs fail to allege that Movate owed them a duty, that any breach by Movate proximately caused their injuries, or that they suffered cognizable damages, their negligence claim fails as a matter of law and must be dismissed.

F.    This Court Must Dismiss Plaintiffs' Negligence *Per Se* Cause of Action [Count II]

Plaintiffs' claim for negligence *per se* must also be dismissed.  As an initial matter, the Complaint engages in impermissible group pleading in that **all** of the specific allegations under the negligence *per se* cause of action pertain to PowerSchool.  **None** pertain to Movate.  *See* Compl. ¶¶ 799–827; Fed. R. Civ. P. 8 (requiring a statement of the claim showing the plaintiff is entitled to relief); *Yu v. Design Learned, Inc.*, 2016 WL 1621704, at \*4 (N.D. Cal. Apr. 22, 2016) ("Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them").  For example, the Complaint alleges PowerSchool, not Movate, owed a duty to Plaintiffs under the "FTC Act, HIPAA Privacy and Security Rules, COPPA, FERPA, industry standards, and the various state consumer protection statutes."  (Compl. ¶ 802.)  The Complaint does not allege any source of duty as to Movate with respect to Plaintiffs' negligence *per se* claim.  As a result, this cause of action against Movate must be dismissed.  *See In re iPhone Application Litig.*, 2011 WL 4403963, at \*3 (N.D. Cal. Sept. 20, 2011) (a plaintiff "must identify what action *each Defendant* took that caused Plaintiffs' harm, without resort to generalized allegations" (emphasis added)).

Moreover, negligence *per se* is not a separate cause of action.  It is, at most, an evidentiary doctrine that may substitute for proof of a duty and breach in a properly pleaded negligence claim.  *See, e.g.*, *Bacon v. Pape Truck Leasing, Inc.*, 2020 WL 799747, at \*5 (E.D. Cal. Feb. 18, 2020) ("Negligence per se is not an independent cause of action recognized in California.").  Because negligence *per se* cannot support

19                                    CASE NO. 3:25-md-3149-BEN-MSB

NOTICE OF MOTION AND MOTION TO DISMISS

liability apart from a viable negligence claim—and Plaintiffs' negligence claim fails for the reasons set forth above—this claim should be dismissed on that basis alone. *C.f. Dance v. Town of Southampton*, 95 A.D.2d 442, 445 (N.Y. App. Div. 1983) ("Negligence per se is not liability per se . . . because the protected class member must still establish that the statutory violation was the proximate cause."); *Cimino v. Milford Keg, Inc.*, 385 Mass. 323, 327 (1982) ("The defendant's liability . . . is grounded on the common law doctrine of negligence and is not directly imposed by the statute.").

Even if negligence *per se* were cognizable as a standalone claim, Plaintiffs' theory still fails because Plaintiffs do not allege that Movate owed a duty to Plaintiffs under any statute, much less that Movate violated any statute, which is the threshold requirement for applying the negligence *per se* doctrine. *See In re Accellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 639 (N.D. Cal. 2024); *see Ibay v. Mfrs. & Traders Tr. Co.*, 2013 WL 12130562, at *4 (C.D. Cal. Apr. 5, 2013) (denying negligence *per se* presumption where plaintiff failed to "successfully allege[] a statutory violation"). Nor do the statutes and regulations that they cite satisfy the required elements of the doctrine. Under the negligence *per se* doctrine, a presumption of duty and breach is created where a defendant (1) violates a statute, ordinance, or regulation, (2) "[t]he violation proximately caused" injury, (3) the statute, ordinance, or regulation was designed to prevent that kind of injury, and (4) the statute, ordinance, or regulation was designed to protect the person who suffered the injury. *See* Cal. Evid. Code § 699. Plaintiffs cannot meet those requirements here.

In the first instance, the statute allegedly violated must allow for a private right of action. *See, e.g.*, *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 912 (N.D. Cal. 2024); *In re MOVEit Customer Data Sec. Breach Litig.*, 2025 WL 2179475, at *11 (D. Mass. July 31, 2025). None of the statutes that Plaintiffs rely upon—including the Family Educational Rights and Privacy Act ("FERPA"), the Health Insurance Portability and Accountability Act ("HIPAA"), the Federal Trade Commission Act ("FTCA"), and the Children's Online Privacy Protection Act ("COPPA")—creates a private right of

action.  *See Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1087 (N.D. Cal. 2023) (collecting cases dismissing negligence *per se* claims because neither HIPAA nor the FTCA contains a private right of action); *Cohen v. Ne. Radiology, P.C.*, 2021 WL 293123, at *7 (S.D.N.Y. Jan. 28, 2021) (similar); *see also Henry v. Universal Tech. Inst.*, 559 F. App'x 648, 650 (9th Cir. 2014) (no private right of action, FERPA); *Benson v. Perris Elementary Sch. Dist.*, 2022 WL 3574290, at *5 (C.D. Cal. July 1, 2022) (same, COPPA); *Ahmad v. Wells Fargo Bank, NA*, 861 F. Supp. 2d 818, 828 (E.D. Mich. 2012) (same as to negligence claim, under Michigan law).

Moreover, even if one or more of the cited statutes could theoretically serve as the basis for negligence *per se*, Plaintiffs still fail the second and third elements.  They do not plausibly allege that they fall within the class of persons the statutes were enacted to protect, nor that the type of injury alleged (inconvenience, anxiety, time spent monitoring accounts, or speculative risk of identity theft) is the kind of harm those statutes were intended to prevent.  The doctrine does not apply where the harm is unrelated to the purpose of the statute.  *See Pinto v. Tenenbaum*, 2012 WL 987358, at *7 (N.Y. Sup. Ct. Mar. 23, 2012) (in New York, the harm that occurred must be related to the harm the statute was designed to prevent); *Randall v. Mich. High School Athletic Ass'n*, 334 Mich. App. 697, 720 (2020) (same, in Michigan).

Finally, Plaintiffs do not adequately allege proximate cause or cognizable damages.  As set forth in Section IV(E), *supra*, Plaintiffs have not alleged facts showing that Movate's conduct—as opposed to the criminal acts of third-party hackers or PowerSchool's data-security—proximately caused their alleged injuries.  Nor have they alleged actual, compensable damages.

G.    Plaintiffs Fail to Adequately Plead Negligent Hiring and Supervision [Count IX]

Plaintiffs fail to adequately allege negligent training and supervision against Movate.  An employer may be liable for harm to a third person caused by their negligent hiring, supervision, or retention of an incompetent or unfit employee.  *Diaz*

21

*v. Tesla, Inc.*, 598 F. Supp. 3d 809, 832–33 (N.D. Cal. 2022); *Mueller v. Brannigan Brothers Restaurants & Taverns LLC*, 323 Mich. App. 566, 574 (2018); *Gray v. Schenectady City Sch. Dist.*, 86 A.D.3d 771, 773 (N.Y. App. Div. 2011); *see Theisz v. Mass. Bay Transp. Auth.*, 103 Mass. App. Ct. 822, 826 (2024) (recognizing a claim for negligent hiring). A plaintiff must show the employer knew or should have known that retaining the employee created a risk of a particular harm and the harm materialized. *Diaz*, 598 F. Supp. 3d at 832–33; *Mueller*, 323 Mich. App. at 574; *Gray*, 86 A.D.3d at 773; *see Theisz*, 103 Mass. App. Ct. at 826.

First, as stated above, the Complaint fails to properly allege that Movate owed a duty to the Plaintiffs because their relationship to Movate is too attenuated to establish a duty. *See* Section IV(E), *supra*. Second, the Complaint fails to allege specific facts as to why Movate knew or should have known that its employee located in the Philippines, Rayson Cruz, "created a risk of a particular harm and the harm materialized." *Diaz*, 598 F. Supp. 3d at 832–33; *see Mueller*, 323 Mich. App. at 574; *Gray*, 86 A.D.3d at 773; *Theisz*, 103 Mass. App. Ct. at 826. For example, the Complaint fails to allege there were any previous instances when Rayson Cruz's cybersecurity conduct fell below a certain standard such that Movate was put on notice that a data breach might occur. *Compare Diaz*, 598 F. Supp. 3d at 832–33 (plaintiff produced evidence he complained to supervisors on several occasions regarding employee's racist and harassing behavior), *with Z.V. v. County of Riverside*, 238 Cal. App. 4th 889, 903 (2015) (victim could not maintain negligent supervision claim where county had no knowledge of employee's propensity to commit sexual assault); *see also Moore Charitable Found. v. PJT Partners, Inc.*, 217 N.E.3d 8, 12, 14–16 (N.Y. Ct. App. 2023) (plaintiffs adequately alleged investment bank was on notice of employee's propensity to commit fraud where employee consumed alcohol during business hours, engaged in personal high-risk trading, and obsessively checked trading position on work devices). Third, Plaintiffs failed to sufficiently allege causation and damages for their negligent hiring claim for the same reasons they failed to allege those

elements in their negligence claims. *See* Section IV(E), *supra*. Thus, the Complaint fails to allege the essential elements of negligent hiring and supervision and Count IX should be dismissed against Movate.

H.     This Court Must Dismiss Plaintiffs' Unjust Enrichment Claim [Count III]

Plaintiffs' unjust enrichment claim fails as a matter of law. First, unjust enrichment is either not recognized as an independent cause of action or is rejected if there is an adequate remedy at law. *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("Unjust enrichment is 'a general principle, underlying various legal doctrines and remedies,' rather than a remedy itself."); *Tomasella v. Nestlé USA*, 962 F.3d 60, 82 (1st Cir. 2020) (under Massachusetts law, plaintiff cannot maintain a cause of action where there was an adequate remedy at law); *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 602 (S.D.N.Y. 2022) (under New York law, unjust enrichment is not available where it simply duplicates plaintiffs negligence claim). As a result, Plaintiffs' unjust enrichment claim should be dismissed because it is not recognized as an independent cause of action in California, and because it is duplicative of their negligence claim because there are adequate remedies at law. *See Melchoir*, 106 Cal. App. 4th at 793; *Tomasella*, 962 F.3d at 82; *see also Toretto*, 583 F. Supp. 3d at 602.

Second, the Complaint engages in impermissible group pleading by making allegations against "Defendants" without specifying the misconduct undertaken by each Defendant. *See* Fed. R. Civ. P. 8; *Yu*, 2016 WL 1621704, at *4; Compl. ¶¶ 828–50. Thus, Movate is denied "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Although the Complaint alleges "Defendant" and "Defendants" received a benefit, it fails to allege any specific benefit

/ / /

/ / /

/ / /

Movate received from Plaintiffs.[9] (*See* Compl. ¶ 829.) Even if Movate received some downstream benefit from Plaintiffs, this benefit could not support a cause of action for unjust enrichment. *See Toretto*, 583 F. Supp. 3d at 601 (although an unjust enrichment claim does not require privity, it shall be dismissed if the connection between the parties is too attenuated). Accordingly, the Court should reject Plaintiffs' attempt to base their unjust enrichment claim—which is already improper as a standalone cause of action—on Movate's alleged failure to safeguard their data. Thus, this Court should dismiss Count III in its entirety.

I.       Plaintiffs' Declaratory Judgment Claim is Improper [Count VI]

"Declaratory judgment is appropriate when (1) 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue,' and (2) 'it will terminate and afford relief from the uncertainty . . . giving rise to the proceeding.'" *In re Google Assistant Privacy Litig.*, 546 F. Supp. 3d 945, 975–76 (N.D. Cal. 2021) (quoting *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984)). Plaintiffs' cause of action for declaratory judgment under the Declaratory Judgment Act, 28 U.S. §§ 2201 *et seq.* (Compl. ¶ 873), should be dismissed for two reasons. First, the Declaratory Judgment Act "creates a remedy, not a cause of action." *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33 n.3 (1st Cir. 2007). Second, the injunctive relief Plaintiffs seek is duplicative of the relief sought pursuant to their other causes of action. *See* Compl. ¶¶ 884–85; *In re Google Assistant Privacy Litig.*, 546 F. Supp. 3d at 975–76 (dismissing declaratory judgment where plaintiffs' claims were duplicative of relief sought under other claims). As a result, the Plaintiffs' Declaratory Judgment claim should be dismissed in its entirety.

/ / /

---

[9] Although unjust enrichment is recognized as an independent cause of action in Michigan, the Complaint fails to properly allege how Movate received a benefit from Track 1 Plaintiffs. *See Wright v. Genesee Cnty.*, 504 Mich. 410, 419 (2019).

## V.    CONCLUSION

For all of the foregoing reasons, Movate respectfully requests that the Court dismiss all claims asserted against it in the Complaint with prejudice.

DATED: October 10, 2025              Respectfully submitted,

BROWN RUDNICK LLP

By: _____
DYLAN P. KLETTER
JONATHAN D. WHITE
SAMANTHA J. FLATTERY
RENEE M. MOULTON
Attorneys for Defendant,
MOVATE, INC.