BROWN RUDNICK LLP
SAMANTHA J. FLATTERY, No. 342420
sflattery@brownrudnick.com
RENEE M. MOULTON, No. 353065
rmoulton@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, CA 90067
T: 1.424.525.0200
F: 1.424.525.0201

BROWN RUDNICK LLP
DYLAN P. KLETTER, NY Bar No. 5924659 (admitted *pro hac vice*)
dkletter@brownrudnick.com
JONATHAN D. WHITE, NY Bar No. 5393780 (admitted *pro hac vice*)
jwhite@brownrudnick.com
7 Times Square
New York, NY 10036
T: 1.212.209.4800
F: 1.212.209.4801

Attorneys for Defendant,
MOVATE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br>Track Two Direct Action | CASE NO. 3:25-md-3149-BEN-MSB<br><br>MDL No. 3149<br><br>Hon. Roger T. Benitez<br><br>**DEFENDANT MOVATE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE TRACK TWO DIRECT ACTION COMPLAINT (TRACK 2)**<br><br>*[Declaration of Jonathan D. White and Proposed Order filed concurrently herewith]*<br><br>Courtroom:  5A<br>Date:  TBD<br>Time:  TBD<br><br>**ORAL ARGUMENT REQUESTED** |

CASE NO. 3:25-md-3149-BEN-MSB

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

I.    INTRODUCTION .....................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND....................................3

III.  LEGAL STANDARD ................................................................................4

IV.   ARGUMENT .............................................................................................4

    A.    The Court Lacks Personal Jurisdiction Over Movate...........................5

        (1)   *Plaintiffs Allege Only Conclusory Assertions of Jurisdiction* ....5

        (2)   *Plaintiffs Fail to Establish General Jurisdiction Because Movate Is Not "At Home" in California* ...................................6

        (3)   *Plaintiffs Fail to Establish Specific Jurisdiction* .......................7

        (4)   *Exercising Jurisdiction Over Movate Would Be Unreasonable* ...............................................................................9

    B.    The Complaint Fails to Allege Negligence Against Movate [Count 8] ...............................................................................10

        (1)   *Choice of Law* ...........................................................................10

        (2)   *Plaintiffs Fail to State a Negligence Claim* ..............................10

    C.    Plaintiffs Fail to State a Claim for Negligent Hiring, Training, Retention, and Supervision Against Movate [Count 9].......................16

    D.    The Complaint Fails to Properly Allege Breach of Contract Against Movate, As Plaintiffs Are Not Third-Party Beneficiaries [Count 10] ........................................................................................18

        (1)   *New York Law Governs Plaintiffs' Third-Party Beneficiary Claim* ...............................................................................18

        (2)   *Plaintiffs Are Not Third-Party Beneficiaries* ............................19

        (3)   *Plaintiffs Fail to Identify the Relevant Contractual Provisions and Rely on Speculative Pleading* .........................22

CASE NO. 3:25-md-3149-BEN-MSB

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

       (4)      If Plaintiffs Are Third-Party Beneficiaries, Then Their Tort Claims (Counts 8 and 9) Should Be Dismissed as Duplicative ................................................................................23

V.      CONCLUSION ................................................................................25

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*,
  2022 WL 2441046 (S.D.N.Y. July 5, 2022)......................................................22

*Adkins v. Everest Glob. Servs., Inc.*,
  2024 WL 3887127 (D.N.J. Aug. 21, 2024)........................................................13

*In re Air Crash Disaster Near Chi., Ill.*,
  644 F.2d 594 (7th Cir. 1981).............................................................................10

*Amable v. New Sch.*,
  2022 WL 1443352 (S.D.N.Y. May 6, 2022)......................................................21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................4, 17, 18

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017)..............................................................................7

*Azzarello v. Navagility, Inc.*,
  2008 WL 4614667 (N.D. Cal. Oct. 16, 2008)......................................................8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................4, 17, 18

*BNSR Ry. Co. v. Tyrrell*,
  581 U.S. 402 (2017) .............................................................................................6

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008)..............................................................................9

*Brisbine v. Outside In Sch. of Experiential Educ., Inc.*,
  799 A.2d 89 (2002) (Pa. Super. 2002) ...............................................................12

*Brown v. USA Taekwondo*,
  11 Cal. 5th 204 (2021)........................................................................................12

*Bruns v. City of Centralia*,
  N.E. 3rd 684 (Ill. 2014)......................................................................................11

CASE NO. 3:25-md-3149-BEN-MSB
MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

*Burns Jackson Miller Summit & Spitzer v. Lindner*,
 451 N.E.2d 459 (N.Y. 1983) ................................................................................20

*Buttermore v. Loans*,
 2016 WL 308875 (W.D. Pa. Jan. 25, 2016) .......................................................16

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*,
 516 N.E.2d 190 (N.Y. 1987) ..........................................................................23, 24

*Core-Vent Corp. v. Nobel Indus. AB*,
 11 F.3d 1482 (9th Cir. 1993) ................................................................................9

*D.T. v. Sports & Arts in Sch. Found., Inc.*,
 147 N.Y.S.3d 622 (2021) ....................................................................................17

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ..............................................................................................6

*Deheer v. Am. Academy Podiatric Practice Mgmt.*,
 2011 WL 1019911 (Mass. Super. Ct. Jan. 31, 2022) .........................................11

*Dormitory Auth. of N.Y. v. Samson Constr. Co.*,
 94 N.E.3d 456 (N.Y. 2018) .............................................................................20, 21

*Fero v. Excellus Health Plan, Inc.*,
 236 F. Supp. 3d 735 (W.D.N.Y. 2017) ...............................................................13

*Fischl v. Pac. Life Ins. Co.*,
 94 Cal.App.5th 108 (2023) ..................................................................................14

*Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*,
 66 N.Y.2d 38 (N.Y. 1985) ...................................................................................20

*Fragale v. Wells Fargo Bank, N.A.*,
 480 F. Supp. 3d 653 (E.D. Pa. 2020) ..................................................................11

*Fuller v. Family Services of Westchester, Inc.*,
 209 A.D. 3d 983 (N.Y. App. Div. 2022) .............................................................16

*In re Gilead Scis. Sec. Litig.*,
 536 F.3d 1049 (9th Cir. 2008) ..............................................................................4

*Gonzaga Univ. v. Doe*,
 536 U.S. 273 (2002) ............................................................................................14

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ........................................................................................6

*Green Star Energy Sols., LLC v. Edison Props., LLC*,
   2022 WL 16540835 (S.D.N.Y. Oct. 28, 2022) ...................................................24

*Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*,
   485 F. Supp. 3d 885 (E.D. Mich. 2020) .......................................................11, 14

*Harris v. Nationwide Mut. Fire Ins.*,
   367 F. Supp. 3d 768 (M.D. Tenn. 2019) ..........................................................14

*Heflin v. Iberiabank Corp.*,
   571 S.W.3d 727 (Tenn. Ct. App. 2018) .......................................................16, 17

*HTRF Ventures, LLC v. Permasteelisa North America Corp.*,
   141 N.Y.S.3d 17 (N.Y. App. Div. 2021).............................................................21

*IKB Int'l, S.A. v. Wells Fargo Bank, N.A.*,
   220 N.E.3d 646 (N.Y. 2023) ......................................................................23, 24

*IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*,
   982 N.E.2d 609 (2012) ...............................................................................19

*Kingsley v. Price*,
   163 A.D.3d 157 (N.Y. App. Div. 2019)...............................................................11

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005).........................................................................19

*L.A. Fitness Intern., LLC v. Mayer*,
   980 So.2d 550 (Fla. Ct. App. 2008) .................................................................14

*Lee v. Netgain Tech., LLC*,
   2022 WL 993552 (S.D. Cal. Apr. 1, 2022) ..........................................................8

*Malone v. County of Suffolk*,
   8 N.Y.S.3d 408 (N.Y. App. Div. 2015)...............................................................15

*Mann v. City of Chula Vista*,
   2020 WL 5759749 (S.D. Cal. Sept. 28, 2020) ....................................................10

*Mendel v. Henry Phipps Plaza West, Inc.*,
   6 N.Y.3d 783 (N.Y. 2006).............................................................................19

v                                      CASE NO. 3:25-md-3149-BEN-MSB

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

*Miller v. W. Valley City*,
397 P.3d 761 (Utah App. 2017)..................................................................................11

*Moser* v. *Lifewatch Inc.*,
2020 WL 1849664 (S.D. Cal. Apr. 13, 2020) ...............................................6, 7

*Moss v. New York Tel. Co.*,
196 A.D.2d 492 (N.Y. App. Div. 1993)..............................................................11

*Navarro v. Ski Data*,
2022 WL 18280359 (C.D. Cal. Dec. 7, 2022)...................................................13

*Newton v. Tinsley*,
970 S.W.2d 490 (Tenn. Ct. App. 1997) .............................................................12

*NFA Grp. v. Lotus Rsch., Inc.*,
180 A.D.3d 1060, 120 N.Y.S.3d 75 (2020).......................................................22

*Nimbus Data Sys., Inc. v. Modus LLC*,
2014 WL 7387200 (N.D. Cal. Dec. 29, 2014) .....................................................8

*Palomar Health v. Am. Guarantee & Liab. Ins. Co.*,
2021 WL 4035005 (S.D. Cal. Sept. 3, 2021) (Benitez, J.), *aff'd*, 2022
WL 3006356 (9th Cir. July 28, 2022) .......................................................4, 6, 10

*Peterson v. SCIS Air Sec. Corp.*,
2017 WL 943923 (D. Utah Mar. 9, 2017)..........................................................16

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015)...............................................................................8

*Premium Mortg. Corp. v. Equifax, Inc.*,
583 F.3d 103 (2d Cir. 2009) ................................................................................19

*Pulka v. Edelman*,
40 N.Y.2d 781 (1976)...........................................................................................12

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ...............................................................................6

*Regents of Univ. of Cal. v. Superior Court*,
4 Cal. 5th 607 (2018)...........................................................................................12

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

*Rowland v. Christian*,
69 Cal. 2d 108 (1968) ...................................................................................................11

*Sazerac Co. v. Falk*,
861 F. Supp. 253 (S.D.N.Y. 1994) .................................................................................21

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ......................................................................................5, 7

*Sisson v. Jankowski*,
809 A.2d 1265 (N.H. 2002) ..........................................................................................11

*Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*,
131 N.Y.S.3d 817 (N.Y. Sup. Ct. 2020) ...........................................................12, 13, 14

*Sokola v. Weinstein*,
187 N.Y.S.3d 493 (N.Y. App. Div. 2023) .....................................................................17

*Sousa v. State Sweepstakes Comm.*,
401 A.2d 1067 (N.H. 1979) ..........................................................................................15

*Southern Cal. Gas Leak Cases* ("*Southern Cal. Gas*"),
7 Cal. 5th 391 (2019) ...............................................................................................11, 12

*Matter of Star & Crescent Boat Co., Inc.*,
549 F. Supp. 3d 1145 (S.D. Cal. 2021) (Benitez, J.) .......................................................7

*Stewart v. State*,
33 S.W.3d 785 (Tenn. 2000) .........................................................................................11

*In re SuperValu, Inc.*,
925 F.3d 955 (8th Cir. 2019) .........................................................................................14

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .......................................................................................4, 5

*Tessier v. Rockefeller*,
33 A.3d 1118 (N.H. 2011) .......................................................................................16, 17

*In re U.S. Vision Data Breach Litig.*,
2025 WL 615366 (D.N.J. February 26, 2025) ..........................................................13, 15

*Van Horne v. Muller*,
705 N.E.2d 898 (1998) ..................................................................................................16

CASE NO. 3:25-md-3149-BEN-MSB

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

*Walden v. Fiore*,
    571 U.S. 277 (2014) ..................................................................................7

*Whitaker v. On the Right Track Sys., Inc.*,
    2022 WL 785058 (S.D.N.Y. Mar. 14, 2022)..............................................20, 21

**Other Authorities**

Federal Rules of Civil Procedure
    Rule 12(b)(1) .........................................................................................4

    Rule 12(b)(2) .........................................................................................5

    Rule 12(b)(6) .........................................................................................4

Federal Trade Commission Act,
    15 U.S.C. §§ 41-58 ...............................................................................14

N.Y. Gen. Oblig. Law
    § 5-1401 ...............................................................................................19

Restatement (Second) of Torts §§ 316-319 (Am. Law Inst. 1965)..........................13

CASE NO. 3:25-md-3149-BEN-MSB
MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

### **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a date and time to be determined by the Court, Defendant Movate, Inc. ("Movate") hereby moves the Court, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), for an order dismissing Movate as a defendant in the School District Direct Actions First Amended Consolidated Master Complaint and Jury Trial Demand (Dkt. 288) (the "Complaint") in the above-captioned matter, with prejudice. First, the Complaint should be dismissed for lack of personal jurisdiction over Movate. Second, the Complaint should be dismissed because Plaintiffs fail to a state claim in Counts 8, 9, and 10, the only claims alleged against Movate, for the reasons described in the Memorandum of Points and Authorities.

This Motion is based on this notice, the accompanying Memorandum, the accompanying Declaration of Jonathan D. White and its exhibit, all pleadings and papers already on file with the Court in this matter, and upon any other matter which may be brought to the attention of the Court at or before the hearing. This Motion is also based on PowerSchool Holdings, Inc. and PowerSchool Group, LLC's ("PowerSchool") and Bain Capital L.P.'s ("Bain") Notices of Motion and accompanying Memorandums of Points and Authorities, respectively, which Movate joins where noted herein.

DATED: November 17, 2025          BROWN RUDNICK LLP


By: */s/ Dylan P. Kletter*
    DYLAN P. KLETTER
    JONATHAN D. WHITE
    SAMANTHA J. FLATTERY
    RENEE M. MOULTON
    Attorneys for Defendant,
    MOVATE, INC.

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs—various public school districts across the country—have no relationship, contractual or otherwise, with Movate, Inc. ("Movate"). Movate did not design, operate, or control the PowerSchool Student Information System ("SIS"), nor did it collect, store, or manage any student or parent data. Movate never contracted with Plaintiffs, never provided them with services, and owed them no legal duty.

Plaintiffs' sole allegation tied to Movate is that cybercriminals exploited a Movate employee's credentials—an event that, even if accepted as true, does not establish any actionable negligence or liability. Plaintiffs' attempt to draw Movate into this litigation as a peripheral service provider is unsupported by law or fact. The claims against Movate are legally deficient, factually unsupported, and should be dismissed with prejudice.

Movate is a Delaware corporation headquartered in Texas, engaged by PowerSchool as a subcontractor to provide remote technical support and network operations services. Plaintiffs allege that Movate's employee credentials were stolen, enabling cybercriminals to access sensitive student and faculty data stored in PowerSchool's SIS. Plaintiffs further assert that Movate failed to implement adequate security measures, negligently hired and supervised its employee, and breached contractual obligations owed to Plaintiffs as purported third-party beneficiaries of the agreement between Movate and PowerSchool.

Yet, the Complaint fails at the threshold. First, Plaintiffs do not and cannot establish personal jurisdiction over Movate in this forum. Movate is not "at home" in California, and the Complaint's jurisdictional allegations are limited to conclusory assertions that Movate provided technical support for PowerSchool customers and decided to do business with PowerSchool. These threadbare allegations are insufficient to satisfy Plaintiffs' burden under well-settled law. Movate's role was limited to providing remote support through by employees located abroad, and Plaintiffs do not

CASE NO. 3:25-md-3149-BEN-MSB

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

identify any suit-related conduct purposefully directed at California. Exercising jurisdiction over Movate would be inconsistent with due process and would impose an unreasonable burden on a non-resident defendant with no operational presence in this state.

Second, even if jurisdiction were proper, the Complaint fails to state a claim against Movate for negligence and negligent hiring. Movate owed no independent legal duty to Plaintiffs. The allegations regarding Movate's hiring and supervision of its employee are entirely conclusory and fail to identify any specific risk or prior conduct that would have put Movate on notice. Plaintiffs' claims rest on vague assertions and threadbare recitals of the elements of negligence, unsupported by factual allegations sufficient to meet federal pleading standards.[1]

Third, Plaintiffs' breach of contract claim must be dismissed because Plaintiffs are not parties to the contract between Movate and PowerSchool and have not alleged facts showing that the agreement was intended for their direct benefit, as required under New York law, which governs the contract. The contract contains no provision designating the Plaintiffs as third-party beneficiaries, nor does it grant them any enforcement rights. Any benefit to Plaintiffs is incidental. Moreover, the Complaint fails to allege facts demonstrating an actual breach of the contract.

Finally, if Plaintiffs' contract claim proceeded, then their tort claims must be dismissed as duplicative under New York law, as they rely on the same alleged conduct and injury as the contract claim. Plaintiffs seek identical damages for all claims, and the alleged duty arises solely from the contract between Movate and PowerSchool, not from any independent obligation.

For these reasons, Movate respectfully requests that the Court dismiss all claims asserted against it in the Complaint with prejudice.

---

[1] The Track One Consolidated Individual Users Class Action Complaint similarly alleges claims of negligence and negligent hiring against Movate. (Dkt. 259.)

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Defendants PowerSchool Holdings, Inc. and PowerSchool Group, LLC ("PowerSchool") are leading educational software providers in the United States. (Compl. ¶ 1.) PowerSchool subcontracted Defendant Movate, a Delaware corporation headquartered in Texas, to provide technical support and network operations service. (Compl. ¶¶ 20, 257.) Specifically, in March 2022, PowerSchool and Movate entered into the Global Services Agreement ("GSA")[2]. Declaration of Jonathan D. White ("White Decl."), Ex. A. Plaintiffs allege they are intended third-party beneficiaries of the GSA governing Movate's relationship with PowerSchool. (Compl. ¶¶ 303–05.)

On or about December 28, 2024, PowerSchool became aware of a data breach of PowerSchool's SIS, which contains the personal identifiable information ("PII") of over 60 million students, parents, and school employees. (Compl. ¶¶ 1, 5–6, 25, 31.) The Complaint alleges cybercriminals stole names, addresses, social security numbers, phone numbers, emails, grades, attendance, and medical information. (Compl. ¶¶ 31, 33.) Plaintiffs allege the cybercriminals were able to access the SIS through the compromised credentials of Rayson Cruz, a Movate employee located in the Philippines. (Compl. ¶ 72.)

On August 11, 2025, Plaintiffs filed the School District Direct Actions Master Consolidated Complaint and Jury Trial Demand (the "Original Track Two Complaint"), which did not name Movate as a defendant. (Dkt. 258.) On September 4, 2025, Plaintiffs sought leave to amend the Original Track Two Complaint. (Dkt. 280, 280-1.) Among other things, the proposed amended complaint added Movate as a defendant for the first time. *Id.*[3] The Court granted leave to amend on September 12,

---

[2] When Movate signed the GSA, its name was SlashSupport, Inc. d/b/a CSS Corp. Later in 2022, the corporation changed its name to Movate, Inc.  White Decl. ¶ 6.

[3] The Track Two School District Amended Class Action Complaint (Dkt. 263) does not name Movate as a defendant.

2025. (Dkt. 287.) On September 16, 2025, Movate, via its counsel, was issued with the summons and Complaint. (Dkt. 290.) The Complaint asserts three claims against Movate: Negligence (Count 8), Negligent Hiring and Supervision (Count 9), and Breach of Contract—Third Party Beneficiary (Count 10). (Dkt. 288.)

## III.  <u>LEGAL STANDARD</u>

Under Rule 12(b)(2), "the court may exercise personal jurisdiction over an out-of-state defendant consistent with both the forum state's long-arm statute and constitutional due process." *Palomar Health v. Am. Guar. & Liab. Ins. Co.*, 2021 WL 4035005, at \*2 (S.D. Cal. Sept. 3, 2021) (Benitez, J.), *aff'd*, 2022 WL 3006356 (9th Cir. July 28, 2022). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Per Rule 12(b)(6), a claim must be dismissed unless it pleads "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 12(b)(6). The complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## IV.  <u>ARGUMENT</u>

The Court should dismiss Plaintiffs' claims against Movate with prejudice for multiple independent reasons. *First*, the Court lacks personal jurisdiction over Movate. Plaintiffs fail to allege purposeful, suit-related conduct by Movate directed at California or any facts that would justify haling a remote service vendor into this forum. *Second*, even if Plaintiffs could establish personal jurisdiction, the Complaint fails to state a claim against Movate. The negligence claim fails because Movate owed

no duty to Plaintiffs, and Plaintiffs do not allege facts showing that Movate breached any such duty. Plaintiffs' negligent hiring and supervision claim fails because Plaintiffs do not, and cannot, allege that Movate knew or should have known of any specific risk posed by its employee, Rayson Cruz. Further, the breach of contract claim fails because Plaintiffs are not parties to the contract between Movate and PowerSchool, nor do they allege facts showing the contract was intended for their direct benefit as required under New York law, which governs the agreement. Additionally, Plaintiffs fail to allege facts constituting a breach of that contract. Finally, if Plaintiffs' contract claim proceeds, their tort claims should be dismissed as duplicative of the breach of contract claim.

A.   The Court Lacks Personal Jurisdiction Over Movate

Plaintiffs fail to establish that this Court may exercise personal jurisdiction over Movate. The Complaint alleges nothing more than conclusory allegations that Movate has "continuous and systematic contacts" with California and "directed contacts" here through "technical support for PowerSchool customers" and a "decision to conduct business with PowerSchool." (Compl. ¶ 23.) But Movate is a Delaware corporation headquartered in Texas, it is not "at home" in California, and Plaintiffs fail to identify any suit-related conduct purposefully directed at this forum. Because Plaintiffs have not alleged facts showing either general or specific jurisdiction, and because exercising jurisdiction would be inconsistent with due process, all claims against Movate must be dismissed under Rule 12(b)(2).

(1)   *Plaintiffs Allege Only Conclusory Assertions of Jurisdiction*

A plaintiff "cannot simply rest on the bare allegations of the complaint" to establish personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Conclusory allegations that a defendant "conducted business" or "directed communications" to the forum do not satisfy a plaintiff's *prima facie* burden. *Swartz*, 476 F.3d at 766 ("[C]onclusory allegations . . . are insufficient to establish a *prima facie* showing of personal jurisdiction.").

5

Here, the Complaint's jurisdictional allegations are confined to a single paragraph: Plaintiffs assert that the Court has personal jurisdiction because this action "arises from Movate's continuous and systematic contacts with California" and because Movate "directed contacts to California through technical support for PowerSchool customers" and a "decision to conduct business with PowerSchool." (Compl. ¶ 23.) These conclusory statements, which lack any factual allegations identifying where the purported support occurred, who provided it, or how it was specifically directed to California, are insufficient as a matter of law. *See Palomar Health*, 2020 WL 1849664, at *2 (granting dismissal on personal jurisdiction grounds where the only supporting allegations were conclusory).

(2) *Plaintiffs Fail to Establish General Jurisdiction Because Movate Is Not "At Home" in California*

A corporate defendant is subject to general jurisdiction only where it is "essentially at home," ordinarily its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Movate is incorporated in Delaware and maintains its principal place of business in Plano, Texas. (Compl. ¶ 20.) Plaintiffs do not allege that Movate is incorporated in California, headquartered here, or that this is one of the "exceptional" cases where a corporation's operations are so pervasive as to render it "at home" in the forum. *Daimler*, 571 U.S. at 138–39 n.19. Absent those circumstances, the exercise of general jurisdiction would violate due process. *See BNSR Ry. Co. v. Tyrrell*, 581 U.S. 402, 413–16 (2017) (rejecting Montana's general jurisdiction over a defendant incorporated in Delaware and headquartered in Texas); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069–70 (9th Cir. 2015) (affirming dismissal based on Oregon's lack of jurisdiction over a Dutch subsidiary that had "limited activities" in Oregon but was incorporated and headquartered in the Netherlands). As a result, Plaintiffs have failed to establish general personal jurisdiction over Movate.

(3)    *Plaintiffs Fail to Establish Specific Jurisdiction*

To establish specific jurisdiction, a plaintiff must demonstrate (1) the defendant purposefully availed itself of the forum or purposefully directed activities towards the forum, (2) the claims arise out of those forum-related activities, and (3) the exercise of jurisdiction would be reasonable. *Schwarzenegger*, 374 F.3d at 802. Plaintiffs have not satisfied their burden. *See Matter of Star & Crescent Boat Co., Inc.*, 549 F. Supp. 3d 1145, 1170 (S.D. Cal. 2021) (Benitez, J.) (dismissing for lack of personal jurisdiction where defendant's allegedly negligent conduct occurred entirely outside California, and plaintiff relied solely on his own residency to create a forum connection).

***No Purposeful Availment.*** The Supreme Court has made clear that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* The focus must be on "the defendant's suit-related conduct" and whether it creates a "substantial connection" with the forum. *Id.* at 284. Plaintiffs' bare assertions that Movate "directed contacts" to California through "technical support" and a "decision to conduct business with PowerSchool" omit critical facts—such as where the support occurred, how it was provided, or whether it was expressly aimed at California. Such conclusory allegations do not satisfy purposeful availment. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069–71 (9th Cir. 2017) (no personal jurisdiction where alleged communications incidentally reached California but were not expressly aimed there); *Moser v. Lifewatch Inc.*, 2020 WL 1849664, at *8 (S.D. Cal. Apr. 13, 2020) (dismissing for lack of personal jurisdiction because the complaint offered only conclusory allegations tying defendant's out-of-state conduct to California, which was insufficient to show purposeful availment).

***No Relation Between Movate's Alleged Contacts and Plaintiffs' Claims.*** Plaintiffs allege only that Movate provided technical support for PowerSchool and that a Movate employee's credentials were compromised (Compl. ¶¶ 46, 261), without

7

alleging that any credential management or related conduct occurred in California. They do not allege facts showing that any of Movate's "challenged conduct had anything to do with California itself." *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (no personal jurisdiction where defendant's conduct occurred in Michigan and was not connected to California). For example, Plaintiffs do not allege that any support activities occurred in California, that Movate's conduct was targeted at California residents, or that any conduct in California gave rise to their claims. To the contrary, Plaintiffs allege that Movate provided support services from abroad and that Rayson Cruz was employed by Movate in the Philippines when his credentials were allegedly compromised. (Compl. ¶ 72.)

Courts in this Circuit have rejected personal jurisdiction where, as here, the defendant's alleged conduct consists of remote services or incidental communications with the forum. *See, e.g.*, *Picot*, 780 F.3d at 1214–15 (affirming dismissal for lack of personal jurisdiction where Michigan defendant's suit-related conduct occurred entirely outside California); *Certified Nutraceuticals, Inc. v. Oleofarm Sp. z o.o.*, 2018 WL 1245261, at *5 (S.D. Cal. Mar. 9, 2018) (Benitez, J.) (no personal jurisdiction over company organized under Polish law where its only California contacts were two years of email correspondence); *Lee v. Netgain Tech., LLC*, 2022 WL 993552, *3–6 (S.D. Cal. Apr. 1, 2022) (Minnesota-based IT provider not subject to jurisdiction in California where the data breach and relevant technical operations occurred outside the forum); *Nimbus Data Sys., Inc. v. Modus LLC*, 2014 WL 7387200, *5 (N.D. Cal. Dec. 29, 2014) (Arizona corporate defendant not subject to jurisdiction in California because its out-of-state conduct and contract for "limited technical support" were too attenuated to show purposeful availment); *Azzarello v. Navagility, Inc.*, 2008 WL 4614667, *3 (N.D. Cal. Oct. 16, 2008) (no personal jurisdiction over New York corporate defendant where its sole California contacts were remote communications). Thus, Plaintiffs have failed to establish specific personal jurisdiction over Movate.

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

(4)     *Exercising Jurisdiction Over Movate Would Be Unreasonable*

Even if Plaintiffs could satisfy the first two prongs (they cannot), exercising jurisdiction over Movate would be unreasonable. Courts in the Ninth Circuit consider seven factors in evaluating whether the exercise of jurisdiction over a nonresident defendant comports with "fair play and substantial justice":

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487–88 (9th Cir. 1993).

Each of these factors weighs against exercising personal jurisdiction. The Complaint does not allege that Movate deliberately directed its conduct toward California, or that Movate maintains offices, employees, or property here. Rather, Plaintiffs acknowledge that Movate's role was limited to providing technical support remotely from outside the state, including by employees located abroad, on behalf of its client, PowerSchool under a contract governed by New York law. (Compl. ¶¶ 72, 257.) That type of incidental, background commercial relationship falls far short of the degree of "purposeful interjection" required to satisfy due process. *See Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) ("[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum."); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 ("The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise.").

The remaining factors also make clear that jurisdiction would be unreasonable. Litigating in California would impose a significant burden on Movate, which is a

9                                    CASE NO. 3:25-md-3149-BEN-MSB

Delaware corporation headquartered in Texas with no operational presence in this state. Plaintiffs, by contrast, face no prejudice from the absence of jurisdiction over Movate because they can pursue their claims fully against PowerSchool, the entity they allege to have compromised their data. And California's interest in resolving a dispute involving a non-Californian information technology services provider—particularly where the gravamen of Plaintiffs' claims concerns conduct by California-based PowerSchool—is minimal. This interest is further diminished because most Plaintiffs are non-California school districts whose alleged injuries bear little connection to this forum. In sum, Plaintiffs' bare-bones assertions of contacts in California are not sufficient to satisfy their pleading burden. *See Palomar Health*, 2021 WL 4035005, at *2 (quoting *Swartz*, 476 F.3d at 766).

>B.      The Complaint Fails to Allege Negligence Against Movate [Count 8]

>>(1)      *Choice of Law*

In multidistrict litigation, the Court must apply the choice of law rules of the court from which the action was transferred. *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 604 n.1, 610 (7th Cir. 1981). Plaintiffs hail from fifteen different states. (Compl. ¶¶ 148, 310.) For efficiency's sake and consistent with PowerSchool and Bain's Motion (Dkts. 300, 301), the parties have agreed to focus on the laws of Illinois, New Hampshire, New York, Pennsylvania, Tennessee, and Utah.[4]

>>(2)      *Plaintiffs Fail to State a Negligence Claim*

To state a negligence claim, a plaintiff must allege that the defendant owed a duty of care, breached that duty, caused the plaintiff's injuries, and that the plaintiff suffered damages. *See, e.g.*, *Mann v. City of Chula Vista*, 2020 WL 5759749, at *9 (S.D. Cal. Sept. 28, 2020). Each element is required. Because Plaintiffs fail to allege

---

[4] Movate reserves all rights, including the right to respond to arguments raised in opposition to this Motion asserting that the law of other jurisdictions governs the common-law counts brought by any plaintiff.

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

that Movate owed them any duty, their negligence claim must be dismissed.

***Duty.*** Whether a duty exists is a question of law. *See, e.g.*, *Rowland v. Christian*, 69 Cal. 2d 108, 112 (1968).[5] The Complaint attempts to ground Movate's alleged duty in several sources: foreseeability, a "special relationship," industry and regulatory standards, and contractual obligations between PowerSchool and the school districts. (Compl. ¶¶ 266–72.) All of these theories fail.

First, Plaintiffs allege that their harm was "entirely foreseeable to Movate" because Movate "knew or should have known" that its alleged failure to "secure" employee credentials could expose PowerSchool's databases to a breach. (Compl. ¶ 267.) But foreseeability does not, by itself, create a legal duty. *Kingsley v. Price*, 163 A.D.3d 157, 162 (N.Y. App. Div. 2019). Expanding liability on that basis would expose every subcontractor or vendor in a technology ecosystem to negligence claims by all end users of a product or service. That would create precisely the "universe of potential claims" and "potentially overwhelming liability" that courts have cautioned against. *E.g.*, *Southern Cal. Gas Leak Cases* ("*Southern Cal. Gas*"), 7 Cal. 5th 391, 401–03 (2019); *Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*, 485 F. Supp. 3d 885, 898 (E.D. Mich. 2020) (declining to impose a negligence duty on a cloud-services provider to prevent a cyberattack, recognizing that such a rule would expose vendors to open-ended liability for precautions beyond their contractual obligations at motion to dismiss stage).

Moreover, Plaintiffs fail to assert that Movate was aware of the alleged security vulnerabilities in its employees' credentials. The Complaint does not allege that

---

[5] *See also Bruns v. City of Centralia*, N.E.3d 684, 689 (Ill. 2014); *Deheer v. Am. Academy Podiatric Practice Mgmt.*, 2011 WL 1019911, at *1 (Mass. Super. Ct. Jan. 31, 2022); *Sisson v. Jankowski*, 809 A.2d 1265, 1267 (N.H. 2002); *Moss v. New York Tel. Co.*, 196 A.D.2d 492, 493 (N.Y. App. Div. 1993); *Fragale v. Wells Fargo Bank, N.A.*, 480 F. Supp. 3d 653, 660-62 (E.D. Pa. 2020); *Stewart v. State*, 33 S.W.3d 785, 793 (Tenn. 2000); *Miller v. W. Valley City*, 397 P.3d 761, 765 (Utah App. 2017).

11                                    CASE NO. 3:25-md-3149-BEN-MSB

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

Movate knew or should have known of any particular vulnerability, deficiency, or warning sign suggesting that its systems were insecure or that a breach was imminent. Their theory rests solely on the general proposition that data breaches are foreseeable in the modern environment; such a theory would allow for a "universe of potential claims" that may discourage companies like Movate from engaging in "socially beneficial behavior." *See Southern Cal. Gas*, 7 Cal. 5th at 401–03. That is insufficient as a matter of law. *See Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*, 131 N.Y.S.3d 817, 825 (N.Y. Sup. Ct. 2020) (finding plaintiffs failed to allege duty based on foreseeability where they "did not assert that [defendant] was aware of any specific risks to its data security system"). Because the Complaint alleges no facts showing that Movate had awareness of any specific risk or defect in its security practices, its foreseeability allegations fail to establish a duty of care.

Second, Plaintiffs claim a "special relationship" existed because Movate "became an integral component" of the educational data-security framework. (Compl. ¶ 268.) That theory fails. A special relationship is characterized by dependence, control, or the plaintiff's status as an intended beneficiary. *See Regents of Univ. of Cal. v. Superior Court*, 4 Cal. 5th 607, 619 (2018); *Brown v. USA Taekwondo*, 11 Cal. 5th 204 (2021); *see also Pulka v. Edelman*, 40 N.Y.2d 781, 783–84 (N.Y. Ct. App. 1976) (no duty to control conduct of third party absent special relationship); *Newton v. Tinsley*, 970 S.W.2d 490, 493 (Tenn. Ct. App. 1997) (special relationship only imposed "in relationships involving some degree of dependence or mutual dependence"). Courts reserve special relationship duties for narrowly defined categories—such as parents and children, carriers and passengers, employers and employees, and innkeepers and guests—not for commercial service providers that are steps removed from the plaintiffs. *See Brown*, 11 Cal. 5th at 216; *Tinsley*, 970 S.W.2d at 493 (discussing categories of special relationships). Courts are reluctant to recognize special relationships beyond these few narrow, historically recognized categories. *Brisbine v. Outside In Sch. of Experiential Educ., Inc.*, 799 A.2d 89, 93 (2002) (Pa.

12

Super. 2002) ("A special relationship is limited to the relationships described in Sections 316–319 of the Restatement (Second) of Torts"—including duties of parents, masters, land possessors, and custodians of dangerous individuals).

The relationship here, between school districts and a subcontractor engaged by PowerSchool, is too attenuated to create a duty. Movate had no direct dealings with Plaintiffs, no control over their data, and no undertaking directed to them. The Complaint alleges only that Movate provided backend services to PowerSchool (Compl. ¶¶ 46, 261), *not* that Movate collected or stored Plaintiffs' data, or that Plaintiffs knew Movate existed. *See Navarro v. Ski Data*, 2022 WL 18280359, at *10 (C.D. Cal. Dec. 7, 2022) (no duty where defendants did not store or possess the PII that was the subject of the action); *Smahaj*, 131 N.Y.S.3d at 825 (N.Y. Sup. Ct. 2020) (dismissing negligence claim where defendant did not owe a duty as third party possessed and stored the plaintiff's data); *In re U.S. Vision Data Breach Litig.*, 2025 WL 615366, at *8–10 (dismissing negligence claim where defendant did not owe a duty because third party collected the data, and there was "no relationship between the parties on which the [c]ourt [could] find" a duty); *cf. Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 773–74 (W.D.N.Y. 2017) (no "special relationship of trust and confidence" where plaintiffs alleged that they "provided their personal information and received assurances about the [defendants'] data security"). Moreover, Plaintiffs have failed to plead a special relationship because they were not intended beneficiaries and cannot allege reliance or control. *See* Section IV(D)(2), *infra*; *Adkins v. Everest Glob. Servs., Inc.*, 2024 WL 3887127, at *9–10 (D.N.J. Aug. 21, 2024) (dismissing negligence claim because plaintiffs failed to sufficiently plead the "foundational information" of a relationship between the parties that would give rise to a duty).

Third, Plaintiffs rely on various external frameworks—ISO 27000, FERPA, the FTC Act, and unspecified "industry standards"—to claim that Movate owed them a duty of care. (Compl. ¶¶ 265, 269, 272.) None of these imposes any privately enforceable obligation on Movate. Industry framework and voluntary standards may

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

inform whether conduct was reasonable once a duty exists, but they do not themselves create one. *See Fischl v. Pac. Life Ins. Co.*, 94 Cal.App.5th 108, 129 (2023) ("[I]ndustry custom or practice cannot create a legal duty."); *L.A. Fitness Intern., LLC v. Mayer*, 980 So.2d 550, 558 (Fla. Ct. App. 2008) ("[I]ndustry standards do not give rise to an independent legal duty."). FERPA provides no private right of action. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). The FTC Act likewise creates no private right of action. *Smahaj*, 131 N.Y.S.3d at 828; *see Harris v. Nationwide Mut. Fire Ins.*, 367 F. Supp. 3d 768, 776 (M.D. Tenn. 2019) ("Courts are leery of imposing a state common law duty based on a federal statute lacking a private right of action."); *see also, e.g.*, *In re SuperValu, Inc.*, 925 F.3d 955, 964 (8th Cir. 2019) (concluding that "Illinois is unlikely to recognize a legal duty enforceable through a negligence action arising from the FTCA"). Plaintiffs identify no statute, regulation, or standard that turns compliance expectations into a private cause of action or common-law duty.

Finally, Plaintiffs attempt to ground Movate's alleged duty in PowerSchool's contracts with school districts, claiming that those contracts required certain data-security measures and that Movate, as PowerSchool's subcontractor, "had a duty to perform its services in a manner that enabled PowerSchool to fulfill these contractual obligations." (Compl. ¶¶ 270–71.) This theory fails as a matter of law. Plaintiffs are not parties to any contract with Movate and do not plausibly allege that they are intended third-party beneficiaries of Movate's subcontract with PowerSchool. *See* Section IV(D)(2), *infra*. A contract between two parties does not, without more, create tort duties to non-parties. Moreover, Movate's subcontract with PowerSchool did not make it the guarantor of PowerSchool's own contractual performance. *See Smahaj*, 131 N.Y.S.3d at 825–26 (dismissing negligence claim where defendant provided data-processing services to another company and lacked control over the compromised system). Extending liability down the contractual chain from PowerSchool to its subcontractor would expose every vendor in a multi-tiered services relationship to negligence claims by all end users. *See Grifo & Co.*, 485 F. Supp. at 898. Because the

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

Complaint alleges no contractual relationship or duty running from Movate to the Plaintiffs, Plaintiffs' negligence claim against Movate must be dismissed.

**Breach.** Without a duty, there can be no breach, and thus no negligence. *Malone v. County of Suffolk*, 8 N.Y.S.3d 408, 409–10 (N.Y. App. Div. 2015); *Sousa v. State Sweepstakes Comm.*, 401 A.2d 1067, 1068 (N.H. 1979). Even if the Court finds Plaintiffs have made sufficient allegations to support the existence of a duty, their allegations do not amount to a breach by Movate.

Plaintiffs' allegations—even if taken as true—do not establish that Movate breached any duty. The Complaint itself attributes the failure to implement security measures, like multi-factor authentication, to PowerSchool, not Movate. (Compl. ¶¶ 72, 74, 208, 220.) Plaintiffs claim that PowerSchool "handed [Movate] the keys to the kingdom" by granting administrative access to its SIS without multi-factor authentication. (Compl. ¶ 74.) But Plaintiffs do not allege that Movate had any control over PowerSchool's decision to configure its systems or enforce authentication policies. Rather, the Complaint repeatedly asserts that PowerSchool failed to implement multi-factor authentication and other safeguards for its SIS, despite alleged industry standards requiring such measures. (Compl. ¶¶ 72, 74, 208, 220.) Movate cannot be liable for PowerSchool's alleged failure to implement multi-factor authentication or limit Movate's access within its SIS.

For example, when you log into your bank's online system, the bank—not the customer—controls whether multi-factor authentication is required. If the bank does not enable multi-factor authentication for its own system, the customer cannot be deemed negligent for following the bank's login protocols. The same principle applies here: PowerSchool alone controlled whether multi-factor authentication was required for access to its SIS. As a result, Movate cannot be held negligent as a matter of law for complying with the access configuration PowerSchool chose.

Plaintiffs' negligence claim must be dismissed because they fail to allege that Movate owed them a duty, or that Movate breached any such duty.

15                                                    CASE NO. 3:25-md-3149-BEN-MSB

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

C.     Plaintiffs Fail to State a Claim for Negligent Hiring, Training, Retention, and Supervision Against Movate [Count 9]

In addition to the four elements of common law negligence, to properly allege negligent hiring and supervision, a plaintiff must allege facts showing the defendant knew or should have known of the employee's propensity to engage in the conduct that caused the plaintiff's injuries. *Fuller v. Family Services of Westchester, Inc.*, 209 A.D. 3d 983, 984 (N.Y. App. Div. 2022) (dismissing negligent hiring, retention, and supervision claim dismissed where complaint failed to show employer should have known of employee's propensity to commit wrongful acts).[6]

Plaintiffs fail to adequately allege Movate was negligent in the hiring and supervision of its employee, Rayson Cruz. Here, the Complaint alleges Movate had a duty to Plaintiffs to hire competent employees "in compliance with its obligations to Plaintiffs" and because its employees "have access to highly sensitive data and confidential data" belonging to PowerSchool. (Compl. ¶¶ 289–290.) First, as stated above, the Complaint fails to properly allege that Movate owed a duty to Plaintiffs because their relationship to Movate is too attenuated to establish a duty. *See* Section IV(B)(2), *supra*. Nor were Plaintiffs in privity of contract with Plaintiffs such that a duty arose out of contract creating "an obligation to Plaintiffs." (*See* Compl. ¶ 289.)

Second, the Complaint fails to allege specific facts as to why Movate knew or should have known of Rayson Cruz's supposed propensity to commit conduct that

---

[6] The same is true under other relevant state laws. *See Buttermore v. Loans*, 2016 WL 308875, at *4-*5 (W.D. Pa. Jan. 25, 2016) (dismissing negligent hiring claim under Pennsylvania law where plaintiff failed to allege facts showing defendant knew or should have known of the employee's propensity for the alleged misconduct); *Peterson v. SCIS Air Sec. Corp.*, 2017 WL 943923, at *1-*2 (D. Utah Mar. 9, 2017) (same under Utah law); *Tessier v. Rockefeller*, 33 A.3d 1118, 1132–33 (N.H. 2011) (same under New Hampshire law); *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 737 (Tenn. Ct. App. 2018) (same under Tennessee law); *Van Horne v. Muller*, 705 N.E.2d 898, 906-07 (1998) (same under Illinois law).

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

would lead to his login credentials being compromised. *D.T.*, 147 N.Y.S.3d at 623–24. The Complaint fails to allege any prior instances of conduct by Rayson Cruz that would have put Movate on notice that his cybersecurity conduct fell below a certain standard such that a data breach might occur.[7] *Compare Sokola v. Weinstein*, 187 N.Y.S.3d 493, 502 (N.Y. App. Div. 2023) (complaint adequately alleged corporate officer was liable for producer's behavior where he was on notice of prior allegations of predatory behavior and sexual assaults, and participated in their settlement or concealment), *with Heflin*, 571 S.W.3d at 737 (negligent hiring claim properly dismissed where complaint failed to allege employee had criminal history or prior behavior that would "have disqualified her from being hired as a bank teller.").

Instead, the Complaint merely asserts that Movate knew or should have known Rayson Cruz was unfit to "implement [security] measures to secure the data that was compromised in the Data Breach." (Compl. ¶ 300.) The Court should not credit such "threadbare recitals of the elements of [negligent hiring and supervision], supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. Thus, Plaintiffs fail to allege—nor could they—specific facts showing Movate knew or should have known Cruz was at risk of credential compromise. *See generally* Compl. ¶¶ 288–301; *Tessier*, 33 A.3d at 1132–33 (claim of negligent hiring and supervision dismissed where complaint only stated conclusions of law).

Third, Plaintiffs fail to connect Movate's alleged negligent conduct in the hiring and supervision of Rayson Cruz to their alleged harm caused by the data breach—it is equally plausible that Movate acted with due care under the facts alleged—and thus Plaintiffs fail to establish *Iqbal* and *Twombly* pleading requirements. Allegations that

---

[7] The Complaint also alleges it was Movate's failure to require multi-factor authentication that led to Rayson Cruz's login credentials being compromised leading to the data breach (Compl. ¶¶ 294–95, 298–99). However, as stated above, Movate could not control whether PowerSchool required multi-factor authentication.

are merely "consistent with" liability do not bring a claim "over the line between possibility and plausibility," and fail to meet the federal pleading standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Instead of specific allegations, Plaintiffs rely on vague assertions that Movate breached its duty by failing to "appropriately train its employees to secure their credentials" and "implement the principle of least privileges." (Compl. ¶ 299.) However, outside of conclusory allegations, Plaintiffs fail to tie these alleged failings to the Data Breach. (*See* Compl. ¶¶ 300–01.) Without such facts, the allegations do not support a reasonable inference that Movate's conduct in hiring and supervising Rayson Cruz breached any alleged duty, particularly where the criminal acts of third parties are at issue.

Plaintiffs also fail to allege any non-conclusory allegations showing causation. Plaintiffs' single allegation states that "Movate's negligence in hiring, supervising, training, and retaining Rayson Cruz was a substantial factor in causing Plaintiffs' harms." (Compl. ¶ 301.) This allegation fails to give Movate "fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Thus, the Complaint fails to allege the essential elements of negligent hiring and supervision and Count 9 should be dismissed with prejudice against Movate.

D.    The Complaint Fails to Properly Allege Breach of Contract Against Movate, As Plaintiffs Are Not Third-Party Beneficiaries [Count 10]

Plaintiffs' third-party beneficiary claim (Count 10) fails under well-established principles of contract law. Here, New York law governs the claim, and under that law, Plaintiffs cannot be third-party beneficiaries because the contract between PowerSchool and Movate lacks any provision expressly demonstrating an intent to benefit them. Rather, Plaintiffs are merely incidental beneficiaries of the agreement and therefore lack standing to assert third-party beneficiary claims.

(1)    *New York Law Governs Plaintiffs' Third-Party Beneficiary Claim*

Plaintiffs allege they are intended third-party beneficiaries of the contract governing Movate's relationship with PowerSchool. (Compl. ¶¶ 303–05.) The GSA,

18

which governs that relationship, contains a New York choice-of-law provision. White Decl. Ex. A § 15.2.[8] Under New York law, such provisions are enforceable and interpreted to effectuate the parties' intent. *IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*, 982 N.E.2d 609, 612–13 (2012) (holding that N.Y. Gen. Oblig. Law § 5-1401 expressly allows parties to have their contracts governed by New York law, reflecting New York's strong policy favoring enforcement of choice-of-law clauses).

(2)    *Plaintiffs Are Not Third-Party Beneficiaries*

Under New York law, Plaintiffs lack standing to enforce the GSA because they are not third-party beneficiaries. "A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that 'clearly evidence[ ] an intent to permit enforcement by the third party' in question." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (citing *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45 (N.Y. 1985)). The burden of proof rests on the party claiming to be an intended third-party beneficiary. *Mendel v. Henry Phipps Plaza West, Inc.*, 6 N.Y.3d 783, 786 (N.Y. 2006).

To establish third-party beneficiary status, Plaintiffs must show: "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit, and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties

---

[8] The Court may consider the GSA on this Motion because Plaintiffs incorporated the GSA by reference into the Complaint. Under the Ninth Circuit's incorporation-by-reference doctrine, courts may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quotation omitted). Incorporation by reference is appropriate where "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Id.* Here, Plaintiffs' claim that Movate breached its agreement with PowerSchool depends on the contents of the GSA, Movate has attached the GSA to its motion (as White Decl. Ex. A), and the GSA's authenticity is undisputed.

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

of a duty to compensate [them] if the benefit is lost." *Burns Jackson Miller Summit & Spitzer v. Lindner*, 451 N.E.2d 459, 469 (N.Y. 1983).

The New York Court of Appeals has emphasized Plaintiffs must allege "an intent to benefit the third party." *Dormitory Auth. of N.Y. v. Samson Constr. Co.*, 94 N.E.3d 456, 459 (N.Y. 2018) (quoting *Port Chester Elec. Constr. Corp. v. Atlas*, 357 N.E.2d 983, 985–86 (N.Y. 1976)). "[A]bsent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts." *Id.*

Applying these principles, New York courts permit a third party to enforce a contract in two situations: "(1) when the third party is the only one who could recover for the breach of contract or (2) when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party." *Id.* Neither situation is applicable here.

***Plaintiffs are not the only party that can recover under the GSA***. A third party cannot enforce a contract under this scenario if it is not the exclusive party entitled to recovery. *See Fourth Ocean Putnam Corp.*, 66 N.Y.2d at 45 (plaintiff hotel owner was not intended beneficiary where village and the public also had "contingent interest" in the performance of the contract to demolish building on hotel owner's land); *Dormitory Auth.*, 94 N.E.3d at 460 (plaintiff city merely incidental beneficiary where contracting party brought its own breach of contract claim). Where, as here, the contracting party, PowerSchool, has the right to bring its own claim, the third party is not the only party that can recover. *Dormitory Auth.*, 94 N.E.3d at 460; *Whitaker v. On the Right Track Sys., Inc.*, 2022 WL 785058, at *6 (S.D.N.Y. Mar. 14, 2022) (plaintiff could not recover under contract where dissolved contracting party could have brought breach of contract claim at the time the contract was entered into). If Movate had breached the GSA, then PowerSchool would have standing to assert a breach of contract claim against Movate. Therefore, Plaintiffs are not within the first category permitting third-party contract enforcement. *Fourth Ocean*, 66 N.Y.2d at 45–46 (upholding dismissal of third-party beneficiary claim where third party was not the

20                                                        CASE NO. 3:25-md-3149-BEN-MSB

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

exclusive party able to recover).

**_The GSA does not expressly evidence the parties' intent to benefit school districts that use PowerSchool's services_**. The New York Court of Appeals has instructed that finding an intent to permit enforcement by a third party "generally require[s] express contractual language stating that the contracting parties intended to benefit a third party." _Amable v. New Sch._, 2022 WL 1443352, at *5 (S.D.N.Y. May 6, 2022) (quoting _Dormitory Auth._, 94 N.E.3d at 459); _cf. HTRF Ventures, LLC v. Permasteelisa North America Corp._, 141 N.Y.S.3d 17, 25 (N.Y. App. Div. 2021)) (plaintiff was intended third-party beneficiary of contract between contractor and subcontractor where contract language "contains clear language evincing an intent to permit enforcement by plaintiff"). In _HTRF Ventures_, the court held that such express third-party beneficiary contract language existed, which provided that "[a]ll such warranties shall be deemed to run to the benefit of the Owner" and "shall be in such form as to permit direct enforcement by Owner against any Trade Contractor or Sub-trade Contractor." _Id._ at 25. "In the absence of express language, such parties are generally considered mere incidental beneficiaries." _Id._; _see also Whitaker_, 2022 WL 785058, at *7 (quoting _Dormitory Auth._, 94 N.E.3d at 460) ("While a contract may benefit a third party, that does not in itself establish enforcement rights in that third party."); _Dormitory Auth._, 94 N.E.3d at 459 (third-party beneficiary claim failed where contract did not "expressly name the [third party] as an intended third-party beneficiary nor authorize the [third party] to enforce obligations thereunder").

Plaintiffs have not identified any provision in the GSA that designates them as third-party beneficiaries, as required under New York law. _Sazerac Co. v. Falk_, 861 F. Supp. 253, 259 (S.D.N.Y. 1994). That is unsurprising because no such provision exists. Instead, Plaintiffs baldly assert, "Movate and PowerSchool mutually intended that Plaintiffs would be beneficiaries under their contract." (Compl. ¶ 304.) Here, the GSA contains no express language designating Plaintiffs as intended third-party beneficiaries. Nor does it authorize them to enforce any obligations under the

21

agreement. To the contrary, the GSA expressly states that it "will inure to the benefit of and be binding upon the Parties, their respective successors, executors, administrators, heirs and permitted assignees." (White Decl. Ex. A § 15.1). As a result, Plaintiffs cannot establish that they are third party beneficiaries under controlling New York law.

(3)   *Plaintiffs Fail to Identify the Relevant Contractual Provisions and Rely on Speculative Pleading*

Even assuming Plaintiffs had third-party beneficiary standing to assert contract claims against Movate, those claims fail because Plaintiffs do not identify the specific provisions of the GSA that Movate allegedly breached. Under New York law, "[t]he plaintiff's allegations must identify the provisions of the contract that were breached." *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, 2022 WL 2441046, at *7 (S.D.N.Y. July 5, 2022) (quoting *Barker v. Time Warner Cable, Inc.*, 83 A.D.3d 750, 751 (2d Dep't 2011). "[I]t is 'an essential requirement for a breach of contract claim' that [Plaintiffs] identify the specific provisions of a contract that it alleges the defendant has violated.'" *Id.* (quoting *Gallo v. Inter-Con Sec. Sys. Inc.*, 2021 WL 3913539, at *9 (S.D.N.Y. Sept. 1, 2021) (internal quotation marks omitted)); *see also NFA Grp. v. Lotus Rsch., Inc.*, 180 A.D.3d 1060, 1061, 120 N.Y.S.3d 75 (2020) (affirming dismissal where "the complaint failed to specify the provisions of the parties' agreement that were allegedly breached").

Here, Plaintiffs fail to identify the contract governing Movate's relationship with PowerSchool—let alone the provisions Movate supposedly breached. (*See* Compl. ¶ 303) (alleging the existence of a contract "on information and belief"). For this reason alone, the breach of contract claim must be dismissed.

Moreover, Plaintiffs' allegations do not rise "above the speculative level," further requiring dismissal. *(RC) 2 Pharma Connect*, 2022 WL 2441046, at *8 (quoting *Twombly*, 550 U.S. at 555) (dismissing breach of contract claim for failure to allege facts showing defendant used plaintiff's confidential information in breach of

22

the agreement). Much of Plaintiffs' breach of contract allegations focus on their purported third-party beneficiary status (Compl. ¶¶ 302–05), while the remaining allegations merely recite the elements of a breach of contract claim. (*Id.* ¶¶ 306–09). Plaintiffs assert that Movate breached its contract "[i]n failing to adequately safeguard the data in its possession and allowing the Data Breach to occur" (*id.* ¶ 306) but offer no explanation of what specific actions fell below contractual standards. This conclusory allegation leaves both Movate and the Court to guess at the supposed breach. Accordingly, the breach of contract claim should be dismissed.

(4)     If Plaintiffs Are Third-Party Beneficiaries, Then Their Tort Claims (Counts 8 and 9) Should Be Dismissed as Duplicative

Even though Plaintiffs are not third-party beneficiaries for the reasons stated above, if they were, then their tort claims against Movate (Counts 8 and 9) must be dismissed as duplicative of their contract claims under New York law. Plaintiffs rely on the same alleged conduct and injury to support both their tort and contract claims.

Under New York law, a plaintiff may not assert tort claims that merely restate a breach of contract claim. The New York Court of Appeals has long held that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated," and that such duty "must spring from circumstances extraneous to, and not constituting elements of, the contract." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 516 N.E.2d 190, 193–94 (N.Y. 1987).

In determining whether claims are duplicative, courts evaluate "the nature of the injury, how the injury occurred and the harm it caused." *IKB Int'l, S.A. v. Wells Fargo Bank, N.A.*, 220 N.E.3d 646, 656 (N.Y. 2023). Where a plaintiff alleges "defendant[] breached [its] contractual duties because of" its supposed tort violation, the tort claim is duplicative of the breach of contract claim and should be dismissed. *Id.*

Plaintiffs' tort claims against Movate rest on the same factual allegations as their breach of contract claim—namely, that Movate failed to implement adequate safeguards to protect Plaintiffs' data. As in *IKB*, Plaintiffs rely on "identical allegations

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT

under the guise of separate claims." *IKB*, 40 N.Y.3d at 292. The conduct giving rise to the tort claims is not collateral to the contract, but rather the very failure to perform the contractual obligations. Plaintiffs allege that Movate breached its contract with PowerSchool by "failing to adequately safeguard the data in its possession and allowing the Data Breach to occur." (Compl. ¶ 306.) Plaintiffs' negligence and negligent hiring claims against Movate are based on the same purported conduct. *See, e.g., id.* ¶ 265 (alleging negligence for failure to take adequate safety protocols in protecting data); ¶ 297 (alleging negligent hiring for Movate's alleged failure to supervise and train Rayson Cruz). To the extent Movate owed Plaintiffs any duty—it did not—that duty would arise from Movate's contract with PowerSchool, not from any independent obligation. *See Clark-Fitzpatrick*, 516 N.E.2d at 193–94 (negligence claims properly dismissed where alleged duty and damages suffered were merely a restatement of contractual obligations). The tort allegations merely follow the same theory underlying the contract claim, offering conclusory examples of why Plaintiffs believe Movate failed to "adequately safeguard" their data.

Moreover, Plaintiffs seek the same damages in their breach of contract and tort claims—all harm supposedly resulting from the data breach. (*See id.* ¶¶ 285, 301 (seeking negligence and negligent hiring damages for costs associated with the Data Breach); ¶ 308 (claiming breach of contract damages for the injuries set forth in paragraph 136, which sets forth costs associated with the Data Breach)). The fact that Plaintiffs seek punitive damages in connection with their negligence claim does not change the analysis. *Green Star Energy Sols., LLC v. Edison Props., LLC*, 2022 WL 16540835, at *6 n.3 (S.D.N.Y. Oct. 28, 2022) ("Although [p]laintiff seeks punitive damages, which are generally not available in contract, these damages are an insufficient basis to render the fraud claim non-duplicative." (citations and quotations omitted)). Thus, the mere request for punitive damages (Compl. ¶ 287) does not render Plaintiffs' tort claims as non-duplicative of their contract claim.

Accordingly, if Plaintiffs have third-party beneficiary standing to assert a

contract claim, then their tort claims must be dismissed as duplicative.

## V.    CONCLUSION

For all of the foregoing reasons, Movate respectfully requests that the Court dismiss all claims asserted against it in the Complaint with prejudice.

DATED: November 17, 2025          Respectfully submitted,

                                 BROWN RUDNICK LLP


                                 By:  */s/ Dylan P. Kletter*
                                     DYLAN P. KLETTER
                                     JONATHAN D. WHITE
                                     SAMANTHA J. FLATTERY
                                     RENEE M. MOULTON
                                     Attorneys for Defendant,
                                     MOVATE, INC.

MOVATE'S NOTICE OF MOTION AND MOTION TO DISMISS TRACK 2 DIRECT ACTION COMPLAINT