James P. Frantz, Esq. (SBN 87492)
jpf@frantzlawgroup.com
William B. Shinoff, Esq. (SBN 280020)
wshinoff@frantzlawgroup.com
**FRANTZ LAW GROUP, APLC**
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone: (619) 233-5945
Fax: (619) 525-7672

*Co-Lead Counsel for the School District Direct Action Plaintiffs*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION<br><br>*This Document Relates to the School District Direct Action Track* | Case No. 25-MD-3149-BEN-MSB<br><br>MDL NO. 3149<br><br>**REPLY TO SCHOOL DISTRICT CLASS ACTION PLAINTIFFS' RESPONSE TO MOTION TO APPOINT PAUL W. EVANS TO SCHOOL DISTRICT DIRECT ACTION PLAINTIFFS' STEERING COMMITTEE** |

**INTRODUCTION**

The School District Class Action Plaintiffs ("Class Plaintiffs") responded to, but did not oppose, the School District Direct Action Plaintiffs' Motion. Their Response lacks any legal authority to support the arguments they make. To the extent the Response addresses the merits of the Motion, Direct Action Plaintiffs contend with those points below.

This Reply also addresses Class Plaintiffs' request for an order imposing a prior restraint on speech. As for other extraneous matters related to allegations about a national advertising campaign tied to an implied conspiracy against Class Plaintiffs, the Court may refer to the Declaration of William Shinoff.[1] Class Plaintiffs could have sought the relief they ask for through a proper noticed motion. They remain free to do so.

In any event, the Court should grant Direct Plaintiffs' Motion.

**ARGUMENT**

**I.     CLASS PLAINTIFFS' OBJECTIONS ARE IRRELEVANT TO THE APPOINTMENT OF DIRECT ACTION LEADERSHIP**

As explained in the Motion, Paul Evans' appointment to the Direct Actions' Steering Committee will serve the objectives the Court identified as preferable for purposes of leadership appointment in this MDL. The Court sought a diverse, experienced, and collaborative leadership group capable of coordinating work, sharing information, and advancing these cases in a streamlined and cost-effective manner. Direct Action Plaintiffs analyzed how and why Mr. Evans' appointment will further these goals based on his specific litigation experience and the resources his firm possesses.

Nothing in Class Plaintiffs' objections alters this conclusion. Mr. Evans' appointment concerns only the proposed internal leadership structure responsible for the

---

[1] Direct Action Plaintiffs request that the Court exercise its discretion to consider the evidence submitted with this Reply. *See Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018) ("[T]he court has the discretion to consider new evidence presented on reply, particularly if the new evidence appears to be a reasonable response to the opposition." (Citation omitted)).

prosecution of the Direct Plaintiffs' claims. It has no impact on Class Plaintiffs, their interests, or their leadership structure.

Unable to avoid these facts, Class Plaintiffs claim that the Motion "generates significant concerns" by complicating the progress made to this point and disturbing the Court's intention. Resp. at 2. They fail to identify how Paul Evans' appointment would complicate the progress made towards resolution. Nor do Class Plaintiffs explain how the proposed appointment would undercut the Court's desire for efficiency.

On the other hand, the unchallenged facts support that Mr. Evans' appointment would enhance the progression of this case. And the "recitation" of Mr. Evans' experience, combined with his firm's resume, support that his addition to the Steering Committee will promote the economical and efficient resolution of this case.

**A. Mr. Evans' Appointment Will Build On The Progress Already Made**

The Motion explained that Mr. Evans has been appointed to leadership in several MDLs. These were all swiftly resolved. The appointment of an additional member to the Steering Committee will promote the timely resolution of this MDL. Mr. Evans and his firm, Beasley Allen, bring invaluable experience and financial wherewithal that will enhance the resources available to all Plaintiffs. The undefined fear that adding Mr. Evans amounts to a step backwards simply goes against common sense.

Further, much of the current progress in this MDL can be attributed to the geographic diversity across leadership tracks. Based in Montgomery, Alabama, Mr. Evans and his firm will add to the geographic diversity of this leadership team while also bringing plenary experience and resources for all school districts' benefit.

**B. The Addition Will Compliment Direct Plaintiffs' Current Leadership**

The addition of Mr. Evans also compliments the robust, capable leadership team currently in place. Direct Plaintiffs' Steering Committee consists of counsel from three different law firms situated in California and Massachusetts. Working together, they were able to complete oppositions to motion to dismiss that focused on the common law claims from Plaintiffs spanning six different jurisdictions. The Court's ruling on these motions

2

will give all school districts a sense of what potential damages they may recover. For mediation purposes, Class Plaintiffs will have a more clear picture of the remedies available based on where districts are located.

Notably, Class Plaintiffs' opposition to PowerSchool's motion to dismiss did not address the choice of law rules applicable to this proceeding. Since the choice of law provisions in all school districts' statewide contracts are enforceable, Class Plaintiffs will benefit from an additional attorney's contributions to the motion drafting and legal research required to determine available remedies for school districts on a statewide basis.

Class Plaintiffs seem to take issue with Mr. Evans' experience not including data breach cases. But Beasley Allen has over one hundred attorneys, several of whom have worked on data breach cases. And Mr. Evans' experience specifically deals largely with involvement in *class action* cases. This nullifies the suggestion that Direct Plaintiffs have embarked on a smear campaign against the interim Class, or that they seek Mr. Evans' appointment to further their allegedly perverse intentions.

Finally, Frantz Law Group and Beasley Allen have represented over 2,000 school districts in litigation against vaping companies and social media companies in federal MDLs and state court complex cases. As the Court is aware, school districts' claims differ from individuals because they largely derive from allegations about misrepresentations and failures to fulfill contractual duties. The data breach itself simply brought these claims to light. The addition of another firm that has experience representing a large quantity of these particular entities will benefit all school districts. It will add an additional safeguard to ensure that this proceeding operates effectively and efficiently.

In sum, the addition of experienced counsel to Direct Plaintiffs' Steering Committee enhances efficiency by distributing workload, bringing additional perspective and expertise, and complimenting leadership bandwidth for all aspects of complex litigation. Class Plaintiffs provide no explanation for how Mr. Evans' appointment would actually complicate mediation—because none exists. The claim that Mr. Evans' appointment will take away from the efficiency and effectiveness underpinning this MDL does not comport

Case No. 25-MD-3149-BEN-MSB

with the facts. Direct Plaintiffs do not ask the Court for this appointment out of necessity. They merely seek to compliment the leadership qualities they already have in place.

## II.    THE FIRST AMENDMENT FORBIDS THE PROTECTIVE ORDER CLASS PLAINTIFFS SEEK WITHOUT ADEQUATE NOTICE

In the context of attorneys advising clients, the Supreme Court has made clear "that the creation and dissemination of information are speech within the meaning of the First Amendment." *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011) (collecting cases). The Supreme Court has repeatedly reaffirmed that "[t]he First and Fourteenth Amendments require a measure of protection 'for advocating lawful means of vindicating legal rights,' including 'advising another that his legal rights have been infringed and referring him to a particular attorney or group of attorneys . . . for assistance.'" *In re Primus*, 436 U.S. 412, 434 (1978) (citation modified) (quoting *NAACP v. Button*, 371 U.S. 415, 437 (1963)).

Here, Class Plaintiffs ask this Court for a protective order "governing the solicitation of clients" to address undefined "concerns about manageability and misrepresentation[.]" Resp. at 7. But Class Plaintiffs do not explain what this protective order would actually involve. Nor do Class Plaintiffs offer a valid justification for interfering with communications between attorneys and their retained school district clients. Class Plaintiffs broadly claim that the communications at issue caused "confusion," but fail to explain which putative members of the interim Class were confused.

Class Plaintiffs' request does not square with what case law or the Constitution demand. "In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted." *Stormans, Inc. v. Selecky*, 251 F.R.D. 573, 576 (W.D. Wash. 2008) (citations omitted). Class Plaintiffs fail to articulate any specific harm beyond generalized confusion, and they fail to define a single class member that received a supposedly confusing communication. They ignore that the entry of such an order—amounting to a prior restraint on speech—requires "a clear record and specific findings

that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).

Assuming that Class Plaintiffs seek the same form of corrective notice that they proposed to Direct Plaintiffs, case law suggests that this notice itself constitutes an improper communication to putative class members. *Compare* Shinoff Decl., Exh. B (Class Counsel's proposed corrective notice), *with O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2017 WL 3782101, at *7 (N.D. Cal. Aug. 31, 2017) (ordering corrective notice when "Class Counsel's e-mail strongly suggested to the average lay person that Class Members had to retain [Class Counsel's firm] to preserve their rights").

Lastly, Class Plaintiffs have had concerns with the same documents attached to their Response for two months. At any point, they could have sought a protective order by way of noticed motion. But Class Plaintiffs made their request in response to a Motion that addresses a facially collateral matter.

Seeing through the tactical maneuver by which Class Plaintiffs have brought this issue to the Court, it should deny their request. Direct Plaintiffs should have ample notice and opportunity to brief the issue before the Court considers the imposition of an order involving "serious restraints on expression." *Gulf Oil Co.*, 452 U.S. at 104.

## CONCLUSION

For the foregoing reasons, the School District Direct Action Plaintiffs respectfully request that this Court grant the Motion to Appoint Paul W. Evans to the School District Direct Action Plaintiffs' Steering Committee.

Respectfully submitted,

DATED: November 18, 2025       By:  */s/ William B. Shinoff*
_____

James P. Frantz (State Bar No. 87492)
William B. Shinoff (State Bar No. 280020)
Kristin J. Westphal (State Bar No. 202046)
Edward M. Burak (State Bar No. 361196)
**FRANTZ LAW GROUP, APLC**

402 W. Broadway, Suite 860
San Diego, CA 92101
(619) 233-5945
jpf@frantzlawgroup.com
wshinoff@frantzlawgroup.com
kwestphal@frantzlawgroup.com
eburak@frantzlawgroup.com

Daniel Shinoff (State Bar No. 99129)
Gil Abed (State Bar No. 195771)
**ARTIANO SHINOFF**
3636 Fourth Avenue, Suite 200
San Diego, CA 92103
(619) 232-3122
dshinoff@as7law.com
gabed@as7law.com

Peter Mello (MA Bar No. 659680)
*Admitted Pro Hac Vice*
Felicia Vasudevan (MA Bar No. 687463)
*Admitted Pro Hac Vice*
**MURPHY, HESSE, TOOMEY & LEHANE LLP**
50 Braintree Hill Office Park, Suite 410
Braintree, MA 02184
(617) 479-5000
pmello@mhtl.com
fvasudevan@mhtl.com

*Attorneys for Plaintiffs, Co-Lead Counsel, and Steering Committee for the School District Direct Actions*

6