James P. Frantz, Esq. (SBN 87492)
jpf@frantzlawgroup.com
William B. Shinoff, Esq. (SBN 280020)
wshinoff@frantzlawgroup.com
**FRANTZ LAW GROUP, APLC**
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone: (619) 233-5945
Fax: (619) 525-7672

*Co-Lead Counsel for the School District Direct Action Plaintiffs*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION | Case No. 25-MD-3149-BEN-MSB<br><br>MDL NO. 3149 |
| *This Document Relates to the School District Direct Action Track* | **DECLARATION OF WILLIAM B. SHINOFF IN SUPPORT OF REPLY TO SCHOOL DISTRICT CLASS PLAINTIFFS' RESPONSE TO MOTION TO APPOINT PAUL EVANS TO THE SCHOOL DISTRICT DIRECT ACTION PLAINTIFFS' STEERING COMMITTEE** |

I, William B. Shinoff, declare as follows:

1.    I am a member of the State Bar of California and am admitted to practice law before the U.S. District Court for the Southern District of California. I am employed at Frantz Law Group, APLC, and I am the appointed Co-Lead Counsel for the School District Direct Action Plaintiffs in MDL No. 3149.

2.    I respectfully submit this declaration in support of Plaintiffs' Reply to the School District Class Action Plaintiffs' Response to the School District Direct Action Plaintiffs' Motion to Appoint Paul W. Evans to the Direct Action Plaintiffs' Steering Committee. All of the averments set forth herein are based on my personal knowledge and if called upon to testify thereto, I would and could competently do so.

3.    In or around early September 2025, I was contacted by James Cecchi, Lead Counsel for the School District Class Action Plaintiffs in this MDL. Mr. Cecchi requested that a corrective notice be sent to remedy what he claimed were misleading, false, or confusing statements made to school districts by law firms associated with Frantz Law Group.

4.    Because the law firms associated with Frantz Law Group in this matter are, and have been for years, outside counsel for school districts, I was confused by Mr.. Cecchi's assertions. I asked Mr. Cecchi to provide me with examples of the statements he claimed to be false or misleading.

5.    On or about September 16, 2025, John Nelson, a member of the School District Class Action Plaintiffs' Steering Committee, forwarded the documents containing statements that Mr. Cecchi claimed were false, misleading, or confusing. Mr. Nelson characterized these documents as "solicitations" to school districts. The documents included: (1) School Board Meeting Minutes for Auburn School District; (2) a news article in which a school district IT director made comments in support of directly pursuing litigation against PowerSchool; (3) a Technology Board Report from Auburn School District; and (4) a memo from Fagen Friedman & Fulfrost, LLP to its presently retained school district clients providing information and advice about joining the litigation. These

1

Declaration of William Shinoff

same documents are attached to School District Class Plaintiffs' response to the instant Motion.

6.    I reviewed the information provided by School District Class Counsel and, although I did not identify any false or misleading statements, I contacted the law firms referenced in the documents provided. Each law firm confirmed that the statements at issue were made to retained clients regarding the available litigation options arising from the PowerSchool data breach.

7.    As part of further meet and confer efforts, I asked for clarifications about the alleged false, misleading, or confusing statements; who was allegedly confused; to whom the proposed corrective notice should be directed; and what content counsel for the School District Class thought should be included in any notice.

8.    A true and correct copy of the chain of email exchanges evidencing the communications in paragraphs 3 through 7 above is attached hereto as **Exhibit A**.

9.    On or about September 25, 2025, I met and conferred with members of the School District Class Action Steering Committee via videoconference. During that meet and confer discussion, I reiterated that I had proactively investigated their concerns and confirmed that the statements at issue were made by the school districts' own outside counsel. Despite this, members of the School District Class Steering Committee insisted that a corrective notice should be sent to unspecified "affected" school districts, but were unable to identify a single district to whom the proposed corrective notice. Counsel for the School District Class ultimately conceded that their real concern was the potential "gutting of [their] class." I understood this to mean that School District Class counsel feared that many school districts might determine that pursuing individual actions was preferable to remaining in the class, thereby jeopardizing class certification and counsel's ability to secure a quick settlement for putative class members.

10.    In the interest of cooperation and for the benefit of the all Track Two Plaintiffs, I agreed to consider a corrective notice and asked Mr. Nelson to submit proposed

2

language for my review. A true and correct copy of the proposed corrective notice I received from School District Class Counsel is attached hereto as **Exhibit B**.

11. At my direction, Direct Action Plaintiffs' Steering Committee members edited and revised the notice. A true and correct clean copy of the revised corrective notice I approved is attached hereto as **Exhibit C**.

12. On or about October 14, 2025, Jason Alperstein, a member of the School District Class Action Steering Committee, communicated that counsel for the School District Class Action Plaintiffs did not agree to the revised version of the corrective notice. A true and correct copy of the email through which Mr. Alperstein rejected these revisions is attached hereto as **Exhibit D**.

13. Several additional conversations followed, during which I advised counsel for the School District Class that under their own class definition, school districts who file individual actions were not automatically excluded from the class. I also again requested the identification of the school districts who were confused or misled, and I asked for confirmation that those same districts qualified as class members under the current definition. I received no such identifications or confirmations.

14. Following these numerous meet and confer discussions and communications, it was my impression that counsel for the School District Class had decided that a corrective notice was not necessary and they did not wish to seek Court intervention.

15. The need for a corrective notice was not raised again until I asked all counsel of record whether any parties intended to oppose the instant Motion. Mr. Cecchi indicated that he wanted to "discuss" the request to appoint Paul Evans to the Direct Action Plaintiffs' Steering Committee before the Motion was filed. However Mr. Cecchi never followed up with me about this.

16. On or about November 13, 2025, I had a phone conversation with several counsel for the School District Class Action Plaintiffs at their request. On this call, counsel for the School District Class informed me that they would not oppose the appointment of

3

Mr. Evans to the School District Direct Actions' Steering Committee provided that counsel for the School District Direct Action Plaintiffs would agree to: (i) not file on behalf of any other plaintiffs moving forward; and (ii) a common benefit order that would cover both the Direct and Class Action School District Plaintiffs.

17.     On or about November 14, 2025, I informed counsel for the School District Class Action Plaintiffs that counsel for the School District Direct Action Plaintiffs would not agree to the terms demanded above. A true and correct copy of the email rejecting this proposal is attached hereto as **Exhibit E**.

18.     Several hours after I rejected the demand to stop filing Complaints on behalf of my clients and enter into a common benefit order, the School District Class Action Plaintiffs filed their Response to the underlying Motion.

19.     Consistent with what I have been telling counsel for the School District Class Action Plaintiffs for the past two months, I did not direct or encourage the lawyers, law firms, or school district personnel identified in the Response to make the statements they made to their retained school district clients. These law firms are retained counsel for school districts who advise their clients on their legal rights and options with respect to pursuing litigation.

20.     A true and correct copy of a memorandum addressing this litigation sent to West Ada School District's Board of Trustees is attached hereto as **Exhibit E**, a school district that was mentioned in the School District Class Action complaint.

21.     I am not aware of any national advertising campaign to sign up school district clients that is being executed by Frantz Law Group or any other law firm that is associated with Frantz Law Group.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2025 at San Diego, California.

*/s/ William B. Shinoff*
William B. Shinoff, Esq.

4

Case No. 25-MD-3149-BEN-MSB

Declaration of William Shinoff

Frantz Law Group, APLC
Attorney for Track Two School District Direct Actions Plaintiffs

5

Case No. 25-MD-3149-BEN-MSB

Declaration of William Shinoff