# APPENDIX A

## Appendix A: Overview of Plaintiffs' Claims Against Bain

| | Individual User Plaintiffs | School District Direct Action Plaintiffs | School District Class Action Plaintiffs |
|---|---|---|---|
| **Vicarious Liability Claims** | | | |
| **Alter Ego Liability** | Individual User Plaintiffs abandon this theory of liability in their Opposition. (Dkt. 319). | **Counts 1–3, 5–6, 11–22, 24–46:** Direct Action Plaintiffs fail to allege (1) unity of interest and ownership, or (2) an inequitable result from recognizing the corporate form. They cannot identify any non-conclusory allegations that Bain controlled PowerSchool before the alleged acquisition of a 51% ownership stake in October 2024. Their allegations concerning conduct after that date are either contradicted by the record or unsupported. They also have not demonstrated it would be inequitable to recognize corporate separateness of Bain and PowerSchool. (Dkt. 303 Section II; Dkt. 379 Section I). | Class Action Plaintiffs did not plead this theory of liability. |
| **Agency Liability** | **All Counts:** Individual User Plaintiffs fail to allege (1) a bilateral agreement that | Direct Action Plaintiffs did not plead this theory of liability, but their Opposition seeks leave to | Class Action Plaintiffs did not plead this theory of liability. |

| | Individual User Plaintiffs | School District Direct Action Plaintiffs | School District Class Action Plaintiffs |
|---|---|---|---|
| | PowerSchool would act as Bain's agent or (2) that Bain exercised the pervasive and continual control over PowerSchool required for an agency relationship. (*See* Dkt. 286 Section III.B; Dkt. 361 Section I). | amend to incorporate this theory to the extent the Court believes it is "the more appropriate analysis." (Dkt. 344 Section III.B). Amendment would be futile because they fail to allege either (1) a bilateral agreement or (2) pervasive and continual control over PowerSchool that would be required for an agency relationship. (*See* Dkt. 379 Section I.B). | |
| **Direct Liability Claims** | | | |
| **Intentional Interference with Contractual Relations** | Individual User Plaintiffs did not bring this claim against Bain or PowerSchool. | **Count 7:** Direct Action Plaintiffs fail to plausibly allege that (1) Bain intentionally procured a breach of PowerSchool's contracts with the school districts, (2) any supposed interference was improper or lacked a legitimate purpose, (3) Bain caused Direct Action Plaintiffs' injuries, or (4) PowerSchool breached its contracts. Plaintiffs fail to explain how Bain could have procured a breach or caused their injuries, | **Count 2:** Class Action Plaintiffs fail to plausibly allege that (1) Bain intentionally procured a breach of PowerSchool's contracts with the school districts, (2) any supposed interference was improper or lacked a legitimate purpose, (3) Bain caused Plaintiffs' injuries, or (4) PowerSchool breached its contracts. Plaintiffs fail to explain how Bain could have procured a breach or caused their injuries, |

| | Individual User Plaintiffs | School District Direct Action Plaintiffs | School District Class Action Plaintiffs |
|---|---|---|---|
| | | particularly when Bain had no right to control PowerSchool's actions before October 2024, and the alleged cybersecurity incident began months before Bain is alleged to have acquired an ownership interest. (Dkt. 303 Section III.A; Dkt. 379 Section II.A). | particularly when Bain had no right to control PowerSchool's actions before October 2024, and the alleged cybersecurity incident began months before Bain is alleged to have acquired an ownership interest. (Dkt. 303 Section III.A; Dkt. 379 Section II.A). |
| **Computer Fraud & Abuse Act ("CFAA")** | Individual User Plaintiffs did not bring this claim against Bain or PowerSchool. | Direct Action Plaintiffs did not bring this claim against Bain. (Dkt. 303-3). They have abandoned the CFAA claim they previously asserted against PowerSchool. (Dkt. 362, 368). | **Count 4:** Class Action Plaintiffs now pursue only a theory of conspiracy liability, but do not allege that (1) Bain entered into an agreement with PowerSchool to violate the CFAA; (2) Bain engaged in common activities in furtherance of a conspiracy; (3) Bain intended a CFAA violation; or (4) their alleged damages relate to losses from such unauthorized access. (Dkt. 303 Section III.B; Dkt. 379 Section II.B). |

| | Individual User Plaintiffs | School District Direct Action Plaintiffs | School District Class Action Plaintiffs |
|---|---|---|---|
| **California Comprehensive Data Access & Fraud Act ("CDAFA")** | Individual User Plaintiffs did not bring this claim against Bain. (Dkt. 286-5). | Direct Action Plaintiffs did not bring this claim against Bain. (Dkt. 303-3). | **Count 5:** Class Action Plaintiffs fail to allege that (1) Bain engaged in or assisted any of the acts proscribed by the relevant provisions of CDAFA; (2) acted with knowledge and without permission, or with intent for a conspiracy; or (3) caused damages or loss. (Dkt. 303 Section III.C; Dkt. 379 Section II.B). |
| **California Unfair Competition Law** | **Count XVI:** Individual User Plaintiffs fail to raise any allegations specific to Bain and rely on allegations of PowerSchool's actions. Individual User Plaintiffs also fail to meet the heightened pleading standard under Rule 9(b). (Dkt. 286 Section IV.B.6; Dkt. 361 Section II.A). | Direct Action Plaintiffs did not bring this claim against Bain or PowerSchool. | Class Action Plaintiffs did not bring this claim against Bain. |
| **Negligence** | **Count I:** Individual User Plaintiffs do not sufficiently allege that Bain owed them a duty (let alone breached it). Their theory of causation connecting | Direct Action Plaintiffs did not bring this claim against Bain. (Dkt. 303-3). | **Count 3:** Class Action Plaintiffs do not sufficiently allege that Bain owed them a duty (let alone breached it), because Bain did not collect or store Class Action |

| | Individual User Plaintiffs | School District Direct Action Plaintiffs | School District Class Action Plaintiffs |
|---|---|---|---|
| | Bain's alleged decisions regarding personnel and costs to the cybersecurity incident is also far too attenuated to be proximate. (Dkt. 286 Section IV.B.I; Dkt. 361 Section II.B). | | Plaintiffs' data. Plaintiffs also cannot plead a "reasonably close causal connection" between Bain's conduct and their injury. (Dkt. 303 Section III.E.1; Dkt. 379 Section II.C.1). |
| **Negligent Training & Supervision** | **Count IX:** Individual User Plaintiffs fail to name Bain in any of the allegations specific to this Count. They only allege that PowerSchool was in a position to monitor and supervise Movate. (Dkt. 286 Section IV.B.4; Dkt. 361 Section II.A). | Direct Action Plaintiffs did not bring this claim against Bain. | Class Action Plaintiffs did not bring this claim against Bain or PowerSchool. |
| **Unjust Enrichment** | **Count III:** Individual User Plaintiffs fail to allege that they conferred a benefit on Bain. They do not allege that Bain ever received money or other benefits from Plaintiffs, or that Bain sold any products or services to Plaintiffs. (Dkt. 286 Section IV.B.2; Dkt. 361 Section II.A). | Direct Action Plaintiffs did not bring this claim against Bain (Dkt. 303-3). | **Count 7:** Class Action Plaintiffs fail to sufficiently allege that they conferred a benefit on Bain. They make only conclusory allegations that their payments to PowerSchool conferred a benefit on Bain, and those allegations are not supported by any specific factual allegations in their |

| | Individual User Plaintiffs | School District Direct Action Plaintiffs | School District Class Action Plaintiffs |
|---|---|---|---|
| | | | Complaint. (Dkt. 303 Section III.E.2; Dkt. 379 Section II.C.2). |
| **Aiding & Abetting** | **Count XVII:** Individual User Plaintiffs fail to make allegations specific to Bain and instead rely only on allegations of PowerSchool's actions. They also improperly equate conclusory allegations of Bain's purported control of PowerSchool with Bain's knowledge of PowerSchool's negligent actions. (Dkt. 286 Section IV.B.7; Dkt. 361 Section II.B). | Direct Action Plaintiffs did not bring this claim against Bain or PowerSchool. | Class Action Plaintiffs did not bring this claim against Bain or PowerSchool. |
| **California Consumer Privacy Act (CCPA)** | **Count XIII:** Individual User Plaintiffs fail to plead that Bain meets the definition of a "business" under the CCPA. The aider-and-abettor theory raised in the Opposition also fails, because they did not raise it in their Complaint and because they do not present allegations that would | Direct Action Plaintiffs did not bring this claim against Bain or PowerSchool. | Class Action Plaintiffs did not bring this claim against Bain or PowerSchool. |

| | Individual User Plaintiffs | School District Direct Action Plaintiffs | School District Class Action Plaintiffs |
|---|---|---|---|
| | support it. (Dkt. 286 Section IV.B.5; Dkt. 361 Section II.B). | | |
| **Declaratory Judgment Act** | **Count VI:** Individual User Plaintiffs fail to plead any viable cause of action against Bain and therefore cannot pursue declaratory judgment. (Dkt. 286 Section IV.B.3; Dkt. 361 Section II.C). | Direct Action Plaintiffs did not bring this claim against Bain or PowerSchool. | **Count 8:** Class Action Plaintiffs fail to plead any viable cause of action against Bain and therefore cannot pursue declaratory judgment. (Dkt. 303 Section III.E.3; Dkt. 379 Section II.C.3). |