**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION<br><br>*This Document Relates to:*<br>   *Track Two School District Direct*<br>   *Actions* | Case No. 3:25-MD-03149-BEN-MSB<br><br>[PROPOSED] ORDER GOVERNING TRACK TWO DIRECT PLAINTIFF FACT SHEETS<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A |

-4-

JOINT MOTION                                                3:25-MD-03149-BEN-MSB

On March 13, 2026, the Track Two School District Direct Action Plaintiffs ("Plaintiffs" or "Direct Action Plaintiffs"), PowerSchool Corporation, PowerSchool Group LLC, Bain Capital, L.P., and Movate, Inc. ("Defendants," and together with the Direct Action Plaintiffs, the "Parties") filed a joint motion asking the Court to approve their Plaintiff Fact Sheet Template (the "PFS"). Having considered the joint motion, the Court orders as follows:

This Order governs the form and schedule for service of the PFS in cases that were transferred to this Court, directly filed in this Court, or subsequently transferred or directly filed in this Court. To facilitate discovery and to promote efficiency, all Direct Action Plaintiffs must complete a Plaintiff Fact Sheet ("PFS"), attached as Exhibit 1, as set forth below:

## I.    **<u>PLAINTIFF FACT SHEETS</u>**

1.    Each current Direct Action Plaintiff shall complete and produce documents responsive to the PFS attached hereto as Exhibit 1 with service upon Defendants counsel by April 16, 2026, unless the Parties agree to an extension. Defendants shall consider any reasonable requests for extensions of time to complete and produce documents responsive to the PFS in good faith.  Should the Court add any questions to the PFS or expand the information sought by the PFS, each Direct Action Plaintiff will have thirty (30) days from the date the Direct Action Plaintiff receives the Court's additional questions to respond.  Submission shall be made via email to the PowerSchoolMDLDefendants@ropesgray.com email listserv and shall constitute effective service of the PFS and any documents.

2.    Any Direct Action Plaintiff who files a Complaint, Short-Form Complaint, or is transferred to the MDL after April 16, 2026, shall serve a PFS within forty-five (45) days of filing or transfer. The PFS for these subsequent actions shall be in lieu of the initial disclosures required under Fed. R. Civ. P. 26(a)(1).

-5-

JOINT MOTION                                                            3:25-MD-03149-BEN-MSB

3.    Each PFS submission must be substantially complete, which means the responding Direct Action Plaintiff or Plaintiff's representative must: (1) answer the questions contained in the PFS to the best of his or her ability and (2) provide responsive documents that are located after a reasonable search of any and all sources likely to contain responsive information and within Direct Action Plaintiff's possession, custody, or control. A PFS shall not be deemed deficient solely because information or documents are not presently available despite a reasonable search. The responding Direct Action Plaintiff is not required to obtain documents from third parties or create documents that do not exist.

4.    Each Direct Action Plaintiff has a continuing duty to supplement and/or correct the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e), and the PFS must be verified and contain the signature of Direct Action Plaintiff or Plaintiff's representative. Any supplementation or correction shall not be deemed an admission that prior responses were inaccurate.

5.    Responses to the questions contained in the PFS shall be verified. All responses will be governed by the standards applicable to written discovery responses under the Federal Rules of Civil Procedure.

6.    The information that each Direct Action Plaintiff must provide when completing, submitting, and serving its PFS and responsive documents is without prejudice to Defendants' right to propound or seek additional non-duplicative discovery, including interrogatories, requests for production, and any inquiry at any deposition. The PFS shall not count against the numeric limits for written discovery, including but not limited to interrogatories, as set forth in Federal Rule of Civil Procedure 33 and United States District Court Southern District of California Civil Rule 33.1(a).

## II.    **<u>PFS DEFICIENCY DISPUTE RESOLUTION</u>**

1.    If Defendants deem a PFS deficient, Defendants shall notify the responding Direct Action Plaintiff's attorney of record of the purported deficiency(s) in writing via email. The Parties shall meet and confer regarding the deficiency(s) as soon as practicable, not to exceed three (3) business days of counsel for the Direct Action Plaintiff's receipt of the notice of deficiency from Defendants, unless otherwise agreed to by the Parties. The Parties are required to meet and confer regarding any identified deficiency(s) prior to raising any discovery disputes with the Discovery Master or the Court.

2.    Following the meet and confer, if the dispute is resolved, Plaintiffs will cure any identified deficiency as soon as practicable, and not later than within ten (10) business days, unless otherwise agreed to by the Parties.  If the dispute is not resolved following the meet and confer, or if Direct Action Plaintiffs fail to cure any identified deficiency within the required timeframe, Defendants may request a discovery conference to resolve the issue.

3.    Any Direct Action Plaintiff that fails to comply without good cause with the discovery obligations imposed by this Order within the time periods set forth herein, or with any obligations pursuant to an order from the Discovery Master or the Court related to its PFS, shall be subject to having its claim(s) dismissed upon motion by Defendants.

4.    To permit sufficient time for the Parties to confer to attempt to resolve any disputes in a manner that obviates the need for judicial intervention, the Parties hereby agree (subject to the Court's approval) to modify the Proposed Case Schedule, ECF No. 421, insofar as it requires the Parties to "meet and confer and identify/raise discovery disputes with Judge Burns regarding . . . Fact Sheets" by April 27, 2026, and to "meet and confer regarding Track 2 Direct bellwether discovery plan(s) and submit joint or competing plans to Court (Defendants and

JOINT MOTION                                                3:25-MD-03149-BEN-MSB

Track 2 Direct Plaintiffs)" by April 27, 2026. The Parties instead agree to "raise discovery disputes with Judge Burns regarding . . . Fact Sheets" by May 15, 2026, and to "meet and confer regarding Track 2 Direct bellwether discovery plan(s) and submit joint or competing plans to Court (Defendants and Track 2 Direct Plaintiffs)" by May 15, 2026. This modification introduces a period of approximately one month after service of the PFS on April 16, 2026 for the Parties to address any follow up arising from the PFS, as opposed to the 11-day turnaround for raising any disputes previously contemplated by the Proposed Case Schedule. The Parties agree to revisit these dates if and as necessary if the Court enters an alternative case schedule.

### III. CONFIDENTIALITY

Information provided pursuant to a PFS is deemed "Confidential" and will be subject to the terms of the Protective Order governing this action.

### IV. ADMISSIBILITY OF EVIDENCE

The Federal Rules of Evidence shall govern the admissibility of information contained in a PFS. Nothing in any PFS shall be deemed to limit the admissibility of evidence during this proceeding, including at trial. This paragraph does not prohibit a party from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged consistent with federal law, the Stipulated Protective Order with Modification (ECF Nos. 325 and 331), and the Stipulated Discovery and Search Protocol (ECF No. 394).

IT IS SO ORDERED.

Dated:    3/23/26

Hon. Roger T. Benitez
United States District Court Judge

-8-

JOINT MOTION                                          3:25-MD-03149-BEN-MSB

# Exhibit 1

**IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION**

**Case No. 3:25-MD-03149-BEN-MSB**

**PLAINTIFF FACT SHEET**

Please provide the following information for each Track Two School District Direct Action Plaintiff ("Direct Action Plaintiff" or "You") that claims that PowerSchool Corp. (f/k/a PowerSchool Holdings, Inc.), PowerSchool Group LLC, Bain Capital, L.P. and/or Movate, Inc. caused it injury as alleged in the above-captioned litigation.

In completing this Plaintiff Fact Sheet ("PFS"), You are under oath and must provide information that is true and correct to the best of Your knowledge. If You cannot recall all of the details requested, provide as much information as You can, including through review of documents or materials in Your possession, custody, or control. Be as specific as possible in all of Your answers. If You cannot recall a specific date requested, provide the approximate date to the best of Your recollection. Please do not leave any questions unanswered or blank. You are expected to type Your answers—if You require technical assistance, please consult Your attorney.

You may and should consult with Your attorney if You have any questions regarding the completion of this form.

*This PFS constitutes discovery responses subject to the Federal Civil Rules of Procedure. This PFS and the information provided herein will be used only for this litigation and are designated "Confidential" under the Protective Order entered by the Court on October 16, 2025, ECF No. 331.*

**DEFINITIONS**

Definitions applying to discovery requests pursuant to the Federal Rules of Civil Procedure are hereby incorporated by reference, unless limited by a narrower definition below. The use of the singular form of any word implies the plural and *vice versa*. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  The below definitions apply to this PFS:

1.    "Action" or "Litigation" means the action captioned *In re: PowerSchool Holdings, Inc. and PowerSchool Group, LLC Customer Security Breach Litigation*, 3:25-md-03149-BEN-MSB (S.D. Cal.) and all underlying lawsuits forming or associated therewith.

2.    "PowerSchool" means PowerSchool Corporation (f/k/a PowerSchool Holdings, Inc.) and PowerSchool Group, LLC, their predecessors, subsidiaries, and divisions, and all of their present and former officers, employees, agents, and attorneys, and any person acting or purporting to act on their behalf.

1

3.  "Movate" means Movate, Inc., its predecessors, subsidiaries, and divisions, and all of its present and former officers, employees, agents, and attorneys, and any person acting or purporting to act on its behalf.

4.  "You," "Your," "Direct Action Plaintiff," and "Direct Action Plaintiffs" means the Track Two School District Direct Action Plaintiffs in the Action, individually or collectively, as appropriate, and includes all subsidiaries and divisions, present and former officers, employees, agents, attorneys, and any person acting or purporting to act on their behalf or any entity subject to their control.

5.  "Cybersecurity Incident" means the cybersecurity incident discovered by PowerSchool on December 28, 2024, described in Plaintiffs' complaints in the above-Action.

6.  "Hosted Customer" means any Direct Action Plaintiff that did not host its data on its own servers and instead had its data stored on PowerSchool's servers.

7.  "Medical Information" means information that relates to the past, present, or future physical or mental health or condition of an individual and/or to the provision of health care to an individual.

8.  "On-Prem Customer" means any Direct Action Plaintiff that hosted its data "on-premises" on the School District Direct Action Plaintiff's own servers or servers it otherwise controlled, rather than via PowerSchool.

9.  "Your Claimed Damages Period" means the period of time for which You claim to be entitled to damages. If the period of time for which You claim to be entitled to damages exceeds five years, the phrase "Your Claimed Damages Period" shall mean the period December 28, 2019 through December 28, 2024 for purposes of this Plaintiff Fact Sheet.

10. "Parent" or "Parents" means any biological parent, adopted parent, legal guardian, foster parent, or other person acting *in loco parentis* for a Student, as recognized under applicable federal or state law or school district policy, including any individual who has authority to make educational decisions for a Student.

11. "Remote support feature" means the feature that, when enabled by a PowerSchool SIS customer, allows authorized PowerSchool support personnel to access a school's SIS via PowerSchool's Maintenance Access Tool to provide technical support or assistance.

12. "SIS" means PowerSchool's Student Information System.

13. "Student" or "Students" means any person who is or was enrolled in any school or educational program operated by or on behalf of a Direct Action Plaintiff during the relevant period.

2

14. "Teacher" or "Teachers" means any person employed by or contracted with a Direct Action Plaintiff whose duties include providing instruction to Students, including classroom teachers, special education teachers, instructional aids and other paraprofessionals, substitute teachers, and other instructional personnel, whether full-time, part-time, temporary, or permanent.

## INSTRUCTIONS

1. You are required to provide an answer for each question set forth below. In preparing Your answers, You must inquire of all Persons whose knowledge, files, or information lies within Your possession, custody or control and who have or may have responsive information. Do not leave blanks but include "NA" if a question does not apply to You.

2. If You believe that any of the questions calls for assertion of a claim of privilege, then respond to so much of the question as is not objected to, state the part of the question as to which You raise the objection, and set forth the nature of Your claim of privilege with respect to such information for which You claim a privilege.

3. If for reasons other than a claim of privilege You refuse or claim you are unable to respond to any question herein, state the grounds upon which the refusal or inability to respond is based.

4. "Describe" shall mean to set forth fully facts, circumstances, and information known to You or available to You that are relevant to the question and necessary to provide a complete and accurate response.

5. The singular form of a word shall include the plural and vice versa.

6. "And" and "or" shall be construed as either conjunctive or disjunctive, whichever is more inclusive in context.

7. Each of the terms "all," "any," and "each" shall be construed as all, any, and each as necessary to bring within the scope of each question all information that might otherwise be construed to be outside of its scope.

8. The present tense shall be construed to include the past tense and vice versa.

9. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

3

## FACTS REQUESTED

I. **CASE INFORMATION**

    A.    Name of the court in which Your complaint was initially filed:

    B.    Case number in the court in which Your complaint was originally filed:

    C.    Date that Your complaint was initially filed:

II. **REPRESENTATIVE CAPACITY**

    A.    Name(s) of individual(s) providing information to complete this Plaintiff Fact Sheet:

    B.    Individuals' relationship to the Direct Action Plaintiff upon whose behalf they are providing information to complete this PFS:

III. **DIRECT ACTION PLAINTIFF INFORMATION**

    A.    Full legal name:

    B.    Current business address:

    C.    State any other business or mailing addresses used for any period since December 1, 2023:

    D.    State the number of Students enrolled in Your school or school district in the 2024-2025 school year:

    E.    State the number of students enrolled in Your school or school district in the 2025-2026 school year:

    F.    State the number of Teachers in Your school or school district in the 2024-2025 school year:

IV. **SIS INFORMATION**

    A.    State whether You contracted with PowerSchool for the SIS at any time within Your Claimed Damages Period.

    B.    State whether You are an On-Prem SIS Customer or a Hosted SIS Customer.

    C.    State the date on which You first began using the SIS.

    D.    State the total amount that You paid to PowerSchool for the SIS during the relevant contract period(s) covering Your Claimed Damages Period, after accounting for any discounts, rebates, or cost adjustments. To the extent You are unable to isolate payments only for SIS and/or the amount includes payments for non-SIS products, please so indicate.

E.   Did You store Social Security numbers of Your Students, Parents, Teachers, and/or any other individuals in the SIS within Your Claimed Damages Period?  If yes, please complete the table below.

|  | **Social Security Numbers Stored** | **Relevant Time Period, If Any** |
|---|---|---|
| **Students** | Yes or No<br><br>*If yes: specify whether You stored full or partial Social Security numbers in the SIS* | |
| **Parents** | Yes or No<br><br>*If yes: specify whether You stored full or partial Social Security numbers in the SIS* | |
| **Teachers** | Yes or No<br><br>*If yes: specify whether You stored full or partial Social Security numbers in the SIS* | |
| **Any Other Individuals** | Yes or No<br><br>*If yes: specify whose Social Security numbers You stored and whether You stored full or partial Social Security numbers in the SIS* | |

F.   Did You store Medical Information of Your Students, Parents, Teachers, and/or any other individuals in the SIS within Your Claimed Damages Period?  If yes, please complete the table below.

|  | **Medical Information Stored** | **Relevant Time Period, If Any** |
|---|---|---|
| **Students** | Yes or No<br><br>*If yes: specify the general categories of Medical Information You stored in the SIS* | |
| **Parents** | Yes or No<br><br>*If yes: specify the general categories of Medical Information You stored in the SIS* | |

| | | |
|---|---|---|
| **Teachers** | Yes or No<br><br>*If yes: specify the general categories of Medical Information You stored in the SIS* | |
| **Any Other Individuals** | Yes or No<br><br>*If yes: specify whose Medical Information You stored in the SIS and the general categories of Medical Information You stored in the SIS* | |

G.      Did You use the Alert Medical field for Your Students, Parents, Teachers, and/or any other individuals in the SIS within Your Claimed Damages Period?  If yes, please complete the table below.

| | **Alert Medical Field Used** | **Relevant Time Period, If Any** |
|---|---|---|
| **Students** | Yes or No<br><br>*If yes: specify the general categories of the information You stored in that field* | |
| **Parents** | Yes or No<br><br>*If yes: specify the general categories of the information You stored in that field* | |
| **Teachers** | Yes or No<br><br>*If yes: specify the general categories of the information You stored in that field* | |
| **Any Other Individuals** | Yes or No<br><br>*If yes: specify whose information You stored in that field and the general categories of the information You stored in that field* | |

H.      Identify any policies, practices, or protocols You had in place within Your Claimed Damages Period regarding Your use of the SIS, including regarding the collection and storage of Social Security numbers and/or Medical Information. Documents may be provided as a response.

I.      State whether You implemented and/or required multi-factor authentication for any individuals associated with You, including but not limited to administrators, Students, Parents, and/or Teachers, to access Your PowerSchool SIS within Your Claimed Damages Period.  If yes, please complete the table below.

|  | **Multi-Factor Authentication Implemented and/or Required** | **Relevant Time Period, If Any** |
|---|---|---|
| **Administrators** | Yes or No<br><br>*If yes: identify the multi-factor authentication provider used and when it was implemented* | |
| **Students** | Yes or No<br><br>*If yes: identify the multi-factor authentication provider used and when it was implemented* | |
| **Parents** | Yes or No<br><br>*If yes: identify the multi-factor authentication provider used and when it was implemented* | |
| **Teachers** | Yes or No<br><br>*If yes: identify the multi-factor authentication provider used and when it was implemented* | |
| **Any Other Individuals** | Yes or No<br><br>*If yes: specify which categories of individuals You implemented and/or required multi-factor authentication for and identify the multi-factor authentication provider used and when it was implemented* | |

J.      State whether, during Your Claimed Damages Period, You configured PowerSchool's remote support feature to be Disabled, Enabled, and/or Temporarily Enabled. To the extent Your configuration changed during Your Claimed Damages Period, reflect the change(s).

K.      State whether any PowerSchool customer support personnel remotely accessed

Your SIS to facilitate providing remote customer support during Your Claimed Damages Period.

L.    State whether You have or had any policies, practices, or protocols related to Your deletion of data or information from the PowerSchool SIS within Your Claimed Damages Period.

M.    Identify the person or persons, including current and former employees and third-party consultants, tasked with managing or overseeing Your use of the PowerSchool SIS on Your behalf within Your Claimed Damages Period.  Include their name, contact information, and what their current relationship is with You, and their role in managing or interacting with the SIS.

N.    Identify trainings hosted by PowerSchool that You attended regarding SIS functionality, features, and/or security within Your Claimed Damages Period including who attended on Your behalf, the date, and topic of the training.

## V.    **NON-SIS PRODUCTS**

A.    Did or do You utilize any non-SIS PowerSchool products during Your Claimed Damages Period?  If yes, please respond to the questions in this section.

B.    Identify other PowerSchool products You have used within Your Claimed Damages Period and the date on which You began using these products.

C.    State the total amount that You paid to PowerSchool for each product other than the SIS within Your Claimed Damages Period, after accounting for any discounts, rebates, or cost adjustments.  To the extent You are unable to specify amounts per product, please so indicate.

D.    Did You store Social Security numbers for any individuals in any non-SIS PowerSchool product within Your Claimed Damages Period? If yes, identify the non-SIS PowerSchool product.

E.    Did You store Medical Information for any individuals in any non-SIS PowerSchool product within Your Claimed Damages Period? If yes, identify the non-SIS PowerSchool product.

## VI.    **CONTRACTS**

A.    Identify the contract(s) for SIS or any other PowerSchool product between You and PowerSchool that You believe applies to Your claims in this Action.

B.    State the operative dates and timeframe in which You had a contract or contracts with PowerSchool for the SIS.

C.    State the operative dates and timeframe in which You had a contract or contracts with PowerSchool for any non-SIS product or products.

D.    Identify the person(s) responsible for discussing the terms of Your contract(s) with PowerSchool within Your Claimed Damages Period and provide their current address.

E.    Are You bringing claims for negligence in connection with any non-SIS product?

8

If so, identify the non-SIS product.

## VII.  THE CYBERSECURITY INCIDENT

A.  State whether You sent notifications regarding the Cybersecurity Incident, and if yes, when You sent such notifications and to what categories of individuals or entities (e.g., current students, former students, PowerSchool, etc.) You sent them.

B.  State whether You received notifications regarding the Cybersecurity Incident, and if yes, when You received such notifications and from whom (e.g., current students, former students, PowerSchool, etc.) You received them.

C.  State the date on which You became aware of the PowerSchool Cybersecurity Incident.

D.  State how You became aware of the PowerSchool Cybersecurity Incident, including the method through which You became aware (*e.g.*, website notice, email notice, press release, etc.).

## VIII.  OTHER POTENTIAL DATA BREACHES

A.  Identify any and all data breaches of which You were notified involving platforms, applications, or software that You use to collect or store Student, Parent, Teacher, and/or other individual personal information, like the data stored in the SIS, during Your Claimed Damages Period.

## IX.  THIRD-PARTY CLAIMS (EXPRESS INDEMNITY)

A.  Identify each and every third party that has brought claims against You arising from the Cybersecurity Incident or has threatened, in writing, to bring claims against You arising from the Cybersecurity Incident.

B.  State the amount in damages that each third party identified in response to section IX. A. above is seeking from You in connection with the Cybersecurity Incident.

## X.  MARKETING INFORMATION

A.  Identify and describe the types or categories of marketing and/or other materials containing information regarding PowerSchool's cybersecurity and/or data privacy measures that You saw, heard, and/or relied upon during Your Claimed Damages Period.

## XI.  INJURY, CAUSATION, AND DAMAGES

A.  List all of the instances, types or elements of injury, damages, and/or financial losses that You claim You have sustained to date.  In doing so:

1.  Specify, by providing a Yes or No response, whether You claim any of the following categories of damages and/or financial losses:

    (a)  Retention of new third-party consultants;

        (i)  If yes, produce all non-privileged documents sufficient to show the claimed damages and/or financial losses,

9

including the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained.  If You do not have any such non-privileged documents, describe the claimed damages and/or financial losses by identifying the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained, and provide a brief description of the nature of the claimed damages/losses.

(b)    Diversion of existing third-party consultants to address the Incident;

    (i)    If yes, produce all non-privileged documents sufficient to show the claimed damages and/or financial losses, including the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained.  If You do not have any such non-privileged documents, describe the claimed damages and/or financial losses by identifying the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained, and provide a brief description of the nature of the claimed damages/losses.

(c)    Diversion of staff time to address the Incident;

    (i)    If yes, identify the approximate number of staff hours that were diverted to address the Incident and the position/role/title of those staff members.

(d)    Costs incurred to transfer Your data to a new provider;

    (i)    If yes, produce all non-privileged documents sufficient to show the claimed damages and/or financial losses, including the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained.  If You do not have any such non-privileged documents, describe the claimed damages and/or financial losses by identifying the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained, and provide a brief description of the nature of the claimed damages/losses.

(e)    Lost funding;

    (i)    If yes, identify the type of funding that You claim You lost.

(f)    Benefit of the bargain damages;

(g)    Costs incurred to provide credit monitoring services and identity protection services to affected individuals;

    (i)    If yes, produce all non-privileged documents sufficient to show the claimed damages and/or financial losses, including the date(s) the damages/losses were incurred and

10

the amount(s) of damages/losses You claim You sustained. If You do not have any such non-privileged documents, describe the claimed damages and/or financial losses by identifying the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained, and provide a brief description of the nature of the claimed damages/losses.

(h)   Ongoing monitoring costs;

(i)   If yes, describe the nature of these ongoing monitoring costs.

(i)   Regulatory sanctions;

(i)   If yes, produce all non-privileged documents sufficient to show the claimed damages and/or financial losses, including the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained. If You do not have any such non-privileged documents, describe the claimed damages and/or financial losses by identifying the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained, and provide a brief description of the nature of the claimed damages/losses.

(j)   Operational disruption; and

(i)   If yes, describe the type of operational disruption You claim You faced.

(k)   Other:_____.

(i)   If yes, produce all non-privileged documents sufficient to show the claimed damages and/or financial losses, including the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained. If You do not have any such non-privileged documents, describe the claimed damages and/or financial losses by identifying the date(s) the damages/losses were incurred and the amount(s) of damages/losses You claim You sustained, and provide a brief description of the nature of the claimed damages/losses.

B.   Describe all steps You took in order to minimize or otherwise address the alleged injury/damages/losses You identified in response to Question XI.A, above.

C.   State whether You opted into or out of PowerSchool's regulatory notification process.

D.   Identify Your insurance agreement(s) that may cover a loss arising out of or related to the Cybersecurity Incident, including any demand letter(s) or claim(s) for indemnification sent or complaint(s) filed by You or Your insurer to any other Defendant or third party in this Action regarding the Cybersecurity Incident.

11

Documents may be submitted in lieu of a written response.

## XII.  DOCUMENTS

A.  Produce all contracts between You and PowerSchool that You believe apply to Your claims in this Action covering Your Claimed Damages Period.

B.  Produce documents sufficient to demonstrate Your policies, practices, or protocols related to Your deletion of data or information, if any, from the PowerSchool SIS within Your Claimed Damages Period.

C.  Produce documents sufficient to demonstrate the notifications that You sent or received regarding the Cybersecurity Incident. To the extent You sent the same notification(s) to multiple recipients, You may produce a template or exemplar of each such notification.

D.  Produce documents sufficient to show claims that any third party has threatened or brought against You, and for which You seek indemnity from PowerSchool.

E.  Produce all non-privileged documents called for by subsections (a), (b), (d), (g), (i), and (k) of Section XI.A (Injury, Causation, and Damages), set forth above.


## XIII.  DECLARATION

I declare under penalty of perjury that, at the time of completing this PFS, all of the information provided is true and correct to the best of my knowledge, and that I have supplied all of the documents or materials requested in this PFS, to the extent that any such documents are reasonably in my or the Direct Action Plaintiff's possession, custody, or control.

Date:                              Signature:

                                   Printed name:

                                   On behalf of:

12