BROWN RUDNICK LLP
DYLAN P. KLETTER, NY Bar No. 5924659 (admitted *pro hac vice*)
dkletter@brownrudnick.com
JONATHAN D. WHITE, NY Bar No. 5393780 (admitted *pro hac vice*)
jwhite@brownrudnick.com
7 Times Square
New York, NY 10036
T: 1.212.209.4800
F: 1.212.209.4801

BROWN RUDNICK LLP
SAMANTHA J. FLATTERY, No. 342420
sflattery@brownrudnick.com
RENEE M. MOULTON, No. 353065
rmoulton@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, CA 90067
T: 1.424.525.0200
F: 1.424.525.0201

Attorneys for Defendant,
MOVATE, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION | CASE NO. 3:25-md-3149-AJB-MSB |
| | MDL No. 3149 |
| This Document Relates To: Track One | **MOVATE INC.'S ANSWER TO TRACK ONE CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT** |

CASE NO. 3:25-md-3149-AJB-MSB

1

Defendant Movate, Inc. ("Defendant") hereby answers Plaintiffs', members of the Consolidated Individual Users Class of MDL No. 3149 (collectively "Plaintiffs"), Consolidated Individual Users Class Action Complaint (Dkt. 259) as follows:

## GENERAL DENIAL

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation of the Consolidated Individual Users Class Action Complaint (the "Complaint") and denies that Plaintiffs are entitled to any relief. Defendant also denies all allegations in all titles, headings, footnotes, subheadings, figures, and any other material not contained in numbered paragraphs. Defendant generally denies all introductory statements on pages 1-2 of the Complaint.

## I.    INTRODUCTION

1.    No response is required to paragraph 1. To the extent a response is required, Defendant denies the allegation.

2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore, denies them.

3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore, denies them.

4.    Defendant admits Defendants PowerSchool Corporation (f/k/a PowerSchool Holdings, Inc.) and PowerSchool Group LLC have a product called SIS. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and therefore, denies them.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore, denies them.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore, denies them.

7.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore, denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore, denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore, denies them.

10. Defendant admits that a data breach of PowerSchool's systems took place in December 2024. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore, denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore, denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore, denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore, denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore, denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore, denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore, denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore, denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore, denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore, denies them.

20. Defendant admits that it previously was a subcontractor providing

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

technical customer support services to PowerSchool.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore, denies them.

21.     Defendant admits that Rayson Cruz was employed by Movate at the time of the Data Breach.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore, denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore, denies them.

23.     Defendant admits that PowerSchool provided certain Movate employees with access to PowerSchool's systems, as authorized and configured by PowerSchool. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the scope or level of access, security configuration of such access, whether any access was "unfettered," or what data any employee could access, and therefore, denies the remaining allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant admits the allegations in paragraph 25.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore, denies them.

27.     The allegations in paragraph 27 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

28.     Defendant denies the allegations in paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore, denies them.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore, denies them.

CASE NO. 3:25-md-3149-AJB-MSB
MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether and how Plaintiffs and Class Members were advised after the Data Breach, and therefore, denies the allegation.  Defendant denies the remaining allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

**II.    PARTIES**

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore, denies them.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore, denies them.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore, denies them.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore, denies them.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore, denies them.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore, denies them.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore, denies them.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore, denies them.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore, denies them.

42. Defendant admits it is a Delaware corporation.  Defendant denies it is headquartered at 600 Tennyson Parkway, Suite 255, Plano, Texas, 75024, and states that its headquarters is located at 5600 Tennyson Parkway, Suite 255, Plano, Texas,

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

75024.

43.    Defendant denies the allegations in paragraph 43.

## III.    JURISDICTION AND VENUE

44.    The allegations in paragraph 44 are legal conclusions to which no response is required.  If paragraph 44 is deemed to contain any allegations of fact, Defendant denies those allegations.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore, denies them.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore, denies them.

47.    Defendant admits that the Court has ruled that it has personal jurisdiction over Movate by order dated March 25, 2026.  Defendant preserves and does not waive its objection to personal jurisdiction and expressly reserves all rights to challenge that ruling on appeal.  The remainder of the allegations are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

48.    The allegations in paragraph 48 are legal conclusions to which no response is required.  If paragraph 48 is deemed to contain any allegations of fact, Defendant denies those allegations.

## IV.    FACTUAL ALLEGATIONS

### A.    ABOUT POWERSCHOOL, AN EDUCATION SOFTWARE COMPANY

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore, denies them.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore, denies them.

51.    Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 51, and therefore, denies them.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore, denies them.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore, denies them.

**B.    POWERSCHOOL OPERATED DATA-DRIVEN SOFTWARE**

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore, denies them.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore, denies them.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore, denies them.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore, denies them.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore, denies them.

**C.    POWERSCHOOL REPEATEDLY ASSURED USERS THAT THEIR DATA WOULD BE SECURE**

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore, denies them.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore, denies them.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore, denies them.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore, denies them.

63. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 63, and therefore, denies them.

64.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore, denies them.

65.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore, denies them.

**D.    BAIN CAPITAL ESTABLISHED PLAYBOOK: DRIVING PROFITS THROUGH AGGRESSIVE OFFSHORING AND COSTCUTTING**

66.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore, denies them.

67.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore, denies them.

68.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore, denies them.

69.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore, denies them

70.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore, denies them

**E.    BAIN'S APPROACH AND DISCUSSION WITH POWERSCHOOL**

71.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore, denies them.

72.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore, denies them.

73.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore, denies them.

74.    Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 74, and therefore, denies them.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore, denies them.

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore, denies them.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore, denies them.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore, denies them.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore, denies them.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore, denies them.

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore, denies them.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore, denies them.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore, denies them.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore, denies them.

**F.      BAIN SIGNS MERGER AGREEMENT WITH POWERSCHOOL**

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and therefore, denies them.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore, denies them.

87. Defendant lacks knowledge or information sufficient to form a belief as

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 87, and therefore, denies them.

88.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore, denies them.

89.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore, denies them.

90.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and therefore, denies them.

91.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and therefore, denies them.

92.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and therefore, denies them.

93.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and therefore, denies them.

94.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and therefore, denies them.

95.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore, denies them.

**G.    BAIN FAILED TO ASSESS AND MITIGATE DATA-BREACH RISKS**

96.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore, denies them.

97.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, and therefore, denies them.

98.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and therefore, denies them.

99.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and therefore, denies them.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

100. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and therefore, denies them.

**H.      BAIN DIRECTED LAYOFFS AND OFFSHORE EXPANSION**

101. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and therefore, denies them.

102. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and therefore, denies them.

103. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and therefore, denies them.

104. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and therefore, denies them.

105. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and therefore, denies them.

106. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and therefore, denies them.

107. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and therefore, denies them.

108. Defendant admits that it provided services to PowerSchool at certain times. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "a significant portion" of any Bain-led outsourcing was done through Movate, or regarding the extent to which any outsourcing decisions by Bain Capital involved Movate, and therefore, denies those allegations. Defendant denies the remaining allegations in paragraph 108.

**I.      BAIN'S CONTROL POST-MERGER AND ITS IMPACT ON CYBERSECURITY AND STAFFING**

109. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, and therefore, denies them.

110. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore, denies them.

111. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and therefore, denies them.

112. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore, denies them.

**J.     AFTER ACQUIRING POWERSCHOOL, BAIN FAILED TO IMPLEMENT BASIC SECURITY MEASURES NECESSARY TO PROTECT THE INFORMATION BAIN AND POWERSCHOOL HAD IN THEIR POSSESSION**

113. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and therefore, denies them.

114. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, and therefore, denies them.

115. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and therefore, denies them.

**K.     POWERSCHOOL OUTSOURCES SUPPORT TO MOVATE**

116. Defendant admits that Movate is a global outsourcing company that provides various services, including technical customer support services. Defendant denies the allegations in paragraph 116.

117. Defendant admits that Movate and affiliated entities provide technical customer support services through a global workforce and that certain personnel may receive direction from the United States. Movate also admits that it provides its employees with direction on how to fulfill its contractual obligations with customers. Defendant denies that Movate directs all employees from the United States and otherwise denies the remaining allegations in paragraph 117.

118. Defendant admits the allegations in the first sentence of paragraph 118

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

with respect to Defendant's systems.  Defendant respectfully refers to the website cited in paragraph 118, the contents of which speak for themselves.

119.   Defendant admits that it advertised for certain roles in the Philippines in 2024 related to services provided to PowerSchool. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119, including the materials referenced therein, and therefore, denies them.

120.   Defendant admits Rayson Cruz was an employee of Movate and a Team Leader in the Philippines, and that PowerSchool provided him access to PowerSchool's Student Information System (SIS) to provide technical customer support services.  Defendant denies the remainder of the allegations in paragraph 120.

**L.    CYBERCRIMINALS EASILY EXPORT SENSITIVE RECORDS FROM POWERSCHOOL, POSING AN ONGOING RISK TO MILLIONS OF TEACHERS AND FAMILIES**

121.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore, denies them.

**1.    AN UNAUTHORIZED ACTOR USING A LONE MOVATE EMPLOYEE'S CREDENTIALS EXFILTRATED THE DATA WITHOUT SOUNDING ANY ALARMS**

122.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, and therefore, denies them.

123.   Defendant respectfully refers to the statements cited in paragraph 123, the contents of which speak for themselves.  To the extent paragraph 123 purports to characterize those statements or assert factual allegations beyond their contents, Defendant denies the allegations.

124.   Defendant respectfully refers to the statements cited in paragraph 124, the contents of which speak for themselves.  To the extent paragraph 124 purports to characterize those statements or assert factual allegations beyond their contents,

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

Defendant denies the allegations.

125.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125, and therefore, denies them.

126.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126, and therefore, denies them.

127.   Defendant denies the allegations in paragraph 127.

128.   Defendant respectfully refers to the referenced CrowdStrike Report, the contents of which speak for themselves.  To the extent paragraph 128 purports to characterize the CrowdStrike Report, Defendant denies any such characterization.

129.   Defendant respectfully refers to the referenced CrowdStrike Report, the contents of which speak for themselves.  To the extent paragraph 129 purports to characterize the CrowdStrike Report, Defendant denies any such characterization.

130.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore, denies them.

131.   Defendant admits that an individual named Rayson Cruz was employed by Movate and worked in the Philippines.  Defendant denies the remaining allegations in paragraph 131.

132.   Defendant lacks knowledge or information sufficient to form a belief as to the specific scope of access alleged in paragraph 132, and therefore, denies the allegations. Defendant further states that any access provided to Rayson Cruz was authorized and configured by PowerSchool .

133.   Defendant lacks knowledge or information sufficient to form a belief as to the scope of access or conduct alleged in the first sentence of paragraph 133, and therefore, denies that allegation.  Defendant further states that any access provided to Rayson Cruz was authorized and configured by PowerSchool.  As to the remaining allegations, Defendant respectfully refers to the referenced CrowdStrike Report, the contents of which speak for themselves.  To the extent paragraph 133 purports to

14   CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

characterize the CrowdStrike Report, Defendant denies any such characterization.

**2. SUSPICIOUS ACTIVITY BEGAN FOUR MONTHS BEFORE THE BREACH, BUT POWERSCHOOL ONLY LEARNED THAT ITS SYSTEMS WERE BREACHED WHEN IT WAS BEING EXTORTED IN DECEMBER 2024.**

134. Defendant respectfully refers to the referenced CrowdStrike Report, the contents of which speak for themselves. To the extent paragraph 134 purports to characterize the CrowdStrike Report, Defendant denies any such characterization.

135. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and therefore, denies them.

136. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136, and therefore, denies them.

137. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and therefore, denies them.

138. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138, and therefore, denies them.

**3. DEFENDANTS' FAILINGS COMPROMISED THE HIGHLY SENSITIVE INFORMATION OF MILLIONS OF STUDENTS, PARENTS, AND TEACHERS.**

139. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, and therefore, denies them.

140. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140, and therefore, denies them.

141. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and therefore, denies them.

142. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142, and therefore, denies them.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

143.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143, and therefore, denies them.

144.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, and therefore, denies them.

### 4.      POWERSCHOOL PAID A RANSOM, BUT THE STOLEN DATA IS STILL CIRCULATING.

145.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, and therefore, denies them.

146.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146, and therefore, denies them.

147.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, and therefore, denies them.

148.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, and therefore, denies them.

149.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, and therefore, denies them.

150.   Defendant respectfully refers to the referenced article, the contents of which speak for themselves. To the extent paragraph 150 purports to characterize the article or assert factual allegations, Defendant denies any such characterization.

151.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151, and therefore, denies them.

### 5.      MATTHEW LANE PLEADS GUILTY TO HIS ROLE IN THE BREACH, BUT SHINYHUNTERS REMAINS AT LARGE AND STILL HAS THE DATA.

152.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, and therefore, denies them.

153.   Defendant respectfully refers to the referenced Charging Document, the

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

contents of which speak for themselves.

154. Defendant respectfully refers to the referenced Charging Document, the contents of which speak for themselves.

155. Defendant respectfully refers to the referenced Charging Document, the contents of which speak for themselves.

156. Defendant respectfully refers to the referenced Charging Document, the contents of which speak for themselves. To the extent paragraph 156 purports to characterize the Charging Document, Defendant denies any such characterization.

157. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and therefore, denies them.

158. Defendant respectfully refers to the referenced Charging Document, the contents of which speak for themselves.

159. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, and therefore, denies them.

160. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160, and therefore, denies them.

161. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161, and therefore, denies them.

162. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162, and therefore, denies them.

**M.    THE BREACH WAS FORESEEABLE**

163. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 163, and therefore, denies them. Defendant denies the remaining allegations in paragraph 163.

**1.    LEADING UP TO THE DATA BREACH, DATA SECURITY INCIDENTS RESULTING FROM COMPROMISED CREDENTIALS WERE WIDESPREAD.**

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

164. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164, and therefore, denies them.

165. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165, and therefore, denies them.

166. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166, and therefore, denies them.

167. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167, and therefore, denies them.

168. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, and therefore, denies them.

169. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 to the extent they rely on third-party publications, reports, or incidents, and on that basis denies them. Defendant further denies the remaining allegations in paragraph 169.

## 2. SHINYHUNTERS IS A NOTORIOUS HACKING GROUP THAT USES COMMONLY KNOWN TACTICS.

170. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170, and therefore, denies them.

171. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171, and therefore, denies them.

172. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, and therefore, denies them.

173. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173, and therefore, denies them.

174. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174, and therefore, denies them.

175. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 175, and therefore, denies them.

176. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, and therefore, denies them.

177. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177, and therefore, denies them.

178. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, and therefore, denies them.

179. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179, and therefore, denies them.

180. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180, and therefore, denies them.

181. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181, and therefore, denies them.

182. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182, and therefore, denies them.

183. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183, and therefore, denies them.

184. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184, and therefore, denies them.

**N.    DEFENDANTS FAILED TO TAKE NECESSARY OR REASONABLE STEPS TO SAFEGUARD PII**

185. Defendant denies the allegations in the first and last sentences of paragraph 185. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 185 relating to PowerSchool, and therefore, denies them.

**1.    POWERSCHOOL FAILED TO IMPLEMENT MULTIFACTOR AUTHENTICATION.**

19    CASE NO. 3:25-md-3149-AJB-MSB

186. Defendant admits that multifactor authentication is a cybersecurity measure used in certain contexts to reduce the risk of unauthorized access. Defendant otherwise denies the allegations in paragraph 186 to the extent they suggest any deficiency by Defendant Movate.

187. Defendant respectfully refers to the referenced publications and materials, the contents of which speak for themselves. To the extent paragraph 187 purports to characterize such materials as establishing "industry standards" or to impose any duty on Defendant, Defendant denies those allegations.

188. Defendant respectfully refers to the referenced articles and publications, the contents of which speak for themselves. To the extent paragraph 188 purports to characterize the cited articles and publications, Defendant denies any such characterization. To the extent not addressed by the foregoing, Defendant denies the remaining allegations in paragraph 188.

189. Defendant respectfully refers to the referenced article, the contents of which speak for themselves.

190. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190, and therefore, denies them.

191. Defendant respectfully refers to the referenced YouTube video, the contents of which speak for themselves. To the extent paragraph 191 purports to characterize the video or assert factual allegations, Defendant denies any such characterization.

192. Defendant respectfully refers to the referenced article, the contents of which speak for themselves. To the extent paragraph 192 purports to characterize the referenced article, Defendant denies any such characterization.

193. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193, and therefore, denies them.

### 2. POWERSCHOOL AND MOVATE FAILED TO

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**IMPLEMENT THE PRINCIPLE OF LEAST PRIVILEGES.**

194. Defendant admits that the principle of least privilege is a cybersecurity concept under which users are generally granted access necessary to perform their job functions. Defendant otherwise denies the allegations in paragraph 194 to the extent they suggest applicability to Defendant Movate or its conduct.

195. Defendant respectfully refers to the referenced articles and publications, the contents of which speak for themselves. To the extent paragraph 195 purports to characterize the referenced articles and publications, Defendant denies any such characterization.

196. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196, and therefore, denies them.

197. Defendant lacks knowledge or information sufficient to form a belief as to the scope of access alleged in paragraph 197, and therefore, denies those allegations. Defendant states that any access provided to Movate employees providing services to PowerSchool was authorized and configured by PowerSchool. Defendant denies the allegations as to Defendant Movate in paragraph 197.

**3.    POWERSCHOOL FAILED TO IMPLEMENT THE PRINCIPLE OF NETWORK SEGMENTATION.**

198. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 198 purports to characterize the referenced articles, Defendant denies any such characterization.

199. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 199 purports to characterize the referenced articles, Defendant denies any such characterization.

200. Defendant admits that network segmentation is a cybersecurity technique used to separate systems or data within a network. Defendant otherwise denies the allegations in paragraph 200 to the extent they suggest applicability to Defendant

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

Movate or its conduct.

201. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201, and therefore, denies them.

### 4.    POWERSCHOOL FAILED TO IMPLEMENT RATE LIMITING.

202. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202, and therefore, denies them. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves.

203. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203, and therefore, denies them.

### 5.    POWERSCHOOL AND MOVATE FAILED TO ADEQUATELY SECURE CREDENTIALS

204. Defendant admits that credential rotation is a security practice that may reduce the risk of unauthorized access in certain circumstances. Defendant otherwise denies the allegations in paragraph 204 to the extent they suggest applicability to Defendant Movate. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 204 purports to characterize the referenced articles, Defendant denies any such characterization.

205. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 205 purports to characterize the referenced articles, Defendant denies any such characterization.

206. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 206 purports to characterize the referenced articles, Defendant denies any such characterization.

207. Defendant denies the allegations in paragraph 207 to the extent they are asserted against Defendant Movate. To the extent paragraph 207 alleges facts

concerning PowerSchool's systems or practices, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

208.   Defendant denies the allegations in paragraph 208 to the extent they are asserted against Defendant Movate.  To the extent paragraph 208 alleges facts concerning PowerSchool's systems or practices, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

### 6.    POWERSCHOOL FAILED TO MONITOR ITS LOGS FOR UNUSUAL ACTIVITY.

209.   Defendant admits that log monitoring is a security practice used to analyze system activity.  Defendant otherwise denies the allegations in paragraph 209 to the extent they suggest any deficiency by Defendant Movate or that it was responsible for monitoring, alerting, or logging within PowerSchool's systems.

210.   Defendant respectfully refers to the referenced articles, the contents of which speak for themselves.  To the extent paragraph 210 purports to characterize the referenced articles, Defendant denies any such characterization.

211.   Defendant respectfully refers to the referenced Guide to Computer Security Log Management, the contents of which speak for themselves.  To the extent paragraph 211 purports to characterize the referenced articles, Defendant denies any such characterization.

212.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212, and therefore, denies them.  Defendant respectfully refers to the referenced CrowdStrike Report, the contents of which speak for themselves.

213.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213, and therefore, denies them.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

214. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214, and therefore, denies them.

215. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215, and therefore, denies them.

216. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216, and therefore, denies them.

217. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217, and therefore, denies them.

### 7.  POWERSCHOOL FAILED TO IMPLEMENT AN INTRUSION DETECTION AND PREVENTION SYSTEM.

218. Defendant admits that intrusion detection and prevention systems are security tools used to monitor and respond to certain network activity.  Defendant otherwise denies the allegations in paragraph 218 to the extent they suggest any deficiency by Defendant Movate.

219. Defendant respectfully refers to the referenced publications, the contents of which speak for themselves.  To the extent paragraph 219 purports to characterize the referenced publications, Defendant denies any such characterization.

220. Defendant respectfully refers to the referenced article, the contents of which speak for themselves.  To the extent paragraph 220 purports to characterize the referenced article, Defendant denies any such characterization.

221. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221, and therefore, denies them.

### 8.  POWERSCHOOL FAILED TO PERMANENTLY DELETE UNNECESSARY DATA.

222. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222, and therefore, denies them.

223. Defendant admits that "data minimization" is a concept in cybersecurity

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

relating generally to limiting the collection and retention of data. Defendant otherwise denies the allegations in paragraph 223 to the extent they suggest applicability to Defendant Movate.

224. Defendant admits that, in general, limiting the collection and retention of data may reduce certain risks. Defendant otherwise denies the allegations in paragraph 224 to the extent they suggest any deficiency by Defendant or applicability to the facts alleged.

225. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225, and therefore, denies them.

226. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226, and therefore, denies them.

### 9. POWERSCHOOL FAILED TO ENCRYPT ITS DATA.

227. Defendant admits that encryption is a security technique used to render data unreadable without the appropriate authorization. Defendant otherwise denies the allegations in paragraph 227 to the extent they suggest any deficiency by Defendant Movate. Defendant further respectfully refers to the referenced articles, the contents of which speak for themselves.

228. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 228 purports to characterize the referenced articles, Defendant denies any such characterization.

229. Defendant admits that AES is an encryption algorithm. Defendant otherwise denies the allegations in paragraph 229 to the extent they suggest applicability to Defendant Movate.

230. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230, and therefore, denies them.

### O. COMPROMISED DATA PRESENTS SERIOUS RISK OF IDENTITY THEFT

231. Defendant denies the allegations in paragraph 231.

232. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232, and therefore, denies them.

233. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233, and therefore, denies them.

234. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234, and therefore, denies them.

## 1. CRIMINALS, INCLUDING THIEVES LIKE SHINYHUNTERS, CAN USE PII TO COMMIT IDENTITY FRAUD

235. Defendant admits that, in general, stolen personal information may be misused by third parties. Defendant otherwise denies the allegations in paragraph 235, including any allegation that such misuse was likely, inevitable, foreseeable, or attributable to Defendant's conduct in this case.

236. Defendant respectfully refers to the referenced CrowdStrike Report, the contents of which speak for themselves. To the extent paragraph 236 purports to characterize the CrowdStrike Report, Defendant denies any such characterization.

237. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237, and therefore, denies them.

### a. ANY PII CAN BE USED TO COMMIT FRAUD

238. Defendant denies the allegations in paragraph 238 to the extent they suggest that misuse of personal information is inevitable, likely, foreseeable, or attributable to Defendant's conduct in this case.

### b. SYNTHETIC IDENTITY FRAUD

239. Defendant admits that "synthetic identity fraud" is a term used to describe certain forms of identity fraud involving fabricated or combined information. Defendant otherwise denies the allegations in paragraph 239. Defendant further

26                                                        CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 239 purports to characterize the referenced articles, Defendant denies any such characterization.

240. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 240 purports to characterize the referenced articles, Defendant denies any such characterization.

241. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 241 purports to characterize the referenced articles, Defendant denies any such characterization.

242. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242, and therefore, denies them.

243. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 243, and therefore, denies them. Defendant respectfully refers to the referenced articles in the second sentence, the contents of which speak for themselves. To the extent paragraph 243 purports to characterize the referenced articles, Defendant denies any such characterization.

244. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244, and therefore, denies them.

### c. FULLZ PACKAGES

245. Defendant admits that "Fullz" is a term used to refer to collections of personal information. Defendant otherwise denies the remaining allegations in paragraph 245.

246. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246, and therefore, denies them.

247. Defendant denies the allegations in paragraph 247.

248. Defendant denies the allegations in paragraph 248.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

249.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249, and therefore, denies them.  Defendant respectfully refers to the referenced article, the contents of which speak for themselves.  To the extent paragraph 249 purports to characterize the article, Defendant denies any such characterization.

250.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250, and therefore, denies them.

### d.    SOCIAL SECURITY NUMBER

251.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251, and therefore, denies them.

252.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252, and therefore, denies them.

253.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 253, and therefore, denies them.

254.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254, and therefore, denies them.  Defendant respectfully refers to the referenced articles, the contents of which speak for themselves.

255.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 255, and therefore, denies them.

256.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256, and therefore, denies them.  Defendant respectfully refers to the referenced article, the contents of which speak for themselves.

257.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257, and therefore, denies them.  Defendant respectfully refers to the referenced article, the contents of which speak for themselves.

258.   Defendant denies the allegations in paragraph 258.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

259.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259, and therefore, denies them.  Defendant respectfully refers to the referenced article, the contents of which speak for themselves.

260.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260, and therefore, denies them.  Defendant respectfully refers to the referenced article, the contents of which speak for themselves.

261.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261, and therefore, denies them.

262.   Defendant respectfully refers to the referenced articles, the contents of which speak for themselves.  To the extent not addressed by the foregoing, Defendant denies the allegations in paragraph 262.

263.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263, and therefore, denies them. Defendant respectfully refers to the referenced articles, the contents of which speak for themselves.

264.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264, and therefore, denies them.  Defendant respectfully refers to the referenced report, the contents of which speak for themselves.

265.   Defendant respectfully refers to the referenced report, the contents of which speak for themselves.  To the extent paragraph 265 purports to characterize the referenced report, Defendant denies any such characterization.

**2.   VICTIMS OF A DATA BREACH ARE HARMED IMMEDIATELY AND INDEFINITELY**

266.   Defendant denies the allegations in paragraph 266.

**a.   STOLEN PII IS OFTEN SOLD OR POSTED, AGAIN AND AGAIN**

267.   Defendant lacks knowledge or information sufficient to form a belief as

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 267, and therefore, denies them.

268.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268, and therefore, denies them.  Defendant respectfully refers to the referenced articles, the contents of which speak for themselves. To the extent paragraph 268 purports to characterize the articles or assert factual allegations, Defendant denies any such characterization.

269.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269, and therefore, denies them.  Defendant respectfully refers to the referenced article, the contents of which speak for themselves. To the extent paragraph 269 purports to characterize the articles or assert factual allegations, Defendant denies any such characterization.

270.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270, and therefore, denies them.  Defendant respectfully refers to the referenced article, the contents of which speak for themselves. To the extent paragraph 270 purports to characterize the articles or assert factual allegations, Defendant denies any such characterization.

271.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271, and therefore, denies them.

**b.**     **HACKERS MAY WAIT YEARS TO STRIKE; IT CAN ALSO TAKE YEARS TO DISCOVERY OR RESOLVE IDENTITY FRAUD**

272.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272, and therefore, denies them.  Defendant respectfully refers to the referenced article, the contents of which speak for themselves.

273.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273, and therefore, denies them.  Defendant respectfully refers to the referenced articles, the contents of which speak for

themselves.

274.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 274, and therefore, denies them.  Defendant respectfully refers to the referenced survey, the contents of which speak for themselves.

**P.     POWERSCHOOL HAS FAILED TO OFFER ADEQUATE REMEDIES TO PROTECT STUDENTS AND EDUCATORS**

275.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 275 relating to PowerSchool's alleged remedial measures, and therefore, denies them.

276.  Defendant denies the allegations in paragraph 276.

277.  Defendant denies the allegations in paragraph 277.

278.  Defendant denies the allegations in paragraph 278.

279.  Defendant denies the allegations in paragraph 279.

280.  Defendant denies the allegations in paragraph 280.

**Q.     PLAINTIFFS' EXPERIENCES OR INJURIES**

**1.     EMPLOYEES**

**a.     GEORGIA TEACHER CHARLOTTE RENN**

281.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281, and therefore, denies them.

282.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282, and therefore, denies them.

283.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283, and therefore, denies them.

284.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 284, and therefore, denies them.

285.  Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 285, and therefore, denies them.

286. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 286, and therefore, denies them.

**b.    INDIANA TEACHER KIMBERLY KINNEY**

287. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287, and therefore, denies them.

288. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288, and therefore, denies them.

289. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289, and therefore, denies them.

290. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290, and therefore, denies them.

291. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291, and therefore, denies them.

292. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292, and therefore, denies them.

**c.    NORTH    CAROLINA    EMPLOYEE    KIMBERLY GREER**

293. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293, and therefore, denies them.

294. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294, and therefore, denies them.

295. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295, and therefore, denies them.

296. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 296, and therefore, denies them.

297. Defendant lacks knowledge or information sufficient to form a belief as

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 297, and therefore, denies them.

298.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 298, and therefore, denies them.

### d.    NORTH CAROLINA TEACHER JUSTINE SHAMEY

299.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 299, and therefore, denies them.

300.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 300, and therefore, denies them.

301.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301, and therefore, denies them.

302.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 302, and therefore, denies them.

303.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 303, and therefore, denies them.

### e.    NORTH CAROLINA TEACHER CHRISTOPHER JOSEPH WAGONER

304.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304, and therefore, denies them.

305.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305, and therefore, denies them.

306.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 306, and therefore, denies them.

307.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307, and therefore, denies them.

308.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 308, and therefore, denies them.

309.    Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 309, and therefore, denies them.

### f. OKLAHOMA TEACHER PAUL GARRETH THOMPSON

310. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 310, and therefore, denies them.

311. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 311, and therefore, denies them.

312. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312, and therefore, denies them.

313. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 313, and therefore, denies them.

314. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314, and therefore, denies them.

### g. RHODE ISLAND TEACHER DENISE CHAMPNEY

315. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315, and therefore, denies them.

316. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316, and therefore, denies them.

317. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 317, and therefore, denies them.

318. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 318, and therefore, denies them.

319. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319, and therefore, denies them.

320. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 320, and therefore, denies them.

### h. VERMONT EMPLOYEE MICHELLE BALLARD

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

321. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321, and therefore, denies them.

322. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322, and therefore, denies them.

323. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 323, and therefore, denies them.

324. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 324, and therefore, denies them.

325. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325, and therefore, denies them.

### i. VIRGINIA TEACHER DUSTY LYNN JENKINS SPENCE

326. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 326, and therefore, denies them.

327. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 327, and therefore, denies them.

328. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 328, and therefore, denies them.

329. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329, and therefore, denies them.

330. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 330, and therefore, denies them.

### 2. EMPLOYEE AND MINOR STUDENT

### a. ARIZONA TEACHER WILLIAMS JEREMIAH TARBUSH AND MINOR STUDENT A.C.T.

331. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 331, and therefore, denies them.

35

CASE NO. 3:25-md-3149-AJB-MSB

332. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332, and therefore, denies them.

333. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333, and therefore, denies them.

334. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 334, and therefore, denies them.

335. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 335, and therefore, denies them.

**b.    MASSACHUSETTS EMPLOYEE JONATHAN NEWELL AND MINOR STUDENTS B.R.N. AND B.D.N.**

336. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 336, and therefore, denies them.

337. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 337, and therefore, denies them.

338. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 338, and therefore, denies them.

339. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 339, and therefore, denies them.

340. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 340, and therefore, denies them.

341. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 341, and therefore, denies them.

**c.    NEW HAMPSHIRE EMPLOYEE KELSEY GAURON AND MINOR STUDENT R.M.M.**

342. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 342, and therefore, denies them.

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

343.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 343, and therefore, denies them.

344.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 344, and therefore, denies them.

345.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 345, and therefore, denies them.

346.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 346, and therefore, denies them.

347.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347, and therefore, denies them.

#### d.    NEW MEXICO TEACHER KAITLYN GILLIS AND MINOR STUDENT W.C.G.

348.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348, and therefore, denies them.

349.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349, and therefore, denies them.

350.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350, and therefore, denies them.

351.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 351, and therefore, denies them.

352.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 352, and therefore, denies them.

353.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 353, and therefore, denies them.

### 3.    PARENTS AND MINOR STUDENT

#### a.    ALABAMA PARENT CHRISTINE ASHLEY HARDWICK AND MINOR STUDENT L.D.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

354. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354, and therefore, denies them.

355. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 355, and therefore, denies them.

356. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356, and therefore, denies them.

357. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 357, and therefore, denies them.

358. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 358, and therefore, denies them.

359. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 359, and therefore, denies them.

### b. ALABAMA PARENT VALARIE RENEE RHODEN AND MINOR STUDENT C.A.R.

360. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 360, and therefore, denies them.

361. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 361, and therefore, denies them.

362. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 362, and therefore, denies them.

363. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 363, and therefore, denies them.

364. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 364, and therefore, denies them.

365. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365, and therefore, denies them.

### c. CALIFORNIA PARENT DOBIE JAMES AUGUST

**AND MINOR STUDENTS K.J.A. AND K.D.A.**

366. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 366, and therefore, denies them.

367. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 367, and therefore, denies them.

368. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 368, and therefore, denies them.

369. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369, and therefore, denies them.

370. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370, and therefore, denies them.

371. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371, and therefore, denies them.

**d. CALIFORNIA PARENT DAVID BROWNLEE AND MINOR STUDENT A.B.**

372. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 372, and therefore, denies them.

373. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 373, and therefore, denies them.

374. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 374, and therefore, denies them.

375. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375, and therefore, denies them.

376. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376, and therefore, denies them.

377. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 377, and therefore, denies them.

### e.    CALIFORNIA PARENT NICOLE FLICK AND MINOR STUDENT M.C.

378. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 378, and therefore, denies them.

379. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379, and therefore, denies them.

380. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380, and therefore, denies them.

381. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381, and therefore, denies them.

382. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382, and therefore, denies them.

383. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383, and therefore, denies them.

### f.    CALIFORNIA PARENT ASHLEY WRIGHT AND MINOR STUDENT A.N.B.

384. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384, and therefore, denies them.

385. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385, and therefore, denies them.

386. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386, and therefore, denies them.

387. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387, and therefore, denies them.

388. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388, and therefore, denies them.

389. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 389, and therefore, denies them.

**g.   CALIFORNIA PARENT DAVID ZARATE AND MINOR STUDENT A.Z.**

390.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 390, and therefore, denies them.

391.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 391, and therefore, denies them.

392.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392, and therefore, denies them.

393.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393, and therefore, denies them.

394.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 394, and therefore, denies them.

395.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395, and therefore, denies them.

**h.   FLORIDA PARENT DAVID SAUVE AND MINOR STUDENT A.S.**

396.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396, and therefore, denies them.

397.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397, and therefore, denies them.

398.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 398, and therefore, denies them.

399.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 399, and therefore, denies them.

400.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400, and therefore, denies them.

401. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 401, and therefore, denies them.

**i.    GEORGIA PARENT JOHN RAWLS AND MINOR STUDENT C.R.**

402. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 402, and therefore, denies them.

403. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403, and therefore, denies them.

404. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 404, and therefore, denies them.

405. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 405, and therefore, denies them.

406. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 406, and therefore, denies them.

407. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 407, and therefore, denies them.

**j.    GEORGIA PARENT KATHERINE STEWART AND MINOR STUDENT R.H.S.**

408. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408, and therefore, denies them.

409. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 409, and therefore, denies them.

410. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 410, and therefore, denies them.

411. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411, and therefore, denies them.

412. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 412, and therefore, denies them.

413.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 413, and therefore, denies them.

### k.   IDAHO PARENT MARY LORENE MUCKELORY AND MINOR STUDENTS D.W.M. AND J.R.M.

414.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414, and therefore, denies them.

415.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415, and therefore, denies them.

416.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416, and therefore, denies them.

417.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417, and therefore, denies them.

418.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 418, and therefore, denies them.

419.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 419, and therefore, denies them.

### l.   ILLINOIS PARENT NICOLE COSENTINO AND MINOR STUDENT C.M.C.

420.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 420, and therefore, denies them.

421.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 421, and therefore, denies them.

422.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422, and therefore, denies them.

423.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423, and therefore, denies them.

CASE NO. 3:25-md-3149-AJB-MSB
MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

424. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424, and therefore, denies them.

425. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 425, and therefore, denies them.

**m.    ILLINOIS PARENT JILL STRELZIN AND MINOR STUDENTS J.S. AND R.S.**

426. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 426, and therefore, denies them.

427. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 427, and therefore, denies them.

428. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 428, and therefore, denies them.

429. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 429, and therefore, denies them.

430. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430, and therefore, denies them.

431. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 431, and therefore, denies them.

**n.    ILLINOIS PARENT NICOLE VOLPERT AND MINOR STUDENT S.R.V.**

432. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 432, and therefore, denies them.

433. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433, and therefore, denies them.

434. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 434, and therefore, denies them.

435. Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 435, and therefore, denies them.

436.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 436, and therefore, denies them.

437.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 437, and therefore, denies them.

### o.    INDIANA PARENT VOLTZ AND MINOR STUDENTS B.L.C. AND K.D.V.

438.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 438, and therefore, denies them.

439.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 439, and therefore, denies them.

440.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 440, and therefore, denies them.

441.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 441, and therefore, denies them.

442.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 442, and therefore, denies them.

443.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 443, and therefore, denies them.

### p.    IOWA PARENT KYLIE STOWE AND MINOR STUDENT Z.S.

444.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444, and therefore, denies them.

445.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 445, and therefore, denies them.

446.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446, and therefore, denies them.

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

447.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447, and therefore, denies them.

448.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 448, and therefore, denies them.

449.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 449, and therefore, denies them.

### q.   KANSAS PARENT SHANDA FARQUHAR AND MINOR STUDENT G.A.F.

450.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 450, and therefore, denies them.

451.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 451, and therefore, denies them.

452.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 452, and therefore, denies them.

453.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 453, and therefore, denies them.

454.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 454, and therefore, denies them.

455.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 455, and therefore, denies them.

456.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 456, and therefore, denies them.

### r.   LOUISIANA PARENT SCOTT GRECI AND MINOR STUDENT L.G.

457.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 457, and therefore, denies them.

458.   Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 458, and therefore, denies them.

459. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 459, and therefore, denies them.

460. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 460, and therefore, denies them.

461. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 461, and therefore, denies them.

462. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 462, and therefore, denies them.

### s.    LOUISIANA PARENT TIFFANY HONORE AND MINOR STUDENT M.M.

463. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 463, and therefore, denies them.

464. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 464, and therefore, denies them.

465. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 465, and therefore, denies them.

466. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 466, and therefore, denies them.

467. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 467, and therefore, denies them.

468. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 468, and therefore, denies them.

### t.    MARYLAND PARENT ALYSHA NOBLE AND MINOR STUDENT R.J.S.

469. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 469, and therefore, denies them.

CASE NO. 3:25-md-3149-AJB-MSB
MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

470. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 470, and therefore, denies them.

471. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 471, and therefore, denies them.

472. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 472, and therefore, denies them.

473. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 473, and therefore, denies them.

u. **MASSACHUSETTS PARENT JESSICA LEE ALLEN AND MINOR STUDENT C.A.**

474. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 474, and therefore, denies them.

475. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 475, and therefore, denies them.

476. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 476, and therefore, denies them.

477. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 477, and therefore, denies them.

478. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 478, and therefore, denies them.

479. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 479, and therefore, denies them.

480. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 480, and therefore, denies them.

v. **MASSACHUSETTS PARENT JENNAANN BERRY AND MINOR STUDENT G.B.**

481. Defendant lacks knowledge or information sufficient to form a belief as

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 481, and therefore, denies them.

482. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 482, and therefore, denies them.

483. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 483, and therefore, denies them.

484. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 484, and therefore, denies them.

485. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 485, and therefore, denies them.

486. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 486, and therefore, denies them.

487. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 487, and therefore, denies them.

### w. MICHIGAN PARENT RUSHDA AFZAL AND MINOR STUDENTS Z.W. A.M.W. AND A.N.W.

488. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 488, and therefore, denies them.

489. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 489, and therefore, denies them.

490. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 490, and therefore, denies them.

491. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 491, and therefore, denies them.

492. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 492, and therefore, denies them.

493. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 493, and therefore, denies them.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**x.    MICHIGAN PARENT RATIB HABBAL AND MINOR STUDENT L.H.**

494.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 494, and therefore, denies them.

495.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 495, and therefore, denies them.

496.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 496, and therefore, denies them.

497.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 497, and therefore, denies them.

498.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 498, and therefore, denies them.

499.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 499, and therefore, denies them.

**y.    MICHIGAN PARENT TRISHA NADEAU AND MINOR STUDENTS G.O.E. AND J.C.E.**

500.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 500, and therefore, denies them.

501.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 501, and therefore, denies them.

502.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 502, and therefore, denies them.

503.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 503, and therefore, denies them.

504.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 504, and therefore, denies them.

505.    Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 505, and therefore, denies them.

### z.    MINNESOTA PARENT AMY HAUSER AND MINOR STUDENT J.H.

506.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 506, and therefore, denies them.

507.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 507, and therefore, denies them.

508.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 508, and therefore, denies them.

509.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 509, and therefore, denies them.

510.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 510, and therefore, denies them.

511.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 511, and therefore, denies them.

### aa.    MISSISSIPPI PARENT KATHEY HENRY AND MINOR STUDENTS T.M.H. AND T.T.H.

512.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 512, and therefore, denies them.

513.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 513, and therefore, denies them.

514.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 514, and therefore, denies them.

515.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 515, and therefore, denies them.

516.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 516, and therefore, denies them.

517. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 517, and therefore, denies them.

### bb.    MISSOURI PARENT OF FORMER STUDENT KRISTI KINGERY-ISLAS

518. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 518, and therefore, denies them.

519. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 519, and therefore, denies them.

520. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 520, and therefore, denies them.

521. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 521, and therefore, denies them.

522. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 522, and therefore, denies them.

### cc.    MISSOURI PLAINTIFF TORRIE MAYFIELD AND MINOR STUDENT A.M.

523. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 523, and therefore, denies them.

524. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 524, and therefore, denies them.

525. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 525, and therefore, denies them.

526. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 526, and therefore, denies them.

527. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 527, and therefore, denies them.

528. Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 528, and therefore, denies them.

**dd. MONTANA PARENT KATHLEEN HOLM AND MINOR STUDENTS P.P. AND R.P.**

529. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 529, and therefore, denies them.

530. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 530, and therefore, denies them.

531. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 531, and therefore, denies them.

532. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 532, and therefore, denies them.

533. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 533, and therefore, denies them.

534. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 534, and therefore, denies them.

**ee. NEW HAMPSHIRE PARENT SERENE BAVIS AND MINOR STUDENT S.W.**

535. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 535, and therefore, denies them.

536. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 536, and therefore, denies them.

537. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 537, and therefore, denies them.

538. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 538, and therefore, denies them.

539. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 539, and therefore, denies them.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

540. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 540, and therefore, denies them.

### ff.    NEW JERSEY PARENT MELISSA GIFFORD AND MINOR STUDENT J.M., C.M., AND J.S.M.

541. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 541, and therefore, denies them.

542. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 542, and therefore, denies them.

543. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 543, and therefore, denies them.

544. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 544, and therefore, denies them.

545. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 545, and therefore, denies them.

546. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 546, and therefore, denies them.

### gg.    NEW JERSEY PARENT SAKINAH ARDINE KNOTT AND MINOR STUDENTS M.M.W., D.J.P., AND I.M.W.

547. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 547, and therefore, denies them.

548. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 548, and therefore, denies them.

549. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 549, and therefore, denies them.

550. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 550, and therefore, denies them.

551. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 551, and therefore, denies them.

552. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 552, and therefore, denies them.

### hh.    NEW YORK PARENT PATRICK BOWLER AND MINOR STUDENTS J.B. AND M.B.

553. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 553, and therefore, denies them.

554. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 554, and therefore, denies them.

555. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 555, and therefore, denies them.

556. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 556, and therefore, denies them.

557. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 557, and therefore, denies them.

558. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 558, and therefore, denies them.

### ii.    NEW YORK PARENT JENNIFER CECILIA HARRELL AND MINOR STUDENT J.E.H.

559. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 559, and therefore, denies them.

560. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 560, and therefore, denies them.

561. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 561, and therefore, denies them.

562. Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 562, and therefore, denies them.

563. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 563, and therefore, denies them.

564. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 564, and therefore, denies them.

### jj. NORTH CAROLINA PARENT KRISTIN ECKART AND MINOR STUDENTS J.E. AND T.E.

565. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 565, and therefore, denies them.

566. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 566, and therefore, denies them.

567. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 567, and therefore, denies them.

568. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 568, and therefore, denies them.

569. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 569, and therefore, denies them.

570. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 570, and therefore, denies them.

### kk. NORTH CAROLINA (GEORGIA) PARENT JESSICA PATRICK TAYLOR AND MINOR STUDENTS J.O.P. AND N.O.T.

571. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 571, and therefore, denies them.

572. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 572, and therefore, denies them.

573. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 573, and therefore, denies them.

574. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 574, and therefore, denies them.

575. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 575, and therefore, denies them.

576. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 576, and therefore, denies them.

577. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 577, and therefore, denies them.

## ll.    NORTH DAKOTA PARENT MARIAH JENE MARTYN AND MINOR STUDENT L.M.A.

578. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 578, and therefore, denies them.

579. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 579, and therefore, denies them.

580. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 580, and therefore, denies them.

581. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 581, and therefore, denies them.

582. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 582, and therefore, denies them.

## mm. OHIO PARENT ANDREW COOK AND MINOR STUDENTS A.C. AND C.C.

583. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 583, and therefore, denies them.

584. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 584, and therefore, denies them.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

585. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 585, and therefore, denies them.

586. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 586, and therefore, denies them.

587. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 587, and therefore, denies them.

588. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 588, and therefore, denies them.

**nn.   OREGON PARENT CARA LEWIS AND MINOR STUDENTS A.L. AND M.L.**

589. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 589, and therefore, denies them.

590. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 590, and therefore, denies them.

591. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 591, and therefore, denies them.

592. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592, and therefore, denies them.

593. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 593, and therefore, denies them.

594. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 594, and therefore, denies them.

**oo.   PENNSYLVANIA PARENT FRANK JOHN TRZCINSKI AND MINOR STUDENTS E.T. AND S.T.**

595. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 595, and therefore, denies them.

596. Defendant lacks knowledge or information sufficient to form a belief as

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 596, and therefore, denies them.

597. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 597, and therefore, denies them.

598. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 598, and therefore, denies them.

599. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 599, and therefore, denies them.

600. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 600, and therefore, denies them.

### pp. SOUTH CAROLINA PARENT NICOLE DRENNEN AND MINOR STUDENTS G.D. AND Q.D.

601. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 601, and therefore, denies them.

602. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 602, and therefore, denies them.

603. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 603, and therefore, denies them.

604. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 604, and therefore, denies them.

605. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 605, and therefore, denies them.

606. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 606, and therefore, denies them.

607. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 607, and therefore, denies them.

### qq. SOUTH CAROLINA PARENT SHAWN FRIEDMAN AND MINOR STUDENT J.F.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

608. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 608, and therefore, denies them.

609. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 609, and therefore, denies them.

610. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 610, and therefore, denies them.

611. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 611, and therefore, denies them.

612. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 612, and therefore, denies them.

613. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 613, and therefore, denies them.

### rr. SOUTH CAROLINA PARENT SAMARIAH LOCKHART AND MINOR STUDENT P.M.

614. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 614, and therefore, denies them.

615. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 615, and therefore, denies them.

616. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 616, and therefore, denies them.

617. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 617, and therefore, denies them.

618. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 618, and therefore, denies them.

619. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 619, and therefore, denies them.

### ss. SOUTH CAROLINA PARENT KRYSTAL VARGHA

**AND MINOR STUDENTS A.V. B.V. AND G.V.**

620.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 620, and therefore, denies them.

621.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 621, and therefore, denies them.

622.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 622, and therefore, denies them.

623.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 623, and therefore, denies them.

624.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 624, and therefore, denies them.

625.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 625, and therefore, denies them.

tt.    **TENNESSEE PARENT AMY LANCASTER AND MINOR STUDENTS E.M.L., K.C.L., AND C.S.R.L.**

626.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 626, and therefore, denies them.

627.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 627, and therefore, denies them.

628.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 628, and therefore, denies them.

629.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 629, and therefore, denies them.

630.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 630, and therefore, denies them.

631.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 631, and therefore, denies them.

### uu.   TEXAS PARENT NETHANN JACKSON AND MINOR STUDENTS C.J. AND M.J.

632.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 632, and therefore, denies them.

633.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 633, and therefore, denies them.

634.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 634, and therefore, denies them.

635.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 635, and therefore, denies them.

636.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 636, and therefore, denies them.

637.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 637, and therefore, denies them.

### vv.   TEXAS PARENT ASIA PRITCHETT AND MINOR STUDENT B.M.

638.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 638, and therefore, denies them.

639.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 639, and therefore, denies them.

640.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 640, and therefore, denies them.

641.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 641, and therefore, denies them.

642.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 642, and therefore, denies them.

643.   Defendant lacks knowledge or information sufficient to form a belief as

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 643, and therefore, denies them.

### ww.    UTAH PARENT JOSEPH HAUPTMAN AND MINOR STUDENTS D.H. AND M.H.

644.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 644, and therefore, denies them.

645.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 645, and therefore, denies them.

646.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 646, and therefore, denies them.

647.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 647, and therefore, denies them.

648.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 648, and therefore, denies them.

649.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 649, and therefore, denies them.

### xx.    VIRGINIA PARENT ELEANOR TILLMAN AND MINOR STUDENT L.L.

650.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 650, and therefore, denies them.

651.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 651, and therefore, denies them.

652.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 652, and therefore, denies them.

653.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 653, and therefore, denies them.

654.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 654, and therefore, denies them.

655. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 655, and therefore, denies them.

### yy.   VIRGINIA PARENT TOWFEQ ZARIF AND MINOR STUDENT P.Z.

656. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 656, and therefore, denies them.

657. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 657, and therefore, denies them.

658. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 658, and therefore, denies them.

659. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 659, and therefore, denies them.

660. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 660, and therefore, denies them.

661. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 661, and therefore, denies them.

### zz.   WASHINGTON PARENT EMILY PEASE AND MINOR STUDENTS A.E.J.A., A.R.R., AND A.E.R.

662. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 662, and therefore, denies them.

663. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 663, and therefore, denies them.

664. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 664, and therefore, denies them.

665. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 665, and therefore, denies them.

666. Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

to the truth of the allegations in paragraph 666, and therefore, denies them.

667.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 667, and therefore, denies them.

**aaa.    WASHINGTON PARENT HEATHER TAYLOR AND MINOR STUDENTS B.N.T. AND B.A.T.**

668.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 668, and therefore, denies them.

669.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 669, and therefore, denies them.

670.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 670, and therefore, denies them.

671.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 671, and therefore, denies them.

672.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 672, and therefore, denies them.

673.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 673, and therefore, denies them.

**bbb.    WASHINGTON PARENT MICHELLE LA COUNT AND MINOR STUDENTS E.R.M. AND R.E.M.**

674.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 674, and therefore, denies them.

675.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 675, and therefore, denies them.

676.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 676, and therefore, denies them.

677.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 677, and therefore, denies them.

678.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 678, and therefore, denies them.

679.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 679, and therefore, denies them.

### ccc.   WYOMING PARENT SKYE BREANN LAWSON AND MINOR STUDENTS B.L. AND H.L.

680.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 680, and therefore, denies them.

681.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 681, and therefore, denies them.

682.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 682, and therefore, denies them.

683.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 683, and therefore, denies them.

684.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 684, and therefore, denies them.

685.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 685, and therefore, denies them.

### 4.   FORMER STUDENTS

### a.   COLORADO FORMER STUDENT KENNAH J. WHITE

686.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 686, and therefore, denies them.

687.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 687, and therefore, denies them.

688.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 688, and therefore, denies them.

689.  Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 689, and therefore, denies them.

690.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 690, and therefore, denies them.

691.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 691, and therefore, denies them.

### b.    IOWA FORMER STUDENT ALEXANDER LARSON

692.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 692, and therefore, denies them.

693.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 693, and therefore, denies them.

694.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 694, and therefore, denies them.

695.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 695, and therefore, denies them.

696.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 696, and therefore, denies them.

697.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 697, and therefore, denies them.

### c.    KANSAS FORMER STUDENT LAUREN OVERLY

698.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 698, and therefore, denies them.

699.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 699, and therefore, denies them.

700.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 700, and therefore, denies them.

701.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 701, and therefore, denies them.

702. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 702, and therefore, denies them.

### d.   KANSAS FORMER STUDENT EMMA PANGRACS

703. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 703, and therefore, denies them.

704. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 704, and therefore, denies them.

705. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 705, and therefore, denies them.

706. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 706, and therefore, denies them.

707. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 707, and therefore, denies them.

### e.   MAINE FORMER STUDENT ZANDER NORCIA

708. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 708, and therefore, denies them.

709. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 709, and therefore, denies them.

710. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 710, and therefore, denies them.

711. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 711, and therefore, denies them.

712. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 712, and therefore, denies them.

713. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 713, and therefore, denies them.

### f.   MISSOURI FORMER STUDENT JACOB ISLAS

714. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 714, and therefore, denies them.

715. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 715, and therefore, denies them.

716. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 716, and therefore, denies them.

717. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 717, and therefore, denies them.

718. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 718, and therefore, denies them.

### g.   NORTH CAROLINA FORMER STUDENT AYEDON BAUDER

719. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 719, and therefore, denies them.

720. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 720, and therefore, denies them.

721. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 721, and therefore, denies them.

722. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 722, and therefore, denies them.

723. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 723, and therefore, denies them.

724. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 724, and therefore, denies them.

### h.   OHIO FORMER STUDENT EVAN GRAMELSPACHER

725. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 725, and therefore, denies them.

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

726.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 726, and therefore, denies them.

727.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 727, and therefore, denies them.

728.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 728, and therefore, denies them.

729.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 729, and therefore, denies them.

730.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 730, and therefore, denies them.

### i.    TEXAS FORMER STUDENT STEFAN SPANN

731.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 731, and therefore, denies them.

732.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 732, and therefore, denies them.

733.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 733, and therefore, denies them.

734.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 734, and therefore, denies them.

735.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 735, and therefore, denies them.

736.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 736, and therefore, denies them.

### j.    UTAH FORMER STUDENT HAILER MCCALL SHINGLETON

737.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 737, and therefore, denies them.

738. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 738, and therefore, denies them.

739. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 739, and therefore, denies them.

740. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 740, and therefore, denies them.

741. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 741, and therefore, denies them.

742. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 742, and therefore, denies them.

**k.    WISCONSIN    FORMER    STUDENT    KAYELEEN CAMPBELL**

743. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 743, and therefore, denies them.

744. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 744, and therefore, denies them.

745. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 745, and therefore, denies them.

746. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 746, and therefore, denies them.

747. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 747, and therefore, denies them.

748. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 748, and therefore, denies them.

**5.    TEACHER'S UNIONS**

749. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 749, and therefore, denies them.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

750.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 750, and therefore, denies them.

751.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 751, and therefore, denies them.

752.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 752, and therefore, denies them.

## V.   CLASS ALLEGATIONS

753.   No response is required to paragraph 753.  To the extent a response is required, Defendant denies the allegations in paragraph 753.

754.   No response is required to paragraph 754.  To the extent a response is required, Defendant denies the allegations in paragraph 754.

755.   No response is required to paragraph 755.  To the extent a response is required, Defendant denies the allegations in paragraph 755.

756.   No response is required to paragraph 756.  To the extent a response is required, Defendant denies the allegations in paragraph 756.

757.   No response is required to paragraph 757.  To the extent a response is required, Defendant denies the allegations in paragraph 757.

758.   No response is required to paragraph 758.  To the extent a response is required, Defendant denies the allegations in paragraph 758.

759.   No response is required to paragraph 759.  To the extent a response is required, Defendant denies the allegations in paragraph 759.

760.   No response is required to paragraph 760.  To the extent a response is required, Defendant denies the allegations in paragraph 760.

761.   No response is required to paragraph 761.  To the extent a response is required, Defendant denies the allegations in paragraph 761.

762.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 762, and therefore, denies them.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

763. Defendant denies the allegations in paragraph 763.

764. Defendant denies the allegations in paragraph 764.

765. Defendant denies the allegations in paragraph 765.

766. No response is required to paragraph 766. To the extent a response is required, Defendant denies the allegations in paragraph 766.

## COUNT I – NEGLIGENCE

## (ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS)

## (AGAINST ALL DEFENDANTS)

767. No response is required to paragraph 767. To the extent that a response is required, Defendant repeats and incorporates by reference its answers to paragraphs 1 through 766.

768. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 768, and therefore, denies them.

769. The allegations in paragraph 769 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 769.

770. Defendant denies the allegations in paragraph 770 to the extent they are asserted against Defendant. To the extent paragraph 770 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

771. The allegations in paragraph 771 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

772. The allegations in paragraph 772 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the

73

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

allegations in paragraph 772 to the extent asserted against Defendant. To the extent paragraph 772 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

773. The allegations in paragraph 773 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 773 to the extent asserted against Defendant. To the extent paragraph 773 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

774. Defendant denies the allegations in paragraph 774 to the extent asserted against Defendant. To the extent paragraph 774 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

775. The allegations in paragraph 775 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 775 to the extent asserted against Defendant. To the extent paragraph 775 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

776. The allegations in paragraph 776 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 776.

777. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 777, and therefore, denies them.

778. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 778, and therefore, denies them.

779. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 779, and therefore, denies them.

780. Defendant admits that it maintains an information security management system certified under ISO/IEC 27001.

781. The allegations in paragraph 781 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 781. To the extent paragraph 781 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

782. Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

783. The allegations in paragraph 783 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 783. To the extent paragraph 783 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

784. The allegations in paragraph 784 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 784. To the extent paragraph 784 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

785. The allegations in paragraph 785 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 785. To the extent paragraph 785 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

786. The allegations in paragraph 786 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 786. To the extent paragraph 786 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

787. The allegations in paragraph 787 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 787.

788. The allegations in paragraph 788 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 788 as to Defendant Movate. To the extent paragraph 788 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

789. Defendant denies the allegations in paragraph 789.

790. The allegations in paragraph 790 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 790. To the extent paragraph 790 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

791. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 791, including any allegations concerning PowerSchool's conduct, and therefore, denies them.

792. Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

793. Defendant denies the allegations to the extent asserted against Defendant

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

794.   Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

795.   Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

796.   Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

797.   The allegations in paragraph 797 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

798.   The allegations in paragraph 798 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

## COUNT II – NEGLIGENCE PER SE

### (ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR ALTERNATIVELY, ON BEHALF OF PLAINTIFFS AND THE STATEWIDE SUBCLASSES)

### (AGAINST DEFENDANTS POWERSCHOOL AND BAIN CAPITAL)

799.   No response is required to paragraph 799.  To the extent that a response

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

is required, Defendant repeats and incorporates by reference its answers to paragraphs 1 through 798.

800. No response is required to paragraph 800. To the extent a response is required, Defendant denies the allegations in paragraph 800.

801. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 801, and therefore, denies them.

802. The allegations in paragraph 802 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 802.

803. Defendant denies the allegations in paragraph 803.

804. The allegations in paragraph 804 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 804.

805. The allegations in paragraph 805 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 805.

806. The allegations in paragraph 806 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 806.

807. Defendant denies the allegations in paragraph 807.

808. The allegations in paragraph 808 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 808.

809. Defendant denies the allegations in paragraph 809.

810. The allegations in paragraph 810 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 810.

811.   The allegations in paragraph 811 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 811.

812.   The allegations in paragraph 812 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 812.

813.   The allegations in paragraph 813 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 813.

814.   The allegations in paragraph 814 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 814.

815.   The allegations in paragraph 815 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 815.

816.   The allegations in paragraph 816 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 816.

817.   The allegations in paragraph 817 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 817.

818.   Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 818, and therefore, denies them.

819.   The allegations in paragraph 819 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 819.

820.   Defendant denies the allegations in paragraph 820.

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

821.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 821, and therefore, denies them.

822.   The allegations in paragraph 822 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 822.

823.   The allegations in paragraph 823 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 823.

824.   The allegations in paragraph 824 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 824.

825.   The allegations in paragraph 825 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 825.

826.   The allegations in paragraph 826 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 826.

827.   The allegations in paragraph 827 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 827.

**COUNT III – UNJUST ENRICHMENT**

**(ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR ALTERNATIVELY, ON BEHALF OF PLAINTIFFS AND THE STATEWIDE SUBCLASSES)**

**(AGAINST DEFENDANTS POWERSCHOOL AND BAIN CAPITAL)**

828.   The Court has dismissed Count III as against Movate.  Accordingly, no response is required to the allegations in paragraphs 828 through 850.  To the extent a

response is required, Movate denies the allegations in paragraphs 828 through 850.

**COUNT IV – INVASION OF PRIVACY**

**(ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR ALTERNATIVELY, ON BEHALF OF PLAINTIFFS AND THE STATEWIDE SUBCLASSES)**

**(AGAINST DEFENDANTS POWERSCHOOL AND BAIN CAPITAL)**

851.    This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 851 through 871.  To the extent a response is required, Movate denies the allegations in paragraphs 851 through 871.

**COUNT VI – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**(ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR ALTERNATIVELY, ON BEHALF OF PLAINTIFFS AND THE STATEWIDE SUBCLASSES)**

**(AGAINST ALL DEFENDANTS)**

872.    The Court has dismissed Count VI as against Movate.  Accordingly, no response is required to the allegations in paragraphs 872 through 894.  To the extent a response is required, Movate denies the allegations in paragraphs 872 through 894.

**COUNT VII – BREACH OF FIDUCIARY DUTY**

**(ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR ALTERNATIVELY, ON BEHALF OF PLAINTIFFS AND THE STATEWIDE SUBCLASSES)**

**(AGAINST DEFENDANTS POWERSCHOOL AND BAIN CAPITAL)**

895.    This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 895 through 907.  To the extent a response is required, Movate denies the allegations in paragraphs 895 through 907.

**COUNT IX – NEGLIGENT TRAINING AND SUPERVISION**

**(ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS)**

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**(AGAINST DEFENDANTS POWERSCHOOL AND BAIN CAPITAL)**

908.   No response is required to paragraph 908.  To the extent that a response is required, Defendant repeats and incorporates by reference its answers to paragraphs 1 through 907.

909.   The allegations in paragraph 909 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

910.   Defendant admits that PowerSchool hired Movate to provide technical customer support services as a subcontractor and that PowerSchool configured and provided access to its systems to Movate employees who were employed outside the United States.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the scope or level of access that PowerSchool configured and provided for PowerSchool's systems, and therefore, denies the remaining allegations in paragraph 910.

911.   Defendant admits that PowerSchool configured and provided access to its systems to Movate employees who were employed outside the United States. Defendant otherwise denies the allegations in paragraph 911, including any allegation that Defendant failed to properly train or supervise its employees. To the extent paragraph 911 alleges conduct, policies, or omissions by PowerSchool, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

912.   The allegations in paragraph 912 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

defendant, and therefore, denies them.

913. The allegations in paragraph 913 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 913. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the scope or level of access, configuration of such access, whether any access was "unfettered," or what data any employee could access, and therefore, denies those allegations in paragraph 913. To the extent paragraph 913 alleges conduct, duties, or omissions by any other defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies them.

914. Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

915. Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

916. Defendant denies the allegations in paragraph 916.

917. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 917 to the extent they concern PowerSchool's policies, practices, or supervision of personnel, and therefore, denies them. To the extent paragraph 917 asserts that Defendant failed to adequately train or supervise its employees, Defendant denies those allegations.

918. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 918 to the extent they concern PowerSchool's conduct or practices, and therefore, denies those allegations. To the extent paragraph 918 asserts negligence by Defendant, Defendant denies those allegations.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

919. Defendant denies the allegations in paragraph 919.

920. Defendant denies the allegations in paragraph 920.

921. Defendant admits that Rayson Cruz was a Movate employee at the time of the Data Breach, that he was a team leader on the PowerSchool project, and that PowerSchool provided him access to its Student Information System ("SIS") as part of his assigned technical customer support responsibilities. Defendant otherwise denies the allegations in paragraph 921. Defendant further lacks knowledge or information sufficient to form a belief as to the allegations regarding how PowerSchool's systems were breached or the specific means by which any credentials were allegedly obtained or misused, and therefore, denies those allegations.

922. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 922 to the extent they concern PowerSchool's policies, practices, decisions, or supervision, and therefore, denies those allegations. To the extent paragraph 922 asserts that Defendant failed to properly train or supervise its employees or is otherwise responsible for PowerSchool's conduct, Defendant denies those allegations.

923. Defendant denies the allegations in paragraph 923.

924. Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore, denies them.

**COUNT X – ALABAMA DECEPTIVE TRADE PRACTICES ACT, ALA. CODE § 8-19-1, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS CHRISTINA ASHLEY HARDWICK AND MINOR STUDENT L.D., VALERIE RENEE RHODEN AND MINOR STUDENT C.A.R., AND THE ALABAMA SUBCLASS)**

925. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 925 through 941. To the extent a response is

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

required, Movate denies the allegations in paragraphs 925 through 941.

**COUNT XI – ARIZONA CONSUMER FRAUD ACT, A.R.S. § 44-1521, ET SEQ (ON BEHALF OF PLAINTIFFS ARIZONA TEACHER WILLAM JEREMIAH TARBUSH AND MINOR STUDENT A.C.T. AND THE ARIZONA SUBCLASS)**

942.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 942 through 951.  To the extent a response is required, Movate denies the allegations in paragraphs 942 through 951.

**COUNT XII – CALIFORNIA CUSTOMER RECORDS ACT ("CCRA"), CAL. CIV. CODE §§ 1798.80, ET SEQ**

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

952.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 952 through 963.  To the extent a response is required, Movate denies the allegations in paragraphs 952 through 963.

**COUNT XIII – VIOLATION OF THE CALIFORNIA CONSUMER PRIVACY ACT**

**CAL. CIV. CODE § 1798.100, *ET SEQ*. ("CCPA")**

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

964.   This Count is not asserted against Movate.  Accordingly, no response is

required to the allegations in paragraphs 964 through 977.  To the extent a response is required, Movate denies the allegations in paragraphs 964 through 977.

**COUNT XIV – CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CAL. CIV. CODE §§ 56, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

978.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 978 through 1007.  To the extent a response is required, Movate denies the allegations in paragraphs 978 through 1007.

**COUNT XV – INVASION OF PRIVACY: CALIFORNIA CONSTITUTION CAL. CONST., ARTICLE I § 1**

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

1008. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1008 through 1018.  To the extent a response is required, Movate denies the allegations in paragraphs 1008 through 1018.

**COUNT XVI – CALIFORNIA UNFAIR COMPETITION LAW. CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR**

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

1019. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1008 through 1018. To the extent a response is required, Movate denies the allegations in paragraphs 1008 through 1018.

**COUNT XVII – AIDING AND ABETTING.**

**CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

1031. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1031 through 1036. To the extent a response is required, Movate denies the allegations in paragraphs 1031 through 1036.

**COUNT XVIII – CALIFORNIA CONSUMER LEGAL REMEDIES ACT.**

**CAL. BUS. & PROF. CODE §§ 1750, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

1037. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1037 through 1050. To the extent a response is required, Movate denies the allegations in paragraphs 1037 through 1050.

**COUNT XIX – CALIFORNIA'S COMPREHENSIVE DATA ACCESS AND FRAUD ACT, CAL. PENAL CODE § 502**

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

1051. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1051 through 1061. To the extent a response is required, Movate denies the allegations in paragraphs 1051 through 1061.

**COUNT XX – CALIFORNIA'S PROHIBITION AGAINST DECEIT BY CONCEALMENT, CAL. CIV. CODE § 1710(3)**

**(ON BEHALF OF PLAINTIFFS DAVID BROWNLEE AND MINOR STUDENT A.B., NICOLE FLICK AND MINOR STUDENT M.C., DAVID ZARATE AND MINOR STUDENT A.Z., ASHLEY WRIGHT AND MINOR STUDENT A.N.B., DOBIE JAMES AUGUST AND MINOR STUDENTS K.J.A. AND K.D.A., AND THE CALIFORNIA SUBCLASS)**

1062. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1062 through 1068. To the extent a response is required, Movate denies the allegations in paragraphs 1062 through 1068.

**COUNT XXI – COLORADO SECURITY BREACH NOTIFICATION ACT, COLO. REV. STAT. §§ 6-1-716, ET SEQ.**

**(ON BEHALF OF PLAINTIFF FORMER STUDENT KENNAH J. WHITE AND THE COLORADO SUBCLASS)**

1069. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1069 through 1076. To the extent a response is required, Movate denies the allegations in paragraphs 1069 through 1076.

**COUNT XXII – COLORADO CONSUMER PROTECTION ACT, COLO. REV. STAT. §§ 6-1-101, ET SEQ.**

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**(ON BEHALF OF PLAINTIFF FORMER STUDENT KENNAH J. WHITE AND THE COLORADO SUBCLASS)**

1077. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1077 through 1089.  To the extent a response is required, Movate denies the allegations in paragraphs 1077 through 1089.

**COUNT XXIII – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT,**

**FLA. STAT. §§ 501.201, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS DAVID SUAVE AND MINOR STUDENT A.S. AND THE FLORIDA SUBCLASS)**

1090. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1090 through 1096.  To the extent a response is required, Movate denies the allegations in paragraphs 1090 through 1096.

**COUNT XXIV – GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT,**

**GA. CODE ANN. §§ 10-1-370, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS TEACHER CHARLOTTE RENN, KATHERINE STEWART AND MINOR STUDENT R.H.S., AND JOHN RAWLS AND MINOR STUDENT C.R., AND THE GEORGIA SUBCLASS)**

1097. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1097 through 1107.  To the extent a response is required, Movate denies the allegations in paragraphs 1097 through 1107.

**COUNT XXV – O.C.G.A. § 13-6-11 RECOVERY OF EXPENSES OF LITIGATION (ON BEHALF OF PLAINTIFFS TEACHER CHARLOTTE RENN, KATHERINE STEWART AND MINOR STUDENT R.H.S., AND JOHN RAWLS AND MINOR STUDENT C.R., AND THE GEORGIA SUBCLASS)**

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

1108. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1108 through 1111. To the extent a response is required, Movate denies the allegations in paragraphs 1108 through 1111.

**COUNT XXVI – IDAHO CONSUMER PROTECTION ACT, IDAHO CODE §§ 48-601, ET SEQ.**

**(ON BEHALF OF PLAINTIFF MARY LORENE MUCKELORY AND MINOR STUDENTS D.W.M. AND J.R.M. AND THE IDAHO SUBCLASS)**

1112. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1112 through 1122. To the extent a response is required, Movate denies the allegations in paragraphs 1112 through 1122.

**COUNT XXVII – ILLINOIS PERSONAL INFORMATION PROTECTION ACT, 815 ILL. COMP. STAT. §§ 530/10(A), ET SEQ.**

**(ON BEHALF OF PLAINTIFFS JILL STRELZIN AND MINOR STUDENTS J.S. AND R.S., NICOLE VOLPERT AND MINOR STUDENTS S.R.V., NICOLE COSENTINO AND MINOR STUDENT C.M.C., AND THE ILLINOIS SUBCLASS)**

1123. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1123 through 1131. To the extent a response is required, Movate denies the allegations in paragraphs 1123 through 1131.

**COUNT XXVIII – ILLINOIS CONSUMER FRAUD ACT, 815 ILL. COMP. STAT. §§ 505, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS JILL STRELZIN AND MINOR STUDENTS J.S. AND R.S., NICOLE VOLPERT AND MINOR STUDENTS S.R.V., NICOLE COSENTINO AND MINOR STUDENT C.M.C., AND THE ILLINOIS SUBCLASS)**

1132. This Count is not asserted against Movate. Accordingly, no response is

required to the allegations in paragraphs 1132 through 1142. To the extent a response is required, Movate denies the allegations in paragraphs 1132 through 1142.

**COUNT XXIX – ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT,**

**815 ILL. COMP. STAT. §§ 510/2, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS JILL STRELZIN AND MINOR STUDENTS J.S. AND R.S., NICOLE VOLPERT AND MINOR STUDENTS S.R.V., NICOLE COSENTINO AND MINOR STUDENT C.M.C., AND THE ILLINOIS SUBCLASS)**

1143. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1143 through 1150. To the extent a response is required, Movate denies the allegations in paragraphs 1143 through 1150.

**COUNT XXX – INDIANA DECEPTIVE CONSUMER SALES ACT, IND. CODE §§ 24-5-0.5-1, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS TEACHER KIMBERLY KINNEY, AMANDA VOLTZ, AND MINOR STUDENTS B.L.C. AND K.D.V., AND THE INDIANA SUBCLASS)**

1151. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1151 through 1174. To the extent a response is required, Movate denies the allegations in paragraphs 1151 through 1174.

**COUNT XXXI – PERSONAL INFORMATION SECURITY BREACH PROTECTION LAW, IOWA CODE § 715C.2**

**(ON BEHALF OF PLAINTIFFS FORMER STUDENT ALEXANDER LARSON, KYLIE STOWE AND MINOR STUDENT Z.S., AND THE IOWA SUBCLASS)**

1175. This Count is not asserted against Movate. Accordingly, no response is

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

required to the allegations in paragraphs 1175 through 1183.  To the extent a response is required, Movate denies the allegations in paragraphs 1175 through 1183.

**COUNT XXXII – IOWA PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT,**

**IOWA CODE § 714H**

**(ON BEHALF OF PLAINTIFFS FORMER STUDENT ALEXANDER LARSON, KYLIE STOWE AND MINOR STUDENT Z.S., AND THE IOWA SUBCLASS)**

1184. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1184 through 1194.  To the extent a response is required, Movate denies the allegations in paragraphs 1184 through 1194.

**COUNT XXXIII – PROTECTION OF CONSUMER INFORMATION,**

**KAN. STAT. ANN. § 50-7A02(A), ET SEQ.**

**(ON BEHALF OF PLAINTIFFS FORMER STUDENT EMMA PANGRACS, FORMER STUDENT LAUREN OVERLY, SHANDA FARQUHAR AND MINOR STUDENT G.A.F., AND THE KANSAS SUBCLASS)**

1195. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1195 through 1202.  To the extent a response is required, Movate denies the allegations in paragraphs 1195 through 1202.

**COUNT XXXIV – KANSAS CONSUMER PROTECTION ACT,**

**K.S.A. §§ 50-623, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS FORMER STUDENT EMMA PANGRACS, FORMER STUDENT LAUREN OVERLY, SHANDA FARQUHAR AND MINOR STUDENT G.A.F., AND THE KANSAS SUBCLASS)**

1203. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1203 through 1218.  To the extent a response is required, Movate denies the allegations in paragraphs 1203 through 1218.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**COUNT XXXV – DATABASE SECURITY BREACH NOTIFICATION LAW, LA. REV. STAT. ANN. §§ 51:3074(A), ET SEQ.**

**(ON BEHALF OF PLAINTIFFS SCOTT GRECI AND MINOR STUDENT L.G., AND TIFFANY HONORE MINOR STUDENT M.M., AND THE LOUISIANA SUBCLASS)**

1219. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1219 through 1225. To the extent a response is required, Movate denies the allegations in paragraphs 1219 through 1225.

**COUNT XXXVI – LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, LA. REV. STAT. ANN. §§ 51:1401, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS SCOTT GRECI AND MINOR STUDENT L.G., AND TIFFANY HONORE MINOR STUDENT M.M., AND THE LOUISIANA SUBCLASS)**

1226. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1226 through 1238. To the extent a response is required, Movate denies the allegations in paragraphs 1226 through 1238.

**COUNT XXXVII – MAINE UNFAIR TRADE PRACTICES ACT, 5 ME. REV. STAT. §§ 205, 213, ET SEQ.**

**(ON BEHALF OF PLAINTIFF ZANDER NORCIA AND THE MAINE SUBCLASS)**

1239. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1239 through 1249. To the extent a response is required, Movate denies the allegations in paragraphs 1239 through 1249.

**COUNT XXXVIII – MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 10 ME. REV. STAT. §§ 1212, ET SEQ.**

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**(ON BEHALF OF PLAINTIFF ZANDER NORCIA AND THE MAINE SUBCLASS)**

1250. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1250 through 1261.  To the extent a response is required, Movate denies the allegations in paragraphs 1250 through 1261.

**COUNT XXXIX – MARYLAND PERSONAL INFORMATION PROTECTION ACT,**

**MD. COMM. CODE §§ 14-3501, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS ALYSHA NOBLE AND MINOR STUDENT R.J.S. AND THE MARYLAND SUBCLASS)**

1261. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1261 through 1274.  To the extent a response is required, Movate denies the allegations in paragraphs 1261 through 1274.

**COUNT XL – MARYLAND CONSUMER PROTECTION ACT,**

**MD. CODE ANN., COM. LAW §§ 13-301, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS ALYSHA NOBLE AND MINOR STUDENT R.J.S. AND THE MARYLAND SUBCLASS)**

1275. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1275 through 1288.  To the extent a response is required, Movate denies the allegations in paragraphs 1275 through 1288.

**COUNT XLI – MASSACHUSETTS CONSUMER PROTECTION ACT,**

**MASS. GEN. LAWS ANN. CH. 93A §§ 1, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS JESSICA LEE ALLEN AND MINOR STUDENT C.A., JENNAANN BERRY AND MINOR STUDENTS B.R.N. AND B.D.N., AND THE MASSACHUSETTS SUBCLASS)**

1289. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1289 through 1300.  To the extent a response

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

is required, Movate denies the allegations in paragraphs 1289 through 1300.

**COUNT XLII – MICHIGAN IDENTITY THEFT PROTECTION ACT,**

**MICH. COMP. LAWS ANN. §§ 445.72, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS RUSHDA AFZAL AND MINOR STUDENTS**

**Z.W., A.M.W., RATIB HABBAL AND MINOR STUDENT L.H., AND**

**TRISHA NADEAU AND MINOR STUDENTS G.O.E. AND J.C.E., AND THE**

**MICHIGAN SUBCLASS)**

1301. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1301 through 1308.  To the extent a response is required, Movate denies the allegations in paragraphs 1301 through 1308.

**COUNT XLIII – MICHIGAN CONSUMER PROTECTION ACT,**

**MICH. COMP. LAWS ANN. §§ 445.903, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS RUSHDA AFZAL AND MINOR STUDENTS**

**Z.W., A.M.W., RATIB HABBAL AND MINOR STUDENT L.H., AND**

**TRISHA NADEAU AND MINOR STUDENTS G.O.E. AND J.C.E., AND THE**

**MICHIGAN SUBCLASS)**

1309. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1309 through 1318.  To the extent a response is required, Movate denies the allegations in paragraphs 1309 through 1318.

**COUNT XLIV – MINNESOTA CONSUMER FRAUD ACT,**

**MINN. STAT. §§ 325F.68, ET SEQ. AND MINN. STAT. §§ 8.31, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS AMY HAUSER AND MINOR STUDENT**

**J.H. AND THE MINNESOTA SUBCLASS)**

1319. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1319 through 1328.  To the extent a response is required, Movate denies the allegations in paragraphs 1319 through 1328.

**COUNT XLV – MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES**

ACT,

**MINN. STAT. §§ 325D.43, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS AMY HAUSER AND MINOR STUDENT J.H. AND THE MINNESOTA SUBCLASS)**

1329. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1329 through 1336.  To the extent a response is required, Movate denies the allegations in paragraphs 1329 through 1336.

**COUNT XLVI – MISSISSIPPI CONSUMER PROTECTION ACT,**

**MISS. CODE §§ 75-24-1, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS KATHEY HENRY AND MINOR STUDENTS T.M.H. AND T.T.H. AND THE MISSISSIPPI SUBCLASS)**

1337. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1337 through 1349.  To the extent a response is required, Movate denies the allegations in paragraphs 1337 through 1349.

**COUNT XLVII – MISSOURI MERCHANDISING PRACTICES ACT,**

**MO. REV. STAT. §§ 407.010, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS KRISTI KINGERY-ISLAS, TORRIE MAYFIELD AND MINOR STUDENT A.M., FORMER STUDENT JACOB ISLAS, AND THE MISSOURI SUBCLASS)**

1350. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1350 through 1359.  To the extent a response is required, Movate denies the allegations in paragraphs 1350 through 1359.

**COUNT XLVIII – COMPUTER SECURITY BREACH LAW,**

**MONT. CODE ANN. §§ 30-14-1704(1), ET SEQ.**

**(ON BEHALF OF PLAINTIFFS KATHLEEN HOLM AND MINOR STUDENTS P.P. AND R.P. AND THE MONTANA SUBCLASS)**

1360. This Count is not asserted against Movate.  Accordingly, no response is

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

required to the allegations in paragraphs 1360 through 1366. To the extent a response is required, Movate denies the allegations in paragraphs 1360 through 1366.

**COUNT XLIX – MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT, M.C.A. §§ 30-14-101, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS KATHLEEN HOLM AND MINOR STUDENTS P.P. AND R.P. AND THE MONTANA SUBCLASS)**

1367. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1367 through 1377. To the extent a response is required, Movate denies the allegations in paragraphs 1367 through 1377.

**COUNT L – NOTICE OF SECURITY BREACH, N.H. REV. STATE ANN. §§ 359-C:20(I)(A), ET SEQ.**

**(ON BEHALF OF PLAINTIFFS SERENE BAVIS AND MINOR STUDENT S.W. AND THE NEW HAMPSHIRE SUBCLASS)**

1378. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1378 through 1385. To the extent a response is required, Movate denies the allegations in paragraphs 1378 through 1385.

**COUNT LI – NEW HAMPSHIRE CONSUMER PROTECTION ACT, N.H.R.S.A. §§ 358-A, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS SERENE BAVIS AND MINOR STUDENT S.W., KELSEY GAURAON AND R.M.M., AND THE NEW HAMPSHIRE SUBCLASS)**

1386. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1386 through 1394. To the extent a response is required, Movate denies the allegations in paragraphs 1386 through 1394.

**COUNT LII – NEW JERSEY CUSTOMER SECURITY BREACH DISCLOSURE ACT,**

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**N.J. STAT. ANN. §§ 56:8-163, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS SAKINAH ARDINE KNOTT AND MINOR STUDENTS M.M.W., D.J.P., AND I.M.W., MELISSA GIFFORD AND MINOR STUDENTS J.R.M., C.A.M. AND J.S.M., AND THE NEW JERSEY SUBCLASS)**

1395. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1395 through 1402. To the extent a response is required, Movate denies the allegations in paragraphs 1395 through 1402.

**COUNT LIII – NEW JERSEY CONSUMER FRAUD ACT,**

**N.J. STAT. ANN. §§ 56:8-1, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS SAKINAH ARDINE KNOTT AND MINOR STUDENTS M.M.W., D.J.P., AND I.M.W., MELISSA GIFFORD AND MINOR STUDENTS J.R.M., C.A.M. AND J.S.M., AND THE NEW JERSEY SUBCLASS)**

1403. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1403 through 1412. To the extent a response is required, Movate denies the allegations in paragraphs 1403 through 1412.

**COUNT LIV – NEW MEXICO UNFAIR PRACTICES ACT,**

**N.M. STAT. ANN. §§ 57-12-2, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS SAKINAH ARDINE KNOTT AND MINOR STUDENTS M.M.W., D.J.P., AND I.M.W., MELISSA GIFFORD AND MINOR STUDENTS J.R.M., C.A.M. AND J.S.M., AND THE NEW JERSEY SUBCLASS)**

1413. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1413 through 1423. To the extent a response is required, Movate denies the allegations in paragraphs 1413 through 1423.

**COUNT LV – NEW GENERAL BUSINESS LAW,**

98         CASE NO. 3:25-md-3149-AJB-MSB

**N.Y. GEN. BUS. LAW §§ 349, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS JENNIFER CECILIA HARRELL AND MINOR STUDENT J.E.H., PATRICK BOWER AND MINOR STUDENT J.B., AND THE NEW YORK SUBCLASS)**

1424. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1424 through 1431. To the extent a response is required, Movate denies the allegations in paragraphs 1424 through 1431.

**COUNT LVI – NORTH CAROLINA IDENTITY THEFT PROTECTION ACT,**

**N.C. GEN. STAT. §§ 75-60, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS EMPLOYEE KIMBERLY GREER, TEACHER JUSTINE SHAMEY, KRISTIN ECKART AND MINOR STUDENTS J.E. AND T.E., JESSICA PATRICK TAYLOR AND MINOR STUDENTS J.O.P. AND N.O.T., FORMER STUDENT AYEDON BAUDER, AND TEACHER CHRISTOPHER JOSEPH WAGONER, AND THE NORTH CAROLINA SUBCLASS)**

1432. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1432 through 1441. To the extent a response is required, Movate denies the allegations in paragraphs 1432 through 1441.

**COUNT LVII – NORTH CAROLINA UNFAIR TRADE PRACTICES ACT,**

**N.C. GEN. STAT. §§ 75-1.1, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS EMPLOYEE KIMBERLY GREER, TEACHER JUSTINE SHAMEY, KRISTIN ECKART AND MINOR STUDENTS J.E. AND T.E., JESSICA PATRICK TAYLOR AND MINOR STUDENTS J.O.P. AND N.O.T., FORMER STUDENT AYEDON BAUDER, AND TEACHER CHRISTOPHER JOSEPH WAGONER, AND THE NORTH CAROLINA SUBCLASS)**

1442. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1442 through 1451. To the extent a response is required, Movate denies the allegations in paragraphs 1442 through 1451.

## COUNT LVIII – NOTICE OF SECURITY BREACH FOR PERSONAL INFORMATION, N.D. CENT. CODE §§ 51-30-02, ET SEQ.

### (ON BEHALF OF PLAINTIFFS MARIAH JENE MARTYN AND MINOR STUDENT L.M.A. AND THE NORTH DAKOTA SUBCLASS)

1452. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1452 through 1460. To the extent a response is required, Movate denies the allegations in paragraphs 1452 through 1460.

## COUNT LIX – NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT, N.D. CENT. CODE §§ 51-15-01, ET SEQ.

### (ON BEHALF OF PLAINTIFFS MARIAH JENE MARTYN AND MINOR STUDENT L.M.A. AND THE NORTH DAKOTA SUBCLASS)

1461. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1461 through 1469. To the extent a response is required, Movate denies the allegations in paragraphs 1461 through 1469.

## COUNT LX – OHIO CONSUMER SALES PRACTICES ACT, OHIO REV. CODE §§ 1345.01, ET SEQ.

### (ON BEHALF OF PLAINTIFFS ANDREW COOK AND MINOR STUDENTS A.C. AND C.C., AND FORMER STUDENT EVAN GRAMELSPACHER, AND THE OHIO SUBCLASS)

1470. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1470 through 1482. To the extent a response is required, Movate denies the allegations in paragraphs 1470 through 1482.

## COUNT LXI – OHIO DECEPTIVE TRADE PRACTICES ACT, OHIO REV. CODE §§ 4165.01, ET SEQ.

CASE NO. 3:25-md-3149-AJB-MSB
MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**(ON BEHALF OF PLAINTIFFS ANDREW COOK AND MINOR STUDENTS A.C. AND C.C., AND FORMER STUDENT EVAN GRAMELSPACHER, AND THE OHIO SUBCLASS)**

1483. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1483 through 1492. To the extent a response is required, Movate denies the allegations in paragraphs 1483 through 1492.

**COUNT LXII – OKLAHOMA CONSUMER PROTECTION ACT, OKLA. STAT. TIT. §§ 751, ET SEQ.**

**(ON BEHALF OF PLAINTIFF TEACHER PAUL THOMPSON AND THE OKLAHOMA SUBCLASS)**

1493. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1493 through 1504. To the extent a response is required, Movate denies the allegations in paragraphs 1493 through 1504.

**COUNT LXIII – OREGON CONSUMER IDENTITY THEFT PROTECTION ACT, OR. REV. STAT. §§ 646A.604(1), ET SEQ.**

**(ON BEHALF OF PLAINTIFFS CARA LEWIS AND MINOR STUDENTS A.L. AND M.L. AND THE OREGON SUBCLASS)**

1505. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1505 through 1516. To the extent a response is required, Movate denies the allegations in paragraphs 1505 through 1516.

**COUNT LXIV – OREGON UNLAWFUL TRADE PRACTICES ACT, OR. REV. STAT. §§ 646.608, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS CARA LEWIS AND MINOR STUDENTS A.L. AND M.L. AND THE OREGON SUBCLASS)**

1517. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1517 through 1529. To the extent a response

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

is required, Movate denies the allegations in paragraphs 1517 through 1529.

**COUNT LXV – PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW,**

**73 PA. CONS. STAT. §§ 201-2 & 201-3, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS JOHN TRZCINSKI AND MINOR STUDENTS E.T. AND S.T. AND THE PENNSYLVANIA SUBCLASS)**

1530. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1530 through 1540.  To the extent a response is required, Movate denies the allegations in paragraphs 1530 through 1540.

**COUNT LXVI – RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT,**

**R.I. GEN. LAWS §§ 6-13.1, ET SEQ.**

**(ON BEHALF OF PLAINTIFF TEACHER DENISE CHAMPNEY AND THE RHODE ISLAND SUBCLASS)**

1541. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1541 through 1551.  To the extent a response is required, Movate denies the allegations in paragraphs 1541 through 1551.

**COUNT LXVII – SOUTH CAROLINA DATA BREACH SECURITY ACT,**

**S.C. CODE ANN. §§ 39-1-90, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS NICOLE DRENNEN AND MINOR STUDENTS G.D. AND Q.D., SAMARIAH LOCKHART AND MINOR STUDENT P.M., KRYSTAL VARGHA, AND MINOR STUDENTS A.V., B.V., AND G.V., AND SHAWN FRIEDMAN AND MINOR STUDENT J.F. AND THE SOUTH CAROLINA SUBCLASS)**

1552. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1552 through 1559.  To the extent a response is required, Movate denies the allegations in paragraphs 1552 through 1559.

**COUNT LXVIII – SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT,**

102

**S.C. CODE ANN. §§ 39-5-10, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS NICOLE DRENNEN AND MINOR STUDENTS G.D. AND Q.D., SAMARIAH LOCKHART AND MINOR STUDENT P.M., KRYSTAL VARGHA, AND MINOR STUDENTS A.V., B.V., AND G.V., AND SHAWN FRIEDMAN AND MINOR STUDENT J.F. AND THE SOUTH CAROLINA SUBCLASS)**

1560. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1560 through 1578. To the extent a response is required, Movate denies the allegations in paragraphs 1560 through 1578.

**COUNT LXIX – TENNESSEE PERSONAL CONSUMER INFORMATION RELEASE ACT, TENN. CODE ANN. §§ 47-18-2107, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS AMY LANCASTER AND MINOR STUDENTS E.M.L., K.C.L., AND C.S.R.L. AND THE TENNESSEE SUBCLASS)**

1579. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1579 through 1586. To the extent a response is required, Movate denies the allegations in paragraphs 1579 through 1586.

**COUNT LXX – TENNESSEE PERSONAL CONSUMER INFORMATION RELEASE ACT, TENN. CODE ANN. §§ 47-18-2107, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS AMY LANCASTER AND MINOR STUDENTS E.M.L., K.C.L., AND C.S.R.L. AND THE TENNESSEE SUBCLASS)**

1587. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1587 through 1605. To the extent a response is required, Movate denies the allegations in paragraphs 1587 through 1605.

**COUNT LXXI – DECEPTIVE TRADE PRACTICES—CONSUMER PROTECTION ACT,**

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

**TEXAS BUS. & COM. CODE §§ 17.41, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS BETHANN JACKSON AND MINOR STUDENTS C.J. AND M.J., ASIA PRITCHETT AND MINOR STUDENT B.M., AND FORMER STUDENT PLAINTIFF STEFAN SPANN, AND THE TEXAS SUBCLASS)**

1606. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1606 through 1623. To the extent a response is required, Movate denies the allegations in paragraphs 1606 through 1623.

**COUNT LXXII – UTAH CONSUMER SALES PRACTICES ACT, UTAH CODE §§ 13-11-1, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS JOSEPH HAUPTMAN AND MINOR STUDENTS D.H. AND M.H., FORMER STUDENT HAILEY MCCALL SHINGLETON, AND THE UTAH SUBCLASS)**

1624. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1624 through 1638. To the extent a response is required, Movate denies the allegations in paragraphs 1624 through 1638.

**COUNT LXXIII – VERMONT CONSUMER FRAUD ACT, VT. STAT. ANN. TIT. 9, §§ 2451, ET SEQ.**

**(ON BEHALF OF PLAINTIFF EMPLOYEE MICHELLE BALLARD AND THE VERMONT SUBCLASS)**

1639. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1639 through 1657. To the extent a response is required, Movate denies the allegations in paragraphs 1639 through 1657.

**COUNT LXXIV – VIRGINIA PERSONAL INFORMATION BREACH NOTIFICATION ACT, VA. CODE ANN. §§ 18.2-186.6, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS TEACHER DUSTY SPENCE, ELEANOR**

**TILLMAN AND MINOR STUDENT L.L., AND TOWFEQ ZARIF AND MINOR STUDENT P.Z., AND THE VIRGINIA SUBCLASS)**

1658. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1658 through 1665. To the extent a response is required, Movate denies the allegations in paragraphs 1658 through 1665.

**COUNT LXXV – VIRGINIA CONSUMER PROTECTION ACT, VA. CODE ANN. §§ 59.1-196, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS TEACHER DUSTY SPENCE, ELEANOR TILLMAN AND MINOR STUDENT L.L., AND TOWFEQ ZARIF AND MINOR STUDENT P.Z., AND THE VIRGINIA SUBCLASS)**

1666. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1666 through 1680. To the extent a response is required, Movate denies the allegations in paragraphs 1666 through 1680.

**COUNT LXXVI – WASHINGTON DATA BREACH NOTICE ACT, WASH. REV. CODE §§ 19.255.010, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS EMILY PEASE AND MINOR STUDENTS A.E.J.A., A.R.R., AND A.E.R., HEATHER TAYLOR AND MINOR STUDENTS B.N.T. AND B.A.T., AND THE WASHINGTON SUBCLASS)**

1681. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1681 through 1687. To the extent a response is required, Movate denies the allegations in paragraphs 1681 through 1687.

**COUNT LXXVII – WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE ANN. §§ 19.86.020, ET SEQ.**

**(ON BEHALF OF PLAINTIFFS EMILY PEASE AND MINOR STUDENTS A.E.J.A., A.R.R., AND A.E.R., HEATHER TAYLOR AND MINOR STUDENTS B.N.T. AND B.A.T., AND THE WASHINGTON SUBCLASS)**

1688. This Count is not asserted against Movate. Accordingly, no response is

required to the allegations in paragraphs 1688 through 1696. To the extent a response is required, Movate denies the allegations in paragraphs 1688 through 1696.

**COUNT LXXVIII – NOTICE OF UNAUTHORIZED ACQUISITION OF PERSONAL INFORMATION,**

**WIS. STAT. §§ 134.98(2), ET SEQ.**

**(ON BEHALF OF PLAINTIFFS MICHELLE LA COUNT AND MINOR STUDENTS E.R.M. AND R.E.M. AND FORMER STUDENT KAYELEEN CAMPBELL, AND THE WISCONSIN SUBCLASS)**

1697. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1697 through 1704. To the extent a response is required, Movate denies the allegations in paragraphs 1697 through 1704.

**COUNT LXXIX – WISCONSIN DECEPTIVE TRADE PRACTICES ACT, WIS. STAT. §§ 100.18**

**(ON BEHALF OF PLAINTIFFS MICHELLE LA COUNT AND MINOR STUDENTS E.R.M. AND R.E.M. AND FORMER STUDENT KAYELEEN CAMPBELL, AND THE WISCONSIN SUBCLASS)**

1705. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1705 through 1718. To the extent a response is required, Movate denies the allegations in paragraphs 1705 through 1718.

**COUNT LXXX – COMPUTER SECURITY BREACH; NOTICE TO AFFECTED PERSONS,**

**WYO. STAT. ANN. §§ 40-12-502(A), ET SEQ.**

**(ON BEHALF OF PLAINTIFFS SKYE BREANN LAWSON AND MINOR STUDENTS B.L. AND H.L. AND THE WYOMING SUBCLASS)**

1719. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1719 through 1726. To the extent a response is required, Movate denies the allegations in paragraphs 1719 through 1726.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

## COUNT LXXXI – WYOMING CONSUMER PROTECTION ACT, WYO. STAT. ANN. §§ 40-12-101, ET SEQ.

### (ON BEHALF OF PLAINTIFFS SKYE BREANN LAWSON AND MINOR STUDENTS B.L. AND H.L. AND THE WYOMING SUBCLASS)

1727. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1727 through 1746.  To the extent a response is required, Movate denies the allegations in paragraphs 1727 through 1746.

### PRAYER FOR RELIEF

Answering the Prayer for Relief, Defendant denies that Plaintiffs are entitled to any of the relief requests, including without limitation, injunctive relief, damages, equitable relief, statutory damages, costs, attorney's fees, expenses, or any other relief. Defendant further denies that Plaintiffs are entitled to judgment against them on any claim.  Defendant denies all allegations and legal conclusions in the Prayer for Relief to the extent they are inconsistent with the answers above.

### AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses.  Each defense is asserted as to all causes of action alleged in the Consolidated Individual Users Class Action Complaint.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

### FAILURE TO STATE A CLAIM

The Claims alleged in the Consolidated Individual Users Class Action Complaint, in whole or in part, fail to state a claim upon which relief can be granted.

107

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

## LACK OF STANDING

All or some of Plaintiffs' claims fail to the extent they lack standing to assert their claims.

## THIRD AFFIRMATIVE DEFENSE

## THIRD PARTY CONDUCT AS INTERVENING ACT / SUPERSEDING CAUSE

To the extent that Plaintiffs have suffered any cognizable injury, that injury was caused by the independent acts of third parties for whom Defendant is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

## NO DUTY

Defendant had no contractual or other legal relationship with Plaintiffs and therefore owed no enforceable duty to them.

## FIFTH AFFIRMATIVE DEFENSE

## NO PROXIMATE CAUSE

Any alleged conduct by Defendant was not the proximate cause of Plaintiffs' alleged injuries.

## SIXTH AFFIRMATIVE DEFENSE

## NO UNLAWFUL CONDUCT

The Consolidated Individual Users Class Action Complaint as a whole, and each and every purported cause of action alleged therein, is barred in whole or in part because the acts or practices alleged to be unlawful are not unlawful.

## SEVENTH AFFIRMATIVE DEFENSE

## FAILURE TO MITIGATE DAMAGES

Plaintiff's damages, if any, should be offset by their failure to take reasonable steps to minimize their losses.

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

## NO TRACEABILITY

Any alleged injury is not fairly traceable to Movate.

## NINTH AFFIRMATIVE DEFENSE

## NO PRIVATE RIGHT OF ACTION / NO STATUTORY PREDICATE

Plaintiffs' negligence-*per-se* and other statutory-predicate theories fail because the statutes and regulations on which Plaintiffs rely do not create privately enforceable duties applicable to Defendant Movate and therefore cannot supply the basis for liability against Movate.

## TENTH AFFIRMATIVE DEFENSE

## PUNITIVE DAMAGES

To the extent Plaintiffs claim exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Alternatively, to the extent Plaintiffs claim exemplary or punitive damages, they fail to allege claims sufficient to entitle them to such an award.

## ELEVENTH AFFIRMATIVE DEFENSE

## COMPARATIVE FAULT / CONTRIBUTORY NEGLIGENCE

To the extent Plaintiffs suffered any injury or damages, such injury or damages were caused in whole or in part by the acts or omissions of Plaintiffs, co-defendants, and/or third parties for whom Movate is not legally responsible. Any recovery by Plaintiffs must be reduced, barred, or apportioned pursuant to applicable principles of comparative fault, contributory negligence, and allocation of fault.

## TWELFTH AFFIRMATIVE DEFENSE

## ECONOMIC LOSS DOCTRINE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine. To the extent Plaintiffs seek recovery for purely economic losses unaccompanied by

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

personal injury or property damage, such losses are not recoverable in tort.

## THIRTEENTH AFFIRMATIVE DEFENSE

## FOREIGN LAW – PHILIPPINE CIVIL CODE (FRCP 44.1)

Pursuant to Federal Rule of Civil Procedure 44.1, Defendant gives notice that the laws of the Republic of the Philippines govern Plaintiffs' claims to the extent they are predicated on the alleged acts or omissions of Movate employees based in the Philippines.

Under Article 2180 of the Civil Code of the Philippines, an employer is not liable for an employee's alleged acts or omissions where the employer exercised the diligence of a good father of a family in the selection, training, supervision, and retention of its employees. Movate satisfied that standard and therefore cannot be held liable for the claims alleged.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be other, as-yet unstated, defenses, cross-claims, or third-party claims available.  Therefore, Defendant reserves the right in accordance with applicable law, pending completion of discovery, to amend or supplement its Answer to assert any additional defenses that may exist.

## PRAYER

WHEREFORE, Defendant hereby prays for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by its Consolidated Individual Users Class Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiffs;

3. That the Court award Defendant its attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT

DATED: April 17, 2026

Respectfully submitted,

BROWN RUDNICK LLP

By:  *Dylan P. Kletter*
DYLAN P. KLETTER
JONATHAN D. WHITE
SAMANTHA J. FLATTERY
RENEE M. MOULTON
Attorneys for Defendant,
MOVATE, INC.

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO POWERSCHOOL CONSOLIDATED INDIVIDUAL USERS CLASS ACTION COMPLAINT