BROWN RUDNICK LLP
DYLAN P. KLETTER, NY Bar No. 5924659 (admitted *pro hac vice*)
dkletter@brownrudnick.com
JONATHAN D. WHITE, NY Bar No. 5393780 (admitted *pro hac vice*)
jwhite@brownrudnick.com
7 Times Square
New York, NY 10036
T: 1.212.209.4800
F: 1.212.209.4801

BROWN RUDNICK LLP
SAMANTHA J. FLATTERY, No. 342420
sflattery@brownrudnick.com
RENEE M. MOULTON, No. 353065
rmoulton@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, CA 90067
T: 1.424.525.0200
F: 1.424.525.0201

Attorneys for Defendant,
MOVATE, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION | CASE NO. 3:25-md-3149-AJB-MSB |
| | MDL No. 3149 |
| This Document Relates To: Track Two Direct Action | **MOVATE INC.'S ANSWER TO TRACK TWO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED CONSOLIDATED MASTER COMPLAINT** |

Defendant Movate, Inc. ("Defendant") hereby answers Plaintiffs, members of the School District Direct Action Track of MDL No. 3149 ("Plaintiffs" or "School Districts") First Amended Consolidated Master Complaint and Jury Trial Demand (Dkt. 288, the "Complaint"), as follows:

## GENERAL DENIAL

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation of the First Amended Master Complaint and denies that Plaintiffs are entitled to any relief. Defendant also denies all allegations in all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs.

## I.   INTRODUCTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore, denies them.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore, denies them.

3. Defendant admits that Plaintiffs are school districts. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the second sentence in paragraph 3, and therefore, denies it.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore, denies them.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore, denies them.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore, denies them.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore, denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore, denies them.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore, denies them.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore, denies them.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore, denies them.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore, denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore, denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore, denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore, denies them.

## II.    PARTIES

16.     Defendant admits Plaintiffs are school districts located in communities throughout the United States.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 16. The remaining allegations are legal conclusions to which no response is required.  To the extent the remaining allegations are deemed to contain any allegations of fact, Defendant denies those allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore, denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore, denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore, denies them.

20.     Defendant admits it is a Delaware corporation.  Defendant denies it is

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

headquartered at 600 Tennyson Parkway, Suite 255, Plano, Texas, 75024. Defendant clarifies its headquarters are located at 5600 Tennyson Parkway, Suite 255, Plano, Texas, 75024.

## III.   JURISDICTION AND VENUE

21.   The allegations in paragraph 21 are legal conclusions to which no response is required. If paragraph 21 is deemed to contain any allegations of fact, Defendant denies those allegations.

22.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore, denies them.

23.   Defendant admits that the Court has ruled that it has personal jurisdiction over Movate by order dated March 24, 2026. Defendant preserves and does not waive its objection to personal jurisdiction and expressly reserves all rights to challenge that ruling on appeal. The remainder of the allegations are legal conclusions to which no response is required. To the extent a response is required, Movate denies the remaining allegations in paragraph 23.

24.   The allegations contained in paragraph 24 are legal conclusions to which no response is required.

## IV.   FACTUAL BACKGROUND

25.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore, denies them.

26.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 26, and therefore, denies them. The remaining allegations in paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies them.

27.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore, denies them.

28.     Defendant denies the allegations to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore denies them.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore, denies them.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore, denies them.

**A.     The Data Breach**

31.     Defendant admits that PowerSchool publicly reported a cybersecurity incident on or about January 7, 2025.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 31, and therefore, denies them.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore, denies them.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore, denies them.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore, denies them.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore, denies them.

**B.     PowerSchool's Failures to Protect Private Information**

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore, denies them.

37.     Defendant admits that a report attributed to CrowdStrike concerning the Data Breach was published.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the findings or conclusions attributed to CrowdStrike, and therefore, denies the remaining allegations in paragraph 37.

38.     Defendant lacks knowledge or information sufficient to form a belief as

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

to the truth of the allegations in paragraph 38, and therefore, denies them.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore, denies them.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore, denies them.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore, denies them.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore, denies them.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore, denies them.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore, denies them.

45.     Defendant admits that the Federal Trade Commission ("FTC") has issued guidance regarding data security, including guidance discussing practices for protecting consumer data.  To the extent paragraph 45 purports to characterize such guidance, the FTC guidance speaks for itself, and Defendant denies any characterization of the FTC guidance referenced in this paragraph.

46.     Defendant admits that, in or around 2016, the FTC issued guidance describing data security practices.  To the extent paragraph 46 purports to characterize such guidance, the FTC guidance speaks for itself, and Defendant denies any characterization of the FTC guidance referenced in this paragraph.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore, denies them.

48.     To the extent paragraph 48 purports to paraphrase or characterize Section 5 of the FTC Act, 15 U.S.C. § 45, or the FTC's enforcement practices thereunder, the cited statute speaks for itself, and Defendant denies any characterization of the statute referenced in this paragraph.  To the extent not addressed by the foregoing, Defendant

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore, denies them.

49. Defendant admits that paragraph 49 lists various security practices. Defendant denies any characterization of those various security practices.

50. Defendant admits that paragraph 50 lists various security practices. Defendant denies any characterization of those various security practices.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore, denies them.

**C.      PowerSchool's Failures to Fulfill Express and Implied Promises**

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore, denies them.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore, denies them.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore, denies them.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore, denies them.

**D.      Bain Capital's Pivotal Role as PowerSchool's Controlling Alter Ego**

56. Defendant admits that Bain Capital is a private equity firm. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56, and therefore, denies them.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore, denies them.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore, denies them.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore, denies them.

60. Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

to the truth of the allegations in paragraph 60, and therefore, denies them.

61.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore, denies them.

62.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore, denies them.

63.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore, denies them.

64.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore, denies them.

65.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore, denies them.

66.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore, denies them.

67.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore, denies them.

68.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore, denies them.

69.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore, denies them.

70.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore, denies them.

71.   To the extent the allegations in paragraph 71 refer to Defendant, Defendant denies them. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71, and therefore, denies them.

72.   Defendant admits that Rayson Cruz was employed by Movate in December 2024 and performed certain services in connection with Movate's contractual engagement relating to PowerSchool.  Defendant admits that PowerSchool

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

provided Mr. Cruz with access to PowerSchool's systems, as authorized and configured by PowerSchool. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the scope or level of access, configuration of such access, or what data any employee could access, and therefore, denies those remaining allegations in paragraph 72. Defendant further lacks knowledge or information sufficient to form a belief as to the allegations regarding how PowerSchool's systems were breached or the specific means by which any credentials were allegedly obtained or misused, and therefore denies those allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72, and therefore, denies them.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore, denies them.

74. Defendant denies the allegations in paragraph 74 to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore denies them.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore, denies them.

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore, denies them.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore, denies them.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore, denies them.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore, denies them.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore, denies them.

81. Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

to the truth of the allegations in paragraph 81, and therefore, denies them.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore, denies them.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore, denies them.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore, denies them.

85. Defendant denies the allegations in paragraph 85 to the extent asserted against Defendant and otherwise lacks knowledge or information sufficient to form a belief as to allegations concerning any other defendant, and therefore denies them.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore, denies them.

87. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and therefore, denies them.

88. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore, denies them.

89. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore, denies them.

90. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and therefore, denies them.

**E.      The Fraudulent Sale of Student Data to Third Parties**

91. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and therefore, denies them.

92. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and therefore, denies them.

93. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and therefore, denies them.

94. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 94, and therefore, denies them.

95.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore, denies them.

96.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore, denies them.

97.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, and therefore, denies them.

98.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and therefore, denies them.

99.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and therefore, denies them.

100.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and therefore, denies them.

101.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and therefore, denies them.

102.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and therefore, denies them.

103.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and therefore, denies them.

104.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and therefore, denies them.

105.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and therefore, denies them.

106.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and therefore, denies them.

107.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and therefore, denies them.

108.   Defendant lacks knowledge or information sufficient to form a belief as

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

to the truth of the allegations in paragraph 108, and therefore, denies them.

109. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, and therefore, denies them.

110. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore, denies them.

111. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and therefore, denies them.

112. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore, denies them.

113. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and therefore, denies them.

114. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, and therefore, denies them.

115. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and therefore, denies them.

116. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and therefore, denies them.

117. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and therefore, denies them.

118. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and therefore, denies them.

119. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and therefore, denies them.

120. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore, denies them.

121. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore, denies them.

122. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 122, and therefore, denies them.

123.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123, and therefore, denies them.

124.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124, and therefore, denies them.

125.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125, and therefore, denies them.

126.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126, and therefore, denies them.

127.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, and therefore, denies them.

128.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, and therefore, denies them.

129.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129, and therefore, denies them.

**F.   The School Districts' Injuries**

130.   Defendant denies that Plaintiffs suffered the injuries alleged as a result of any conduct by Movate. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore, denies them.

131.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, and therefore, denies them.

132.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, and therefore, denies them.

133.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133, and therefore, denies them.

134.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, and therefore, denies them.

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

135.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and therefore, denies them.

136.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136, and therefore, denies them.

137.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and therefore, denies them.

138.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138, and therefore, denies them.

139.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, and therefore, denies them.

140.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140, and therefore, denies them.

141.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and therefore, denies them.

142.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142, and therefore, denies them.

143.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143, and therefore, denies them.

144.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, and therefore, denies them.

145.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, and therefore, denies them.

146.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146, and therefore, denies them.

147.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, and therefore, denies them.

## V.    CLAIMS FOR RELIEF

148.  Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 148, and therefore, denies them.

149.   No response is required to paragraph 149.  To the extent that a response is required, Defendant denies the allegations.

## COMMON CLAIMS

## COUNT 1

### Negligence

**(On Behalf of All School Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

150.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 150 through 174. To the extent a response is required, Movate denies the allegations in paragraphs 150 through 174.

## COUNT 2

### Negligence Per Se

**(On Behalf of All School Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

175.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 175 through 193. To the extent a response is required, Movate denies the allegations in paragraphs 175 through 193.

## COUNT 3

### Unjust Enrichment

**(On Behalf of All School Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

194.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 194 through 199. To the extent a response is required, Movate denies the allegations in paragraphs 194 through 199.

## COUNT 4

### Violation of the Computer Fraud and Abuse Act

**(On Behalf of All School Districts Against Defendants PowerSchool Holdings,**

**Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

200.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 200 through 215. To the extent a response is required, Movate denies the allegations in paragraphs 200 through 215.

**COUNT 5**

**Fraudulent Concealment**

**(On Behalf of All School Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

216.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 216 through 242. To the extent a response is required, Movate denies the allegations in paragraphs 216 through 242.

**COUNT 6**

**Express Indemnity**

**(On Behalf of All School Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

243.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 243 through 247. To the extent a response is required, Movate denies the allegations in paragraphs 243 through 247.

**COUNT 7**

**Intentional Interference With Contractual Relations**

**(On Behalf of All School Districts Against Defendant Bain Capital)**

248.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 248 through 255. To the extent a response is required, Movate denies the allegations in paragraphs 248 through 255.

**COUNT 8**

**Negligence**

**(On Behalf of All School Districts Against Defendant Movate, Inc.)**

256.   No response is required to paragraph 256.  To the extent that a response

16                    CASE NO. 3:25-md-3149-AJB-MSB

is required, Defendant repeats and incorporates by reference its answers to paragraphs 1 through 255.

257.    Defendant admits it is a technology company that was previously engaged by PowerSchool to provide technical customer support for, among other things, PowerSchool's Student Information System ("SIS").  Defendant denies the remaining allegations in Paragraph 257.

258.    Defendant admits that PowerSchool provided certain Movate employees with access to certain PowerSchool portals and/or systems, subject to PowerSchool's configuration and controls.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the scope or level of access, whether such access was "unfettered," or what data any employee could access, and therefore denies the remaining allegations in paragraph 258.

259.    Defendant admits that Movate maintains an information security management system certified under ISO/IEC 27001.

260.    The allegations in paragraph 260 are legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260, and therefore, denies them. Further answering, Defendant refers to its Data Privacy Agreement with PowerSchool (Dkt. 366-2 Ex. B).

261.    Defendant admits that Rayson Cruz was a Movate employee at the time of the Data Breach and was assigned to provide technical customer support in connection with Movate's engagement relating to PowerSchool.  Defendant lacks knowledge and information sufficient to form a belief as to the allegations regarding how any cybercriminals breached PowerSchool's systems or the specific means by which any credentials were allegedly used, and therefore denies those allegations. Defendant denies the allegation that it failed to adequately secure any Movate controlled employee account and denies that Cruz's "Movate employee account" "provided the entry point for hackers to access PowerSchool's PowerSource customer

17                    CASE NO. 3:25-md-3149-AJB-MSB
MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

support portal." Movate denies the remaining allegations in paragraph 261.

262. Defendant denies the allegations in paragraph 262.

263. Defendant denies the allegations in paragraph 263 as they relate to any "Movate employee account." Defendant lacks knowledge or information sufficient to form a belief as to the configuration of any PowerSchool configured and issued account used in connection with the Data Breach and therefore denies the allegations. Defendant further denies that any "Movate employee accounts" lacked appropriate cybersecurity measures or that Defendant violated any "industry standards."

264. Defendant denies the allegations in paragraph 264.

265. Defendant denies the allegations in paragraph 265.

266. The allegations in paragraph 266 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 266.

267. The allegations in paragraph 267 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 267.

268. The allegations in paragraph 268 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 268.

269. To the extent paragraph 269 purports to characterize FERPA or the FTC Act, the cited statutes speak for themselves, and Defendant denies any characterization of the statutes referenced in this paragraph. To the extent not addressed by the foregoing, the allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 269.

270. Defendant lacks knowledge and information sufficient to form a belief as to the terms of contracts between School Districts and PowerSchool and therefore denies the allegations. To the extent paragraph 270 purports to characterize such contracts or assert legal conclusions regarding duties allegedly owed by Defendant,

18    CASE NO. 3:25-md-3149-AJB-MSB

the referenced contracts speak for themselves and no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 270.

271.  The allegations in paragraph 271 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 271.

272.  To the extent paragraph 272 purports to characterize the FTC's 2016 guidelines, the cited guidelines speak for themselves, and Defendant denies any characterization of the FTC guidelines referenced in this paragraph.  To the extent not addressed by the foregoing, the allegations in paragraph 272 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 272.

273.  Defendant denies the allegations in paragraph 273.

274.  Defendant denies the allegations in paragraph 274.

275.  Defendant denies the allegations in paragraph 275.

276.  Defendant denies the allegations in paragraph 276.

277.  Defendant denies the allegations in paragraph 277.

278.  Defendant denies the allegations in paragraph 278.

279.  Defendant denies the allegations in paragraph 279.

280.  Defendant denies the allegations in paragraph 280.

281.  Defendant denies the allegations in paragraph 281.

282.  Defendant denies the allegations in paragraph 282.

283.  Defendant denies the allegations in paragraph 283.

284.  The allegations in paragraph 284 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 284.

285.  Defendant denies the allegations in paragraph 285.

286.  Defendant denies the allegations in paragraph 286.

287.  Defendant denies the allegations in paragraph 287.

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

## COUNT 9

### Negligent Hiring, Training, Supervision, and Retention

### (On Behalf of All School Districts Against Defendant Movate, Inc.)

288.   No response is required to paragraph 288.  To the extent that a response is required, Defendant repeats and incorporates by reference its answers to paragraphs 1 through 287.

289.   The allegations in paragraph 289 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 289.

290.   Defendant admits that Movate was previously engaged by PowerSchool to provide services governed by a general services agreement and applicable statements of work, which specified that services be performed through Movate's office in Manila, Philippines.  Defendant further admits that, in connection with those services, PowerSchool provided certain Movate employees based in the Philippines with access to PowerSchool systems as authorized and configured by PowerSchool. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the scope or level of access that PowerSchool configured and provided for PowerSchool's systems, and therefore, denies the remaining allegations in paragraph 290.

291.   The allegations in paragraph 291 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 291.  Defendant further lacks knowledge or information sufficient to form a belief as to the allegations regarding the scope or level of access, whether such access was "unfettered," or what data any employee could access, and therefore denies them.

292.   The allegations in the first sentence of paragraph 292 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Defendant denies the allegations in the second

20

sentence of paragraph 292.

293. Defendant denies the allegations in paragraph 293.

294. Defendant denies the allegations in paragraph 294.

295. Defendant denies the allegations in paragraph 295.

296. Defendant admits that Rayson Cruz was an employee at the time of the Data Breach. Defendant denies the remainder of the allegations in paragraph 296.

297. The allegations in paragraph 297 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 297.

298. Defendant admits that Rayson Cruz was hired, trained and retained by Movate and was assigned to provide technical customer support in connection with the PowerSchool project, and that he served as a team leader. Defendant further lacks knowledge or information sufficient to form a belief as to the allegations regarding the scope or level of access, or what data any employee could access, and therefore denies them. Defendant denies the remainder of the allegations in paragraph 298.

299. Defendant denies the allegations in paragraph 299.

300. Defendant denies the allegations in paragraph 300.

301. The allegations in paragraph 301 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 301.

## COUNT 10

### Breach of Contract (Third Party Beneficiary)

### (On Behalf of All School Districts Against Defendant Movate, Inc.)

302. The Court has dismissed Count 10 as against Movate. Accordingly, no response is required to paragraphs 302 through 309. To the extent a response is required, Defendant denies the allegations in paragraphs 302 through 309.

### STATE-SPECIFIC CLAIMS

310. No response is required to paragraph 310. To the extent that a response

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

is required, Defendant denies the allegations.

(i)    **UTAH SCHOOL DISTRICTS**

**COUNT 11**

**Breach of Contract**

**(On Behalf of the Utah Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

311.    This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 311 through 353. To the extent a response is required, Movate denies the allegations in paragraphs 311 through 353.

**COUNT 12**

**Violation of the Utah Consumer Sales Practices Act**

**(On Behalf of the Utah Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

354.    This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 354 through 375. To the extent a response is required, Movate denies the allegations in paragraphs 354 through 375.

(ii)    **WISCONSIN SCHOOL DISTRICTS**

**COUNT 13**

**Breach of Contract**

**(On Behalf of the Wisconsin Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

376.    This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 376 through 393. To the extent a response is required, Movate denies the allegations in paragraphs 376 through 393.

**COUNT 14**

**Violation of Wisconsin's Deceptive Trade Practices Act**

**(On Behalf of the Wisconsin Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

394.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 394 through 410. To the extent a response is required, Movate denies the allegations in paragraphs 394 through 410.

**(iii)   ILLINOIS SCHOOL DISTRICTS**

**COUNT 15**

**Breach of Contract**

**(On Behalf of the Illinois Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

411.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 411 through 434. To the extent a response is required, Movate denies the allegations in paragraphs 411 through 434.

**COUNT 16**

**Violation of the Illinois Deceptive Trade Practices Act**

**(On Behalf of the Illinois Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

435.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 435 through 452. To the extent a response is required, Movate denies the allegations in paragraphs 435 through 452.

**COUNT 17**

**Violation of the Illinois Biometric Information Privacy Act**

**(On Behalf of the Illinois Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

453.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 453 through 464. To the extent a response is required, Movate denies the allegations in paragraphs 453 through 464.

**(iv)   SOUTH CAROLINA SCHOOL DISTRICTS**

**COUNT 18**

**Breach of Contract**

**(On Behalf of the South Carolina Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

465.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 465 through 482. To the extent a response is required, Movate denies the allegations in paragraphs 465 through 482.

## COUNT 19

### Violation of South Carolina's Unfair Trade Practices Act

**(On Behalf of the South Carolina Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

483.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 483 through 504. To the extent a response is required, Movate denies the allegations in paragraphs 483 through 504.

(v)   NEW YORK SCHOOL DISTRICTS

## COUNT 20

### Breach of Contract

**(On Behalf of the New York Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

505.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 505 through 524. To the extent a response is required, Movate denies the allegations in paragraphs 505 through 524.

## COUNT 21

### Violation of New York General Business Law § 349 *et seq.*

**(On Behalf of the New York Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

525.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 525 through 544. To the extent a response is required, Movate denies the allegations in paragraphs 525 through 544.

## COUNT 22

CASE NO. 3:25-md-3149-AJB-MSB
MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

**Violation of New York Deceptive Sales Practices Act**

**(On Behalf of the New York Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

545.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 545 through 567. To the extent a response is required, Movate denies the allegations in paragraphs 545 through 567.

## COUNT 23

**Violation of the New York Education Law**

**(On Behalf of the New York Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

568.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 568 through 578. To the extent a response is required, Movate denies the allegations in paragraphs 568 through 578.

**(vi)   VERMONT SCHOOL DISTRICTS**

## COUNT 24

**Breach of Contract**

**(On Behalf of the Vermont Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

579.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 579 through 608. To the extent a response is required, Movate denies the allegations in paragraphs 579 through 608.

## COUNT 25

**Violation of the Vermont Consumer Protection Act**

**(On Behalf of the Vermont Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

609.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 609 through 635. To the extent a response is required, Movate denies the allegations in paragraphs 609 through 635.

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

**(vii)  IDAHO SCHOOL DISTRICTS**

**COUNT 26**

**Breach of Contract**

**(On Behalf of the Idaho Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

636.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 636 through 674. To the extent a response is required, Movate denies the allegations in paragraphs 636 through 674.

**COUNT 27**

**Violation of the Idaho Consumer Protection Act**

**(On Behalf of the Idaho Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

675.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 675 through 686. To the extent a response is required, Movate denies the allegations in paragraphs 675 through 686.

**(viii)  TENNESSEE SCHOOL DISTRICTS**

**COUNT 28**

**Breach of Contract**

**(On Behalf of the Tennessee Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

687.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 687 through 710. To the extent a response is required, Movate denies the allegations in paragraphs 687 through 710.

**COUNT 29**

**Violation of the Tennessee Consumer Protection Act of 1977**

**(On Behalf of the Tennessee Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

711.   This Count is not asserted against Movate.  Accordingly, no response is

26                    CASE NO. 3:25-md-3149-AJB-MSB

required to the allegations in paragraphs 711 through 731. To the extent a response is required, Movate denies the allegations in paragraphs 711 through 731.

**(ix)  NEW HAMPSHIRE SCHOOL DISTRICTS**

**COUNT 30**

**Breach of Contract**

**(On Behalf of the New Hampshire Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

732.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 732 through 774. To the extent a response is required, Movate denies the allegations in paragraphs 732 through 774.

**COUNT 31**

**Violation of the New Hampshire Consumer Protection Act**

**(On Behalf of the New Hampshire Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

775.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 775 through 787. To the extent a response is required, Movate denies the allegations in paragraphs 775 through 787.

**COUNT 32**

**Violation of the New Hampshire Right to Privacy Act**

**(On Behalf of the New Hampshire Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

788.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 788 through 795. To the extent a response is required, Movate denies the allegations in paragraphs 788 through 795.

**(x)  RHODE ISLAND SCHOOL DISTRICTS**

**COUNT 33**

**Breach of Contract**

**(On Behalf of the Rhode Island Districts Against Defendants PowerSchool**

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

**Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

796.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 796 through 827. To the extent a response is required, Movate denies the allegations in paragraphs 796 through 827.

**COUNT 34**

**Violation of Rhode Island's Unfair Trade Practices and Consumer Protection Act**

**(On Behalf of the Rhode Island Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

828.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 828 through 842. To the extent a response is required, Movate denies the allegations in paragraphs 828 through 842.

**(xi)    PENNSYLVANIA SCHOOL DISTRICTS**

**COUNT 35**

**Breach of Contract**

**(On Behalf of the Pennsylvania Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

843.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 843 through 891. To the extent a response is required, Movate denies the allegations in paragraphs 843 through 891.

**COUNT 36**

**Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law**

**(On Behalf of the Pennsylvania Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

892.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 892 through 902. To the extent a response is required, Movate denies the allegations in paragraphs 892 through 902.

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

(xii)   **VIRGINIA SCHOOL DISTRICTS**

**COUNT 37**

**Breach of Contract**

**(On Behalf of the Virginia Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

903.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 903 through 949. To the extent a response is required, Movate denies the allegations in paragraphs 903 through 949.

**COUNT 38**

**Violation of the Virginia Consumer Protection Act**

**(On Behalf of the Virginia Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

950.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 950 through 970. To the extent a response is required, Movate denies the allegations in paragraphs 950 through 970.

**COUNT 39**

**Violation of the Virginia Data Breach Notification Law**

**(On Behalf of the Virginia Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

971.   This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 971 through 979. To the extent a response is required, Movate denies the allegations in paragraphs 971 through 979.

(xiii)   **ARIZONA SCHOOL DISTRICTS**

**COUNT 40**

**Breach of Contract**

**(On Behalf of the Arizona Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

980.   This Count is not asserted against Movate.  Accordingly, no response is

29                              CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

required to the allegations in paragraphs 980 through 1011. To the extent a response is required, Movate denies the allegations in paragraphs 980 through 1011.

## COUNT 41

### Violation of the Arizona Consumer Fraud Act

### (On Behalf of the Arizona Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)

1012. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1012 through 1031. To the extent a response is required, Movate denies the allegations in paragraphs 1012 through 1031.

### (xiv)   OKLAHOMA SCHOOL DISTRICTS

## COUNT 42

### Breach of Contract

### (On Behalf of the Oklahoma Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)

1032. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1032 through 1074. To the extent a response is required, Movate denies the allegations in paragraphs 1032 through 1074.

## COUNT 43

### Violation of the Oklahoma Consumer Protection Act

### (On Behalf of the Oklahoma Districts Against Defendants PowerSchool Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)

1075. This Count is not asserted against Movate. Accordingly, no response is required to the allegations in paragraphs 1075 through 1094. To the extent a response is required, Movate denies the allegations in paragraphs 1075 through 1094.

### (xv)   WASHINGTON SCHOOL DISTRICTS

## COUNT 44

### Breach of Contract

### (On Behalf of the Washington Districts Against Defendants PowerSchool

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)

1095. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1095 through 1137. To the extent a response is required, Movate denies the allegations in paragraphs 1095 through 1137.

**COUNT 45**

**Violation of the Washington Consumer Protection Act**

**(On Behalf of the Washington Districts Against Defendants PowerSchool**

**Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

1138. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1137 through 1160. To the extent a response is required, Movate denies the allegations in paragraphs 1137 through 1160.

**COUNT 46**

**Violation of the Washington Data Breach Notification Statute**

**(On Behalf of the Washington Districts Against Defendants PowerSchool**

**Holdings, Inc., PowerSchool Group LLC, and Bain Capital, L.P.)**

1161. This Count is not asserted against Movate.  Accordingly, no response is required to the allegations in paragraphs 1161 through 1167. To the extent a response is required, Movate denies the allegations in paragraphs 1161 through 1167.

**VI.   PRAYER FOR RELIEF**

Answering the Prayer for Relief, Defendant denies that Plaintiffs are entitled to any of the relief requested, including without limitation, injunctive relief, damages, equitable relief, statutory damages, costs, attorney's fees, expenses, or any other relief. Defendant further denies that Plaintiffs are entitled to judgment against them on any claim.  Defendant denies all allegations and legal conclusions in the Prayer for Relief to the extent they are inconsistent with the answers above.

**AFFIRMATIVE DEFENSES**

Defendant sets forth below its affirmative defenses.  Each defense is asserted as to all causes of action alleged in the First Amended Master Complaint.  By setting

CASE NO. 3:25-md-3149-AJB-MSB

MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

### FAILURE TO STATE A CLAIM

The Claims alleged in the First Amended Master Complaint, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### LACK OF STANDING

All or some of Plaintiffs' claims fail to the extent they lack standing to assert their claims.

### THIRD AFFIRMATIVE DEFENSE

### THIRD PARTY CONDUCT AS INTERVENING ACT/SUPERCEDING CAUSE

To the extent that Plaintiffs have suffered any cognizable injury, that injury was caused by the independent acts of third parties for whom Defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

### NO DUTY

Defendant had no contractual or other legal relationship with Plaintiffs and therefore owed no enforceable duty to them.

### FIFTH AFFIRMATIVE DEFENSE

### NO PROXIMATE CAUSE

Any alleged conduct by Defendant was not the proximate cause of Plaintiffs' alleged injuries.

### SIXTH AFFIRMATIVE DEFENSE

### NO UNLAWFUL CONDUCT

CASE NO. 3:25-md-3149-AJB-MSB
MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT

The First Amended Master Complaint as a whole, and each and every purported cause of action alleged therein, is barred in whole or in part because the acts or practices alleged to be unlawful are not unlawful.

## SEVENTH AFFIRMATIVE DEFENSE

## FAILURE TO MITIGATE DAMAGES

Plaintiff's damages, if any, should be offset by their failure to take reasonable steps to minimize their losses.

## EIGHTH AFFIRMATIVE DEFENSE

## NO TRACEABILITY

Any alleged injury is not fairly traceable to Movate.

## NINTH AFFIRMATIVE DEFENSE

## NO PRIVATE RIGHT OF ACTION / NO STATUTORY PREDICATE

Plaintiffs' negligence-*per-se* and other statutory-predicate theories fail because the statutes and regulations on which Plaintiffs rely do not create privately enforceable duties applicable to Defendant Movate and therefore cannot supply the basis for liability against Movate.

## TENTH AFFIRMATIVE DEFENSE

## PUNITIVE DAMAGES

To the extent Plaintiffs claim exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Alternatively, to the extent Plaintiffs claim exemplary or punitive damages, they fail to allege claims sufficient to entitle them to such an award.

## ELEVENTH AFFIRMATIVE DEFENSE

## COMPARATIVE FAULT / CONTRIBUTORY NEGLIGENCE

To the extent Plaintiffs suffered any injury or damages, such injury or damages were caused in whole or in part by the acts or omissions of Plaintiffs, co-defendants, and/or third parties for whom Movate is not legally responsible. Any recovery by Plaintiffs must be reduced, barred, or apportioned pursuant to applicable principles of

comparative fault, contributory negligence, and allocation of fault.

## TWELFTH AFFIRMATIVE DEFENSE

## ECONOMIC LOSS DOCTRINE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine. To the extent Plaintiffs seek recovery for purely economic losses unaccompanied by personal injury or property damage, such losses are not recoverable in tort.

## THIRTEENTH AFFIRMATIVE DEFENSE

## FOREIGN LAW – PHILIPPINE CIVIL CODE (FRCP 44.1)

Pursuant to Federal Rule of Civil Procedure 44.1, Defendant gives notice that the laws of the Republic of the Philippines govern Plaintiffs' claims to the extent they are predicated on the alleged acts or omissions of Movate employees based in the Philippines.

Under Article 2180 of the Civil Code of the Philippines, an employer is not liable for an employee's alleged acts or omissions where the employer exercised the diligence of a good father of a family in the selection, training, supervision, and retention of its employees. Movate satisfied that standard and therefore cannot be held liable for the claims alleged.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be other, as-yet unstated, defenses, cross-claims, or third-party claims available. Therefore, Defendant reserves the right in accordance with applicable law, pending completion of discovery, to amend or supplement its Answer to assert any additional defenses that may exist.

## PRAYER

WHEREFORE, Defendant hereby prays for judgment against Plaintiffs as follows:

1.   That Plaintiffs take nothing by its First Amended Master Complaint;

2.   That judgment be entered in favor of Defendant and against Plaintiffs;

3.    That the Court award Defendant its attorneys' fees and costs incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

DATED: April 17, 2026                 Respectfully submitted,

BROWN RUDNICK LLP

By: *Dylan P. Kletter*
    DYLAN P. KLETTER
    JONATHAN D. WHITE
    SAMANTHA J. FLATTERY
    RENEE M. MOULTON
    Attorneys for Defendant,
    MOVATE, INC.

CASE NO. 3:25-md-3149-AJB-MSB
MOVATE'S ANSWER TO SCHOOL DISTRICT DIRECT ACTIONS FIRST AMENDED MASTER COMPLAINT