# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>School District Direct Action Track | Case No.:  25-md-03149-AJB-MSB<br>MDL No. 3149<br><br>**COMMON BENEFIT ORDER FOR THE SCHOOL DISTRICT DIRECT ACTION TRACK** |

Before the Court is a motion for entry of a Common Benefit Order filed by the Track Two School District Direct Actions Plaintiffs. (Doc. No. 473.) School Direct Action Track Plaintiffs represent that Defendants take no position on the motion (*id.* at 2), and School District Class Plaintiffs file a notice taking no position on the motion (Doc. No. 478). Accordingly, having considered the motion and lodged proposed order,[1] and finding good

---

[1] The instant motion lacks language the parties seek the Court to enter, but a proposed order was lodged in Word format with the Court pursuant to Chambers and Local Rules. In the future, motions of this sort must include the substance the party or parties seek the Court to enter to ensure a complete public record. Although the filing of a proposed order on the docket violates this district's Local Rules, parties

cause, the Court **GRANTS** the motion and **ENTERS** the following Common Benefit Order:[2]

The Court has created a distinct School District Direct Action Track within this Multi-District Litigation ("MDL") to address claims brought individually by school districts affected by the PowerSchool data breach. The May 16, 2025 Case Management Order No. 2 (Doc. No. 134) and the May 22, 2025 Case Management Order No. 3 (Doc. No. 156) establish separate leadership structures for the Class Track and Direct Action Track and anticipate additional orders governing counsel responsibilities, fee structures, and protocols for common benefit work.

The Court concludes that a Common Benefit Order specific to the School District Direct Actions will promote efficiency, reduce duplication, and ensure fair and orderly administration of fees and costs.  Further, the Court finds it appropriate to establish specific guidelines and rules for work performed and expenses incurred for the common benefit of all School Direct Action Track Plaintiffs in this MDL. Accordingly, the Court hereby adopts the following guidelines for the responsibilities and duties of the Plaintiff Steering Committee ("PSC"),[3] management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. This Order is without prejudice to Defendants' right to object to proposed fees, costs, or other provisions later in this proceeding. It is also without prejudice to review by a court with jurisdiction regarding the reasonableness of any fee request.

///

---

should delineate exactly what is sought of the Court either by embedding the requested language into the motion or by attaching an exhibit consisting of the requested language but without caption or signature block.

[2]    The Court adopts the entirety of School Direct Action Track Plaintiffs' proposed order with minor non-substantive edits.

[3]    The PSC members are Plaintiffs' Co-Lead Counsel for the School District Direct Actions (James P. Frantz and William B. Shinoff of Frantz Law Group, APLC) as well as PSC members Kristin Westphal and Edward Burak (Frantz Law Group, APLC); Daniel Shinoff and Gil Abed (Artiano Shinoff); Peter Mello and Felicia Vasudevan (Murphy, Hesse, Toomey & Lehane LLP); and Paul Evans (Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.).

25-md-03149-AJB-MSB

**I.     RESPONSIBILITIES AND DUTIES OF THE PSC**

In addition to the duties set forth in the May 16, 2025 Case Management Order No. 2 (Doc. No. 134) and the May 22, 2025 Case Management Order No. 3 (Doc. No. 156), the PSC will have the authority and duty to do all of the following: (1) collect and review monthly common benefit time and expense submissions from Participating Counsel, as defined below; and (2) coordinate and oversee Participating Counsel and reasonably apportion any attorneys' fees recovered in this action among themselves and Participating Counsel.

**II.    ADOPTION OF CASE MANAGEMENT PROTOCOLS FOR COMMON BENEFIT WORK**

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues.

The recovery of common benefit attorneys' fees and cost reimbursements will be limited to the PSC and "Participating Counsel." "Participating Counsel" is defined as any other counsel authorized by the entire PSC to perform Common Benefit Work, as defined below, and/or counsel who have been specifically approved by this Court prior to incurring any such lodestar, cost, or expense. "Participating Counsel" includes members and staff of their respective firms. Eligibility does not pre-determine payment.

Participating Counsel will be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the activity in question was at the direction of the PSC and the time expended and costs incurred were: (a) for the common benefit of School Direct Action Track Plaintiffs; (b) timely submitted; and (c) reasonable. The Court retains its authority to evaluate any time, costs, or expenses submitted by counsel for reasonableness.

The PSC will be responsible for: (1) apportioning attorneys' fees recovered in this action among themselves and Participating Counsel; (2) collecting and reviewing monthly common benefit time and expense submissions from themselves and Participating Counsel; and (3) informing Participating Counsel when their submissions do not comply with the

25-md-03149-AJB-MSB

directives set forth in this Order.

In the event that Participating Counsel are unsure if the activity they are about to undertake is considered Common Benefit Work, as defined below, they are to ask the PSC in advance as to whether such time may be compensable before proceeding with the activity in question.

### A.    Compensable Common Benefit Work

"Common Benefit Work" includes all work done and expenses incurred at the direction of the PSC that inure to the common benefit of the Plaintiffs in the School District Direct Action Track of this MDL.

Examples of compensable work include, but are not limited to: (1) the preparation of consolidated pleadings and briefs; (2) factual research and investigation; (3) legal research; (4) motion practice; (5) discovery, including document analysis and depositions; (6) court appearances and preparation; (7) identification and work-up of experts and consultants; (8) trial and trial preparation; and (9) appellate work.

The PSC and Participating Counsel must avoid over-staffing and inefficiencies regarding Common Benefit Work. Time spent on work for the benefit of counsel's own clients is not considered Common Benefit Work, unless it is at the PSC's direction.

To avoid any confusion, only assignments authorized by the PSC constitute Common Benefit Work. Counsel reviewing particular filings and Orders for their own benefit and that of their respective clients does not constitute Common Benefit Work.

### B.    Travel Limitations

Only reasonable expenses incurred in connection with Common Benefit Work will be reimbursed. Except in unusual circumstances approved by the PSC, all travel reimbursements are subject to the following limitations:

- Airfare: For domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent will be reimbursed. For transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed at the PSC's discretion.

- <u>Hotel</u>: Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed.

- <u>Meals</u>: Meal expenses must be reasonable.

- <u>Cash Expenses</u>: Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip if the expenses are properly itemized.

- <u>Automobile Rental</u>: Automobile rentals must be reasonable for the date and location of the rental.

- <u>Mileage</u>: Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

Unusually high airfare, hotel, meal, and automobile rental expenses may be reviewed by the PSC and disallowed or only partially reimbursed.

**C.    Non-Travel Limitations**

- <u>Telephone and Videoconferencing Charges, Shipping and Courier Charges, and Postage</u>: Common benefit telephone and videoconferencing charges (long distance, conference call, and cellular), shipping and courier charges, and postage are to be reported at actual cost.

- <u>In-House Photocopy</u>: The maximum charge for common benefit in-house copies is $0.15 per page.

- <u>Computerized Research – LexisNexis or Westlaw</u>: Claims for LexisNexis, Westlaw, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practicable, and no entry should have more than one expense category code assigned to it.

///

///

25-md-03149-AJB-MSB

Similarly, when feasible, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people. Every expense entry should be as detailed and specific as reasonably practicable. Expense entries without sufficient detail may be rejected at the PSC's discretion. Attorneys must maintain receipts for all expenses and provide such receipts to the PSC as requested.

**D.    Common Benefit Timekeeping Protocols**

All time must be accurately and contemporaneously maintained. The PSC and Participating Counsel must keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe"). Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work. Block billing is prohibited.

Each time entry must be categorized using one of the categories in Exhibit A. In general, when possible, a more specific category should be used in place of a more general category.

The following activities will not be compensated or included in any fee petition:

- work not performed at the request or under the direction of the PSC;
- time expended in preparing time and expense reports;
- "read and review" time unrelated to preparation for or performance of work specifically assigned by PSC;
- unnecessary intra-firm attorney conferences;
- time associated with work relating to any client or potential client that did not retain your firm for this case, unless the work was authorized by the PSC; and

///

///

6

25-md-03149-AJB-MSB

- routine clerical tasks (such as "file maintenance" by a paralegal or clerical staff) unrelated to preparation for and performance of work specifically assigned by the PSC.

Participating Counsel must direct all questions regarding particular timekeeping categories to the PSC. Under no circumstances should a submitting firm make up new categories for use in its submission.

The PSC and Participating Counsel must record their hourly rates for all attorneys and staff. Each timekeeper must be identified as one of the following: (PT) Partner, (A) Associate, (SA) Staff Attorney/Contract Attorney, or (PL) Paralegal. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[4] their billing records must be prepared and recorded at the then-present rates in monthly time reports submitted to the PSC. The PSC and Participating Counsel must not bill at rates other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment.

The PSC and Participating Counsel may use junior associates, contract attorneys, and staff attorneys for initial document analysis and coding; mid-level associates, contract attorneys, and staff attorneys for higher level analysis and coding; and senior attorneys (including partners, as necessary) for top-tier analysis, deposition or trial preparation, and quality control.

**E.      Common Benefit Expenses Protocol**

**1.      Shared Costs**

"Shared Costs" are costs incurred for the common benefit of the School Direct Action Track Plaintiffs in this MDL as a whole. The Court directs Co-Lead Counsel for the School District Direct Action Track to establish and maintain an insured, interest-bearing escrow account (the "Litigation Fund") at a federally insured commercial

---

[4] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 740 (9th Cir. 2016).

bank. Co-Lead Counsel must maintain accurate records of deposits, accrued interest, and any disbursements from the Litigation Fund.

Shared Costs will be paid out of the Litigation Fund and must be approved by the PSC prior to payment. The PSC must contribute to the Litigation Fund at times and in amounts sufficient to cover School Direct Action Track Plaintiffs' costs and expenses for litigating this MDL. The timing and amount of each assessment will be determined by the PSC, and each assessment will be paid within 14 days as instructed by the PSC. Failure to pay assessments will be grounds for removal from the appointments made. The Litigation Fund must not constitute the property of any individual plaintiff, attorney, or law firm, and no party will have any claim to or interest in the Fund except to the extent permitted by Court-approved fee or expense awards.

## 2. Held Costs

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when the PSC determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all School Direct Action Track Plaintiffs in this MDL. Held Costs must be recorded and reasonably maintained. Held Costs will be subject to the limitations set forth in this Order.

## F. Protocols for Submission of Time and Expenses

Time submissions must be made to the PSC monthly in accordance with the guidelines set forth herein. After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (*e.g.*, the submission due June 20, 2026, should contain all common benefit time and expenses incurred from May 1, 2026, through May 31, 2026).

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 20th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous

8

25-md-03149-AJB-MSB

six months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline.

**IT IS SO ORDERED**.

Dated: April 23, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-md-03149-AJB-MSB