

John P. Carlin (NY 3031887)*
**PAUL, WEISS, RIFKIND,**
 **WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
jcarlin@paulweiss.com

R. Rosie Vail (SBN 317977)
**PAUL, WEISS, RIFKIND,**
 **WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
rvail@paulweiss.com

Jacobus J. Schutte (NY 5023353)*
Alex Langsam (NY 5980891)*
**PAUL, WEISS, RIFKIND,**
 **WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
jschutte@paulweiss.com
alangsam@paulweiss.com

*admitted *pro hac vice*

*Attorneys for Defendant*
*Bain Capital, L.P.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION | Case No. 3:25-md-3149-AJB-MSB<br><br>MDL No. 3149<br><br>**DECLARATION OF JACOBUS J. SCHUTTE IN SUPPORT OF DEFENDANT BAIN CAPITAL, L.P.'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Date: June 25, 2026<br>Time: 10 a.m.<br>Place: Courtroom 4A<br>Judge: The Hon. Anthony J. Battaglia |

I, Jacobus J. Schutte, declare as follows:

1.   I am an attorney duly licensed to practice law before all of the courts of the State of New York and was admitted *pro hac vice* in the above-captioned matter on August 1, 2025.  I am a partner at Paul, Weiss, Rifkind, Wharton & Garrison LLP, and counsel of record for Defendant Bain Capital, L.P. ("Bain").   This declaration is based on personal knowledge and if called upon, I could and would competently testify thereto.  I make this declaration pursuant to Local Rule 7.1(i)(1).

2.   The following was previously set forth in relevant part in Bain's April 15, 2026, Motion for Reconsideration of the Court's Order Denying Motion to Dismiss Individual User Complaint, Or, in the Alternative, for Certification of Interlocutory Appeal (the "Motion for Reconsideration"), Dkt. 466-1.

3.   On September 10, 2025, Bain filed a Motion to Dismiss the Consolidated Individual Users Class Action Complaint ("Motion to Dismiss"). Dkt. 286. Bain filed the Motion to Dismiss in this Court before the Honorable Roger T. Benitez.

4.   Plaintiffs filed an Opposition on October 10, 2025. Dkt. 319. Bain and Defendant PowerSchool Holdings, Inc. filed supplemental briefing in support of their Motion to Dismiss on October 15, 2025. Dkt. 323.

5.   On November 10, 2025, Bain filed its Reply in Support of its Motion to Dismiss. Dkt. 361.

6.   On December 8, 2025, at the request of the Court, Bain filed a synopsis of its Motion to Dismiss. Dkt. 387.

7.   On January 23, 2026, also at the Court's direction, Bain and Plaintiffs (together, the "Parties") filed a Joint Submission in Advance of Hearing on Bain's Motion to Dismiss, attaching the Parties' respective outlines for oral argument as exhibits. Dkt. 412.

8.   The Parties appeared before the Court on January 26, 2026 to deliver their oral arguments regarding the pending Motion to Dismiss. At the conclusion of

- 1 -

oral arguments, the Court directed the Parties to submit joint written rebuttals on issues that could not be fully argued at oral arguments due to time constraints. Dkt. 414.

9.     The Parties jointly filed their written rebuttals on February 5, 2026. Dkt. 419.

10.     On March 18, 2026, the Court issued an order granting in part and denying in part Bain's Motion to Dismiss. Dkt. 434 (the "Order").

11.     On April 15, 2026, Bain filed its Motion for Reconsideration or, in the alternative, for Certification of Interlocutory Appeal.

12.     On April 30, 2026, Plaintiffs filed their Opposition to Bain's Motion for Reconsideration. Dkt. 490.

13.     As explained in detail in Bain's Motion for Reconsideration, Bain respectfully submits that the Order reflects clear errors on controlling questions of law.  Contrary to settled agency and negligence law, the Order converted an arm's-length merger negotiation into the basis for an agency relationship, and imposed a duty of care on a data breach defendant that had not been alleged to have collected, stored, possessed, maintained, or otherwise handled Plaintiffs' data.  Additionally, the Order is based on incorrect application of the governing legal standards.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

- 2 -

DECLARATION OF JACOBUS J. SCHUTTE IN SUPPORT OF BAIN'S MOTION FOR RECONSIDERATION & 1292(b) CERTIFICATION, 25-MD-03149-AJB-MSB

Dated: May 7, 2026      /s/ *Jacobus J. Schutte*
   New York, NY      Jacobus J. Schutte (NY 5023353)*

DECLARATION OF JACOBUS J. SCHUTTE IN SUPPORT OF BAIN'S MOTION FOR RECONSIDERATION & 1292(b) CERTIFICATION, 25-MD-03149-AJB-MSB

### CERTIFICATE OF SERVICE

I certify that on the 7th day of May, 2026, I caused the filing of the foregoing Declaration with the Clerk of the Court for the United States, Southern District of California by using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:    */s/ Jacobus J. Schutte*

Jacobus J. Schutte
Email: jschutte@paulweiss.com
*Attorney for Bain Capital, L.P.*

- 1 -

DECLARATION OF JACOBUS J. SCHUTTE IN SUPPORT OF BAIN'S MOTION FOR RECONSIDERATION & 1292(b) CERTIFICATION, 25-MD-03149-AJB-MSB