UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH | Case No. 25-md-3149 AJB-MSB<br>MDL No.: 3149<br><br>**ORDER RE: DISCOVERY ISSUES – POWERSCHOOL'S MOTION TO COMPEL T1 AND T2 CLASS ACTION PLAINTIFFS** |

**DISCOVERY CONFERENCE SUMMARY:**

Date: **June 3, 2026**

Participants:

- Track 1 Class Action Plaintiffs: Mandy Boltax, Esq., Carlynne Wagner, Esq.
- Track 2 Class Action Plaintiffs: Jason Alperstein, Esq.
- Defendants PowerSchool Holdings, Inc. and PowerSchool Group, LLC: Anne Palmer, Esq.

//

//

**OVERVIEW:**

The undersigned Special Master previously authorized informal discovery to facilitate Court-encouraged mediation efforts. The parties have since commenced formal discovery in preparation for dispositive motions and trial. While counsel have engaged in good-faith efforts to resolve discovery disputes without intervention, certain issues remain unresolved and have been presented to me for determination.

On May 5, 2026, PowerSchool Defendants moved to compel discovery from the Track 1 and Track 2 Class Action Plaintiffs (Note: This dispute does not concern discovery by Track 2 Direct Action Plaintiffs.) Track 1 and Track 2 Class Plaintiffs jointly oppose the motion. I heard oral argument on June 3, 2026, via Zoom, and after considering the parties' briefing and argument, I rule as follows:

**1. Relevant Time Period for Track 1 Plaintiffs' Responses**

**1.1. Ruling: MOTION DENIED**

a. Track 1 Plaintiffs are individual students/parents/teachers whose PII was exfiltrated in the data breach. These Plaintiffs assert claims of negligence, breach of fiduciary duty, and unjust enrichment, as well as claims under various state consumer protection and privacy statutes.

b. Track 1 Plaintiffs limited their responses to PowerSchool's discovery requests to three years from the data breach (*i.e.,* back to December 28, 2021). PowerSchool contends that the time limitation is arbitrary and artificial and seeks to compel responses without time limits. This disagreement principally concerns PowerSchool's RFP Nos. 1-2, 6, 13-14, 16, 28, and 31-32 and Interrogatory Nos. 7-12, 13, 18, and 19.

c. According to PowerSchool, Track 1 Plaintiffs either specifically limited their responses to a period running from December 28, 2021 to either the present, or the date of the Track 1 Complaint (August 11, 2025) or referenced a "relevant" period that was not defined in their Responses. Track 1 Plaintiffs

subsequently clarified in an April 30, 2026 letter that the proposed period as to all at-issue Requests is December 28, 2021 to the present.

d. PowerSchool argues that Track 1 Plaintiffs waived any period objection for other discovery requests.

e. A cursory description of the disputed discovery requests are illustrative:

1. RFP 1 seeks agreements between students and PowerSchool.
2. RFP 2 seeks communications/screenshots/dates about Plaintiffs SIS use.
3. RFP 6 seeks deceptive statements by PowerSchool on which Plaintiffs relied.
4. RFP 13 seeks communications relating to identity theft, fraud, or misuse of Plaintiffs' PII.
5. RFP 14 seeks credit reporting, fraud alerts, or dark web notices received by a Plaintiff.
6. RFP 16 seeks info on other data breach notices or class actions received by a Plaintiff.
7. RFP 28 seeks other class action representative involvements.
8. RFP 31 seeks info on past bankruptcy filings by Plaintiffs.
9. RFP 32 seeks info on payments received as a class action representative in other cases.
10. Interrogatories 7-12 and 13 address related topics
11. Interrogatory 18 asks about all lawsuits in which a Plaintiff has taken part.
12. Interrogatory 19 asks about the criminal history of a Plaintiff, including arrests, charges, convictions, expungements, dates of such instances, and identity of witnesses.

f. PowerSchool correctly argues that its discovery requests seek information that is at least technically relevant, and Plaintiffs have not demonstrated that responding to the requests would impose an unreasonable burden. The requests are directed toward two principal issues: (i) whether the Track 1

Plaintiffs have actually experienced fraud, identity theft, or other misuse of their information, as alleged in the Complaint; and (ii) whether Plaintiffs were involved in prior data breaches or incidents of identity theft that could constitute alternative sources of the harms they attribute to the PowerSchool data breach.

g. The first category of discovery is plainly central to the claims and defenses in this litigation. The second category is of more limited relevance, although PowerSchool contends that evidence of prior data breaches or identity-theft incidents bears on its anticipated traceability defenses. While both categories are relevant, they do not carry equal weight for purposes of determining the appropriate scope of discovery.

h. Track 1 Plaintiffs contend that PowerSchool's requests, which contain no temporal limitation, are facially overbroad, unreasonable, and unduly burdensome. They propose a three-year look-back period as a reasonable limitation. Plaintiffs point out that recent court decisions have tended to undermine traceability defenses premised on a Plaintiff's prior exposure to unrelated data breaches.

i. With respect to requests bearing on the adequacy of the proposed class representatives—including inquiries concerning bankruptcies, criminal histories, and participation in other class actions—Track 1 Plaintiffs assert that they have already provided detailed information regarding lawsuits in which they are currently involved, or have been involved within the past five years, as well as their criminal histories during that same period.

j. This limitation appropriately balances the relevance of the information sought against the burden imposed on Plaintiffs and provides PowerSchool with a reasonable opportunity to explore its asserted defenses, including issues relating to traceability and causation.

The limitation is also consistent with the period encompassed by Plaintiffs' own discovery requests to PowerSchool. Extending the period further would impose an unreasonable burden on the individual Plaintiffs—students, parents, and teachers with significant academic, professional, and personal obligations—while requiring the production of information of progressively diminishing relevance to the claims and defenses at issue.

Track 1 Plaintiffs are correct that prior data-breach victimizations have limited relevance to PowerSchool's asserted traceability defense. Identity theft, financial fraud, and related forms of misuse do not typically include markers identifying the data breach from which the compromised personally identifiable information originated. As a practical matter, it is often impossible to trace a subsequent act of fraud to a specific prior breach.

For that reason, as well as broader policy considerations, numerous federal district courts have rejected the argument that a Plaintiff's prior exposure in unrelated data breaches necessarily severs the causal connection between a more recent breach and the injuries allegedly resulting from it. *See, e.g., In re Equifax, Inc. Customer Data Security Breach Litigation*, 362 F. Supp. 3d 1295, 1318 (N.D. Ga. 2019) (declining to create a "perverse incentive" by allowing defendants to defeat causation merely by pointing to prior breaches and observing that such a rule would mean that "so long as enough data breaches take place, individual companies will never be found liable");, 2017 WL 3727318, at *19 (N.D. Cal. Aug. 30, 2017); *In re Anthem, Inc. Data Breach Litigation*, 162 F. Supp. 3d 953, 988 (N.D. Cal. 2016); and *In re Accellion, Inc. Data Breach Litigation*, 2025 WL 2799102, at *11 (N.D. Cal. Sept. 30, 2025) (reasoning that it would lead to "absurd results" to conclude that a defendant could not have caused injury to a class member merely because that individual's personal information had previously been exposed in another breach).

While evidence of prior data breaches may have some relevance to issues of causation and traceability, that evidence has considerably less weight than PowerSchool suggests. The mere fact that a Plaintiff's personally identifiable information was compromised in an earlier breach does not, standing alone, negate the possibility that the PowerSchool breach caused or contributed to the injuries alleged in this litigation.

Finally, with respect to discovery directed at the adequacy of the proposed class representatives, Plaintiffs have already provided responses covering a four- to five-year period. Earlier bankruptcies and prior criminal contacts of the proposed class representatives are of marginal relevance, if any, in the context of a putative class composed of students, parents, and teachers who had no role in the alleged unlawful exfiltration of their personally identifiable information.

The litigation posture of these MDL proceedings is fundamentally reactive. Unlike cases involving serial plaintiffs who repeatedly initiate affirmative claims—such as certain Americans with Disabilities Act actions—individuals in data breach litigation, including school students (through their parents), do not engage in conduct that could render them "repeat victims" of data breaches or otherwise proactively position themselves to suffer the alleged harm at issue.

To the extent PowerSchool seeks information bearing on adequacy, it may reasonably request narrowly tailored information regarding prior convictions for fraud or crimes involving dishonesty, including beyond the applicable look-back period. But the current requests are overly broad in scope. See, e.g., *Kirkpatrick v. Ironwood Commc'ns, Inc.*, 2006 WL 2381797, at *6 (D. Wash. Aug. 16, 2006) (finding plaintiff inadequate where multiple recent felony convictions involving dishonesty bore directly on credibility concerns, while a

co-plaintiff's single, much older conviction did not render him inadequate as a class representative).

k. **Ordered**: PowerSchool's motion to compel discovery extending beyond December 28, 2021, is **DENIED**. For purposes of the requests at issue, the relevant discovery period shall commence three years before the data breach and data exfiltration, which occurred on December 28, 2024. The applicable discovery period is December 28, 2021, through the present.

**2. Track 1 Plaintiffs' Individualized Responses to Interrogatory No. 15**

**2.1. Ruling: MOTION DENIED**

a. PowerSchool contends that the Track 1 Plaintiffs' responses to Interrogatory No. 15 are largely identical across bellwether plaintiffs and seeks an order compelling more individualized responses. Interrogatory No. 15 generally requests identification of the PowerSchool data security assurances that Plaintiffs allege they relied upon to their detriment.

By way of example, Plaintiffs Zarate and A.Z. respond by citing a range of public statements attributed to PowerSchool, including representations on its website, a YouTube video in which a vice president discusses multifactor authentication, and other public-facing materials. They further state: "As a result of the litany of public proclamations PowerSchool made pertaining to the security of data it was entrusted with, Plaintiff Zarate consented to entrust his sensitive personal information, and that of Plaintiff A.Z., to PowerSchool. Plaintiff Zarate specifically remembers initial reservations about entrusting Plaintiffs' sensitive personal information and reviewed PowerSchool's privacy policies to ensure that PowerSchool would adequately protect such information."

In contrast, Plaintiffs Brownlee and A.B. respond that Plaintiff Brownlee recalls encountering general public reporting regarding the PowerSchool cybersecurity incident but does not recall specific details, while Plaintiff A.B.

was not aware of the incident at the time, did not view any related news coverage, and did not receive any information regarding it from his school or other sources outside of this litigation.

b. Track 1 Plaintiffs respond to the motion to compel saying they have completely answered. They cite many more examples of unique answers to No. 15 by additional Plaintiffs such as by Plaintiff Afzal, August, Berry, Nadeau, and Bowler. *See* Plaintiffs' letter brief (May 15, 2026) at footnotes 4 & 5.

c. **Ordered**: The answers provided in response to Interrogatory No. 15 are *not* nearly identical. It is reasonable that many Plaintiffs situated as school students (and their parents) in a school setting would have similar experiences and would answer Interrogatory No. 15 in similar ways using similar expressions. *See* Ex. B Interrogatory Answer No. 15; Ex. C Interrogatory Answer No. 15. Plaintiffs' answers are deemed sufficient. PowerSchool's motion to compel further individualized answers to Interrogatory No. 15 is **DENIED**.

**3. Track 1 Plaintiffs and ESI Protocols re: Forensic Collections for All Bellwether Plaintiffs**

**3.1. Ruling: MOTION GRANTED IN PART / DENIED IN PART**

a. PowerSchool asserts that Plaintiffs have "categorically refused to forensically collect devices or electronic accounts (*e.g.*, email or social media accounts) for any of the 19 minor bellwether Plaintiffs," citing objections based on privacy, relevance, burden, and proportionality. PowerSchool further represents that Track 1 Plaintiffs' counsel have instead indicated an intention to collect unspecified categories of documents from these Plaintiffs on a "go-get" basis.

PowerSchool contends that this approach has resulted in an incomplete and opaque collection process, making it "impossible for the parties to design

a tailored approach" that appropriately addresses the privacy concerns associated with minor Plaintiffs' electronically stored information. On this basis, PowerSchool moves for an order compelling Track 1 Plaintiffs to conduct forensic collection of devices and electronic accounts for all bellwether Plaintiffs, including the 19 minor Plaintiffs.

b. Track 1 Plaintiffs object primarily based on the minor Plaintiffs' privacy interests. They contend that courts have consistently recognized forensic inspection as an "extraordinary remedy that requires substantial support," typically warranted only where "serious questions exist both as to the reliability and the completeness of materials produced," citing a line of authority in support.

Plaintiffs further represent that they have already identified for PowerSchool the data sources from which they are collecting responsive documents, as well as the collection methodologies being employed for each source, consistent with the Stipulated Discovery and Search Protocol entered by the Court on December 22, 2025 (the "ESI Protocol").

With respect to the minor Plaintiffs, counsel represents that they will manually collect relevant electronically stored information from comparable digital devices through targeted "go-get" collections conducted with parental assistance. Plaintiffs further state that they will manually collect physical documents stored in non-forensically accessible formats, including mailed correspondence and bank and financial statements.

c. PowerSchool points out that courts have rejected efforts to categorically preclude discovery of relevant information in the possession of minor plaintiffs under comparable circumstances, *citing, inter alia, S.O. ex rel. O'Neal v. Rescue Union Sch. Dist.*, 2025 WL 871048, at *2 (E.D. Cal. Mar. 20, 2025) (recognizing that while courts are mindful of the adverse emotional impact discovery may have on a child plaintiff, they have generally "refused

to preclude an opposing party from obtaining the child's testimony on relevant and material issues in the case"); and *Lamberth v. Clark Cnty. Sch. Dist.*, 2015 WL 4076506, at *4–6 (D. Nev. July 1, 2015) (compelling a six-year-old plaintiff and sibling in a school bullying case to respond to interrogatories, concluding that the emotional stress associated with answering such discovery was not so substantial as to bar it).

PowerSchool's authorities are persuasive insofar as they reflect a general reluctance to foreclose discovery from minor plaintiffs entirely. However, those cases are distinguishable from the issue presented here, which concerns the wholesale forensic imaging of electronic devices belonging to minor plaintiffs. PowerSchool has not identified authority compelling minor plaintiffs in a data breach action to submit their personal devices to full forensic duplication.

The intrusion on the privacy interests of otherwise unconnected school-aged minors—particularly where the requested information is, at most, marginally relevant—is disproportionate to the need for the discovery sought. As Track 1 Plaintiffs correctly observe, minor bellwether Plaintiffs would have no practical control over purely personal communications, photographs, and other private materials stored or synchronized to third-party platforms, much of which bears no relation to the claims or defenses in this action yet would nevertheless be subject to review by third-party examiners.

As one court has recently noted, these proportionality concerns persist even in cases involving adult plaintiffs and devices owned by individuals accused of serious misconduct. *Bradley Wealth LLC v. Scott*, 2026 WL 890393, at *3 (D. Ariz. Apr. 1, 2026) ("Proportionality and privacy concerns further weigh against the request," and "[e]ven with a neutral examiner and a time limitation, compelled imaging of personal phones and other personal devices risks exposure of substantial private material."). *See also Moser v.*

*Health Ins. Innovations, Inc.*, No. 17cv1127-WQH(KSC), 2018 WL 56116, at *20 (S.D. Cal. Dec. 21, 2018) (noting that there is no "routine right of direct access to a party's electronic information system," and that such access is the exception rather than the rule).

d. These concerns are amplified where the electronic devices at issue belong to minor victims. For these reasons, I **GRANT THE MOTION IN PART and DENY THE MOTON IN PART**. The parties are directed to meet and confer further to develop a proportional discovery protocol that permits production of relevant information without undue intrusion into the privacy of the minor bellwether Plaintiffs.

**4. Documents From Non-Plaintiff Household Members of Track 1 Plaintiffs (PowerSchool RFP No. 16 to Track 1 Plaintiffs)**

**4.1. Ruling: MOTION DENIED**

a. PowerSchool propounded Request for Production No. 16 to Track 1 Plaintiffs seeking documents relating to prior data breaches. The request is not limited to documents possessed, controlled, or maintained by the Plaintiffs themselves. Rather, PowerSchool seeks documents that may be held by non-party members of a minor Plaintiff's household, including parents, a parent's spouse, siblings, grandparents, nannies, or other household members. As drafted, the request encompasses documents of household members who are not parties to this litigation and who possess independent legal identities and privacy interests.

PowerSchool maintains that information concerning prior data breaches affecting members of a Plaintiff's household may be relevant to issues of causation, traceability, and the source of any alleged misuse of personally identifiable information. By PowerSchool's' telling, responsive documents are likely to exist in the files and accounts of parents of minor bellwether Plaintiffs, even when those parents are not themselves named Plaintiffs.

Responsive documents, PowerSchool asserts, should not be limited to those in the possession of the named Plaintiffs alone:

> Given that parents often allocate responsibilities among themselves, it is likely, for example, that one parent's email account will contain relevant documents that the other's does not. In addition, the information of a non-Plaintiff household member that was exposed in a prior data breach may overlap with information that Track One Plaintiffs allege was exfiltrated (ostensibly for the first time) in connection with the Cybersecurity Incident."

In PowerSchool's view, where a parent acts on behalf of a minor child, responsive documents maintained by that parent may effectively constitute records concerning the minor Plaintiff's claims and alleged injuries, even if the parent is not a named party. PowerSchool argues that limiting access to such information risks excluding relevant evidence concerning the alleged data breach, subsequent communications, identity-theft issues, and potential alternative sources of the information at issue. The information may also be relevant to issues of causation, traceability, and the source of any alleged misuse of personally identifiable information. For these reasons, responsive documents should not be limited strictly to those in the possession of the named Plaintiffs.

b. Plaintiffs object to RFP No. 16 on the grounds that it seeks discovery from non-parties and extends beyond documents within Plaintiffs' possession, custody, or control. They explain that the requested "other" data breach evidence is marginally relevant when it pertains to other members of a Plaintiff's household who are not agents of the Plaintiff parents. Rather, "they are independent individuals who are not parties to this litigation and have not consented to have their personal files searched and produced."

c. I agree that information regarding prior data breaches affecting household members may possess some theoretical relevance to PowerSchool's causation and traceability defenses. However, RFP No. 16 extends beyond information

within Plaintiffs' possession, custody, or control and seeks documents belonging to non-parties who are not before the Court. Discovery directed to a party is not ordinarily a vehicle for compelling production of documents maintained by third persons possessing independent legal rights and interests. To the extent PowerSchool seeks discovery from such individuals, the Federal Rules provide separate mechanisms for obtaining discovery from non-parties.

d. **Ordered:** PowerSchool's request is overbroad. Plaintiffs cannot be compelled to produce documents concerning prior data breaches that are solely within the possession, custody, or control of non-party household members. The motion to compel is **DENIED** to that extent RFP No. 16 seeks documents relating to non-party household members.

**5. Track 2 Class Action Plaintiffs' Responses to PowerSchool Interrogatories Nos. 2 & 3**

**5.1. Ruling: MOTION GRANTED IN PART / DENIED IN PART**

a. In Interrogatories Nos. 2 & 3, PowerSchool asks about the breach of contract claims asserted by the Track 2 Class Action Plaintiffs. **Interrogatory No. 2 asks** Plaintiffs to, *inter alia*, identify each contract breached and the specific provision(s), associated costs, governing law, and supporting facts**.** **Interrogatory No. 3** asks Plaintiffs to identify all provisions of contracts with PowerSchool that are void or unenforceable. Track 2 Class Plaintiffs responded to No. 2 with a modicum of specificity about some contracts and deferred the rest on the basis that the information is in the contracts in PowerSchool's own records. As to No. 3, the Track 2 Class Plaintiffs wholly object on various grounds. PowerSchool moves to compel.

b. PowerSchool asserts that the evidence is certainly relevant and so called "contention interrogatories" are proper discovery tools. PowerSchool protests the lack of specificity imagining that, "The Class Plaintiffs' position amounts to arguing that *any* provision of *any* contract from a span of *several years*

between every Class Plaintiff and PowerSchool could be the basis of their breach of contract claims. As the Class Plaintiffs are aware, each school district typically has numerous versions of "Statements of Work," "Order Forms," and other "related" contracts with PowerSchool."

c. Track 2 Class Plaintiffs rebuff the request for further responses arguing that they need not answer contention interrogatories this early in discovery. They say the Interrogatories are sprawling and seek granular facts and a roadmap of the legal architecture of Plaintiffs' entire case. The Answer given by Plaintiff Our World Neighborhood Charter School is illustrative of all the Track 2 Class Plaintiffs answers. To Interrogatory No. 2, the Plaintiff school said:

> "… contracts at issue include, but are not limited to, the Master Service Agreements ("MSAs"), Statements of Work, Order Forms, Data Privacy Agreements, and any related amendments or addenda governing Defendants' provision of the Student Information System ("SIS") and associated services to each named Plaintiff during the Relevant Time Period. By way of further response, Plaintiff incorporates the Complaint, and subsequent amendments, in this action. The operative dates, any applicable governing law provisions, and payment amounts for each contract are reflected in the contracts themselves and in Defendants' business records, which are equally or more accessible to Defendants and therefore speak for themselves. Plaintiff will supplement this response, if necessary, following further investigation and discovery pursuant to Federal Rule of Civil Procedure 26(e)."

To Interrogatory No. 3, the school simply raised objections.

d. **Ordered**: One year has passed since the outset of litigation and counsel have been hard at work. The PowerSchool contracts are lengthy, multi-page documents covering numerous subjects. Track 2 Class Plaintiffs have identified several by name. I find that while Plaintiffs' Answers to Interrogatory No. 2 need not include costs, governing law, and supporting facts at this time, they must include a *more specific* identification of the contract provisions PowerSchool allegedly breached (limited to the two-year look back period defined by the limitation of liability provisions).

Interrogatory No. 3, on the other hand, need not be answered as it asks Plaintiffs to comment on all void or unenforceable provisions. The Track 2 Class Action Complaint does not assert the PowerSchool contracts are void or unenforceable. Rather, it alleges the opposite is true – that the contracts were valid but breached by the Defendants.

PowerSchool's motion to compel is **GRANTED** only to the extent Track 2 Class Action Plaintiffs take the position that some contract provision which would provide a defense for PowerSchool is void or unenforceable.

**Production of more specific Answers is ordered by June 12, 2026.**

IT IS SO ORDERED:

____________________________________ Dated: June ___, 2026

Hon. Larry A. Burns (Ret.)
Special Master

JUDICATE WEST
Alternative Dispute Resolution

1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

*Results Beyond Dispute*℠

*www.JudicateWest.com*

**PROOF OF SERVICE**

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Ste. 1600, Santa Ana, CA, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On 06/05/2026, I served the foregoing document(s), described as:

**ORDER RE: DISCOVERY ISSUES – POWERSCHOOL'S MOTION TO COMPEL T1 AND T2 CLASS ACTION PLAINTIFFS**

to the following parties:

**SEE ATTACHED MAILING LIST**

☑ **BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (email) to the parties as listed on this Proof of Service

☐ **BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ **BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

☐ **BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.

☑ **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 06/05/2026.

*Heidi Adams*
Heidi Adams
Judicate West

# Case Contact List

as of Friday, June 5, 2026

**JW Case #: A333427**

***Case Caption: In Re Powerschool Holdings, Inc. & Powerschool Group, LLC Customer Security Breach Litigation***

Jennifer M. French, Esq.
Jennifer M. French, APC
1050 University Avenue
E107-80
San Diego, CA 92103
Phone: Fax:
Email: jenn@frenchlawapc.com
Representing Plaintiffs' Liaison Counsel

David S. Casey Jr., Esq.
Casey, Gerry, Francavilla, & Blatt, LLP
110 Laurel St.
San Diego, CA 92101-1486
Phone: (619) 238-1811 Fax: (619) 544-9232
Email: dcasey@cglaw.com
Representing Track 1 - Class Action Plaintiffs

Gayle M. Blatt, Esq.
Casey, Gerry, Francavilla, & Blatt, LLP
110 Laurel St.
San Diego, CA 92101-1486
Phone: (619) 238-1811 Fax: (619) 544-9232
Email: gmb@cglaw.com
Representing Track 1 - Class Action Plaintiffs

David S. Casey III, Esq.
Casey, Gerry, Francavilla, & Blatt, LLP
110 Laurel St.
San Diego, CA 92101-1486
Phone: (619) 238-1811 Fax: (619) 544-9232
Email: d3@cglaw.com
Representing Track 1 - Class Action Plaintiffs

Camille Guerra, Esq.
Casey, Gerry, Francavilla, & Blatt, LLP
110 Laurel St.
San Diego, CA 92101-1486
Phone: (619) 238-1811 Fax: (619) 544-9232
Email: camille@cglaw.com
Representing Track 1 - Class Action Plaintiffs

Mandy Boltax, Esq.
Hausfeld, LLP
888 16th Street, N.W.
Suite 300
Washington, DC 20006
Phone: (202) 540-7200 Fax:
Email: mboltax@hausfeld.com
Representing Track 1 - Individual Action Plaintiffs

Nicolas U. Murphy, Esq.
Hausfeld, LLP
888 16th Street, N.W.
Suite 300
Washington, DC 20006
Phone: (202) 540-7200 Fax:
Email: nmurphy@hausfeld.com
Representing Track 1 - Individual Action Plaintiffs

James J. Pizzirusso, Esq.
Hausfeld, LLP
888 16th Street, N.W.
Suite 300
Washington, DC 20006
Phone: (202) 540-7200 Fax:
Email: jpizzirusso@hausfeld.com
Representing Track 1 - Individual Action Plaintiffs

Carlynne A. Wagner, Esq.
Hausfeld, LLP
325 Chestnut Street
Suite 900
Philadelphia, PA 19106
Phone: Fax:
Email: cwagner@hausfeld.com
Representing Track 1 - Individual Action Plaintiffs

Derick I. Cividini, Esq.
Labaton Keller Sucharow, LLP
140 Broadway
New York, NY 10005
Phone: (212) 907-0700 Fax: (212) 818-0477
Email: dcividini@labaton.com
Representing Track 1 - Teachers Unions Plaintiffs

John C. IV Coyle, Esq.
Labaton Keller Sucharow, LLP
140 Broadway
New York, NY 10005
Phone: (212) 907-0700 Fax: (212) 818-0477
Email: jcoyle@labaton.com
Representing Track 1 - Teachers Unions Plaintiffs

Danielle Mazzeo, Esq.
Labaton Keller Sucharow, LLP
140 Broadway
New York, NY 10005
Phone: (212) 907-0700 Fax: (212) 818-0477
Email: dizzo@labaton.com
Representing Track 1 - Teachers Unions Plaintiffs

Carol C. Villegas, Esq.
Labaton Keller Sucharow, LLP
140 Broadway
New York, NY 10005
Phone: (212) 907-0700 Fax: (212) 818-0477
Email: cvillegas@labaton.com
Representing Track 1 - Teachers Unions Plaintiffs

Jason H. Alperstein, Esq.
Carella, Byrne, Cecchi, Brody & Agnello, P.C.
2222 Ponce De Leon Blvd.
Miami, FL 33134
Phone: Fax:
Email: jalperstein@carellabyrne.com
Representing Track 2 - School District Class Action Plaintiffs

Caroline F. Bartlett, Esq.
Carella, Byrne, Cecchi, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Phone: (973) 994-1700 Fax:
Email: CBartlett@carellabyrne.com
Representing Track 2 - School District Class Action Plaintiffs

James E. Cecchi, Esq.
Carella, Byrne, Cecchi, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Phone: (973) 994-1700 Fax:
Email: JCecchi@carellabyrne.com
Representing Track 2 - School District Class Action Plaintiffs

Patrick J. Doherty, Esq.
Carella, Byrne, Cecchi, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Phone: (973) 994-1700 Fax:
Email: PDoherty@carellabyrne.com
Representing Track 2 - School District Class Action Plaintiffs

Michael A. Innes, Esq.
Carella, Byrne, Cecchi, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Phone: (973) 994-1700 Fax:
Email: MInnes@carellabyrne.com
Representing Track 2 - School District Class Action Plaintiffs

M. Anderson Berry, Esq.
Emery Reddy, PLLC
600 Stewart Street
Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 Fax:
Email: anderson@emeryreddy.com
Representing Track 2 - School District Class Action Plaintiffs

Gregory Haroutunian, Esq.
Emery Reddy, PLLC
600 Stewart Street
Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 Fax:
Email: gregory@emeryreddy.com
Representing Track 2 - School District Class Action Plaintiffs

Tyler S. Graden, Esq.
Kessler, Topaz, Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Phone: Fax:
Email: tgraden@ktmc.com
Representing Track 2 - School District Class Action Plaintiffs

Michelle M. Newcomer, Esq.
Kessler, Topaz, Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Phone: Fax:
Email: mnewcomer@ktmc.com
Representing Track 2 - School District Class Action Plaintiffs

Kristen Cardoso, Esq.
Kopelowitz Ostrow, PA
1 W. Las Olas Blvd.
Fort Lauderdale, FL 33301
Phone: Fax:
Email: cardoso@kolawyers.com
Representing Track 2 - School District Class Action Plaintiffs

Jeff Ostrow, Esq.
Kopelowitz Ostrow, PA
1 W. Las Olas Blvd.
Fort Lauderdale, FL 33301
Phone: Fax:
Email: ostrow@kolawyers.com
Representing Track 2 - School District Class Action Plaintiffs

John J. Nelson, Esq.
Milberg Coleman Bryson Phillips Grossman, PLLC
280 S. Beverly Drive
Beverly Hills, CA 90212
Phone: (858) 209-6941 Fax:
Email: jnelson@milberg.com
Representing Track 2 - School District Class Action Plaintiffs

Daniel R. Shinoff, Esq.
Artiano Shinoff
3636 Fourth Ave.
Suite 200
San Diego, CA 92106
Phone: (619) 232-3122 Fax:
Email: dshinoff@as7law.com
Representing Track 3 - School District Direct Action Plaintiffs

Gil Abed, Esq.
Artiano Shinoff
3636 Fourth Ave.
Suite 200
San Diego, CA 92106
Phone: (619) 232-3122 Fax:
Email: gabed@as7law.com
Representing Track 3 - School District Direct Action Plaintiffs

Paul Evans, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
P O Box 4160
Montgomery , AL 36104
Phone: (800) 898-2034 Fax:
Email: Paul.Evans@BeasleyAllen.com
Representing Track 3 - School District Direct Action Plaintiffs

James P. Frantz, Esq.
Frantz Law Group, APLC
402 West Broadway
Suite 860
San Diego, CA 92101
Phone: (619) 233-5945 Fax: (619) 525-7672
Email: jpf@frantzlawgroup.com
Representing Track 3 - School District Direct Action Plaintiffs

Edward M. Burak, Esq.
Frantz Law Group, APLC
402 West Broadway
Suite 860
San Diego, CA 92101
Phone: (619) 233-5945 Fax: (619) 525-7672
Email: eburak@frantzlawgroup.com
Representing Track 3 - School District Direct Action Plaintiffs

William B. Shinoff, Esq.
Frantz Law Group, APLC
402 West Broadway
Suite 860
San Diego, CA 92101
Phone: (619) 233-5945 Fax: (619) 525-7672
Email: wshinoff@frantzlawgroup.com
Representing Track 3 - School District Direct Action Plaintiffs

Kristin J. Westphal, Esq.
Frantz Law Group, APLC
402 West Broadway
Suite 860
San Diego, CA 92101
Phone: (619) 233-5945 Fax: (619) 525-7672
Email: kwestphal@frantzlawgroup.com
Representing Track 3 - School District Direct Action Plaintiffs

Peter L. Mello, Esq.
Murphy, Hesse, Toomey & Lehane, LLP
50 Braintree Hill Office Park
Suite 410
Braintree, MA 02184
Phone: (617) 479-5000 Fax:
Email: pmello@mhtl.com
Representing Track 3 - School District Direct Action Plaintiffs

Felicia S. Vasudevan, Esq.
Murphy, Hesse, Toomey & Lehane, LLP
50 Braintree Hill Office Park
Suite 410
Braintree, MA 02184
Phone: (617) 479-5000 Fax:
Email: fvasudevan@mhtl.com
Representing Track 3 - School District Direct Action Plaintiffs

John P. Carlin, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K Street, NW
Washington, DC 20006
Phone: (202) 223-7300 Fax: (202) 223-7420
Email: jcarlin@paulweiss.com
Representing Bain Capital, LP

Alex Langsam, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3000 Fax: (212) 757-3990
Email: alangsam@paulweiss.com
Representing Bain Capital, LP

Patrick Lim, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3000 Fax: (212) 757-3990
Email: plim@paulweiss.com
Representing Bain Capital, LP

Jacobus J. Schutte, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3000 Fax: (212) 757-3990
Email: jschutte@paulweiss.com
Representing Bain Capital, LP

R. Rosie Vail, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
535 Mission Street
24th Floor
San Francisco, CA 94105
Phone: Fax:
Email: rvail@paulweiss.com
Representing Bain Capital, LP

Dylan P. Kletter, Esq.
Brown Rudnick, LLP
7 Times Square
New York, NY 10036
Phone: (212) 209-4800 Fax:
Email: DKletter@brownrudnick.com
Representing Movate, Inc.

Jonathan D. White, Esq.
Brown Rudnick, LLP
7 Times Square
New York, NY 10036
Phone: (212) 209-4800 Fax:
Email: jwhite@brownrudnick.com
Representing Movate, Inc.

JUDICATE WEST
Alternative Dispute Resolution
*Results Beyond Dispute*℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

Justin R. Van Ligten, Esq.
DLA Piper US, LLP
4365 Executive Drive
Suite 1100
San Diego, CA 92121
Phone: (858) 677-1400 Fax:
Email: justin.vanligten@us.dlapiper.com
Representing PowerSchool Defendants

Christopher M. Young, Esq.
DLA Piper US, LLP
4365 Executive Drive
Suite 1100
San Diego, CA 92121
Phone: (858) 677-1400 Fax:
Email: christopher.young@dlapiper.com
Representing PowerSchool Defendants

James R. Drabick, Esq.
Ropes & Gray, LLP
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000 Fax: (617) 951-7050
Email: james.drabick@ropesgray.com
Representing PowerSchool Defendants

Reeva Dua, Esq.
Ropes & Gray, LLP
1211 Avenue of the Americas
New York, NY 10036
Phone: (212) 596-9000 Fax:
Email: Reeva.Dua@ropesgray.com
Representing PowerSchool Defendants

Mark S. Gaioni, Esq.
Ropes & Gray, LLP
10250 Constellation Blvd.
21st Floor
Los Angeles, CA 90067
Phone: (310) 975-3300 Fax:
Email: Mark.gaioni@ropesgray.com
Representing PowerSchool Defendants

Mohammed S. Hassan, Esq.
Ropes & Gray, LLP
1211 Avenue of the Americas
New York, NY 10036
Phone: (212) 596-9000 Fax:
Email: Mohammed.Hassan@ropesgray.com
Representing PowerSchool Defendants

JUDICATE WEST
Alternative Dispute Resolution
Results Beyond Dispute℠

Santa Ana Office
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
www.judicatewest.com

Laura G. Hoey, Esq.
Ropes & Gray, LLP
191 North Wacker Drive
Chicago, IL 60606
Phone: (312) 845-1200 Fax:
Email: laura.hoey@ropesgray.com
Representing PowerSchool Defendants

India Mazzarelli, Esq.
Ropes & Gray, LLP
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000 Fax: (617) 951-7050
Email: India.Mazzarelli@ropesgray.com
Representing PowerSchool Defendants

Christopher Meyer, Esq.
Ropes & Gray, LLP
1211 Avenue of the Americas
New York, NY 10036
Phone: (212) 596-9000 Fax:
Email: Christopher.Meyer@ropesgray.com
Representing PowerSchool Defendants

Monica Mleczko, Esq.
Ropes & Gray, LLP
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000 Fax: (617) 951-7050
Email: monica.mleczko@ropesgray.com
Representing PowerSchool Defendants

Chimso Okoji, Esq.
Ropes & Gray, LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 508-4600 Fax:
Email: chimso.okoji@ropesgray.com
Representing PowerSchool Defendants

Anne J. Palmer, Esq.
Ropes & Gray, LLP
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000 Fax: (617) 951-7050
Email: anne.johnsonpalmer@ropesgray.com
Representing PowerSchool Defendants

Will Spelder, Esq.
Ropes & Gray, LLP
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000 Fax: (617) 951-7050
Email: Will.Spelder@ropesgray.com
Representing PowerSchool Defendants

Erin Stewart, Esq.
Ropes & Gray, LLP
10250 Constellation Blvd.
21st Floor
Los Angeles, CA 90067
Phone: (310) 975-3300 Fax:
Email: Erin.Stewart@ropesgray.com
Representing PowerSchool Defendants