James P. Frantz, Esq. (SBN 87492)
jpf@frantzlawgroup.com
William B. Shinoff, Esq. (SBN 280020)
wshinoff@frantzlawgroup.com
**FRANTZ LAW GROUP, APLC**
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone: (619) 233-5945
Fax: (619) 525-7672

*Co-Lead Counsel for the School District Direct Action Plaintiffs*

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION<br><br>*This Document Relates to the School District Direct Action Track* | Case No. 3:25-md-3149-AJB-MSB<br><br>MDL NO. 3149<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SCHOOL DISTRICT DIRECT ACTION PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED MASTER COMPLAINT**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: 4A<br>Judge: Hon. Anthony J. Battaglia |

## INTRODUCTION

The School District Direct Action Plaintiffs requested leave to amend in their responses to the motions to dismiss filed by Defendants PowerSchool Group, LLC, PowerSchool Holdings, Inc., and Bain Capital, L.P. The Court did not directly address Plaintiffs' requests in its orders on the motions. But the Court clarified that these dismissals were without prejudice and expressly left open Plaintiffs' opportunity to amend.

Plaintiffs now seek to amend their operative master complaint. Plaintiffs' request is timely, proper, and in the interests of justice. For the reasons that follow, Plaintiffs respectfully request that this Court grant their Motion for Leave to Amend.

## PROCEDURAL HISTORY

Following the consolidation of several Plaintiffs' actions in this MDL, Plaintiffs filed their initial consolidated master complaint on August 11, 2025. ECF 258. Plaintiffs then filed their operative First Amended Consolidated Master Complaint ("FAC") on September 12, 2025. ECF 288. The FAC added Movate, Inc. ("Movate") as a defendant and asserted several claims and factual allegations against Movate. Defendants PowerSchool Corporation[1] and PowerSchool Group, LLC ("PowerSchool"), in addition to Bain Capital, L.P. ("Bain") (collectively, "Defendants"), did not take a position on Plaintiffs' motion to amend that preceded the FAC. ECF 280-1 at 2.

PowerSchool and Bain filed their respective motions to dismiss the FAC on September 25, 2025. ECF 302, 303. Plaintiffs then filed responses in opposition to both motions on October 27, 2025. ECF 343, 344. Plaintiffs requested leave to amend in both responses. ECF 343 at 52–53, 344 at 46.

The Court issued its order on Bain's motions to dismiss on March 18, 2026. ECF 435. On the following day, the Court issued an amended order on PowerSchool's motion.

[1] Following a merger that became effective on December 31, 2025, the corporation formerly known as PowerSchool Holdings, Inc. is now named PowerSchool Corporation. *See generally* ECF 423.

ECF 440. The Court dismissed a host of Plaintiffs' claims against PowerSchool outside of those for breach of contract and express indemnity. *Id*. at 26–27. As for Bain, the Court denied its motion with respect to Plaintiffs' claims for intentional interference with contractual relations. ECF 435 at 25. The Court dismissed Plaintiffs' claims against Bain based on a theory of alter ego liability without prejudice, stating: "All dismissals in this Order are without prejudice. Under Ninth Circuit law, leave to amend should be granted unless the pleading cannot be cured by additional factual allegations." *Id*. at 24–25 (citing *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). Further, the Court noted that the "deficiencies" it identified were "factual rather than legal defects." *Id*. at 25. The Court accordingly denied Bain's request to dismiss Plaintiffs' claims with prejudice. *Id*.

PowerSchool contacted Plaintiffs shortly after these orders regarding a proposed briefing schedule on certain Plaintiffs' fraudulent misrepresentation claims asserted in their individual short form complaints. *See* ECF 391. Plaintiffs informed Defendants that Plaintiffs sought to amend their complaint. PowerSchool reviewed a summary of the proposed amendment and indicated that it would not stipulate to the amendment. Hence, Plaintiffs now request that this Court grant them leave to file their proposed Second Amended Consolidated Master Complaint ("SAC"). *See* Exh. 1.[2]

## SUMMARY OF PROPOSED AMENDMENT

The proposed SAC includes additional allegations that may generally be divided into four distinct categories.

First, the proposed SAC includes allegations that concern the nature of the Master Services Agreement ("MSA") that forms part of all contracts between PowerSchool and

[2] Pursuant to Local Rule 15.1(b), Plaintiffs attach to this Motion a copy of the proposed amended pleading ("Exhibit 1") and a version of the proposed amended pleading that shows through redlining how the proposed amended pleading differs from the operative pleading ("Exhibit 2").

Plaintiffs. The proposed SAC alleges that the MSA is a non-negotiable, standardized adhesion contract presented to all School District customers without any opportunity for negotiation. It further alleges facts to show that the damages limitation and exclusion provisions set forth in Sections 11.1 and 11.2 of the MSA are unenforceable. *E.g.*, Plaintiffs seek to allege that PowerSchool operates in a heavily regulated industry, provides services of great public importance with few practical alternatives, controls more than one-third of the U.S. K–12 EdTech marketplace, and placed Plaintiffs' highly sensitive student data entirely under its custody and control. The proposed SAC also alleges that, even if otherwise enforceable, the limitation-of-liability clause does not apply to PowerSchool's gross negligence, willful misconduct, or fraud under MSA Section 11.3.

Second, the proposed SAC includes allegations regarding PowerSchool's misconduct in connection with its Naviance platform. Specifically, it alleges that in approximately February and March 2026, PowerSchool's Naviance system transmitted student mid-year academic transcripts to the college applications of different students.

Third, the proposed SAC incorporates newly discovered facts establishing that PowerSchool had actual notice, as early as April 2023, of suspicious unauthorized access to Rayson Cruz's account.

Fourth, the proposed SAC asserts two new causes of action. The first is a claim for declaratory judgment against PowerSchool through which Plaintiffs seek a declaration that the MSA's damages limitation clause is unenforceable. The second is a claim against Bain for aiding and abetting under California Business and Professions Code sections 17200 et seq. The proposed added claim against Bain coincides with alternative agency theories supported by factual allegations consistent with allegations of the Track One Plaintiffs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." District courts in this Circuit "are cautioned to apply the policy of free amendment of pleadings with extreme liberality." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD*

*Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

In *Foman v. Davis*, the Supreme Court outlined the factors a court should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." 371 U.S. 178, 183 (1962). When analyzing these factors, this Court's "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187 (citing *Beeck v. Aquaslide "N" Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (italics in original) (citation omitted).

In sum, Plaintiffs' instant "motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff[s] may be able to state a claim.'" *DCD Programs*, 833 F.2d at 186 (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

## ARGUMENT

### I. THE *FOMAN* FACTORS WEIGH IN FAVOR OF LEAVE TO AMEND

As recited above, the factors "commonly used to determine the propriety of a motion for leave to amend . . . are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186 (citations omitted). None of these weighs against the presumption that favors Plaintiffs' request for leave to amend.

**(i) Prejudice:** "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Cap.*, 316 F.3d at 1052 (citations and internal quotation marks omitted). "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). The Ninth Circuit has provided examples of substantial prejudice, such as "where the claims sought to be added 'would have greatly

altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense,'" *id*. (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)), and where the amendment would force an opposing party to conduct more discovery and "reprepare its case for trial on an entirely different factual theory of liability," *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988).

Conversely, "[p]rejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018) (citing *DCD Programs*, 833 F.2d at 187–88).

Here, the mitigating factors all support Plaintiffs' request. This case is still in its discovery stage and will remain there for at least another seven months. ECF 454 at 3. No trial date has been set. *Id*. The pretrial conference has not yet occurred and does not appear in the Scheduling Order. *Id*. All of the relevant mitigating factors are accordingly satisfied, diminishing any substantial prejudice Defendants may claim.

Further, the proposed SAC will introduce essentially one new legal theory against Bain—agency. Bain must already defend against the same theory based on the allegations of individual class members in Track One. The new allegations and theory they support comport with Rule 8, which allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2), (3). To deny Plaintiffs' requested amendment solely on the grounds that the SAC includes an alternative agency theory would contravene Rule 8(d)'s mandate: that "a plaintiff need not commit to a single 'theory of the pleadings[.]'" *Does 1-4 v. Butler Univ.*, 712 F. Supp. 3d 1154, 1159 (S.D. Ind. 2024) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)).

For PowerSchool, no new legal theories appear in the SAC. Indeed, PowerSchool's briefing on the motion dismiss made apparent that its entire defense to liability stands on one provision of an adhesion contract, necessitating the proposed amendment. Justice

requires that Plaintiffs may amend their complaint with the facts that show PowerSchool's gross negligence, as well as the "take it or leave it" nature of the contract that purports to limit PowerSchool's liability. With respect to PowerSchool, Plaintiffs' "proposed amendment is properly characterized as 'add[ing] more detail' to the claims already pled, rather than asserting new claims on new theories, which further militates against a finding of prejudice." *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 344 (D. Nev. 2022) (citation omitted).

Defendants accordingly cannot show prejudice "in the context of a motion to amend, mean[ing] 'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citations omitted).

**(ii) Undue Delay:** Intertwined with prejudice, undue delay encompasses "delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (citations and internal quotation marks omitted). Delay "by itself [] is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

The assessment of undue delay requires a district court to "inquire whether the moving party knew or should have known the facts and theories raised by the amendment at the time of the original pleading." *Wizards of the Coast LLC*, 309 F.R.D. at 651–52 (citation omitted). At the same time, the mere "fact that a party could have amended a complaint earlier does not in itself constitute an adequate basis for denying leave to amend." *Id*. at 652 (citing *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973)). The determination ultimately "should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Id*. (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991)).

Here, Plaintiffs' initial requests for leave to amend came in their responses to Defendants' motions to dismiss. ECF 343 at 52–53, ECF 344 at 46. Formal discovery had

not even *begun* at that time. And no trial date had been set, nor has it on the date of this filing. These circumstances sharply contrast with those present when courts have found the requisite degree of prejudicial undue delay that justifies denial of a request to amend. *See, e.g.*, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (upholding denial of request when fifteen months passed between discovery of a fact and a motion to amend, and the movant asserted a "drastically" new theory of liability); *Ponsoldt*, 939 F.2d at 799 (finding that eight month delay between entry of summary judgment and motion to amend was unreasonable, justifying denial of the belated request).

Defendants may argue that undue delay precludes Plaintiffs' request because Plaintiffs knew or should have known many of the facts they now seek to allege in the SAC. It bears repeating that this alone does not justify denial of the instant Motion. And case law demonstrates that this argument lacks merit under the present circumstances.

In *Allen v. Hyland's Inc.*, plaintiffs moved to file a third amended complaint that "add[ed] more factual allegations regarding [] alleged 'specific misrepresentations, omissions and scienter,' more details as to why the [defendants'] products [were] allegedly not 'natural,' so as to amplify on the allegation that the '100% Natural' claim is false, and allegations that the [d]efendants did not follow the United States Food and Drug Administration's ('FDA') Good Manufacturing Practices ('GMPs')." 2013 WL 1748408, at *6 (C.D. Cal. Apr. 11, 2013). Two primary arguments characterized defendants' opposition: (1) plaintiffs "should not be allowed to 'perfect' their complaint"; and (2) plaintiffs "unduly delayed amending their complaint because many of the new facts were known or should have been known earlier." *Id.*, at *7–8.

The court rejected both arguments. It first declined to embrace the idea that a plaintiff should not be able to furnish his complaint with more detail to strengthen the claims already pled. Rather, the court noted that "[t]he purpose behind Rule 15's liberal grant of amendments, and for that matter, notice pleading in general, is to ensure that the litigation addresses not just one version of a pleading, but the merits underlying a cause of action." *Id.*, at *7 (collecting cases). The court responded to defendants' argument that the

amendment would cause prejudice in connection with their pending motion for judgment on the pleadings. In relevant part, the court answered that "the fact that an amendment would 'moot' a motion to dismiss or a motion for judgment on the pleadings might alone constitute a good reason to *allow* the amendment, because if [p]laintiffs can plead sufficient facts that plausibly state a claim, they should be permitted to do so." *Id.*, at *7 (italics in original). Likewise, the court rejected defendants' undue delay argument. It found that plaintiffs asserted only one "true new theory" and requested the amendment well before the case "progressed to the summary judgment stage," leaving defendants "ample opportunity to conduct discovery on all aspects of any operative complaint . . . " *Id.*, at *8.

The reasoning in *Allen* applies to Plaintiffs' current request. Plaintiffs seek to add additional facts that detail the nature of the contracts PowerSchool forces on its School District customers. And the proposed amendment may tend to amplify the allegations that concern PowerSchool's misconduct in connection with customers who purchased and used PowerSchool's Naviance product. This will only further the policy behind Rule 15 by ensuring Plaintiffs' actions are decided on their merits—not technical pleading defects.

Therefore, Defendants can point to nothing that would overcome the "strong presumption against a finding of undue delay exists when a case is still in discovery." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015) (citing *DCD Programs*, 833 F.2d 183, 187–88).

**(iii) Futility:** PowerSchool argued in reply to Plaintiffs' initial request to amend that any amendment would be futile. ECF 378 at 45. It urged that Plaintiffs were "unable to allege basic elements of their claims" and reasoned that Plaintiffs "had ample time" to amend since the start of this MDL. *Id.*

PowerSchool's arguments ignored that "[a] proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim." *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1149 (N.D. Cal. 2021). Futility presents a high bar, and "[l]eave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the

allegations in the original complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (noting that it is improper to deny leave to amend when the court can "conceive of facts" that would render plaintiff's claim viable).

Plaintiffs' proposed amendment includes facts that may allow Plaintiffs to proceed on previously dismissed claims. The Court recognized this when it declined to dismiss Plaintiffs' claims with prejudice. And the new allegations support liability against PowerSchool because they refute what the Court deemed "negotiated terms" of a factually adhesive contract term. *See* ECF 440 at 21. Far from futile, case law demonstrates that the SAC's new factual allegations may lead to a finding that PowerSchool's asserted damages limitation is unenforceable—either altogether or based on the exception the MSA contains. *See Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 682 (9th Cir. 2024), *cert. denied*, No. 24-1145, 2025 WL 2823733 (U.S. Oct. 6, 2025) (relying in part on defendant's position of market dominance in declining to enforce one-sided adhesion contract terms); *Yuille v. Uphold HQ Inc.*, 686 F. Supp. 3d 323, 352 (S.D.N.Y. 2023) (finding allegations that defendant "was explicitly told about the potential security breach to" plaintiff's account and "failed to act" plausibly showed that defendant's "conduct was grossly negligent" as to nullify the subject "limitation-of-liability clause").

Moreover, Plaintiffs do not seek amendment in a feigned attempt to cure deficiencies in their operative complaint with the hope to revive demonstrably implausible claims. To the contrary, Plaintiffs have amended their master complaint only once. That amendment added an additional defendant—Movate—and did not alter or supplement the claims or factual allegations against PowerSchool or Bain. ECF 280-1 at 2. Plaintiffs' request thus strays from "a circumstance where Plaintiffs have taken multiple 'bites at the apple by alleging and re-alleging the same theories in an attempt to cure pre-existing deficiencies.'" *Adame v. Nat'l Steel & Shipbuilding Co., Inc.*, 2026 WL 874692, at *11 (S.D. Cal. Mar. 30, 2026) (Battaglia, J.) (quoting *Eminence Cap.*, 316 F.3d at 1053 (citation and internal quotation marks omitted)). The absence of futility therefore supports Plaintiffs' request.

**(iv) Bad Faith:** "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC*, 309 F.R.D. at 651 (citations omitted). A party may show the presence of bad faith with "evidence of conscious doing of a wrong . . ., dishonest purpose or moral obliquity . . ., [or] furtive design or ill will[.]'" *Id*. (citation and internal quotation marks omitted).

Plaintiffs submit that bad faith does not infect their request to amend. They simply ask that they may add the additional factual allegations that will allow them to proceed on claims the Court dismissed. Further, Plaintiffs requested to amend in their responses to Defendants' motions to dismiss and renewed the request just after the Court ruled on the motions. Thus, Plaintiffs gave special consideration to minimize any tendency this Motion might have to drive up costs or cause undue delay. Just like the other relevant factors, bad faith's absence supports Plaintiffs' request.

## II. NEWLY DISCOVERED FACTS JUSTIFY PLAINTIFFS' REQUEST

"Courts generally give leave to amend the pleadings based on information obtained through discovery, in keeping with Federal Rule of Civil Procedure 15." *Fin. Exp. LLC v. Nowcom Corp.*, 564 F. Supp. 2d 1160, 1165 n.1 (C.D. Cal. 2008) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

As explained, the proposed SAC contains facts essential to show PowerSchool's specific notice of unauthorized access to the account that ultimately proved to be the gateway for the Data Breach. It also shows that PowerSchool did nothing in response to learning of the compromised account despite the risk involved. To deny Plaintiffs of the ability to allege these facts would serve no legitimate purpose considered in the absence of prejudice to Defendants. Leave to amend is proper.

## CONCLUSION

In light of the foregoing, Plaintiffs ask that this Court grant Plaintiffs' Motion and permit Plaintiffs to file the proposed Second Amended Consolidated Master Complaint.

//

//

DATED: May 4, 2026

Respectfully submitted,

By: */s/ William B. Shinoff*

James P. Frantz (State Bar No. 87492)
William B. Shinoff (State Bar No. 280020)
Kristin J. Westphal (State Bar No. 202046)
Edward M. Burak (State Bar No. 361196)
**FRANTZ LAW GROUP, APLC**
402 W. Broadway, Suite 860
San Diego, CA 92101
(619) 233-5945
jpf@frantzlawgroup.com
wshinoff@frantzlawgroup.com
kwestphal@frantzlawgroup.com
eburak@frantzlawgroup.com

Daniel Shinoff (State Bar No. 99129)
Gil Abed (State Bar No. 195771)
**ARTIANO SHINOFF**
3636 Fourth Avenue, Suite 200
San Diego, CA 92103
(619) 232-3122
dshinoff@as7law.com
gabed@as7law.com

Peter Mello (MA Bar No. 659680)
*Admitted Pro Hac Vice*
Felicia Vasudevan (MA Bar No. 687463)
*Admitted Pro Hac Vice*
**MURPHY, HESSE, TOOMEY & LEHANE LLP**
50 Braintree Hill Office Park, Suite 410
Braintree, MA 02184
(617) 479-5000
pmello@mhtl.com
fvasudevan@mhtl.com

Paul W. Evans (AL Bar No. 9270Z18F)
*Admitted Pro Hac Vice*

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
24 Commerce Street
Montgomery, AL 36103
(334) 269-2343
paul.evans@beasleyallen.com

*Attorneys for Plaintiffs, Co-Lead Counsel, and Steering Committee for the Track Two School District Direct Actions*