UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION | Case No.: 25-md-03149-AJB-MSB<br>MDL No. 3149<br><br>**ORDER GRANTING JOINT MOTION AND ENTERING ORDER GOVERNING EXPERT DISCOVERY**<br><br>**(Doc. No. 546)** |

At the request of PowerSchool Corporation, PowerSchool Group, LLC, Bain Capital, L.P., Movate, Inc., the Track One Individual User Plaintiffs, Track Two School District Direct Action Plaintiffs, and Track Two School District Class Action Plaintiffs (the "Parties"), and good cause appearing, the Court **GRANTS** the Parties' joint motion and hereby **ENTERS** the following order governing expert discovery in this matter:

1.    Except as provided otherwise in this Order Governing Expert Discovery (the "Order"), expert discovery is governed by the Federal Rules of Civil Procedure, any other applicable rule, and the terms of the Stipulated Protective Order (Doc. No. 325) and the ESI Protocol (Doc. No. 394). This Order does not set or alter the time for any disclosure, report,

or deposition required by the Federal Rules of Civil Procedure or any scheduling order entered in this litigation.

2. To the extent that this Order imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's orders, the Parties have agreed to those limitations to increase the efficiency of their dealings with experts and to minimize discovery disputes regarding experts. Neither the terms of this Order nor the Parties' agreement is an admission by any party that any of the information restricted from discovery by this Order would otherwise be discoverable or admissible.

3. Within three business days of any party serving expert witness reports and/or expert declaration(s) in this litigation pursuant to the Federal Rules of Civil Procedure, this Court's Local Rules or order by the Court, the party or Parties offering the expert witness must produce the following:

    a. documents containing the facts, data, or assumptions that the expert witness relied on in forming the opinions to be expressed, including, but not limited to, any empirical investigations, statistical correlations, regressions, or other analyses, including, but not limited to, all underlying reports and schedules, performed by or at the direction of the expert witness as well as all documents or other information necessary to reconstruct the work, calculations, and/or analyses underlying the expert witness's opinions (the "Expert Data");

    b. any exhibits that are prepared to summarize or support the expert witness's opinions;[1]

    c. any computerized models, analyses, or spreadsheets in native format relied upon by the expert witness;

---

[1] The above is not intended to limit the Parties' ability to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any argument, hearing, or trial. The admissibility of any exhibits at hearing or trial is subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, unless otherwise provided by order of the Court.

25-md-03149-AJB-MSB

d.  electronic copies of any data used in computerized models, analyses, or spreadsheets relied upon by the expert witness;

e.  other documents relied upon by the expert witness, such as documents that are identified in the expert witness's report unless they are publicly available. If, despite best efforts, the receiving party cannot practically obtain publicly available documents, the producing party must confer with the receiving party to help facilitate the receiving party's access to such documents;

f.  if any program, model, or data file is generated using a non-commercially available program or the file format is not readily ascertainable, the producing party must identify the program used to generate and/or run the subject program, model, or data file. If, despite best efforts, the receiving party cannot practically obtain the software needed to run the subject program, model, or data file, the producing party must confer with the receiving party to help facilitate the receiving party's access to the necessary software; and

g.  A list of any other cases, litigations, or administrative proceedings in which the expert witness has submitted an expert report and/or has testified as an expert in a deposition, hearing, or at trial within the previous four years, unless prohibited by confidentiality obligations; including, to the extent not otherwise prohibited by confidentiality obligations, the names of the Parties, the court in which the action was filed, or, if transferred, the court to which the action was transferred, and any other information necessary to identify the proceeding.

4.  Notwithstanding the limitations contained in Paragraph 7 below, an expert witness is required to respond in good faith to reasonable questions regarding the hourly rates of the expert witness and his or her staff, the amount of time an expert witness or his or her staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

5.  The production of any documents, data, or other information relied upon must be provided in a format as agreed to by the Parties in their ESI Protocol, (Doc. No. 394).

25-md-03149-AJB-MSB

6.   Where documents have previously been produced as part of discovery, identification by Bates number is sufficient.

7.   Notwithstanding the foregoing and the Federal Rules of Civil Procedure, the following types of information is not to be the subject of any form of discovery, and the Parties are not obligated to preserve such information in any form or include such information on any privilege log:[2]

a. The content of oral, written or other communications or work product shared among and/or between: (i) counsel (including counsel's staff or outside contractors) and any expert retained after the start of this litigation (including such expert's staff or supporting firm(s));[3] (ii) counsel (including counsel's staff or outside contractors) and any non-testifying expert consultant retained after the start of this litigation (including such consultant's staff or supporting firm(s)); (iii) any expert (including such expert's staff or supporting firm(s)) retained after the start of this litigation and any other experts (including such experts' staff or supporting firm(s)) or other non-testifying expert consultants (including such consultants' staff or supporting firm(s)); (iv) any experts and their staff or supporting firm(s) retained after the start of this litigation; (v) non-testifying expert consultants and their staffs or supporting firm(s) retained after the start of this litigation; and (vi) the respective staffs or supporting firms of experts or non-testifying expert consultants retained after the start of this

---

[2]   Paragraph 7, including all subparts and any cross-references thereto, applies only to the cases in this Federal Multidistrict Litigation. Nothing in Paragraph 7, or this Order more generally, has any effect with respect to other state or federal actions. Any Party that obtains in discovery in any other state or federal action documents or information that would be exempt from discovery in this Federal Multidistrict Litigation pursuant to Paragraph 7 agrees that it is precluded from using, referencing, sharing, or relying upon such discovery in this Federal Multidistrict Litigation.

[3]   To avoid any doubt, suggestions from counsel regarding revisions to the form of the expert's report, or additional support for the expert's opinions, are examples of the kind of communications that, under Paragraph 7(a)(i), are not subject to discovery.

25-md-03149-AJB-MSB

litigation and the staffs or supporting firms of other experts or non-testifying expert consultants.

b.  Notes, drafts, written communications, or other records of preliminary work and analysis regardless of the form in which they take (e.g., notes, worksheets, outlines, non-final calculations, modeling, and drafts) created by, or for, experts or non-testifying expert consultants retained after the start of this litigation, including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: any expert witness, any non-testifying expert consultant, or counsel for the party or Parties, unless they are cited in and/or relied upon in the report.

c.  Except as provided in Paragraph 4 above, no party or its experts are obligated to produce budgets, invoices, bills, receipts or time records concerning the work performed by expert witnesses or non-testifying expert consultants, their staff or agents, or their companies, organizations, or supporting firms, relating to the report or testimony provided in this matter.

8.  The foregoing exclusions from expert discovery will not apply to any information, communications, or documents upon which the expert relies as a basis for his or her opinion. To the extent an expert witness relies on an assumption provided by counsel, the assumption—but not the substance of any communication(s) between counsel and the expert witness concerning the assumption—is discoverable. For avoidance of doubt, an expert witness may be asked in a deposition, hearing, or trial whether any assumption relied upon in a report was supplied by counsel. Nothing in this Order precludes or limits inquiry into whether an expert considered or reviewed particular documents, information, or methods of analysis, and the reasons why the expert either did or did not rely on any documents, information, or methods of analysis in formulating his or her opinions.

9.  No subpoenas need be served on any testifying expert from whom a party provides a report or declaration. Instead, the proffering party is responsible for producing all discoverable materials and information subject to discovery and will make the expert

available for deposition consistent with the applicable Rules of this Court at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders.

10. Nothing in this Order permits a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material (including any assumption) on which the testifying expert relies in support of her or his opinion(s) in this matter or that is otherwise discoverable by order of the Court.

11. Nothing herein limits or waives any party's rights to object for any reason to (i) the admission, in whole or in part, of any opposing party's expert report into evidence, (ii) the qualification of any person to serve as an expert witness, or (iii) the admission of some or all of any expert's testimony. The Parties reserve the right to file motions *in limine* or to seek to strike any document or material used or relied on by any expert.

12. The scope of any party's rebuttal expert report(s) is limited to rebutting positions taken in the opposing party's opening expert report(s), and no party may submit a rebuttal report on a topic not addressed by the other party in an opening expert report.

13. Nothing herein authorizes or permits discovery of facts known or opinions held by an expert: (i) who has been retained or specially employed by a party exclusively in anticipation of and connection with litigation or preparation for trial or any hearing and (ii) whom the party will not call as an expert witness at trial or any hearing.

**IT IS SO ORDERED.**

Dated:  July 23, 2026

_____
Hon. Anthony J. Battaglia
United States District Judge