Jenn French, Cal. State Bar No. 265422
jenn@frenchlawapc.com
**JENNIFER M. FRENCH, APC**
1050 University Ave., Ste. E107-80
San Diego, CA 92103
Tel.: 858.205.4119

*Plaintiffs' Liaison Counsel*

[Additional Counsel listed below]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION,

Case No.: 3:25-md-03149-AJB-DDL

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO DEPOSE INMATE WITNESS MATTHEW LANE (Fed. R. Civ. P. 30(a)(2)(B))**

Judge: Hon. Anthony J. Battaglia
Ctrm: 4A

## I. INTRODUCTION

Track One and Track Two Plaintiffs jointly seek to depose third-party witness Matthew Lane, an inmate in federal custody at FCI Danbury. Mr. Lane has pleaded guilty to playing a central role in the 2024 PowerSchool data breach (the Data Breach) on which this case focuses. Mr. Lane's testimony is highly relevant, and Plaintiffs meet the requirements for taking the deposition of a prisoner under Federal Rule of Civil Procedure 30(a)(2)(B). Good cause exists for the Court to grant the Plaintiffs' unopposed motion.

## II. FACTUAL BACKGROUND

As the Court knows, this case concerns the security failures that enabled the Data Breach that exposed personally identifiable information (PII) for nearly 50 million students, parents, and school faculty worldwide. This MDL includes two tracks and three operative complaints.

Track One Plaintiffs have alleged that PowerSchool inadequately maintained its network security, platform, and software, making PowerSchool's Student Information System (SIS) an easy target. (Dkt. No. 259, ¶ 8.) They further allege that PowerSchool knew, or should have known, that it had not implemented minimum cybersecurity protections for the PII stored in the SIS and that the absence of basic data security practices vastly increased the risk of a data breach. (Dkt. No. 259, ¶ 8.) Among other things, Track One Plaintiffs allege that PowerSchool (1) failed to require a multi-factor authentication procedure to enter its systems; (2) failed to require users to change their passwords; (3) permitted individuals to access PII despite those individuals not needing access to that PII to do their jobs; and (4) failed to encrypt PII within its systems. (Dkt. No. 259, ¶ 9.) Had PowerSchool taken any of these basic security measures, Track One Plaintiffs allege that the Data Breach could have been easily averted. (Dkt. No. 259, ¶ 9.)

Likewise, Track Two Class Plaintiffs have alleged that the Data Breach resulted from an obvious vulnerability in PowerSchool's cybersecurity that could have been avoided if PowerSchool had acted reasonably by implementing a security feature called endpoint protection, which would have detected and blocked suspicious activity.

(Dkt. No. 483, ¶ 4.) Track Two Class Plaintiffs further allege that the data exfiltration was only possible because PowerSchool provided its personnel with access to the school districts' restricted digital environments in the SIS. (Dkt. No. 483, ¶ 5.)

Track Two Direct Plaintiffs allege that PowerSchool promised to safeguard the PII that it collected from the School Districts in accordance with applicable state and federal laws and represented that it invested in updated security technology and adhered to strict security regulations to keep the data secure. (Dkt. No. 288, ¶ 11.) Track Two Direct Plaintiffs further allege that PowerSchool failed to uphold its end of the bargain, creating the opportunity for hackers to easily access the PII that PowerSchool collected, stored, and maintained for school districts throughout the United States. (Dkt. No. 288, ¶ 11.)

PowerSchool admits that certain user information was exfiltrated in the Data Breach as the result of cybercriminal attacks. (Dkt. No. 470, ¶ 2; Dkt. No. 501 at 1–2.)

Mr. Lane has pleaded guilty to his role in the Data Breach in the United States District Court for the District of Massachusetts, and on November 5, 2025, Hon. Margaret R. Guzman entered judgement against Mr. Lane for violations of 18 U.S.C. § 371 (Conspiracy), 18 U.S.C. § 1030(a)(7) (Cyber Extortion), 18 U.S.C. § 1030(a)(2) (Unauthorized Access to Protected Computers), and 18 U.S.C. § 1028(a)(1) (Aggravated Identity Theft). (*See* Ex. 1 at 1–2; Dkt. No. 501, ¶ 2.) The court sentenced Mr. Lane to 48 months in federal custody (Ex. 1 at 3), and he is currently an inmate at FCI Danbury, located in Danbury, Connecticut (French Decl. ¶ 2).

Plaintiffs' Liaison Counsel contacted Mr. Lane to inquire whether he would consent to having his deposition taken. (French Decl. ¶ 3.) Mr. Lane's CJA appointed criminal defense attorney contacted Liaison Counsel in response to the letter, and while he is no longer representing Mr. Lane, he communicated that Mr. Lane does not consent to have his deposition taken. (French Decl. ¶ 4.)

/ / /

## III. ARGUMENT

### A. Legal Standard

Under Federal Rule of Civil Procedure 30(a)(2)(B), litigants may take a deposition of a deponent confined in prison with leave of court. "Leave must be granted, to the extent consistent with Rules 26(b)(1) and (2)." *Williams v. Newman*, No. 23-cv-0136-BAS-MMP, 2024 U.S. Dist. LEXIS 31525, at *6 (S.D. Cal. Feb. 23, 2024). Federal Rules of Civil Procedure 26(b)(1) and (2) govern the scope, limits, frequency and extent of discovery. Courts deciding whether to grant leave under Rule 30(a)(2)(B) generally consider whether the deposition is relevant and proportional to the needs of the case; whether it is cumulative, duplicative, or obtainable from a more convenient source; and whether it seeks information that the parties already had ample opportunity to obtain. *See, e.g.*, *Medina v. Cty. of L.A.*, No. 2:21-cv-05554-DMG-KESx, 2022 U.S. Dist. LEXIS 208041, at *8–9 (C.D. Cal. Oct. 4, 2022).

### B. The Court Should Grant Plaintiffs Leave to Depose Matthew Lane

Each of the relevant factors weighs in favor of granting leave. First, testimony surrounding Mr. Lane's participation in the Data Breach is highly relevant. As Plaintiffs' allegations make clear, the data security surrounding the PII collected and stored in PowerSchool's platform, and the way that hackers—including Mr. Lane—gained access to and misappropriated the PII at issue is at the heart of this case. Second, Mr. Lane's deposition testimony will not be cumulative or duplicative, as the evidence is unlikely to be available from other sources. And even if other sources may fill in around the edges of Mr. Lane's testimony, such evidence would be corroborative and not overly-cumulative, given the high priority a fact-finder is likely to assign to the hacker's own statements about the Data Breach. *See* Fed. R. Evid. 403. Plaintiffs lack the opportunity to obtain the information that Mr. Lane could provide through other means because Mr. Lane is the only known person who can provide testimony about how he breached PowerSchool's SIS. In addition, given the significant resources the Parties and this Court have dedicated and will continue to dedicate to this MDL, the modest burden and expense associated with

the deposition of Mr. Lane pale in comparison to its importance to the case. *See Medina*, 2022 U.S. Dist. LEXIS 208041, at *10 ("Given the general importance of eyewitness testimony and the lack of evidence of unusual burden, the proposed deposition is not disproportional to the needs of the case under Rule 26(b)(1)."). All Parties will have the opportunity to attend and examine the witness.

Finally, Plaintiffs are not aware of any factors that weigh against granting leave to take Mr. Lane's deposition while he is incarcerated.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs request that the Court grant leave to take Mr. Lane's deposition.

Dated: October 28, 2026 By: *Jenn French*

*Plaintiffs' Liaison Counsel*
Email: jenn@frenchlawapc.com

David S. Casey, Jr., Cal. State Bar No. 60768
dcasey@cglaw.com
**CASEY GERRY**
**FRANCAVILLA BLATT LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811

*Co-Lead Counsel for Class Action Plaintiffs*

Carol C. Villegas, N.Y. State Bar No. 4154324*
cvillegas@labaton.com
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700

*Co-Lead Counsel for Teachers Unions Plaintiffs*

James J. Pizzirusso, D.C. State Bar No. 477604*
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600
Washington, DC 20036
Tel.: (202) 540-7200

*Co-Lead Counsel for Individual Action Plaintiffs*

James E. Cecchi, N.J. State Bar No. 030861989*
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel.: (973) 994-1700

*Lead Counsel for School District Class Action Plaintiffs*

James P. Frantz, Cal. State Bar No. 87492
jpf@frantzlawgroup.com
William B. Shinoff, Cal. State Bar No. 280020
wshinoff@frantzlawgroup.com
**FRANTZ LAW GROUP, APLC**
402 West Broadway, Suite 860
San Diego, CA 92101
Tel.: (619) 233-5945

*Co-Lead Counsel for School District Direct Action Plaintiffs*

**CERTIFICATION REGARDING ELECTRONIC SIGNATURES**

I hereby certify that the content of this document is acceptable to counsel and that I have obtained authorization to affix electronic signatures to this document as required Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedure Manual.

Dated: October 28, 2026

*/s/ Jenn French*
*Plaintiffs' Liaison Counsel*
Email: jenn@frenchlawapc.com