UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION

Case No.: 25-md-3149-AJB-DDL

**ORDER GRANTING MOTION FOR LEAVE TO DEPOSE INMATE WITNESS MATTHEW LANE**

**[Dkt. No. 577]**

Before the Court is Plaintiffs' Motion for Leave to Depose Inmate Witness Matthew Lane ("Mr. Lane"). Dkt. No. 577. The motion is brought by the Track One and Track Two Plaintiffs jointly. *Id.* Plaintiffs state the motion is unopposed. *Id.*

Mr. Lane is an inmate in federal custody who has pleaded guilty to playing a role in the 2024 data breach which is the focus of this case. *See* Dkt. No. 577-3. Plaintiffs' liaison counsel inquired with Mr. Lane as to whether he would consent to having his deposition taken, and Mr. Lane's appointed criminal defense attorney informed Plaintiffs' liaison counsel that Mr. Lane does not consent to the deposition. Dkt. No. 577-1 at ¶ 4. Plaintiffs now seek leave to take Mr. Lane's deposition, arguing that good cause exists because Mr. Lane's testimony is highly relevant and Plaintiffs meet the requirements under Federal Rule of Civil Procedure 30(a)(2)(B). Dkt. No. 577 at 2.

/ / /

/ / /

A party must obtain leave of court to take a deposition where "the deponent is confined in prison," and "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(B). Rule 26(b)(1) authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Under Rule 26(b)(2), the court must limit discovery where (1) the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) the party seeking the discovery has had ample opportunity to obtain the information; or (3) "the proposed discovery falls outside the scope of discovery permitted by Rule 26(b)(1)."

The Court finds that the requested deposition of Mr. Lane seeks information that is relevant to a claim or defense and proportional to the needs of the case under Rule 26(b)(1). Plaintiffs' motion explains that Mr. Lane was involved with the underlying data breach that gave rise to this litigation, and his testimony regarding how he "gained access to and misappropriated the PII at issue" is relevant to Plaintiffs' claims in this case. Dkt. No. 577 at 3. The deposition also is consistent with Rule 26(b)(2). Mr. Lane's first-hand knowledge of the events and circumstances leading to the underlying data breach makes it unlikely his testimony will be cumulative, duplicative, or obtainable from another more convenient source. Further, Plaintiffs assert that Mr. Lane is currently the only known person who can provide testimony about how PowerSchool's Student Information System was breached, making it likely Plaintiffs will not be able to obtain this information through other means.

Good cause appearing, the Court **ORDERS** as follows:

1. Plaintiffs' motion to depose Matthew Lane is **GRANTED**.
2. The deposition shall occur within 60 days of this Order, at a date and time mutually agreeable to counsel and the penal institution.
3. Counsel for all parties shall work cooperatively with each other and with the penal institution to determine whether the deposition will occur in person, remotely or in a hybrid format. Plaintiffs' liaison counsel shall serve as the point of contact between counsel and the penal institution.

4. Any counsel attending the deposition in person must comply with the relevant clearance and other requirements for the penal institution. Counsel will be responsible for obtaining their own clearance.
5. If Mr. Lane moves to a different penal institution, this Order granting Plaintiffs leave to take his deposition remains valid and a further motion is not necessary, so long as such deposition occurs within the allowed time period.

**IT IS SO ORDERED.**

Dated: October 30, 2026

Hon. David D. Leshner
United States Magistrate Judge