Jenn French, State Bar No. 265422
jenn@frenchlawapc.com
**JENNIFER M. FRENCH, APC**
1050 University Ave., Ste. E107-80
San Diego, CA 92103
Tel.: 858.205.4119

*Plaintiffs' Liaison Counsel*

[Additional Counsel listed below]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER SECURITY BREACH LITIGATION, | Case No.: 3:25-md-03149-AJB-DDL<br><br>**JOINT MOTION FOR ORDER GOVERNING PROTOCOL FOR FACT AND FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) DEPOSITIONS**<br><br>Judge: Hon. Anthony J. Battaglia<br>Ctrm: 4A |

The Parties in the above-captioned action jointly move the Court to enter an Order setting a protocol for fact and Federal Rule of Civil Procedure 30(b)(6) depositions ("Order").[1] The Order shall govern the conduct of fact as well as Rule 30(b)(6) depositions for all cases currently in any track of MDL No. 3149 ("MDL") and hereafter added or transferred to MDL No. 3149, including any deposition that is originally noticed in the MDL and cross-noticed by any party(ies) in any Related Action(s).[2]

## I. GENERAL PROVISIONS

### A. Cooperation

1. Counsel are expected to adhere to the Depositions Upon Oral Examination section of the Disclosure and Discovery Manual Under Federal Rules of Civil Procedure (the "Guidelines").[3]

2. Plaintiffs and Defendants' Counsel shall coordinate the scheduling of depositions across all Tracks in this MDL to avoid duplicative discovery, including in non-case-specific fact and corporate witness depositions. Plaintiffs and Defendants' Counsel shall also make reasonable efforts through the meet and confer process to coordinate the scheduling of any depositions sought to be taken by multiple parties, including depositions cross-noticed by any party(ies) in any Related Action(s) that is/are represented by Counsel for any Plaintiff in this MDL. Plaintiffs' Counsel shall also make reasonable efforts through the meet and confer process to coordinate the scheduling of any cross-noticed depositions with counsel for plaintiffs in any Related Action(s) who are not also counsel for a Plaintiff in this MDL.[4]

/ / /

[1] The Parties will submit modified protocols for expert depositions at a later time.
[2] For purposes of this Order, "Related Actions" are identified in Appendix A, which may be modified or supplemented as needed pursuant to Section IV.1.
[3] *See* Battaglia, Anthony J., Disclosure and Discovery Manual Under Federal Rules of Civil Procedure (2024 Ed.).
[4] Nothing in this section, however, shall prejudice or otherwise prevent a Party from objecting to a cross-notice by any party(ies) in any Related Action(s).

**B. Attendance**

1. Who May Be Present. Unless otherwise ordered under Rule 26(c), and subject to the provisions of the Amended Protective Order in this MDL (see Dkt. No. 559), depositions may be attended by: (i) members of the Court-appointed Plaintiffs' Leadership, and employees of their firms or offices; (ii) attorneys specially engaged by a Defendant or Plaintiffs for purposes of the deposition; (iii) counsel of record in any proceeding in which the deposition is cross-noticed, and employees of their firms or offices; (iv) the Parties or the representative of each respective Party (including in-house Counsel); (v) any person who is assisting a Party and whose presence is reasonably required by the aforementioned Counsel of record (e.g., a consulting expert); (vi) court reporters; (vii) videographers; (viii) document technicians; (ix) court interpreters; (x) the deponent; and (xi) Counsel for the deponent. During the pendency of the discovery stay in *PowerSchool Data Breach Litigation*, Case No. 25CU002797C (Cal. Super. Ct.), counsel for plaintiffs in that state court action may also attend depositions of any PowerSchool-affiliated deponents. PowerSchool-affiliated deponents include current PowerSchool employees, former PowerSchool employees, and third-parties engaged by PowerSchool.

2. Unnecessary In-Person Attendance. Unnecessary in-person attendance by Counsel is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other Counsel should elect to attend a deposition remotely rather than attend in-person.

3. Notice of Intent to Attend a Deposition. In order to make arrangements for adequate deposition space and logistics, Counsel for each Party shall confer regarding the expected in-person attendance in advance of the deposition. Specifically, absent agreement by the Parties, at least seven (7) days prior to a deposition, all Parties shall inform the person(s) hosting the deposition of the number of expected in-person attendees, and shall provide the identity of any in-person attendees at least two (2) business days prior to the deposition with the understanding that such names are provided in good faith and could be subject to change. Absent agreement by the Parties, counsel for the Noticing

Party or Parties shall be responsible for facilitating the attendance of a minimum of nine (9) attendees, including two (2) attorneys for the Noticing Party, the witness, the witness's attorney (if not Counsel for a Party), and one (1) attorney for each of the remaining Parties.[5] For any deposition of a PowerSchool-affiliated deponent, the Noticing Party shall also facilitate the attendance of one (1) attorney for the plaintiffs' counsel in *PowerSchool Data Breach Litigation*, Case No. 25CU002797C (Cal. Super. Ct.) during the pendency of the discovery stay in that state court action.

## II. CONDUCT OF DEPOSITIONS

### A. Examination

1. Counsel for the Noticing Party or Parties shall confer with each other and with Counsel for the Defendant witness or deponent prior to the deposition concerning allocation of time to examine a deponent.

2. To the extent a deposition in this MDL is cross-noticed in any Related Action(s), those attorneys representing Parties in the cross-noticed Related Action(s) who do not also represent a Party in this MDL may also examine the deponent, but Counsel for the Noticing Party or Parties shall make efforts to coordinate with the counsel in the Related Action(s) as to who examines the deponent and attends. Such efforts may include: identifying the individuals who intend to examine the deponent, identifying the individuals who will attend the deposition, and determining an allocation of time to depose the witness. Counsel for a Party in this MDL, however, shall not receive extra time to examine a deponent on the basis of a cross-notice of the deposition in any Related Action(s) in which the Counsel represents a party that is not a Party to this MDL.

3. For each deposition, Plaintiffs in the above-captioned action may designate up to three (3) examining attorneys, with Track 1, Track 2 Class, and Track 2 Direct each entitled to designate one (1) examining attorney each to the extent practical. Every designated examining attorney is not required to be present in person in order to ask the

[5] For purposes of this provision, Track 2 Direct Plaintiffs shall be treated as a single Party.

witness questions, though at least one (1) designated examining attorney is required to be present in person. Only one examiner may address the deponent at a time, and subsequent examiners shall make best efforts not to repeat the same or substantially the same question asked by earlier Counsel. The primary examining attorneys for Plaintiffs described in this paragraph may change from deposition to deposition.

4. Each named Defendant may designate one (1) primary defending or examining attorney per Defendant per deposition to the extent practical. Every designated defending or examining attorney is not required to be present in person in order to defend the deposition or ask the witness questions, though at least one (1) designated defending or examining attorney is required to be present in person. The primary defending or examining attorney for each of the named Defendants may change from deposition to deposition.

5. A witness may be deposed in their individual capacity only once across the MDL, unless otherwise agreed to by the Parties in writing, or authorized by an order of the Court upon a showing of good cause by the Party seeking additional time on the record or an additional deposition. For cross-noticed depositions involving parties in any Related Action(s), the Parties shall meet and confer in good faith to coordinate with each other regarding the scheduling of depositions to minimize the number of times a witness shall appear for deposition. The MDL Party receiving notice of a deposition in a Related Action shall provide counsel for the outside parties in the Related Action with a copy of this Order and the Amended Protective Order within five (5) days of receiving notice of the deposition.

**B. <u>Examination of Third-Party Witnesses</u>**

1. The Federal Rules of Civil Procedure shall govern the depositions of third-party witnesses unless otherwise stated in this Order or agreed-to by the Parties and the third-party witness. To avoid unnecessary disputes, all third-party depositions shall be limited to seven (7) hours absent agreement by the Parties and the third-party deponent otherwise. The time limit does not include time spent questioning by the third-party's

defending attorney. A copy of this Order and the Amended Protective Order shall be attached to each third-party subpoena issued or served in this MDL's proceedings requesting deposition testimony. The Parties shall confer prior to the deposition concerning allocation of time to examine the third-party witness. As a default, where a third-party deposition is noticed by only one side (Plaintiffs collectively or Defendants collectively), the Noticing Party shall be entitled to direct and redirect examination of six (6) hours, and the non-noticing party may cross-examine and re-cross examine the witness for up to one (1) hour.

2. For the cross-noticed CrowdStrike third-party deposition, absent agreement of the Parties and counsel for CrowdStrike otherwise extending the duration of the deposition, Plaintiffs shall be entitled to five (5) hours of direct and redirect examination and Defendants shall be entitled to two (2) hours of cross and re-cross examination. For all other third-party depositions cross-noticed by both sides, the Parties shall make best efforts to divide the seven (7) hours equally between the two sides, with each side reserving a portion of its allotted time for redirect. Time not used by one side may be used by the other. Nothing in this Order shall preclude a Noticing Party from seeking the agreement of the Parties and the third-party deponent to extend the time for examination; if the third-party deponent agrees, the Parties shall meet and confer regarding allocation of any additional time.

**C. <u>Duration</u>**

1. Absent agreement of the Parties or order of this Court based on a showing of good cause, depositions shall be limited as follows:

a. Plaintiffs are allotted a combined total of up to 165 hours of deposition time (inclusive of deponents associated with a Defendant and deponents associated with third-parties, as well as any cross-noticed depositions in any Related Action(s) and Rule 30(b)(6) depositions). For the avoidance of doubt, this allotment of 165 hours counts all time that Plaintiffs' counsel spends examining, cross-examining, re-examining, or re-crossing any deponent except for expert witnesses. Absent agreement by the Parties and

except as provided in Section II.B.1 ("Examination of Third-Party Witnesses"), the length of any deposition noticed by Plaintiffs shall not exceed seven (7) hours of examination by the Plaintiffs per deponent, exclusive of any time used by Defendants examining, cross-examining, re-examining, or re-crossing any deponent, consistent with the Federal Rules of Civil Procedure, with the exception of any Rule 30(b)(6) deposition of PowerSchool, which shall not exceed fourteen (14) total hours and may involve multiple deponents, exclusive of any time used by Defendants examining, cross-examining, re-examining, or re-crossing any PowerSchool Rule 30(b)(6) deponent. Rule 30(b)(6) depositions of Movate and Bain deponents shall not exceed seven (7) hours of examination by the Plaintiffs per deponent, consistent with the Federal Rules of Civil Procedure. The Parties shall meet and confer in advance of any Rule 30(b)(6) deposition of Defendants regarding the anticipated areas of inquiry and estimated length. The Parties shall make best efforts to coordinate the scheduling of any Rule 30(b)(6) deposition of Defendants to align the sequence of the deposition with any fact deposition of the same deponent.

b. Defendants are allotted one (1) fact deposition for each of the twelve (12) Track 1 adult Bellwether Plaintiffs and four (4) fact depositions and one (1) Rule 30(b)(6) deposition for each Track 2 School District Class Plaintiff and each Track 2 Direct Bellwether Plaintiff. Each Defendant is further allotted five (5) total depositions of third parties, except that a third-party deposition that is cross-noticed by Defendants shall not count for purposes of this allotment. Each Defendant is further allotted five (5) depositions of witnesses affiliated with any co-Defendant. A deposition of a witness affiliated with a co-Defendant that is cross-noticed by a Defendant shall count against that Defendant's allotment of co-Defendant depositions but shall not count against Defendants' allotment of third-party depositions. Absent agreement by the Parties, the length of any deposition shall not exceed seven (7) hours of examination by the Defendants per deponent, consistent with the Federal Rules of Civil Procedure.

c. The foregoing deposition limits do not apply to the following depositions, which shall be permitted unless the Court orders otherwise upon a showing of

good cause: (i) post-fact-discovery depositions of witnesses who appear on an opposing Party's final pre-trial witness list and were not previously deposed; (ii) post-fact-discovery depositions, including third-party depositions, solely related to the authenticity and admissibility (other than relevance) of exhibits that have been disclosed on a Party's final pre-trial exhibit list and are subject to an objection from another Party on the basis of authenticity or admissibility; and (iii) expert witnesses.

2. In any deposition of a witness affiliated with a Defendant, other Defendants shall have a full, fair, and meaningful opportunity to examine the witness following the examination by the Noticing Party or Parties.

a. After questioning by a Noticing Party of a witness affiliated with a Defendant (including by any party in a Related Action in which the deposition is cross-noticed), counsel for each other Defendant shall be allotted up to one (1) hour to examine the witness. Such examination by counsel for each other Defendant shall be outside of, and shall not count against, the seven (7) hour limit applicable to the Noticing Party or Parties. If a Defendant cross-notices the deposition of a witness affiliated with another Defendant, the cross-noticing Defendant shall be allotted up to four (4) hours to examine the witness, inclusive of the one (1) hour otherwise provided by this subsection. The permitted duration may be extended per agreement of the Defendants or order of the Court based on a showing of good cause.

b. A Defendant examining a witness affiliated with another Defendant is subject to the same limitations with respect to the scope of a Noticing Party's examination and may examine the witness on any non-privileged matters relevant to its claims or defenses, consistent with Rules 26(b)(1) and 30.

c. In the event a Defendant examines a witness affiliated with another Defendant and the deposition was noticed by one or more Plaintiffs in this MDL, Plaintiffs shall be entitled to perform re-cross examination, which shall be limited in scope to the matters covered by the Defendant's examination. Such re-cross examination

shall be limited in duration to the length of the Defendant's examination and shall count toward the Plaintiffs' per-deposition time limit.

3. After questioning by a Noticing Party (including any party in a Related Action in which the deposition is cross-noticed) or by any other Party permitted to ask questions pursuant to this Order (the "Examining Parties"), the Party defending the deposition (the "Defending Party") may elect to question the deponent. If the Defending Party elects to question the deponent, then the Examining Parties shall be entitled to perform re-cross examination, which shall be limited in scope to the matters covered by the Defending Party. Following any re-cross examination, the Defending Party shall be entitled to perform redirect examination, which shall be limited in scope to the matters covered by the Examining Parties on re-cross examination. All time spent questioning the deponent by the Examining Parties shall count toward the Examining Parties' per-deposition time limit. The Defending Party shall use best efforts to be efficient in their questioning of the deponent, and in no event shall such questioning exceed one and a half (1.5) hours.

4. At the deponent's election, any deposition may be adjourned after seven (7) hours on the record, or as otherwise agreed to by the Parties. The Parties will use best efforts to complete all direct, redirect, and re-cross examination on the same day. If a deposition is adjourned pursuant to this provision, the deposition will continue the following business day unless the Examining Party(ies) and the Defending Party agree otherwise.

**D. <u>Means of Recording</u>**

1. <u>Stenographic Recording</u>. A certified court reporter shall stenographically record all deposition proceedings and testimony with "real-time feed" capabilities. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Rule 30(e) and similar state court rules addressing filing, retention, certification, and the like.

2. Witnesses will have the opportunity to review transcripts and provide a statement of errata changes if they so choose, in accordance with Rule 30(e). The deponent shall submit the errata sheet and Parties will submit confidentiality designations to the court reporter within thirty (30) days of the deponent's, or their Counsel's, receipt of the transcript, whichever is earlier. The court reporter shall serve copies of the errata sheet and confidentiality designations on all Parties purchasing the transcript. The Parties may, upon agreement, modify this requirement as may be necessary. Any modification shall be placed on the record at the deposition or in writing. If no corrections are made within thirty (30) days after receipt of the final transcript from the court reporter, and if good cause is not shown for an extension of the thirty (30) days' limitation, the Parties shall have the right to use a certified copy of the transcript in any further proceedings as though the copy were the original transcript.

3. The Noticing Party shall bear the expense of stenographic recording and video recording. Any Party attending a deposition may, at their own expense, request a Real Time transcript directly from the court reporter.

4. Subject to the terms of the Amended Protective Order, any Party to an action whose attendance is permitted at a deposition under Section I.B may, at its own expense, obtain a copy of the audio/video files and the stenographic transcript of that deposition by contacting the court reporter.

**E. <u>Scheduling</u>**

1. Each deposition notice shall include the name, address, email address, and telephone number of an attorney point of contact designated by the Noticing Party or side as well as the date, time, and place of the deposition. The Noticing Party shall confer reasonably in advance of the deposition with opposing Counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Unless otherwise agreed by the Parties or ordered by the Court, the deposition notice shall be served no less than twenty-one (21) days prior to a deposition; said notice shall not be filed on the Court docket.

2. After noticing a deposition of a Party or a non-party, the Noticing Party must confer about the scheduling of the deposition with opposing Counsel in the event the noticed date, time, and location are not mutually convenient. If the noticed date is unworkable for the witness or their Counsel, the witness or their Counsel shall, within five (5) days of receipt of the notice, provide three (3) alternative dates for the deposition to proceed that are each within twenty-one (21) days after the noticed date. If the time or place of the deposition changes after conferring, the Noticing Party will serve an amended notice of deposition.

3. The Parties shall make reasonable efforts to schedule depositions of foreign witnesses, including those located in the Philippines and India, at times that are reasonably convenient for the witness's local time zone and that avoid, where practicable, late-night or overnight hours for the witness. The Parties shall also work together in good faith to schedule foreign depositions in a manner that limits the number of international trips required if counsel elects to attend such depositions in person, including by coordinating foreign depositions during the same general time period to minimize travel burdens on attending counsel. The Parties shall also work together in good faith to avoid scheduling foreign depositions on the same day as domestic depositions or schedule domestic depositions on days directly adjacent to before or after a foreign deposition, which would create a travel burden on attending counsel, unless otherwise agreed to by the Parties. Where appropriate, depositions may be conducted over multiple days to accommodate time zone differences.

4. For in-person depositions, absent agreement by the Parties, the Noticing Party will be responsible for arranging a deposition venue within reasonable proximity to the city in which the deponent resides or works, or as otherwise agreed to by the Parties. If the deponent is affiliated with a Party, the Defending Party may elect to hold the deposition at the offices of the Defending Party's counsel. The Noticing Party will bear the costs associated with the use of the deposition space at the selected venue, except where the venue is one of the Parties' counsel's law firm offices, in which case the cost

will be borne by the firm. The venue must include a main deposition room, a breakout room for the Examining Parties' Counsel, and a breakout room for the Defending Party's counsel. Absent agreement of the Parties, all depositions will be conducted in person, with the exception of depositions of witnesses located outside the United States, for which the Noticing Party may elect to notice a virtual deposition. The Parties will meet and confer regarding the service to be used to host virtual depositions.

**F. <u>Deposition Scheduling Disputes</u>**

1. To the extent the Parties cannot reach agreement regarding scheduling of depositions pursuant to the terms of this Order, the Party resisting the deposition shall present the dispute to Special Master Burns in accordance with the Court's applicable orders and procedures, unless Judge Battaglia has expressly referred the specific dispute to Magistrate Judge Leshner.

2. The Court expects Counsel to mutually agree upon deposition locations. In the absence of agreement, depositions of witnesses located in the United States will take place in the deponent's home district except where the Defending Party has elected to hold the deposition at the offices of its counsel pursuant to Section II.E.4 of this Order.

**G. <u>Interpreters</u>**

1. Where a witness indicates their intention to respond to questions in a language other than English, interpreters will be selected by the Party for the witness to interpret and translate between the foreign language and English. Multiple interpreters may be employed to allow for rotation of interpreters, and nothing shall prevent the non-witness Party from retaining their own interpreter to attend the deposition for purposes of verifying the interpretation or translation provided by the interpreter. Each interpreter will swear under oath or affirm prior to each deposition to provide honest and truthful translations and to sign the Acknowledgement and Agreement to be Bound attached as Exhibit A to the Amended Protective Order. A monitor displaying "real-time" transcription will be placed in front of the interpreters to assist in the translation.

2. Counsel defending a deposition will notify Counsel for the Party noticing the deposition at least fourteen (14) days in advance of the deposition if the witness will require the services of an interpreter. Subject to their being informed of the terms of this Order, Counsel for third-party witnesses will notify Counsel for the Party noticing the deposition at least fourteen (14) days in advance of the deposition that the examination will require the services of an interpreter. In the event the Noticing Party receives such a notice from a third party or his/her Counsel, then the Noticing Party shall inform the non-noticing side within twenty-four (24) hours of receiving such notice.

3. Defendants and Plaintiffs who participated in the deposition will share the fees and costs of the interpreters equally between the two sides.

4. Objections as to the accuracy of any translations of deposition testimony shall be reserved.

### H. Objections and Directions Not to Answer

1. Counsel shall comply with Rule 30(c)(2) and the Guidelines regarding objections at a deposition.

2. Each side shall identify one (1) attorney responsible for making objections. Unless otherwise specified, an objection by such Counsel shall be deemed an objection by all similarly situated Counsel (i.e., all Plaintiffs or all Defendants) with no need to join in the objection. However, unless otherwise specified, an instruction not to answer by Counsel should not be deemed an instruction not to answer by any other similarly situated Counsel. For the avoidance of doubt, each Party retains the right to make objections as appropriate, even if they are not designated or identified as being responsible for making objections.

3. All objections, except those as to form, are reserved.

4. If requested by the examining attorney, the objecting Party shall provide a sufficient explanation for the objection to allow the examining attorney to rephrase the question.

5. Private consultations between deponents and their attorneys on the record during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, consultations may be held during normal recesses, adjournments (including overnight or over multiple days), or if there is a break in the normal course of examination and no questions are pending.

6. Nothing in this Order shall be construed to waive, or to require any Party to waive, any applicable privilege, including the attorney-client privilege, work product protection, or common interest privilege. If a question posed to a deponent calls for the disclosure of communications or information protected by a privilege belonging to a non-deponent Party, Counsel for the non-deponent Party may assert the privilege and instruct the witness not to answer, consistent with Rule 30(c)(2). The Parties shall make good faith meet and confer efforts to resolve objections as to privilege including by allowing the questioning party to revise the questions to address concerns as to privilege during the deposition.

**I. <u>Disputes During or Relating to Depositions</u>**

1. If a dispute arises during a deposition, prior to contacting the Court, the primary examining and primary defending attorneys at the deposition must first meet and confer to attempt to resolve the issue. If the dispute remains, lead trial counsel for the Party represented by each of these attorneys, or lead trial counsel's designee, must also meet and confer (in person if they are at the deposition or otherwise physically nearby each other, or by videoconference) to attempt to resolve the issue. If the dispute remains, the Parties may then contact Special Master Burns to resolve the dispute. The Parties will alert the court reporter to be prepared to read the deposition question and answer at issue to Special Master Burns during any such emergency hearing.

2. Nothing in this Order shall deny Counsel the right to suspend a deposition pursuant to Rule 30(d)(3) and request an Informal Discovery Conference with Magistrate Judge Leshner within fourteen (14) days of the completion of the relevant portion of the

transcript from the deposition. Notwithstanding this procedure, Counsel are reminded of their professional responsibilities as officers of the Court and strongly encouraged to make all efforts to resolve disputes through good-faith negotiations to minimize involvement of the Court.

**J. Use of Confidential Information**

1. Access to, use, and designation of Confidential testimony and information used in depositions will be governed by the Amended Protective Order. Pursuant to the Amended Protective Order, Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's Counsel, any person who is not authorized by the Amended Protective Order to receive or access Protected Material during periods of examination or testimony regarding such Protected Material.

**K. Documents Used in Connection with Depositions**

1. Custodial Files. For deponents who are either an agreed-upon custodian associated with a Party or an individual Track 1 Bellwether Plaintiff ("Custodial Deponents"), the Parties shall meet and confer regarding the timing of the production of the Custodial Deponent's custodial files and the scheduling of the deponent's deposition for the purpose of minimizing the potential that the Noticing Party might seek to re-open a deposition due to later produced custodial files. The Defending Party will make best efforts, taking into account the circumstances of the Defending Party's discovery collection, review, and production process, to substantially complete its production of a Custodial Deponent's custodial files not less than fourteen (14) days prior to any such deposition. Defendants otherwise have no obligation to substantially complete document production prior to the deadline in the Court-ordered scheduling order (Dkt. No. 545).

2. Anticipated Exhibits for Use at Rule 30(b)(6) Depositions of PowerSchool. Not less than five (5) days in advance of the pertinent Rule 30(b)(6) deposition session of PowerSchool, Plaintiffs shall provide PowerSchool the exhibits and/or information identified in Appendix B hereto for the pertinent Areas of Inquiry to be addressed during

the Rule 30(b)(6) deposition session. The parties shall meet and confer at least three (3) days before the Rule 30(b)(6) deposition, or earlier if the issues are sufficiently developed, to address any concerns about the exhibits and witness preparation; any party with unresolved concerns shall promptly present the dispute to Special Master Burns, unless Judge Battaglia has explicitly referred the specific dispute to Magistrate Judge Leshner. In resolving any challenge to the adequacy of a PowerSchool Rule 30(b)(6) witness's preparation related to any exhibit and/or information that was not provided in advance as required pursuant to this Paragraph, the Court shall specifically consider the Noticing Party's failure to provide the exhibit and/or information in advance as required.

3. Production of Documents by Third-Party Witnesses. Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition, with a copy of the subpoena served as required by Rule 45.

4. Copies. Hard copies of documents which the examining attorney expects to use to examine a deponent should be provided to primary Counsel for the Parties and the deponent during the course of any in-person deposition.

5. Objections to Documents. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Court.

6. Translation of Documents. Objections as to the accuracy of any translations of documents shall be reserved unless a stipulation is reached by the Parties in advance of the deposition.

7. Confidential Documents. Nothing in this Order modifies or reduces the obligations of the Parties as it pertains to the disclosure of Confidential documents, which shall be governed by the Amended Protective Order.

8. Marking of Deposition Exhibits. Unless otherwise agreed, each document referred to at a deposition shall be referred to by its alpha-numeric production number except in the case of documents which have not yet received production numbering at the

time of the deposition. Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document.

**L. Video Deposition**

1. All depositions will be recorded by videotape or digitally recorded video pursuant to Rule 30(b)(3) unless otherwise agreed-to by the Parties. Video recorded depositions shall be subject to the following rules:

a. Video Operator. The operator(s) of the video recording equipment shall be subject to the provisions of Rule 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

b. Index. The video record operator shall use a counter on the recording equipment, and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the counter number on the tape where examination by different Counsel begins and ends, where objections are made and examination resumes, where exhibits are identified, and where an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

c. Attendance. Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition. To the extent any person joins attendance of a deposition after its commencement, such person shall be identified on the record prior to or immediately following the next recess.

d. Standards. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. The Noticing Party shall be responsible for ensuring that the deposition will be conducted in an appropriate setting, against a solid background with only such lighting as is required for accurate video recording, unless the deposition is taking place at the Defending Party's Counsel's office, in which case the Defending Party will be so responsible. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the

deponent. Sound levels will be altered only as necessary to record satisfactorily the voices of Counsel and the deponent. The witness shall appear in ordinary attire, such as business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or other props. The video recording shall include the court reporter administering the oath or affirmation to the witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be videotaped.

e. Filing and Preservation. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the video recording in the same manner as a stenographic court reporter, and file a true copy of the video record, the transcript, and the certificate with Counsel for whomever noticed the deposition.

f. Amended Protective Order. No part of the video or audio recording of a video deposition shall be released or made available to any member of the public, except for use in these proceedings in accordance with the terms of the Amended Protective Order.

**M. Remote/Virtual Deposition**

1. For depositions noticed as in-person, participating attorneys (i.e., those examining or defending) and witnesses are expected to attend that deposition in-person rather than remotely (except as provided by Sections II.A.3 and II.A.4, or by operation of Section II.M.2, or by order of the Court). For depositions noticed as virtual ("Remote Deposition"), attorney(s) defending the deposition (and, if the witness has separate representation, the witness's Counsel) may be present with the witness, and such Counsel must alert the Noticing Party seven (7) business days in advance of the deposition and must be present on camera at all times that the witness is, though the video camera will be on the witness only. Regardless of whether a deposition is taken in person or is a Remote Deposition, the Noticing Party shall make arrangements to have each deposition video conferenced so that all other persons who are permitted to attend a deposition under

Section I.B of this Order may attend the deposition via Zoom or a similar videoconferencing platform.

2. Subject to Section II.E.4 of this Order, by indicating in its notice of deposition that it wishes to conduct a Remote Deposition, a Party shall be deemed to have moved for such an order under Rule 30(b)(4). Unless an objection is filed and served within five (5) calendar days after such notice is received, the Court shall be deemed to have granted the motion.

3. To avoid any potential disruptions of a Remote Deposition, those attending shall silence notifications for applications not in use, including but not limited to instant messaging and/or e-mail notifications. The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other attendees should mute microphones when not speaking. All examining attorneys and all attorneys defending the deposition must be visible to all other participants during the deposition.

4. During the deposition examination, no person attending the deposition, or anyone acting on their behalf, shall be permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (e.g., no text or email exchanges with the witness and no additional means of communicating with the witness, such as an additional computer or tablet). However, the witness's Counsel may communicate with the witness, including telephonically, by other electronic means, or directly (if he or she is present with the witness), during breaks as consistent with Rule 30(c)(1) and other applicable law.

5. If any privileged information is disclosed during a Remote Deposition due to a technical disruption, or to the extent any privileged conversation between a witness and his or her Counsel is inadvertently heard by any other Party and/or captured by any recording device, such disclosure shall not be deemed a waiver of privilege.

6. Any inadvertent disclosure of privileged or work product material during a deposition, whether in-person or remote, shall be governed by Federal Rule of Evidence 502(b) and the Amended Protective Order in this MDL. The producing or disclosing Party may assert privilege over such material after disclosure, and the receiving Party shall promptly return, sequester, or destroy any such material and may not use it until the claim of privilege is resolved by the Court.

7. Use of Electronic and Hard Copy Exhibits in Remote Depositions. Counsel taking a Remote Deposition shall use electronic exhibits pursuant to the following provisions:

a. For any exhibit presented electronically, the exhibit must be made available to the deponent to review in its entirety, the witness must be afforded the independent ability to review the exhibit in its entirety, and the witness must be afforded the independent ability to control manipulation of the document (scrolling, etc.) to facilitate that review. Full electronic copies of the exhibit must be transmitted to all participants, and received by them, before questioning begins on the exhibit. The attorney using the exhibit will be responsible for providing the marked original to the court reporter.

b. If an Examining Party wishes also to show or share an electronic version of an exhibit during the course of the deposition, it may do so, but the witness may not be required to review a document on the screen if he or she chooses instead to review the downloaded electronic document on their own.

c. While the default assumption shall be that electronic exhibits will be used in most instances, the Parties agree to work in good faith to reach agreements regarding the provision of hard copy exhibits to a deponent on request. To the extent hardcopy exhibits are provided to the deponent, the package containing the documents shall be sealed, and the witness shall unseal it only when asked to do so on the record at the deposition.

8. Defending lawyers and the witness shall take appropriate steps in advance of the deposition to ensure that the witness is reasonably capable of using the Remote Deposition technology, which can be satisfied by arranging a test of the witness's video/audio equipment and internet connection in advance of the deposition by the vendor retained for the Remote Deposition.

**N. <u>Stipulation Regarding the Transcript</u>**

1. <u>Depositions of Parties</u>. Unless otherwise agreed, the following stipulation shall apply to all depositions taken of Parties and Party-affiliated witnesses and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of this deposition, the original transcript shall be sent to Counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within thirty (30) days of receiving the final transcript from the court reporter, the witness's Counsel shall forward the original transcript plus corrections to the court reporter, who will promptly notify all Counsel who questioned the witness and all Counsel who requested a certified copy of the transcript of its receipt and any changes made by the witness. The Parties may shorten this time period by agreement and, if the Parties cannot agree, the Party seeking a shortened time period may seek relief from the Court.

2. If a Party or Party-affiliated witness is not represented by Counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within thirty (30) days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all Counsel of its receipt and any changes to testimony made by the witness. The Parties may shorten this time period by agreement and, if the Parties cannot agree, the Party seeking a shortened time period may seek relief from the Court.

3. The court reporter will also provide the original transcript to the first examining attorney upon completion of the transcription of a deposition. That attorney shall be responsible for maintaining the original transcript and will make it available for any hearings or trials upon reasonable request by another Party. In the event the original

transcript is lost, stolen, unsigned, or otherwise unavailable, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

4. Depositions of Third-Party Witnesses. The stipulation set forth above shall be proposed to Counsel for any third-party witness, or, if such witness is not represented by Counsel, to the witness.

## III. USE OF DEPOSITIONS

This Order does not address the admissibility for trial purposes of any testimony taken by deposition. Determinations on the admissibility of any such testimony shall be made by the trial court.

## IV. AMENDMENTS TO THIS ORDER

Minor amendments and changes to this Order for any deposition, such as the time allotted for questioning, dates, and Counsel permitted to attend depositions, may be made by agreement of the Parties without further order of the Court. All such minor amendments shall be placed on the record at the beginning of the deposition or as soon as practicable. Changes to the terms of this Order that apply to the substantive procedure shall be brought to the Court after the Parties first meet and confer in good faith.

## V. FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply to the taking of depositions pursuant to this Order unless specifically modified herein.

Dated: November 4, 2026

By: *Jenn French*
*Plaintiffs' Liaison Counsel*
Email: jenn@frenchlawapc.com

David S. Casey, Jr., Cal. State Bar No. 60768
dcasey@cglaw.com
**CASEY GERRY**
**FRANCAVILLA BLATT LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811

*Co-Lead Counsel for Class Action Plaintiffs*

Carol C. Villegas, N.Y. State Bar No. 4154324*
cvillegas@labaton.com
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700

*Co-Lead Counsel for Teachers Unions Plaintiffs*

James J. Pizzirusso, D.C. State Bar No. 477604*
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600
Washington, DC 20036
Tel.: (202) 540-7200

*Co-Lead Counsel for Individual Action Plaintiffs*

James E. Cecchi, N.J. State Bar No. 030861989*
jcecchi@carellabyrne.com
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel.: (973) 994-1700

*Lead Counsel for School District Class Action Plaintiffs*

James P. Frantz, Cal. State Bar No. 87492
jpf@frantzlawgroup.com
William B. Shinoff, Cal. State Bar No. 280020
wshinoff@frantzlawgroup.com
**FRANTZ LAW GROUP, APLC**
402 West Broadway, Suite 860
San Diego, CA 92101
Tel.: (619) 233-5945

*Co-Lead Counsel for School District Direct Action Plaintiffs*

*/s/ Anne Johnson Palmer*
Anne Johnson Palmer, Cal. State Bar No. 302235
anne.johnsonpalmer@ropesgray.com
**ROPES & GRAY LLP**
3 Embarcadero Center, Suite 300
San Francisco, CA 94111-4006
Tel.: 415-315-6337

Mark Gaioni, Cal. State Bar No. 339118
mark.gaioni@ropesgray.com
**ROPES & GRAY LLP**
10250 Constellation Boulevard, 21st Floor
Los Angeles, CA 90067
Tel.: 310-975-3300

Joshua S. Levy, Mass. State Bar No. 563017*
Joshua.levy@ropesgray.com
James Drabick, Mass. State Bar No. 667460*
james.drabick@ropesgray.com
Monica Mleczko, Mass. State Bar No. 696607*
monica.mleczko@ropesgray.com
**ROPES & GRAY LLP**
800 Boylston Street
Boston, MA 02199
Tel.: 617-235-4082

Douglas Hallward-Driemeier, DC Bar No. 994052*
douglas.hallward-driemeier@ropesgray.com
**ROPES & GRAY LLP**
2009 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: 202-508-4600

Laura G. Hoey, Mass. State Bar No. 650643*
Laura.hoey@ropesgray.com
**ROPES & GRAY LLP**
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606-4301
Tel: 312-845-1200

Christopher M. Young, Cal. State Bar No. 163319
christopher.young@dlapiper.com
Justin Van Ligten, Cal. State Bar No. 353587
justin.vanligten@us.dlapiper.com
**DLA PIPER LLP**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: 619-699-4748

*Counsel for the PowerSchool Defendants*

*<u>/s/ Jacobus Janus Schutte</u>*
Jacobus Janus Schutte, NY State Bar No. 5023353*
jschutte@paulweiss.com
Alex Langsam, NY State Bar No. 5980891*
alangsam@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON, & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000

John P. Carlin, NY State Bar No. 3031887*
jcarlin@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON, & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006-1047
Tel.: 202-223-7300

R. Rosie Vail, Cal. State Bar No. 317977
rvail@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON, & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Tel.: 628-432-5100

*Counsel for Defendant Bain Capital, L.P.*

*/s/ Jonathan D. White*
Jonathan D. White, NY State Bar No. 5393780*
jwhite@brownrudnick.com
Dylan P. Kletter, NY State Bar No. 5924659*
dkletter@ brownrudnick.com
**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 10036
Tel: 212-209-4800

Renee Moulton, Cal. State Bar No. 353065
rmoulton@brownrudnick.com
**BROWN RUDNICK LLP**
2121 Avenue of the Stars, Suite 720
Los Angeles, CA 90067
Tel.: 424-525-0200

*Counsel for Defendant Movate, Inc.*

* Admitted *pro hac vice*

## CERTIFICATION REGARDING ELECTRONIC SIGNATURES

I hereby certify that the content of this document is acceptable to counsel and that I have obtained authorization to affix electronic signatures to this document as required Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedure Manual.

Dated: November 4, 2026

*/s/ Jenn French*
*Plaintiffs' Liaison Counsel*
Email: jenn@frenchlawapc.com

# APPENDIX A – RELATED ACTIONS

1. *Encinitas Union School District v. PowerSchool Corp.*, No. 26CU029822N (Cal. Super. Ct.).

# APPENDIX B

## RULE 30(B)(6) AREAS OF INQUIRY TO POWERSCHOOL SUBJECT TO ADVANCE DISCLOSURE

| AOI # | Topic Area | Advance Disclosure |
|---|---|---|
| 10 | Contracts | Plaintiffs shall provide all anticipated exhibits about which Plaintiffs intend to ask the witness. |
| 11 | Representations / Statements re Data Security and the Incident | Plaintiffs shall provide substantially all anticipated exhibits containing representations about which Plaintiffs intend to ask the witness. |
| 12 | Representations / Statements re Data Security and the Incident | Plaintiffs shall provide substantially all anticipated exhibits containing statements about which Plaintiffs intend to ask the witness. |
| 13 | Cybersecurity and Data Security | Plaintiffs shall provide all anticipated exhibits reflecting or constituting policies, practices, and procedures about which Plaintiffs intend to ask the witness. |
| 14 | Cybersecurity and Data Security | Plaintiffs shall provide all anticipated exhibits reflecting or constituting policies, practices, and procedures about which Plaintiffs intend to ask the witness. |
| 15 | Cybersecurity and Data Security | Plaintiffs shall provide all anticipated exhibits reflecting or constituting policies, practices, and procedures about which Plaintiffs intend to ask the witness. |
| 16 | Cybersecurity and Data Security | Plaintiffs shall provide all anticipated exhibits reflecting or constituting policies, practices, and procedures about which Plaintiffs intend to ask the witness. |
| 17 | Cybersecurity and Data Security | Plaintiffs shall provide all anticipated exhibits reflecting or constituting policies, practices, and procedures about which Plaintiffs intend to ask the witness. |
| 21 | Cybersecurity and Data Security | Plaintiffs shall provide all anticipated exhibits reflecting or constituting policies, practices, and procedures about which Plaintiffs intend to ask the witness. |

| AOI # | Topic Area | Advance Disclosure |
|---|---|---|
| 22 | Cybersecurity and Data Security | Plaintiffs shall provide all anticipated exhibits reflecting or constituting policies, practices, and procedures about which Plaintiffs intend to ask the witness. |
| 23 | Cybersecurity and Data Security | Plaintiffs shall provide all anticipated exhibits reflecting or constituting policies, practices, and procedures about which Plaintiffs intend to ask the witness. |
| 25 | Movate & Bain Relationships | Plaintiffs shall identify the specific contract provisions about which Plaintiffs intend to ask the witness. |
| 26 | Movate & Bain Relationships | Plaintiffs shall provide substantially all anticipated exhibits reflecting or constituting communications about which Plaintiffs intend to ask the witness and identify the specific provisions in the Merger Agreement about which Plaintiffs intend to ask the witness. |
| 27 | Senior Executive & Board Communications | Plaintiffs shall provide substantially all anticipated exhibits reflecting or constituting communications about which Plaintiffs intend to ask the witness. |
| 34 | Representations / Statements re Data Security and the Incident | Plaintiffs shall provide all anticipated exhibits about which Plaintiffs intend to ask the witness. |
| 35 | Representations / Statements re Data Security and the Incident | Plaintiffs shall provide all anticipated exhibits about which Plaintiffs intend to ask the witness. |
| 36 | Representations / Statements re Data Security and the Incident | Plaintiffs shall provide all anticipated exhibits about which Plaintiffs intend to ask the witness. |
| 37 | Representations / Statements re Data Security and the Incident | Plaintiffs shall provide all anticipated exhibits about which Plaintiffs intend to ask the witness. |